JUDGE PAULEY



11 CIV 6784

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Elizabeth Wagoner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT and ALEXANDER FOOTMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOX SEARCHLIGHT PICTURES INC.,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**Demand for Trial by Jury** |

Plaintiffs, Eric Glatt and Alexander Footman, individually and as class representatives on behalf of all others similarly situated, by their attorneys Outten & Golden LLP, make the following allegations against Defendant Fox Searchlight Pictures, Inc.:

### INTRODUCTION

1.       Defendant Fox Searchlight Pictures, Inc. ("Fox Searchlight") is the specialty and independent film division of Twentieth Century Fox Film Corporation.  Fox Searchlight boasts a long list of films which have enjoyed both critical acclaim and commercial success, including the 2010 Oscar-nominee "Black Swan."[1]  A successful player in the financially-strapped world of

---

[1] Amy Kaufman, '*Black Swan' passes $300 million in global box office*, L.A. Times, May 16, 2011, http://articles.latimes.com/2011/may/16/entertainment/la-et-0516-box-office-side-20110516; Steven Zeitchik and Ben Fritz, *'Black Swan's' risks pay off*, Jan. 16, 2011, http://articles.latimes.com/2011/jan/16/entertainment/la-et-0116-black-swan-20110116.

independent film production, Fox Searchlight is profitable due in part to its tight control over the budgets of its small-scale productions.[2]  Black Swan, for example, was produced for just $13 million and has grossed more than $300 million worldwide.  This lawsuit alleges that Fox Searchlight has been able to reduce its film production costs by employing a steady stream of unpaid interns.

       2.      Unpaid interns are becoming the modern-day equivalent of entry-level employees, except that employers are not paying them for the many hours they work.[3]  This practice runs afoul of basic wage-and-hour laws, which require that employers pay all of their employees – even those desperate for the work – the minimum wage, as well as overtime for hours over forty in a workweek.  The Fair Labor Standards Act has no exemption for interns unless they are apprentices or in a vocational training program, and the United States Department of Labor uses a six-factor test to evaluate whether a worker is a trainee or an employee.[4]  A worker is a trainee only if he or she receives training similar to what would be given in a vocational school or academic educational instruction.  The employer cannot derive any immediate advantage from the intern's work or require the intern to do the work of regular employees.[5]  "If the workers are engaged in the primary operations of the employer and are performing productive work (for example, filing, performing other clerical work, or assisting customers), then the fact that they

---

[2] Anne Thompson, *Sly Fox*, N.Y. Magazine, Jul. 21, 2003, http://nymag.com/nymetro/movies/columns/hollywood/n_8979/

[3] Steven Greenhouse, *The Unpaid Intern, Legal or Not*, N.Y. Times, Apr. 2, 2010, at B1.

[4] Greenhouse, *supra* note 3; JANE OATES & NANCY LEPPINK, U.S. DEP'T. OF LABOR, TRAINING AND EMP'T GUIDANCE LETTER NO. 12-09, JOINT GUIDANCE FOR STATES SEEKING TO IMPLEMENT SUBSIDIZED WORK-BASED TRAINING PROGRAMS FOR UNEMPLOYED WORKERS (Jan. 29, 2010) at *7-10; *see also* U.S. DEP'T. OF LABOR, *Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act*, Apr. 2010, http://www.dol.gov/whd/regs/compliance/whdfs71.pdf

[5] *Id.*, TRAINING AND EMP'T GUIDANCE LETTER NO. 12-09 at *8.

may be receiving some benefits in the form of a new skill or improved work habits is unlikely to make them trainees given the benefits received by the employer."[6]

3.    Fox Searchlight's unpaid interns are a crucial labor force on its productions, functioning as production assistants and bookkeepers and performing secretarial and janitorial work. Plaintiffs Eric Glatt and Alexander Footman were two of these unpaid interns; they were not paid any wages during the production of Black Swan. In misclassifying many of its workers as unpaid interns, Fox Searchlight has denied them the benefits that the law affords to employees, including unemployment and workers' compensation insurance, sexual harassment and discrimination protections, and, most crucially, the right to earn a fair day's wage for a fair day's work.

4.    Plaintiffs bring this action on behalf of themselves and those similarly situated who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

5.    Plaintiffs also bring individual and representative wage claims under the New York Labor Law Art. 6, §§ 190 *et seq.* and Art. 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.* (collectively, "NYLL") as a class action pursuant to Fed. R. Civ. P. 23.

6.    Because Defendant's violations of the law are ongoing, Plaintiffs also seek injunctive relief to ensure that the unlawful policies and practices do not continue.

---

[6] *Id.* at *8-9.

## THE PARTIES

**Plaintiff Eric Glatt**

7.      Plaintiff Eric Glatt ("Glatt") is an adult individual who resides in Brooklyn, New York.

8.      Glatt was employed by Defendant as an unpaid intern on the production of Black Swan from approximately December 2009 through August 2010.

9.       Glatt is a covered employee within the meaning of the FLSA and the NYLL.

10.     Glatt has consented to join this action.  His written Consent to Join form is attached hereto as Exhibit A.

**Plaintiff Alexander Footman**

11.     Plaintiff Alexander Footman ("Footman") is an adult individual who resides in Takoma Park, Maryland.

12.     Footman was employed by Defendant as an unpaid intern on the production of Black Swan from approximately October 2009 through February 2010.

13.     Footman is a covered employee within the meaning of the FLSA and the NYLL.

14.     Footman has consented to join this action.  His written Consent to Join form is attached hereto as Exhibit B.

**Defendant**

15.     Defendant Fox Searchlight Pictures, Inc. ("Fox Searchlight") is a Delaware corporation registered with the New York State Department of State as an Active Foreign Business Corporation with its principal offices located at 10201 West Pico Blvd., Los Angeles, CA 90064.

16.    Fox Searchlight is a specialty film company that both produces and acquires motion pictures.

17.    Fox Searchlight is a division of Twentieth Century Fox Film Corporation, itself a wholly-owned subsidiary of News Corporation.

18.    Fox Searchlight is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated employees.

19.    During all relevant times, Fox Searchlight has exercised operational control over all Fox Searchlight-produced feature films, including the films it has co-produced with non-Fox third-party production entities (together, "Fox Searchlight films").

20.    During all relevant times, Fox Searchlight has had the power to determine employees' rates of pay and methods of payment on Fox Searchlight films.

21.    During all relevant times, Fox Searchlight has had the power to establish accounting and payroll practices on Fox Searchlight films.

22.    During all relevant times, Fox Searchlight has had the power to make decisions impacting the budgets and financing of Fox Searchlight films.

23.    During all relevant times, Fox Searchlight has had the power to approve, and has approved, the use of unpaid intern labor on Fox Searchlight films.

24.    During all relevant times, Fox Searchlight's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction with respect to Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims

pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

26.     Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

27.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

28.     At least one member of the proposed class is a citizen of a state different from that of Defendant.

29.     Plaintiffs' claims involve matters of national or interstate interest.

30.     Upon information and belief, citizenship of the members of the proposed class is dispersed among a substantial number of states and countries.

31.     Upon information and belief, there are more than 100 members of the proposed class in the aggregate.

32.     Defendant is subject to personal jurisdiction in New York.

33.     Defendant Fox Searchlight maintains an office in New York, New York.

34.     Plaintiffs regularly reported to work at the Black Swan Production Office at 1065 Avenue of the Americas, 33rd Floor, New York, New York, 10120.

35.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

36.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

37.     Venue is proper in the Southern District of New York pursuant to

28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in the Southern District of New York.

38.     A substantial part of the events or omissions giving rise to the claims occurred in this District.

### CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring the Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all persons who have worked as interns or assistants without pay on Fox Searchlight films in New York between September 28, 2005 and the date of final judgment in this matter (the "Intern Class").

40.     Excluded from the Intern Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Intern Class.

41.     The members of the Intern Class are so numerous that joinder of all members is impracticable.

42.     Upon information and belief, the size of the Intern Class is more than 100 individuals.

43.     Defendant has acted or has refused to act on grounds generally applicable to the Intern Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

44.     Common questions of law and fact exist as to the Intern Class and predominate

over any questions affecting only individual members of the Intern Class, and include, but are

not limited to, the following:

(a)     Whether Defendant has a policy or practice of failing to pay Plaintiffs and the
members of the Intern Class the minimum wage for all hours worked in violation
of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department
of Labor regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12 Part 142 *et seq.*, as
alleged herein;

(b)     Whether Defendant has a policy or practice of failing to pay Plaintiffs and the
members of the Intern Class overtime for all hours worked over forty in a
workweek in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New
York State Department of Labor regulations, 12 N.Y. Comp. Codes R. & Regs.
tit. 12 Part 142 *et seq.*, as alleged herein;

(c)     Whether Defendant has a policy or practice of taking unlawful deductions from
Plaintiffs and the members of the Intern Class in violation of NYLL Art. 6, §§
190 *et seq.*, and the supporting New York State Department of Labor regulations,
12 N.Y. Comp. Codes R. & Regs. tit. 12 Part 142 *et seq.*, as alleged herein;

(d)     Whether Defendant has a policy or practice of failing to pay Plaintiffs and
members of the Intern Class call-in pay for at least four hours at the minimum
hourly wage rate in violation of NYLL Art. 6, §§ 650 *et seq.*, and the supporting
New York State Department of Labor regulations, 12 N.Y. Comp. Codes R. &
Regs. tit. 12 Part 142 *et seq.*, as alleged herein;

(e)     Whether Defendant has a policy or practice of failing to pay Plaintiffs and
members of the Intern Class spread-of-hours wages on days when they worked
more than 10 hours in violation of NYLL Art. 6, §§ 650 *et seq.*, and the
supporting New York State Department of Labor regulations, 12 N.Y. Comp.
Codes R. & Regs. tit. 12 Part 142 *et seq.*, as alleged herein;

(f)     Whether Defendant failed to furnish Plaintiffs and the members of the Intern
Class with an accurate statement of wages, hours worked, rates paid, and gross
wages as required by the NYLL;

(g)     Whether Defendant's policy or practice of underpaying Plaintiffs and the Intern
Class was instituted willfully or with reckless disregard for the law; and

(h)     The nature and extent of class-wide injury and the measure of damages for those
injuries.

8

45.     The claims of Plaintiffs are typical of the claims of the Intern Class they seek to represent.

46.     Plaintiffs and all Intern Class members were subject to the same compensation policies and practices of Defendant.  Plaintiffs and the Intern Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

47.     Plaintiffs will fairly and adequately represent and protect the interests of the Intern Class.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiffs and members of the Intern Class.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Intern Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the NYLL.  Although the relative damages suffered by individual Intern Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices.  In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

49. .     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

9

## COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiffs bring the First, Second and Third Causes of Action, the FLSA claims, on behalf of themselves and all persons who have worked for Defendant as interns or assistants without pay between September 28, 2008 and the date of final judgment in this matter (the "Intern Collective").

51.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the Intern Collective.  Upon information and belief, the Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.  Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the members of the Intern Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

52.     Plaintiffs and the members of the class and collective defined above (collectively, "Intern Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and the NYLL by denying them minimum wages, overtime wages, spread-of-hours wages, and call-in pay, and by taking unlawful deductions.

53.     At all times relevant, Defendant's unlawful conduct, policies, and patterns or practices described in this Class Action Complaint have been willful.

54.     As part of its ongoing business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiffs and the members of the Intern Class by engaging in a pattern,

practice, and/or policy of violating the FLSA and the NYLL as described in this Class Action
Complaint. This ongoing policy and pattern or practice includes, but is not limited to the
following:

    (a)    Defendant classified Plaintiffs and the Intern Class Members as unpaid interns
and paid them no wages;

    (b)    Defendant failed to pay Plaintiffs and the Intern Class Members minimum wages
for all hours worked, overtime for hours that they worked over forty in a
workweek, spread-of-hours pay for workdays over 10 hours, and call-in pay for at
least four hours per day;

    (c)    Defendant required Plaintiffs and members of the Intern Class to supply the tools
necessary to perform their jobs, including but not limited to cell phones and
laptop computers, thereby causing them to incur costs for the benefit and
convenience of Defendant. These were unlawful deductions in violation of the
FLSA and the NYLL.

    (d)    Defendant failed to keep accurate and adequate records of hours worked by
Plaintiffs and the members of the Intern Class as required by the FLSA and the
NYLL.

55.     Upon information and belief, Defendant's unlawful conduct described in this
Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor
costs by knowingly misclassifying certain employees as unpaid interns in order to deny them
compensation in violation of the FLSA and NYLL.

56.     Defendant's unlawful conduct has been widespread, repeated, and consistent.
Defendant's policies and practices as described herein are ongoing.

57.     Defendant's unlawful conduct, as set forth in this Class Action Complaint, has
been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and
the Intern Class Members.

58.     Defendant's deceptive conduct prevented Plaintiffs and the members of the Intern
Class from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiffs individually as follows:

**Plaintiff Eric Glatt**

59.     The feature film Black Swan was co-produced by Fox Searchlight.

60.     From approximately December 2009 through approximately August 2010, plus a single day in October 2009, Glatt worked as an unpaid intern on the filming and post-production of Black Swan.

61.     From December 2009 through February 2010, Glatt worked as an accounting intern approximately five days per week for at least 40 hours per week according to a set schedule, and sometimes as many as 50 hours per week.   Glatt worked approximately 51 full days during this time period.

62.     Glatt's work as an accounting intern on Black Swan was supervised by members of the Black Swan Accounting Department, including Theodore Au, Production Accountant, and David Farr, 1st Assistant Accountant.

63.     On November 18, 2009, approximately two weeks prior to Glatt's start date, Mr. Au informed him by email that Black Swan would likely become a Fox Searchlight production and that if that happened, they would "have to clear with the Fox Production Executive for interns to be working for free and getting no college credits."

64.     In a subsequent email on November 24, 2009, Mr. Farr informed Glatt that "Fox is going to overlook the unpaid/non-college intern thing," and that as a result Plaintiff could start working the next week.

65.    On December 4, 2009, Mr. Au emailed Glatt the Twentieth Century Fox Feature Accounting Manual ("the Accounting Manual") and asked him to read it.

66.    Upon information and belief, the Black Swan Accounting Department staff were required to follow, *inter alia*, the payroll, accounting, banking, personnel, petty cash, and reporting policies outlined in the Accounting Manual.

67.    Upon information and belief, in order to generate payments from Defendant, Mr. Au was required to send weekly "hot cost" reports to Defendant including information about the production's projected budget versus actual expenditures.

68.    Glatt's responsibilities as an accounting intern included the following:

(a)    Reviewing personnel files for each Black Swan staff and crew member, creating spreadsheets to track missing documents in employee personnel files, and requesting missing documents from employees to complete personnel files;

(b)    Traveling approximately twice a week to the Manhattan offices of the Fox-designated payroll service, Cast & Crew Entertainment Services, to deliver Black Swan timesheets, pick up employee paychecks, and/or deliver payments;

(c)    Preparing documents and spreadsheets to track and reconcile purchase orders, invoices, and petty cash, and travelling to set to obtain signatures from the relevant managers or supervisors to authorize payments.

69.    Glatt was paid for one full day of work performing production assistant duties for the Black Swan Art Department on Sunday, January 31, 2010. Mr. Au told Glatt that he believed it was unfair that Glatt should also be required to work on the weekend for no pay, and told Glatt to submit a timesheet for payment at the production assistant rate.

70.    Glatt was paid $125.00 less withholdings for that 12-hour day of work, at an hourly rate of $8.928571. He received a 2010 Form W-2 reflecting amounts paid for this work.

71.    From approximately March 2010 through approximately August 2010, Glatt worked as an unpaid post-production assistant for approximately two days per week for at least 6

hours per day according to a set schedule. Glatt worked approximately 44 full days during this time period.

72.     Glatt's work as a post-production assistant was supervised by Jeff Robinson, Post-Production Supervisor.

73.     Mr. Robinson regularly communicated with representatives of Fox Searchlight about the production budget and other matters.

74.     Glatt's duties as a post-production assistant included filing paperwork, picking up and dropping off paperwork with the post-production accounting service provider, mailing production materials, and purchasing office supplies, snack foods, and other items for editing rooms.

75.     In approximately August 2010, Glatt asked Mr. Robinson about listing both of his positions in the end credits of Black Swan. Mr. Robinson responded, "All credits for all positions are at Producers [sic] discretion" and "Fox came back with their policy that no one gets double credits in the end crawl."

**Plaintiff Alexander Footman**

76.     From approximately October 2009 through approximately February 2010, Footman worked as an unpaid intern in the Production Office of Black Swan. Footman worked approximately 95 full days during this time period.

77.     For at least the first two months of his internship, Footman regularly worked five days per week for at least 40 hours per week according to a set schedule, and sometimes as many as 50 hours per week.

78.     Plaintiff Footman's work as an office production intern on Black Swan was supervised by individuals in the Production Office, including Lindsay Feldman, Production Office Coordinator, and Jodi Arneson, Assistant Production Office Coordinator.

79.     Footman's responsibilities as an office production intern included the following:

(a)     Preparing coffee for the Production Office and ensuring that the coffee pot was full;

(b)     Taking and distributing lunch orders for the Production Office staff between 11:00 a.m. and 1:00 p.m.;

(c)     Taking out the trash and cleaning the office;

(d)     Collecting receipts and preparing expense reports;

(e)     Running miscellaneous errands, including travelling to the Black Swan set to deliver items and obtain signatures on documents.

(f)     Other miscellaneous secretarial work.

80.     During the time they worked for Defendant, Glatt and Footman worked alongside other individuals whom Defendant also classified as unpaid interns, who performed productive work and were paid no wages.

81.     During the time they worked for Defendant, Plaintiffs did not receive training similar to what would be given in a vocational school or academic educational instruction.

82.     At least one week during the time they worked for Defendant, Plaintiffs each worked more than 40 hours per week.

83.     At least one day during the time they worked for Defendant, Plaintiffs each worked more than 10 hours per day.

84.     At least one day during the time they worked for Defendant, Plaintiffs were required to report to work and were not paid call-in pay for at least four hours at the minimum wage.

85.    Other than the payment described in Paragraph 70, Glatt was not paid any wages for his work for Defendant.

86.    Footman was paid no wages at all for his work for Defendant.

87.    Plaintiffs were required to bring their personal laptop computers to work each day in order to perform their duties as interns, for the benefit and convenience of Defendant.

88.    Plaintiffs purchased their personal laptop computers with their own funds.

89.    Defendant did not reimburse Plaintiffs for the use of their personal laptop computers.

90.    Plaintiffs were required to use their personal cellular phones in order to perform their duties as interns, for the benefit and convenience of Defendant.

91.    Plaintiffs were required to pay their cellular phone bills with their own money.

92.    Defendant did not reimburse Plaintiffs for the use of their personal cellular phones.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the Intern Collective)

93.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94.    Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

95.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of the Intern Collective.

96.     At all relevant times, Plaintiffs and the members of the Intern Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

97.     At all relevant times, Plaintiffs and the members of the Intern Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

98.     At all relevant times, Defendant has been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

99.     At all relevant times, Defendant employed Plaintiffs and the members of the Intern Collective within the meaning of 29 U.S.C. § 203(g).

100.    Defendant has engaged in a policy and/or practice of misclassifying members of the Intern Collective as unpaid interns and failing to pay them the applicable minimum wage for all hours it suffered or permitted them to work.  Plaintiffs and members of the Intern Collective incurred unreimbursed costs for the benefit and convenience of Defendant, which brought their effective wage rate further below the statutory minimum.

101.    As a result of the minimum wage violations, Plaintiffs and the members of the Intern Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

102.    Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices

described in this Class Action Complaint are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Intern Collective.

103.   Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

104.   Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the Intern Collective)**

105.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of the Intern Collective.

107.   Defendant has failed to pay Plaintiffs and the members of the Intern Collective overtime wages at time and a half for hours that they worked over 40 hours in a work week.

108.   As a result of Defendant's unlawful acts, Plaintiffs and members of the Intern Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

109.   Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices

described in this Class Action Complaint are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Intern Collective.

110.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION
**Fair Labor Standards Act – Recordkeeping Violations**
**(Brought on behalf of Plaintiffs and the Intern Collective)**

111.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and members of the Intern Collective, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

### FOURTH CAUSE OF ACTION
**New York Labor Law Article 19 – Minimum Wage**
**(Brought on behalf of Plaintiffs and the Intern Class)**

113.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

114.    Defendant failed to pay Plaintiffs and the members of the Intern Class all of the minimum wages to which they are entitled under the NYLL.

115.    Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

116.    At all times relevant, Plaintiffs and the members of the Intern Class have been employees and Defendant has been an employer within the meaning of NYLL §§ 190, 651(5),

652 and the supporting New York State Department of Labor Regulations.

117.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiffs and the members of the Intern Class.

118.    Defendant was required to pay Plaintiffs and the members of the Intern Class a minimum wage at a rate of (a) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005; (b) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (c) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (d) $7.25 per hour for all hours worked from July 24, 2009 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

119.    Defendant failed to pay Plaintiffs and the members of the Intern Class the minimum hourly wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

120.    By Defendant's knowing or intentional failure to pay Plaintiffs and the members of the Intern Class minimum hourly wages for all of the hours they worked, Defendant has willfully violated the NYLL Art. 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

121.    Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the Intern Class)**

122.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

123.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiffs and the members of the Intern Class.

124.    Defendant has failed to pay Plaintiffs and the members of the Intern Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

125.    By Defendant's knowing or intentional failure to pay Plaintiffs and the members of the Intern Class overtime wages for hours worked over 40 hours per workweek, it has willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

126.    Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
**New York Labor Law Article 19 - Spread-of-Hours Pay**
**(Brought on behalf of Plaintiffs and Intern Class)**

127.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

128.    Defendant has willfully failed to pay Plaintiffs and the members of the Intern Class additional compensation of one hour's pay at the minimum hourly wage rate for each day

during which they worked more than 10 hours.

129.    By Defendant's failure to pay Plaintiffs and the members of the Intern Class spread-of-hours pay, Defendant has willfully violated NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

130.    Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law Article 6 – Unlawful Wage Deductions**
**(Brought on behalf of Plaintiffs and the Members of the Intern Class)**

131.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

132.    At all times relevant, Plaintiffs and members of the Intern Class have been employees within the meaning of the NYLL Art. 6 §§ 190, *et seq*., and supporting New York State Department of Labor Regulations.

133.    At all times relevant, Defendant has been an employer within the meaning of NYLL Art. 6 §§ 190, *et seq*., and supporting New York State Department of Labor Regulations.

134.    The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations apply to Defendant and protect the Plaintiffs and the Class Members.

135.    Plaintiffs and members of the Intern Class incurred unreimbursed costs for the benefit and convenience of Defendant, which were unlawful deductions taken from the Plaintiffs and members of the Intern Class, in violation of NYLL Art. 6, § 193 and supporting New York State Department of Labor Regulations.

**EIGHTH CAUSE OF ACTION**
**New York Labor Law – Call-In Pay Violations**
**(Brought on behalf of Plaintiffs and the Members of the Intern Class)**

136.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

137.   Defendant has willfully failed to pay Plaintiffs and the members of the Intern Class call-in pay for at least four hours at the minimum hourly wage rate.

138.   By Defendant's failure to pay Plaintiffs and the members of the Intern Class call-in pay, Defendant has willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

139.   Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**NINTH CAUSE OF ACTION**
**New York Labor Law – Recordkeeping Violations**
**(Brought on behalf of Plaintiffs and the Members of the Intern Class)**

140.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

141.   Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Intern Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 §§ 650 *et seq.*, and supporting regulations.

**PRAYER FOR RELIEF**

   **WHEREFORE**, Plaintiffs, on their own behalf and on behalf of all other similarly situated persons, seeks the following relief:

   A.       That, at the earliest possible time, Plaintiffs be allowed to give notice of this

collective action, or that the Court issue such notice, to the members of the Intern Collective, as defined above. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

       B.        Unpaid minimum wages, overtime pay, and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

       C.        Unpaid overtime and unpaid minimum wages pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL Art. 19, § 663.

       D.        Certification of the class set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

       E.        Designation of Plaintiffs as class representatives and counsel of record as Class Counsel;

       F.        Pre-judgment interest and post-judgment interest;

       G.        Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

       H.        An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

       I.        Reasonable attorneys' fees and costs of the action;

       J.        Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by this Class Action Complaint.

Dated:  New York, New York
       September 27, 2011

                                        Respectfully submitted,
                                        **OUTTEN & GOLDEN LLP**

                                        By:

                                        Adam T. Klein

                                        **OUTTEN & GOLDEN LLP**
                                        Adam T. Klein
                                        Rachel Bien
                                        Elizabeth Wagoner
                                        3 Park Avenue, 29th Floor
                                        New York, New York 10016
                                        Telephone:  (212) 245-1000

                                        **Attorneys for Plaintiffs and the Putative Class**

# Exhibit A

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Fox Searchlight Inc., and other related entities and/or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

By signing and returning this consent form, I designate Outten & Golden LLP to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by Outten & Golden LLP on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP will petition the Court to award them attorney's fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.

_____
Signature

Eric Glatt
_____
Print name

259 Smith St.
_____
Address

Brooklyn, NY 11231
_____
City, State, and Zip Code

# Exhibit B

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Fox Searchlight Inc., and other related entities and/or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

By signing and returning this consent form, I designate Outten & Golden LLP to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by Outten & Golden LLP on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP will petition the Court to award them attorney's fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.

_____
Signature

Alexander Footman
Print name

201 Tulip Avenue
Address

Takoma Park, MD 20912
City, State, and Zip Code