PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Eleven Times Square
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

ERIC GLATT and ALEXANDER FOOTMAN, on behalf of themselves and all others similarly situated,

       Plaintiffs,

-against-

FOX SEARCHLIGHT PICTURES INC.,

       Defendant.

------------------------------------

Civil Action No. 11 CV 6784 (WHP)

**ECF Case**

**DEFENDANT'S ANSWER**

Defendant, Fox Searchlight Pictures Inc. ("Searchlight"), by and through its attorneys, Proskauer Rose LLP, states as follows for its answer to the Class Action Complaint (the "Complaint"):

## AS AND TO THE INTRODUCTION

1. Denies the allegations set forth in paragraph 1 of the Complaint, except admits that Searchlight is a specialty film company, films financed by Searchlight have enjoyed critical acclaim and commercial success, "Black Swan" was nominated for an Oscar in 2010, and this lawsuit alleges that Searchlight "has been able to reduce its film production costs by employing a steady stream of unpaid interns."

2. Denies the allegations set forth in paragraph 2 of the Complaint, and refers the

Court to the relevant federal and state laws and regulations governing work by interns and payment of wages for a statement of the relevant law and legal requirements.

3. Denies the allegations set forth in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Plaintiffs were denied wages during the production of "Black Swan."

4. Denies the allegations set forth in paragraph 4 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the statutes referenced therein.

5. Denies the allegations set forth in paragraph 5 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the statutes and regulations referenced therein.

6. Denies the allegations set forth in paragraph 6 of the Complaint, except admits Plaintiffs purport to seek injunctive relief in this action.

## AS AND TO THE PARTIES

**As and to Plaintiff Eric Glatt**

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Denies the allegations set forth in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint sets forth purely legal conclusions and, therefore, no response is required. To the extent a response is required, Searchlight denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, except admits that a "Consent to Join" is attached to the Complaint as Exhibit A.

**As and to Plaintiff Alexander Footman**

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Denies the allegations set forth in paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint sets forth purely legal conclusions and, therefore, no response is required. To the extent a response is required, Searchlight denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, except admits a "Consent to Join" is attached to the Complaint as Exhibit B.

**As and to Defendant**

15.     Denies the allegations set forth in paragraph 15 of the Complaint, except admits Searchlight is a Delaware Corporation, registered with the New York State Department of State as an Active Foreign Business Corporation and maintains its principal offices at 10201 West Pico Blvd., Los Angeles, CA and avers the zip code is 90035.

16.     Denies the allegations set forth in paragraph 16 of the Complaint, except admits that Searchlight is a specialty film company.

17.     Denies the allegations set forth in paragraph 17 of the Complaint.

18.     Denies the allegations set forth in paragraph 18 of the Complaint, except admits Searchlight is a covered employer within the meaning of the Fair Labor Standards Act ("FLSA") to the extent it engages in interstate commerce, produces goods for interstate commerce, or handles, sells, or works on goods or materials that have been moved in or produced for interstate commerce and has an annual gross sales volume of at least $500,000.

19. Denies the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

## AS AND TO JURISDICTION AND VENUE

25. Denies the allegations set forth in paragraph 25 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the jurisdictional sections referenced therein.

26. Denies the allegations set forth in paragraph 26 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the jurisdictional section referenced therein.

27. Denies the allegations set forth in paragraph 27 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the jurisdictional sections referenced therein.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint, except admits that Searchlight is subject to personal jurisdiction in New York in this action.

33. Admits the allegations set forth in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Denies the allegations set forth in paragraph 35 of the Complaint.

36. Denies the allegations set forth in paragraph 36 of the Complaint, except refers to the sections cited therein for the Court's powers under those sections.

37. Denies the allegations set forth in paragraph 37 of the Complaint, except avers that the action purports to be properly brought in the Southern District of New York pursuant to the statutes cited therein.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

## AS AND TO THE CLASS ALLEGATIONS

39. Denies the allegations set forth in paragraph 39 of the Complaint, except admits that the action purports to be brought pursuant to the statutes and legal theories cited therein.

40. Denies the allegations set forth in paragraph 40 of the Complaint, except admits that the action purports to exclude the individuals described therein.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

44. Denies the allegations set forth in paragraph 44 (a) through (h), inclusive, of the Complaint.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint, except avers the law firm bringing this action has brought class actions and employment litigations and denies

knowledge or information sufficient to form a belief as to the truth of the allegations concerning the competence and experience of Plaintiffs' counsel and any conflicts that may exist between Plaintiffs and members of the Intern Class.

48. Denies the allegations set forth in paragraph 48 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' financial resources.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

### AS AND TO THE COLLECTIVE ACTION ALLEGATIONS

50. Denies the allegations set forth in paragraph 50 of the Complaint, except admits that Plaintiffs purport to bring this action on behalf of the individuals identified as the "Intern Collective."

51. Denies the allegations set forth in paragraph 51 of the Complaint.

### AS AND TO THE CLASS-WIDE FACTUAL ALLEGATIONS

52. Denies the allegations set forth in paragraph 52 of the Complaint, except admits that Plaintiffs purport to bring this action on behalf of the individuals identified as the "Intern Class Members."

53. Denies the allegations set forth in paragraph 53 of the Complaint.

54. Denies the allegations set forth in paragraph 54 (a) through (h), inclusive, of the Complaint.

55. Denies the allegations set forth in paragraph 55 of the Complaint.

56. Denies the allegations set forth in paragraph 56 of the Complaint.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

58. Denies the allegations set forth in paragraph 58 of the Complaint.

## AS AND TO PLAINTIFFS' FACTUAL ALLEGATIONS

59. Denies the allegations set forth in paragraph 59 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

60. Denies the allegations set forth in paragraph 60 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

61. Denies the allegations set forth in paragraph 61 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

62. Denies the allegations set forth in paragraph 62 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

63. Denies the allegations set forth in paragraph 63 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

64. Denies the allegations set forth in paragraph 64 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

65. Denies the allegations set forth in paragraph 65 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

66. Denies the allegations set forth in paragraph 66 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

67. Denies the allegations set forth in paragraph 67 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

68. Denies the allegations set forth in paragraph 68 (a) through (c), inclusive, of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

69. Denies the allegations set forth in paragraph 69 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

70. Denies the allegations set forth in paragraph 70 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

71. Denies the allegations set forth in paragraph 71 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

72. Denies the allegations set forth in paragraph 72 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

73. Denies the allegations set forth in paragraph 73 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

74. Denies the allegations set forth in paragraph 74 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

75.     Denies the allegations set forth in paragraph 75 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glatt.

76.     Denies the allegations set forth in paragraph 76 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Footman.

77.     Denies the allegations set forth in paragraph 77 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Footman.

78.     Denies the allegations set forth in paragraph 78 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Footman.

79.     Denies the allegations set forth in paragraph 79 (a) through (f), inclusive, of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Footman.

80.     Denies the allegations set forth in paragraph 80 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

81.     Denies the allegations set forth in paragraph 81 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

82.     Denies the allegations set forth in paragraph 82 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

83. Denies the allegations set forth in paragraph 83 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

84. Denies the allegations set forth in paragraph 84 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

85. Denies the allegations set forth in paragraph 85 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

86. Denies the allegations set forth in paragraph 86 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

87. Denies the allegations set forth in paragraph 87 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

88. Denies the allegations set forth in paragraph 88 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs.

89. Denies the allegations set forth in paragraph 89 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

90. Denies the allegations set forth in paragraph 90 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs.

91. Denies the allegations set forth in paragraph 91 of the Complaint based on the introductory language at the top of page 12 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs.

92. Denies the allegations set forth in paragraph 92 of the Complaint based on the introductory language at the top of page 12 of the Complaint.

## AS AND TO THE FIRST CAUSE OF ACTION

93. Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

94. Denies the allegations set forth in paragraph 94 of the Complaint.

95. Denies the allegations set forth in paragraph 95 of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97. Denies the allegations set forth in paragraph 97 of the Complaint.

98. Denies the allegations set forth in paragraph 98 of the Complaint.

99. Denies the allegations set forth in paragraph 99 of the Complaint.

100. Denies the allegations set forth in paragraph 100 of the Complaint.

101. Denies the allegations set forth in paragraph 101 of the Complaint.

102. Denies the allegations set forth in paragraph 102 of the Complaint.

103. Denies the allegations set forth in paragraph 103 of the Complaint.

104. Denies the allegations set forth in paragraph 104 of the Complaint.

## AS AND TO THE SECOND CAUSE OF ACTION

105. Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

106. Denies the allegations set forth in paragraph 106 of the Complaint.

107. Denies the allegations set forth in paragraph 107 of the Complaint.

108. Denies the allegations set forth in paragraph 108 of the Complaint.

109. Denies the allegations set forth in paragraph 109 of the Complaint.

110. Denies the allegations set forth in paragraph 110 of the Complaint.

### AS AND TO THE THIRD CAUSE OF ACTION

111.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

112.   Denies the allegations set forth in paragraph 112 of the Complaint.

### AS AND TO THE FOURTH CAUSE OF ACTION

113.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

114.   Denies the allegations set forth in paragraph 114 of the Complaint.

115.   Denies the allegations set forth in paragraph 115 of the Complaint.

116.   Denies the allegations set forth in paragraph 116 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the truth of the allegations concerning the status of the putative members of the Intern Class.

117.   Denies the allegations set forth in paragraph 117 of the Complaint.

118.   Denies the allegations set forth in paragraph 118 of the Complaint.

119.   Denies the allegations set forth in paragraph 119 of the Complaint.

120.   Denies the allegations set forth in paragraph 120 of the Complaint.

121.   Denies the allegations set forth in paragraph 121 of the Complaint.

### AS AND TO THE FIFTH CAUSE OF ACTION

122.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

123.   Denies the allegations set forth in paragraph 123 of the Complaint.

124.   Denies the allegations set forth in paragraph 124 of the Complaint.

125.   Denies the allegations set forth in paragraph 125 of the Complaint.

126.   Denies the allegations set forth in paragraph 126 of the Complaint.

## AS AND TO THE SIXTH CAUSE OF ACTION

127.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

128.   Denies the allegations set forth in paragraph 128 of the Complaint.

129.   Denies the allegations set forth in paragraph 129 of the Complaint.

130.   Denies the allegations set forth in paragraph 130 of the Complaint.

## AS AND TO THE SEVENTH CAUSE OF ACTION

131.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

132.   Denies the allegations set forth in paragraph 132 of the Complaint.

133.   Denies the allegations set forth in paragraph 133 of the Complaint.

134.   Denies the allegations set forth in paragraph 134 of the Complaint.

135.   Denies the allegations set forth in paragraph 135 of the Complaint.

## AS AND TO THE EIGHTH CAUSE OF ACTION

136.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein

137.   Denies the allegations set forth in paragraph 137 of the Complaint.

138.   Denies the allegations set forth in paragraph 138 of the Complaint.

139.   Denies the allegations set forth in paragraph 139 of the Complaint.

## AS AND TO THE NINTH CAUSE OF ACTION

140.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

141.   Denies the allegations set forth in paragraph 141 of the Complaint.

142.   Denies the allegations set forth in the WHEREFORE clause of the Complaint, and further denies that Plaintiffs and/or the purported members of the Intern Collective and/or Inter Class are entitled to any of the relief demanded there in or any relief whatsoever.

143.   Defendant denies each and every allegation in the Complaint not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

144.   The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damage sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

145.   Searchlight is not a proper party to this action.

### THIRD AFFIRMATIVE DEFENSE

146.   To the extent either or both Plaintiffs are deemed to be "employees" within the meaning of federal or state laws, they were not employees of Searchlight.

### FOURTH AFFIRMATIVE DEFENSE

147.   The putative collective action and/or class members' claims are barred, in whole or in part, because they are properly classified as interns and are not employees under the applicable law.

### FIFTH AFFIRMATIVE DEFENSE

148.   Subject to proof through discovery, some or all of Plaintiffs' and/or the putative collection action and/or class members' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### SIXTH AFFIRMATIVE DEFENSE

149.    The types of claims alleged by Plaintiffs, the existence, the existence of which are expressly denied, are not appropriate for collective action pursuant to Section 216(b) of the FLSA or class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### SEVENTH AFFIRMATIVE DEFENSE

150.    If Searchlight is found to have failed to pay Plaintiffs and/or any putative member of the collective action or class members as alleged in the Complaint any amount due, which allegations Searchlight denies, Searchlight acted at all times on the basis of a good faith and reasonable belief that its actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations, and therefore Searchlight's actions were not willful or in reckless disregard of the FLSA or N.Y. Labor Laws.

### EIGHTH AFFIRMATIVE DEFENSE

151.    There is no class of persons similarly situated to both, or either, of the plaintiffs and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA or class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### NINTH AFFIRMATIVE DEFENSE

152.    Plaintiffs' monetary claims, and the claims of the putative collective action and/or class action, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

### TENTH AFFIRMATIVE DEFENSE

153.    Plaintiffs are inadequate representatives of the putative collective action and/or class action, the existence of which is expressly denied.

### ELEVENTH AFFIRMATIVE DEFENSE

154.  Plaintiffs' claims and those of putative members of the putative collective action and/or class action, the existence of which is expressly denied, are barred by the doctrines of laches, unclean hands, waiver and/or estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

155.  To the extent either Plaintiff, or any members of the putative collective action and/or class action, have suffered injury, which Defendant expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of such Plaintiff or member of the putative collection or class action, and not any act or omission of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

156.  If Defendant is found to have failed to pay any of the Plaintiffs, and/or any putative collective action and/or class members, any amount due, which Defendant denies, Defendant is entitled to set off any overpayments or other sums owed by any such Plaintiff or putative collective action and/or class member against any judgment.

### FOURTEENTH AFFIRMATIVE DEFENSE

157.  Plaintiffs and/or the putative collective action and/or class members have received full payment for all work performed, thereby barring their claims by among other things, the doctrines of release and payment.

### FIFTEENTH AFFIRMATIVE DEFENSE

158.  Plaintiffs' monetary claims, and the monetary claims of the putative collective action and/or class members, are barred in whole or in part by their failure to mitigate or avoid their alleged damages

## SIXTEENTH AFFIRMATIVE DEFENSE

159.   Plaintiffs demand for liquidated damages renders this action inappropriate for treatment as a class action.

**WHEREFORE**, Defendant respectfully requests that this Court: (a) dismiss the Complaint in its entirety, with prejudice; (b) deny each and every request for relief set forth in the Complaint; (c) award Defendant its reasonable attorneys' fees and legal expenses; (d) award Defendant its costs and disbursements incurred in defense of this action; and (e) award Defendant any other relief the Court deems just and proper.

Dated:   New York, New York
         October 21, 2011

PROSKAUER ROSE LLP

By: *s/ Elise M. Bloom*
    Elise M. Bloom
    Amy F. Melican
Eleven Times Square
New York, NY  10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
amelican@proskauer.com
*Attorneys for Defendant*