IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT and ALEXANDER FOOTMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOX SEARCHLIGHT PICTURES INC.,<br><br>Defendant. | ECF Case No. 11 Civ. 6784 (WHP)(AJP)<br><br>**JOINT RULE 26(f) REPORT AND PROPOSED JOINT DISCOVERY PLAN** |

The parties file this joint report pursuant to Fed. R. Civ. P. 26(f):

1.  Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a telephonic conference on December 9, 2011, during which they discussed the topics set forth below. Rachel Bien and Elizabeth Wagoner of Outten & Golden LLP attended for Plaintiffs. Elise Bloom and Amy Melican of Proskauer Rose, LLP attended for Defendant.

Fed. R. Civ. P. 26(f) Topics:

   A.  The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) on or before January 13, 2012.

   B.  The subjects and timing of discovery:

   i.  **Plaintiffs' position**: This is a putative class and collective action challenging Defendant's policy and practice of failing to pay Plaintiffs and those similarly situated for the work they performed on Defendant's behalf and instead treating them as "interns," which the

FLSA exempts from coverage if certain conditions are met. *See* U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act (Apr. 2010).  In anticipation of Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23, Plaintiffs will require discovery concerning, among other things: contact information for unpaid interns who worked on Fox Searchlight productions; information concerning their pay, if any; information regarding their job responsibilities; information regarding the hours they worked; information regarding Defendant's defense that it was not an employer of Plaintiffs and others similarly situated, including, but not limited to, Defendant's relationship(s) with other entities during film productions and Defendant's role with regard to staffing, personnel, human resources, and payroll policies on Fox Searchlight productions.  Plaintiffs submit that discovery should not be limited to Plaintiffs and the Black Swan production because the complaint alleges that Defendant's policy or practice extended beyond that movie set to other productions.  Should discovery reveal that the policies were limited in application, Plaintiffs will narrow the scope of the class accordingly.

ii. **Defendant's position**:  Defendant submits that this case is not appropriate for class and/or collective treatment because the claims of the two named Plaintiffs are unique and a determination of whether the named Plaintiffs were properly classified as interns and/or whether

> Defendant or some other entity was their employer requires a fact-specific analysis. The issue in this case is whether the two named Plaintiffs were properly classified as interns or employed by Defendant. Whether an individual is an intern requires a fact-specific analysis that turns on, *inter alia*, the duties each intern performed. The issues will also turn on, *inter alia*, the timing and nature of Defendant's role with respect to the Black Swan production and any other production at issue. Defendant submits that discovery in this case should be conducted in two phases. The first phase should focus on the appropriateness of this case proceeding as a class and/or collective action and whether it should extend beyond the two named Plaintiffs' claims or the Black Swan production. The second phase, merits discovery, should not begin until after there has been a determination as to whether class and/or collective treatment in this action is appropriate.

   iii. The parties agree that nothing herein constitutes a waiver of any kind, including as to a party's right to propound discovery not described herein, and as to any objection to any discovery described herein.

C. The parties discussed disclosure and/or discovery of electronically stored information and will continue to meet and confer regarding the form in which such discovery should be produced.

D.	The parties do not anticipate any disputes about claims of privilege or protection at this time.  The parties plan to enter a stipulation of confidentiality which they shall attempt to negotiate and submit to the Court for its approval.

E.	The parties do not anticipate any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure.

F.	The parties agree that service of documents by email and/or overnight mail is effective service and is complete upon emailing or mailing.

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, subject to the Court's approval, as follows:

| Date | Activity |
|---|---|
| January 6, 2012 | Amendment of the pleadings as of right pursuant to Fed. R. Civ. P. 15(a)(1).  The parties may seek to amend the pleadings hereafter pursuant to Fed. R. Civ. P. 15(a)(2). |
| April 30, 2012 | Plaintiffs' expert disclosures, if any, related to Plaintiffs' motion for class certification under Fed. R. Civ. P. 23 must be made. |
| May 15, 2012 | Defendant's expert disclosures, if any, related to Plaintiffs' motion for class certification under Fed. R. Civ. P. 23 must be made. |

| | |
|---|---|
| May 31, 2012 | **Plaintiffs' Proposal:**<br>All discovery related to Plaintiffs' motion for class certification under Fed. R. Civ. P. 23 must be completed. (Discovery during this period will not be limited to discovery related to Plaintiffs' motion for class certification.)<br><br>Plaintiffs intend to file a motion for expedited court-supervised notice to potential opt in Plaintiffs pursuant to 29 U.S.C. § 216(b) during this class certification discovery phase. Opposition papers, if any, are to be filed within 30 days of the filing date of the motion. Reply papers in support of any such motion(s), if any, are to be filed within 21 days of the filing date of the opposition papers.<br><br>**Defendant's Proposal:**<br>Complete first stage of discovery regarding appropriateness of maintaining this action as a class and/or collective action. Discovery shall concern Plaintiffs and the Black Swan production and some limited discovery as to the timing and general nature of Defendant's involvement in other productions.<br><br>Defendant will need discovery to be able to respond to Plaintiffs' motion for notice. |
| June 29, 2012 | Plaintiffs' motion for class certification under Fed. R. Civ. P. 23. Opposition papers to a motion for class certification, if any, are to be filed within 30 days of the filing date of the motion. Reply papers in support of such a motion, if any, are to be filed within 21 days of the filing date of the opposition papers. |
| 40 days prior to close of discovery | Plaintiffs' expert disclosures must be made. |
| 20 days prior to close of discovery | Defendant's expert disclosures must be made. |
| 120 days after Court rules on Plaintiffs' motion for class certification. | **Plaintiffs' Proposal**:<br>Fact discovery must be completed.<br><br>**Defendant's Proposal:**<br>Second Stage of Discovery - Merits Discovery - must be completed |

5

| | |
|---|---|
| 15 days after the end of all discovery | The parties must make any requests for a pre-motion conference in accordance with the Honorable William H. Pauley III's Individual Rules with respect to summary judgment motions. Opposition papers to a motion for summary judgment, if any, are to be filed within 30 days of the filing date of the motion. Reply papers in support of such a motion, if any, are to be filed within 21 days of the filing date of the opposition papers. |
| 30 days after resolution of all motions | Pre-trial order due. |
| As soon after submission of pre-trial order as is convenient for the Court. | Trial. After discovery and dispositive motions, the parties will submit a detailed proposed trial plan that will address *inter alia*, the need to bifurcate the trial between a liability phase and a damages phase. |

Dated: December 30, 2011
       New York, New York


By: _____\s\_____          By: _____\s\_____
    Elizabeth Wagoner                              Elise Bloom
    Rachel Bien                                    Amy F. Melican
    OUTTEN & GOLDEN LLP                            PROSKAUER ROSE, LLP
    3 Park Avenue, 29th Floor                      Eleven Times Square
    New York, NY 10016                             New York, NY 10036-8299
    (212) 245-1000                                 (212) 969-3410
    *Attorneys for Plaintiffs*                     *Attorneys for Defendant*


SO ORDERED:


_____
Hon. William H. Pauley
United States District Judge