UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
ERIC GLATT and ALEXANDER FOOTMAN,           :   Civil Action No. 11-CV-6784
on behalf of themselves and all others similarly  :   (WHP)
situated,                                    :
                                             :   ECF Case
                    Plaintiffs,              :
                                             :
       -against-                             :
                                             :
FOX SEARCHLIGHT PICTURES INC.,               :
                                             :
                    Defendant.               :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/12

## STIPULATION AND CONFIDENTIALITY ORDER

WHEREAS, Plaintiffs Eric Glatt and Alexander Footman ("Plaintiffs) have commenced this action against Defendant Fox Searchlight Pictures Inc. ("Searchlight" or "Defendant");

WHEREAS, the parties are presently engaged in discovery in this action and anticipate exchanging documents and information that may contain confidential, proprietary, trade secret, or personal information concerning the parties, Defendant's current and former employees and interns, entities affiliated with Defendant, other third persons and/or the events and occurrences forming the subject of this action;

The parties to this action, through their respective counsel of record, **HEREBY STIPULATE** to the following, and request that this Stipulation and Confidentiality Order (the "Confidentiality Order") be entered as an Order of the Court:

1.   For the purposes of this Confidentiality Order, "Confidential Information" shall include:

26490305v14

a.  documents or information containing proprietary matters of Defendant, entities affiliated with Defendant or other third persons, such as, without limitation, documents or information that contain trade secrets and/or confidential financial matters with respect to film productions in which Searchlight was involved in negotiations and/or with which Searchlight became involved;

b.  documents that contain sensitive information about Defendant's employees, interns, third parties or entities affiliated with Defendant, including but not limited to personally identifiable information other than names, such as social security numbers, addresses, birth dates, account numbers, email addresses, and telephone phone numbers;

c.  contracts or other agreements, including drafts, between Defendant and any business partner or other entity that contain or reflect any proprietary or other confidential information including, without limitation, information concerning the creation, production, sale or purchase of any film production or any rights associated therewith; and

d.  any other document containing sensitive business, financial or personal information, including but not limited to non-final drafts, which, during the course of discovery, a producing party believes in good faith is worthy of protection as Confidential Information.

Confidential Information shall not include information or documents that have been previously disclosed to the public.

2.  All information or material(s) that the producing party believes in good faith fits within the definition in paragraph 1 above may be marked or designated "Confidential," to be treated in accordance with the provisions of this Confidentiality Order.

3.  A non-party may designate materials produced by that person or entity in response to a subpoena as Confidential. A party may also designate all or any portion of any materials produced by a non-party in response to a subpoena as Confidential, by stating in writing that it desires to do so within ten (10) business days after receipt of the materials.

4.  Confidential Information produced in connection with this action may be used and retained for purposes of this action only, and may not be used in any other action, lawsuit, litigation, arbitration, mediation or other proceeding(s). It may not be used or in any way communicated to anyone, including, but not limited to, attorneys or other litigants, for any purpose other than to prosecute or defend against the claims asserted in this action.

5.  Access to and/or disclosure of all or any part of the Confidential Information shall be permitted and/or communicated only to the following persons (the "Designated Persons"):

   a.  The parties to this action;

   b.  Any employee or former employee of Searchlight reasonably necessary for purposes of this action;

   c.  Non-party deponents, any individual who opts into this action pursuant to 29 U.S.C. § 216(b), or witnesses to be called at a hearing and/or trial, if: (1) the attorney making the disclosure advises the deponent that this Confidentiality Order bars the deponent from divulging Confidential Information; (2) the Confidential Information is not left in the possession of the deponent; and (3) he or she signs the undertaking in the form of Exhibit A hereto;

d. Counsel for the parties to this action, including in-house counsel, and their paralegals and/or assistants, who are charged with responsibility for and are actively engaged in the prosecution or defense of this action ("Counsel"). Counsel's employees and independent contractors, including paralegals, secretaries and clerical employees, who are actually involved in defending or prosecuting this action;

e. Employees and independent contractors (other than Counsel's paralegals and assistants) hired or retained by a party solely for the purpose of prosecuting or defending this action;

f. Experts and consultants retained by a party to assist in the prosecution or defense of this action;

g. Court reporters at deposition and trial or in connection with any hearing in this action;

h. Mediators before whom the parties mediate the claims asserted in this action;

i. The Judge, Magistrate Judge and jurors in this action and all Court personnel, as well as the personnel of appropriate appellate courts; and

j. Any other person that the disclosing party may agree in writing may receive such information.

6. Each of the Designated Persons identified in paragraphs 5(c), 5(e), 5(f) and 5(j) to whom access to Confidential Information is permitted and/or disclosure of Confidential Information is made shall, prior to such access or disclosure, be required to read this Confidentiality Order and sign the undertaking in the form of Exhibit A hereto. If any such person fails or refuses to agree in writing to comply with the terms of this Confidentiality Order

as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person at that time. The parties, or any of them, may then seek relief from the Court as to, among other things, whether or not such person is one to whom the Confidential Information should be disclosed.

7. In making copies of Confidential Information, reasonable precautions shall be taken to ensure that all copies remain within the possession of counsel for the parties or those entitled to access to the Confidential Information under Paragraph 5, above.

8. Confidential Information may be used solely in connection with this action, including but not limited to for the purposes of depositions, motions, hearings, briefs, preparation for trial, and trial. Except as specifically provided herein, each Designated Person will hold in confidence and not disclose to anyone else, or use in any fashion, any Confidential Information, or any excerpt, summary, abstract or index thereof.

9. This Confidentiality Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Confidentiality Order, currently has access to, or possession of, Confidential Information. Nothing in this Confidentiality Order shall prevent the producing party from using or disclosing its own Confidential Information in any way it deems appropriate.

10. If Confidential Information is disclosed at a deposition, only those persons may be present who are authorized by the terms of this Confidentiality Order to have access to such material. The disclosing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed or disclosed, any person not authorized by this Confidentiality Order to receive the Confidential Information. If requested by any party, the portions of the deposition transcripts which refer to the Confidential Information

shall be marked or designated as "Confidential" and treated in accordance with the terms of this Confidentiality Order. Confidential designation(s) with respect to depositions must be made within twenty (20) business days after that party receives the court reporter's transcript for that deposition.

11. No modification or other change to this Confidentiality Order shall be effective unless it is in writing and signed by counsel of record, or has been reduced to an order of the Court.

12. By agreeing to the procedures set forth in this Confidentiality Order, none of the parties agrees to produce any document(s) or waives or prejudices any objection he or it may have with respect to the production of any document(s) or information. Nothing contained herein shall prejudice the right of a party to object to the production of any document(s) or information. In addition, the fact that a party has entered into this Confidentiality Order is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges). This Confidentiality Order does not prejudice the right of any party to apply to the Court for an Order compelling production of documents or to apply to the Court for:

    a. a further Confidentiality Order relating to any discovery in this action; or,

    b. an order declaring that a document(s) or information designated as "Confidential Information" is not confidential and should not be subject to this Confidentiality Order; and likewise does not prejudice the right of any party to object to any such application or motion.

26490305v14

Pending a determination by the Court, material designated as confidential by a party shall be treated as Confidential Information as provided in this Confidentiality Order.

13.  Consistent with the case law in the Second Circuit and without intending to expand it herein, if a party believes that a document(s) or information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, or any other privilege or immunity has been improperly and/or inadvertently produced, such production shall not be deemed a waiver of any privilege as to (a) that document or information or (b) any other document or information on the same or a related subject matter. The producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the producing party. Nothing stated herein shall preclude a party from challenging an asserted privilege by another party.

14.  If any information Confidential Information is inadvertently produced without being marked in accordance with this Confidentiality Order, the failure to so mark the document or other material shall not be deemed a waiver. Until the document or other material is designated as Confidential Information by the party producing it, the party discovering the document or material shall be entitled to treat it as non-confidential. When the document or material is designated as Confidential Information, however, counsel to the party discovering it shall take prompt and reasonable steps to have the document or material marked and treated as

-7-

Confidential Information or to return the document or material to the producing party for "Confidential" designation pursuant to paragraph 1, above, of this Confidentiality Order.

15. If a party believes that a document(s) or information has been improperly designated as Confidential Information, the party may challenge the designation. The parties shall meet and confer and attempt to resolve any dispute. If they are unable to resolve their dispute(s), the disclosing party may seek a protective order from the Court, or, alternatively, the party challenging the designation may seek an order from the Court declaring that the document has been improperly designated as Confidential Information. If, in connection with a Court filing, a party provides written notice challenging the confidential designation with respect to a document to be included in that filing, the confidential designation shall be lost if: (i) the parties fail to agree in writing to continue the Confidential Information designation; or (ii) the designating party fails to seek a protective order from the Court with respect to the designation within seven (7) business days of receiving the written notice. Pending a determination by the Court, material designated as confidential by a party shall be treated as Confidential Information as provided in this Confidentiality Order

16. In accordance with the individual rules of Judge William H. Pauley III, the party seeking to file any document containing Confidential Information or any pleadings, motions, or other papers that contain(s) or refer(s) to any Confidential Information shall apply to the Court for leave to file such document or papers under seal. If leave is granted, the party shall file such document or papers under seal. If leave is denied, the party shall file such documents or papers in accordance with the Court's instructions, including, if instructed to do so, by filing them publicly via ECF. Where possible, only confidential portions of such filings with the Court shall be filed under seal. To avoid the unnecessary filing of documents under seal, counsel for the

parties may request waiver of the provisions of this paragraph, and such waiver will not be unreasonably withheld.

17. This Confidentiality Order shall not apply to the submission or filing of Confidential Information at a hearing or trial. The parties agree that they will, in advance of a hearing or trial, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of Confidential Information at trial. In the event the parties cannot agree to such a procedure to propose to the Court, each party shall be free to apply to the Court for the entry of an order concerning the treatment of its Confidential Information at hearing and/or trial. Nothing in this Confidentiality Order shall be construed to affect the admissibility of any document or information at a hearing and/or trial.

18. The Court retains the right to allow disclosure of any subject covered by this Confidentiality Order or to modify this Confidentiality Order at any time in the interest of justice.

19. All Confidential Information produced in this action during discovery, and all copies, digests, or summaries made thereof, including copies, digests, or summaries distributed to experts or consultants, and those appended to depositions, shall either be: (1) returned to the producing party within sixty (60) days after final determination of this action; or (2) destroyed by the non-producing party possessing such Confidential Information within sixty (60) days after final determination of this action. In the event a party chooses the latter option, the party shall provide the other party with a written statement attesting to such destruction within ten (10) days after such destruction occurs. Notwithstanding the foregoing, counsel in this action may keep copies of work product and Court filings that contain or refer to Confidential Information.

Dated: April 6, 2012
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.   4/16/12

-9-

26490305v14

| | |
|---|---|
| OUTTEN & GOLDEN LLP | PROSKAUER ROSE LLP |
| By: /s/ Rachel B. _____<br>Adam T. Klein<br>Elizabeth Wagoner<br>Rachel Bien<br>3 Park Avenue, 29th Floor<br>New York, New York 10016<br>(212) 245-1000<br>*Attorneys for Plaintiff* | By: _____<br>Elise M. Bloom<br>Amy F. Melican<br>Eleven Times Square<br>New York, New York 10036<br>(212) 969-3000<br>*Attorneys for Defendant* |

SO ORDERED:

_____         Date: _____
            U.S.D.J

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X
ERIC GLATT and ALEXANDER FOOTMAN,    :   Civil Action No. 11-CV-6784
on behalf of themselves and all others similarly    :   (WHP)
situated,                            :
                                     :   **ECF Case**
               Plaintiffs,           :
                                     :
     -against-                       :
                                     :
FOX SEARCHLIGHT PICTURES INC.,       :
                                     :
               Defendant.
---------------------------------- X

### AGREEMENT TO BE BOUND BY
### STIPULATION AND CONFIDENTIALITY ORDER

The undersigned hereby states as follows:

1. I have read the Stipulation and Confidentiality Order entered in the above-captioned matter (the "Confidentiality Order").

2. I agree to be bound by the terms of the Confidentiality Order.

3. I understand and agreed that, pursuant to the Confidentiality Order, I shall not use, reveal, or otherwise divulge any Confidential Information except in connection with this action, and that I will not use the information for any purpose unrelated to this action.

4. I understand that breach of the terms of the Confidentiality Order may be punishable by contempt of Court and subject to other appropriate legal penalties. I hereby consent and submit to the jurisdiction of the Court for purposes of enforcement of the Confidentiality Order.

Signed:     _____

Print Name: _____

Date:       _____

26490305v14