UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                        :
ERIC GLATT, *et al.*,                                   :        11 Civ. 6784 (WHP)
                                                        :
            Plaintiffs,                                 :        MEMORANDUM & ORDER
                                                        :
            -against-                                   :
                                                        :        ┌─────────────────────────────┐
FOX SEARCHLIGHT PICTURES INC.,                          :        │ USDC SDNY                   │
                                                        :        │ DOCUMENT                    │
            Defendant.                                  :        │ ELECTRONICALLY FILED        │
                                                        :        │ DOC #:_____       │
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X   │ DATE FILED:  6/11/12        │
                                                                 └─────────────────────────────┘

WILLIAM H. PAULEY III, District Judge:

            Plaintiffs Eric Glatt ("Glatt") and Alexander Footman ("Footman"), on behalf of a

putative class, bring this Fair Labor Standards Act ("FLSA") and New York Labor Law action

against Defendant Fox Searchlight Pictures, Inc. ("Searchlight"). They contend that Searchlight

violated the FLSA and the New York Labor Law by classifying them as unpaid interns rather

than paid employees.

            The parties present several discovery disputes to the Court. Specifically,

Searchlight opposes Plaintiffs' requests for unredacted contact information of corporate and film

production interns, and certain budget and personnel documents. The parties also dispute the

situs for the depositions of Searchlight's 30(b)(6) witnesses. For the following reasons, this

Court concludes that Searchlight must provide Plaintiffs with the unredacted documents and

information they seek. This Court also determines that the 30(b)(6) depositions should be

conducted in Los Angeles, California.

BACKGROUND

From approximately December 2009 through August 2010, plus a single day in October 2009, Glatt worked as an unpaid intern on the filming and post-production of the film *Black Swan*. (Class Action Complaint, dated Sept. 27, 2011 (Compl.) ¶ 60.) Footman worked as an unpaid intern in the production office of *Black Swan* from approximately October 2009 through February 2010. (Compl. ¶ 76.) While Plaintiffs allege that Searchlight co-produced *Black Swan*, (Compl. ¶ 59), Defendants observe that the film was produced by the independent production company Lake of Tears, Inc. ("Lake of Tears"). Although Defendants contend that Lake of Tears engaged Glatt and Footman for *Black Swan*, Plaintiffs purport to bring claims on behalf of "all others similarly situated," including: (1) interns engaged in connection with different Searchlight films; and (2) interns who worked at Searchlight's corporate offices. (Compl. ¶ 39.)

At the initial pretrial conference on January 6, 2012, the parties agreed to limit discovery to five representative Searchlight films, which the parties subsequently selected: *The Savages* (2007), *500 Days of Summer* (2009), *Black Swan* (2010), *Our Family Wedding* (2010), and *Cedar Rapids* (2011). Fact discovery is scheduled to close on July 20, 2012, after which time Plaintiffs will move for class certification under Federal Rule of Civil Procedure 23 and court-supervised notice to potential opt-in plaintiffs under 29 U.S.C. § 216(b). See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 171-72 (1989).

DISCUSSION

I.    Legal Standard

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  While the scope of discovery is broad, it is not boundless.  If "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or if "the burden or expense of the proposed discovery outweighs its likely benefit," courts must limit its frequency or extent.  Fed. R. Civ. P. 26(b)(2)(C);  see also In re Penthouse Exec. Club Compensation Litig., No. 10 Civ. 1145 (KMW), 2012 WL 1511772, at *1 (S.D.N.Y. Apr. 30, 2012).

II.   Names and Contact Information of Potential Witnesses

In their first request for the production of documents, Plaintiffs sought the names and contact information of Searchlight interns and their supervisors.  Searchlight acknowledges that it maintains crew lists containing much of the information that Plaintiffs requested. However, when Searchlight produced the crew lists and intern information, it redacted the interns' cell phone numbers, e-mail addresses, and the corporate interns' last names. [1]

---

[1] Plaintiffs already possess unredacted crew lists for *Black Swan*.

"[T]he weight of authority in this district counsels in favor of allowing [disclosure of class contact information] in FLSA cases" prior to the conditional certification of a collective action. Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09 Civ. 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010). Indeed, "courts routinely allow plaintiffs to discover identifying information regarding potential class members," and "conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members." Fei v. WestLB AG, No. 07 Civ. 8785 (HB)(FM), 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008).

Here, interns and their supervisors are likely to possess relevant information regarding, inter alia, interns' duties, the compensation policies that applied to them, and the hours they worked.   These individuals are also reasonably likely to possess information concerning the relationship between Searchlight and the film productions on which they worked, which is relevant to Plaintiffs' allegations that Searchlight was the "employer" of Glatt, Footman, and similarly situated interns. (Compl. ¶ 99.) "To be held liable under the FLSA, a person must be an 'employer,' which § 3(d) of the statute defines broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (quoting 29 U.S.C. § 203(d)); see also Zheng v. Liberty Apparel Co., 355 F.3d 61, 72 (2d Cir. 2003) (discussing factors considered in determining "joint employer" status). Thus, the contact information Plaintiffs seek is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Searchlight's arguments against producing interns' and supervisors' contact information in unredacted form are unpersuasive. While Searchlight properly expresses concern over interns' privacy interests, contact information is discoverable if Plaintiffs' need for it "outweighs the privacy rights at issue." Whitehorn, 2010 WL 2362981, at *3 (quoting Acevedo v. Ace Coffee Bar, Inc., 248 F.R.D. 550, 554 (N.D. Ill. 2008)) (internal quotation marks omitted). Here, the disclosure of putative class members' telephone numbers and e-mail addresses "is appropriate to facilitate the speedy collection of data so that [Plaintiffs] may quickly move for conditional certification and potentially begin the opt-in process." Whitehorn, 2010 WL 2362981, at *3. Accordingly, Plaintiffs' "need and due process right to conduct discovery outweigh[s] any privacy concerns of the putative plaintiffs." Whitehorn, 2010 WL 2362981, at *3 (quoting Acevedo, 248 F.R.D. at 554) (internal quotation marks omitted).

Searchlight also argues that Plaintiffs are not entitled to unredacted contact information absent a preliminary showing that Glatt and Footman worked under the same wage-and-hour policies as interns on other films and in Searchlight's corporate office. They contend that Plaintiffs will be unable to make such a showing because production companies other than Searchlight retained and supervised the film interns, and the corporate interns are differently situated. But Searchlight's argument is circular, as precluding Plaintiffs from accessing the contact information would hamstring their ability to make the showing Searchlight demands. For this reason, "conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members." Fei, 2008 WL 7863592, at *2. Accordingly, Searchlight is directed to produce forthwith the unredacted contact information that Plaintiffs seek.

III.    Film Production Budgets and Personnel Documents

        In addition to the contact information discussed above, Plaintiffs seek (1) budgets and documents regarding Searchlight's role in budgeting film productions; (2) weekly budget, or "hot cost," reports that film production staffs sent to Searchlight; (3) compensation and personnel policies applied to workers on Searchlight film productions; and (4) compensation and personnel documents drafted or created by Searchlight for use on Searchlight film productions.

        Like the contact information, this budget and personnel information—including drafts and revisions—appears reasonably likely to demonstrate whether Searchlight exercised "functional control" over the interns. See Herman, 172 F.3d at 139; see also Zheng, 355 F.3d at 72. Specifically, Plaintiffs' requests appear reasonably calculated to lead to the discovery of admissible evidence regarding Searchlight's ability to dictate the terms and conditions applicable to the employees and interns working on its films. The information that Plaintiffs seek could also show whether Searchlight's films were underfunded, which is relevant to the benefit Searchlight received from the unpaid interns' labor. See Walling v. Portland Terminal Co., 330 U.S. 148, 152-53 (1947) (holding that the definitions of "employ" and "employee" under the FLSA "cannot be interpreted so as to make a person whose work serves only his own interest an employee of another person who gives him aid and instruction").

        Again, Searchlight's arguments to the contrary are unavailing. While Searchlight contends that its disclosure of "Production/Finance/Distribution" ("PFD") Agreements provides Plaintiffs with all relevant budget information, their argument reflects a cramped interpretation of Rule 26. Plaintiffs show that their request for budget and personnel documents beyond the PFD Agreements is "reasonably calculated to lead to the discovery of admissible evidence"

regarding issues that are central to their theory of liability. Fed. R. Civ. P. 26(b)(1). That Searchlight may be required to conduct extensive searches of physical documents and electronically stored information to comply with the requests does not, in and of itself, show that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). And any concerns about the sensitivity of this information are addressed by the Stipulation and Confidentiality Order, which this Court approved on April 16, 2012. (ECF No. 11.) Accordingly, Searchlight is directed to produce forthwith the budget and personnel documents specified in Plaintiffs' document requests in unredacted form.

IV.    Situs of 30(b)(6) Depositions

On April 6, 2012, Plaintiffs noticed the deposition of a Rule 30(b)(6) witness to testify about Searchlight's internship policies and its relationship with its film productions. Searchlight designated Aimee Hoffman ("Hoffman"), a recruiter, and Elizabeth Sayre ("Sayre"), an executive vice president, as its 30(b)(6) witnesses. Searchlight refuses to produce Hoffman and Sayre for depositions in this district, arguing instead that their depositions should take place in Los Angeles, California, where Searchlight maintains its principal place of business and where Hoffman and Sayre work.

In determining the situs of a deposition, courts apply a "presumption that a defendant or non-party witness shall be deposed in the district where the deponent resides or has a principal place of business." Devlin v. Transp. Commc'ns Int'l Union, Nos. 95 Civ. 0752 (JFK)(JCF), 95 Civ. 10838 (JFK)(JCF), 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000). This presumption applies with particular force where the witnesses are "high-ranking . . . officers and employees whose absence from their workplace would have an adverse impact on the

-7-

functioning of the [business]." Devlin, 2000 WL 28173, at *4. The presumption is rebuttable, however, and its force "may be diminished if the plaintiff was constrained in choosing the forum for litigation." Devlin, 2000 WL 28173, at *3 (citing Doe v. Karadzic, Nos. 93 Civ. 878 (PKL)(HBP), 93 Civ. 1163 (PKL)(HBP), 1997 WL 45515, at *3 (S.D.N.Y. Feb. 4, 1997)). Further, the presumption may be overcome if "factors of cost, convenience, and litigation efficiency militate in favor of holding the deposition [elsewhere]." Devlin, 2000 WL 28173, at *3. "Factors relevant to convenience include any hardship to counsel, the residence of the deponents, and the extent to which the witness' affairs might be disrupted." Devlin, 2000 WL 28173, at *4 (citing Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 551 (S.D.N.Y. 1989)).

To support their contention that the 30(b)(6) depositions should be conducted in New York, Plaintiffs observe that (1) they filed their case in this district; (2) the parties' attorneys' are located here; and (3) it would be unduly expensive for Glatt, Footman, and their counsel to travel to Los Angeles. But these considerations—while legitimate—are insufficient to rebut the presumption that the depositions should be conducted where Hoffman and Sayre work and reside. First, this is not a case where Plaintiffs had "little choice" of forum. Mill-Run, 124 F.R.D. at 550. Unlike Mill-Run, where "[t]he defendants apparently reside in various countries, so that no other single forum would have been more convenient for all," Plaintiffs could have brought their claims in California. Mill-Run, 124 F.R.D. at 550. They were not "constrained" in their decision to litigate in this district. Devlin, 2000 WL 28173, at *3.

Further, considerations of convenience favor conducting the depositions in Los Angeles. Searchlight represents that Hoffman and Sayre hold high-level positions at the company, and they do not travel to New York frequently. (Hearing Transcript dated June 4,

2012 ("Hr'g Tr.") at 11-12.)  Although Plaintiffs' attorneys reside in New York, "the convenience of counsel is less compelling than any hardship to the witnesses."  Devlin, 2000 WL 28173, at *4.  More importantly, Plaintiffs brought this action on behalf of a putative nationwide class.  As such, they "cannot now complain of the relatively minor cost of funding their attorney's travel" to Los Angeles.  Devlin, 2000 WL 28173, at *3.  Defense counsel's promise to provide Plaintiffs' counsel with a workroom in Los Angeles, and to arrange for the attendance of Glatt and Footman by video conference, (Hr'g Tr. at 12.), should mitigate any hardship.  Accordingly, the 30(b)(6) depositions should be conducted in Los Angeles.

CONCLUSION

For the foregoing reasons, Searchlight is directed to comply with Plaintiffs' requests for the production of the contact information, budgets, and personnel documents described above within seven business days.  Further, the 30(b)(6) depositions of Hoffman and Sayre should be conducted in Los Angeles, California as soon as practicable.

Dated: June 11, 2012
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Adam T Klein, Esq.
Elizabeth H. Wagoner, Esq.
Rachel M. Bien, Esq.
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, NY 10016
*Counsel for Plaintiffs*

Elise M. Bloom, Esq.
Amy F. Melican, Esq.
Proskauer Rose LLP
11 Times Square
New York, NY 10036
*Counsel for Defendant*