**OUTTEN & GOLDEN LLP**
Adam Klein
Rachel Bien
Elizabeth Wagoner
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT and ALEXANDER FOOTMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOX SEARCHLIGHT PICTURES INC.,<br><br>Defendant. | No. 11 Civ. 6784 (WHP) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE
TO AMEND THE COMPLAINT AND TO JOIN PLAINTIFFS EDEN
ANTALIK AND KANENE GRATTS AS NAMED PLAINTIFFS AND
<u>FOX ENTERTAINMENT GROUP, INC. AS A DEFENDANT</u>**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT .................................................................................. 1

PROCEDURAL HISTORY...................................................................................... 2

    I.      Discovery ........................................................................................ 2

    II.     Discovery Disputes ........................................................................ 3

    III.    Plaintiffs' Motion to Amend......................................................... 4

ARGUMENT ......................................................................................................... 6

    I.      Motions to Amend Under Rules 15 and 21 Are Freely Granted ........... 6

    II.     The Proposed Amendments Satisfy Rule 15 ...................................... 8

          A.    The Proposed Amendments Are Not Futile................................ 8

               1.    Plaintiffs have alleged sufficient facts to expand the case
                        to all interns who participated in the FEG internship program....... 8

               2.    Plaintiffs have alleged sufficient facts to support the
                        addition of Ms. Antalik as a class representative for the
                        Corporate Interns ............................................................. 10

               3.    Plaintiffs have alleged sufficient facts to support the addition
                        of Ms. Gratts as a class representative for the California
                        Intern Class and the assertion of claims under
                        California's UCL ............................................................. 12

          B.    Defendant Cannot Show that There Has Been Undue Delay, Bad Faith,
               or Dilatory Motive ................................................................ 12

          C.    Defendant Cannot Show that It Will Be Prejudiced ................. 13

    III.    The Proposed Amendments Satisfy Rule 21's Permissive Joinder
          Standard .......................................................................................... 14

CONCLUSION...................................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Blesedell v. Mobil Oil Co.*,
    708 F. Supp. 1408 (S.D.N.Y 1989)......................................................................................14

*Block v. First Blood Assocs.*,
    988 F.2d. 344 (2d Cir. 1993)........................................................................................7, 13

*Cortez v. Purolator Air Filtration Prods. Co.*,
    999 P.2d 706 (Cal. 2000) ...............................................................................................12

*Foman v. Davis*,
    371 U.S. 178 (1962).......................................................................................................7, 8

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*,
    268 F.R.D. 160 (E.D.N.Y. 2010) ....................................................................................11

*Gilliam v. Addicts Rehab. Ctr. Fund*,
    No. 05 Civ. 3452, 2006 WL 1049352 (S.D.N.Y. Apr. 19, 2006) .....................................8, 15

*Glatt v. Fox Searchlight Pictures Inc.*,
    No. 11 Civ. 6784, 2012 WL 2108220 (S.D.N.Y. June 11, 2012)................................2, 3, 11

*Haddock v. Nationwide Fin. Servs. Inc.*,
    514 F. Supp. 2d 267 (D. Conn. 2007) ..............................................................................13

*Liegey v. Ellen Figg, Inc.*,
    No. 02 Civ. 1492, 2003 WL 21361724 (S.D.N.Y. June 11, 2003)...................................14, 16

*Moon v. Kwon*,
    248 F. Supp. 2d 201 (S.D.N.Y. 2002)...............................................................................10

*Presser v. Key Food Stores Co-op., Inc.*,
    218 F.R.D. 53 (E.D.N.Y. 2003) ........................................................................................8

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
    46 F.3d 230 (2d Cir. 1995)................................................................................................7

*Randolph-Rand Corp. of N.Y. v. Tidy Handbags, Inc.*,
    No. 96 Civ. 1829, 2001 WL 1286989 (S.D.N.Y. Oct. 24, 2001) .....................................13, 14

*Soler v. G & U, Inc.*,
    86 F.R.D. 524 (S.D.N.Y. 1980) .......................................................................................15

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*,
    No. 10 Civ. 1391, 2012 WL 1681815 (S.D.N.Y. May 11, 2012)..........................................7

*Sorrell v. Inc. Vill. of Lynbrook*,
    No. 10 Civ. 49, 2012 WL 1999642 (E.D.N.Y. June 4, 2012)..................................................7

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981)....................................................................................13

*Tomlinson v. Indymac Bank, F.S.B.*,
    359 F. Supp. 2d 898 (C.D. Cal. 2005) ...................................................................12

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966).................................................................................................8

*United States v. Cont'l Ill. Nat'l Bank & Trust Co.*,
    889 F.2d 1248 (2d Cir. 1989)................................................................................13

*Versace, Inc. v. Gianni Versace S.p.A.*,
    87 F. Supp. 2d 281 (S.D.N.Y. 2000)....................................................................13

**STATUTES**

Cal. Bus. & Prof. Code § 17200 .......................................................................................12

**REGULATIONS**

29 C.F.R. § 791.2(b) .........................................................................................................10

**FEDERAL RULES**

Fed. R. Civ. P. 15 ...............................................................................................................7

Fed. R. Civ. P. 20 .............................................................................................................14

Fed. R. Civ. P. 21 ...............................................................................................................7

**OTHER AUTHORITIES**

6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d ed.) ............7

## PRELIMINARY STATEMENT

Plaintiffs submit this Memorandum of Law in support of their Motion For Leave to Amend the Complaint and to Join Plaintiffs Eden Antalik and Kanene Gratts as Named Plaintiffs and Fox Entertainment Group, Inc. as a Defendant pursuant to Rules 15(a)(2), 20(a), and 21 of the Federal Rules of Civil Procedure.  A copy of the proposed First Amended Complaint ("1st Am. Compl.") is attached as Exhibit 1 to the Declaration of Rachel Bien ("Bien Decl.").[1]

Plaintiffs request permission to amend the original complaint in three ways.  First, they seek to broaden the scope of the case to include all interns who participated in the "Fox Entertainment Group internship program" and add Fox Entertainment Group, Inc. ("FEG") as a Defendant.  Discovery produced to date shows that the same hiring, personnel, and company policies that applied to interns at Defendant Fox Searchlight Pictures, Inc. ("Searchlight"), a subsidiary of FEG, also applied to interns who worked for other FEG subsidiaries and who participated in FEG's internship program.[2]

Second, Plaintiffs seek to streamline the complaint by separating the current New York Labor Law ("NYLL") class and Fair Labor Standards Act ("FLSA") collective into two subclasses – one for interns who participated in the Fox Entertainment Group internship program ("Corporate Interns"), and one for interns who worked on Searchlight film productions ("Production Interns").

Third, Plaintiffs seek to add two new plaintiffs: (1) Eden Antalik, currently an opt-in Plaintiff who participated in FEG's internship program, as a named Plaintiff and class representative for the Corporate Interns; and (2) Kanene Gratts, an unpaid intern who worked on

---

[1]     All exhibits referenced herein are attached to the Bien Decl.
[2]     As discussed below, Defendant has refused to identify the names of these other subsidiaries until the Court grants Plaintiffs' motion, although it acknowledges that the same policies applied to their interns.  *See* Procedural History, *infra* at 6.

the production of the Searchlight film *500 Days of Summer*, as a named Plaintiff and class

representative for a class of California interns under that State's Unfair Competition Law.

## PROCEDURAL HISTORY

Plaintiffs Eric Glatt and Alexander Footman filed a Class Action Complaint

("Complaint") on September 28, 2011 on behalf of themselves and all unpaid interns who

worked for Fox Searchlight Pictures, Inc.  ECF No. 1 (Compl.) ¶¶ 39, 50.  Defendant answered

the Complaint on October 21, 2011, denying that Plaintiffs and the intern class and collective

that they sought to represent were "employees" covered by the FLSA and NYLL, and that it

jointly employed the interns who worked on its film productions.  ECF No. 6 (Ans.) ¶¶ 146-47.

## I.   Discovery

The Court held a case management conference on January 6, 2012, during which it

defined the scope of discovery relating to Plaintiffs' anticipated motions for class certification

under Rule 23 of the Federal Rules of Civil Procedure and conditional certification under 29

U.S.C. § 216(b).  Bien Decl. ¶ 3.  In particular, the Court ordered the parties to focus discovery

relating to Defendant's film productions to a sample of films, and directed the parties to meet-

and-confer to determine the films in the sample.  *Id*.  The Court did not narrow the scope of

discovery with respect to interns who worked in Defendant's corporate offices.  *Id*.

Following the conference, Defendant produced a list of 27 films that it had acquired and

financed during the relevant period.  *Id*. ¶ 4.  The parties selected the following films, in addition

to *Black Swan*: *The Savages*, *500 Days of Summer*, *Our Family Wedding*, and *Cedar Rapids*.  *See*

*Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2012 WL 2108220, at *1 (S.D.N.Y.

June 11, 2012) (listing sample films).

2

The parties each propounded discovery requests on February 8, 2012. Bien Decl. ¶ 5. Plaintiffs began their document production in response to Defendant's requests on March 28, 2012 and completed most of it by May 4, 2012. *Id*. Defendant began production of responsive documents on a rolling basis beginning on April 9, 2012, but did not produce any emails until after the parties had agreed to an email search protocol. *Id*. The negotiations over the email search protocol took several weeks, during which the parties agreed to a list of email custodians and a detailed set of search terms. *Id*. ¶ 6. On July 5, 2012, Defendant produced the first set of responsive emails. *Id*. ¶ 7. Due to the scale of the production – a total of 27,000 pages of emails were produced during the first week alone – the parties agreed to seek an extension of discovery and to adjourn the depositions of Defendant's Fed. R. Civ. P. 30(b)(6) witnesses that had been scheduled to take place in California on July 17 and July 19, 2012. *Id*. ¶ 8. The Court granted the parties' request on July 25, 2012 and set September 7, 2012 as the new discovery deadline. ECF No. 21.

## II.      Discovery Disputes

Plaintiffs were required to seek the Court's intervention to compel Defendant to produce documents on two occasions. On May 5, 2012, Plaintiffs moved to compel Defendant to produce contact information for class members and their supervisors and documents showing Defendant's control over its film productions, such as budgets and personnel documents. Bien Decl. ¶ 9. Following a Court conference on June 4, 2012, the Court granted Plaintiffs' motion and compelled Defendant to produce the outstanding documents. *See Glatt*, 2012 WL 2108220, at *3. On July 27, 2012, Plaintiffs moved to compel emails that Defendant had sent to interns, interns' email addresses, which Defendant had previously claimed it did not centrally maintain, and John Maybee, an intern supervisor, whom Defendant had refused to produce for a

3

deposition.[3]  Bien Decl. ¶ 10.  On August 24, 2012, the Court granted Plaintiffs' motion and

ordered Defendant to produce the emails and interns' email addresses, noting that it had "already

determined that plaintiffs are entitled to contact information of putative class members."  *See* Ex.

2 (Aug. 24, 2012 Conf. Tr.) 6:14-17.

### III.    Plaintiffs' Motion to Amend

Most of the information on which Plaintiffs base their proposed amendments comes from

Defendant's email production, which continued on a rolling basis through July and well into

August 2012.  Bien Decl. ¶ 12.  In particular, emails show that the unlawful policies that applied

to Searchlight interns also applied to a broader group of interns who participated in the FEG

corporate internship program.  *Id.*  They also show that Defendant changed its policy of not

paying interns in or around summer 2010 and that the change also applied to the broader group.

*Id.*  Based on this information and other information contained in Defendant's non-email

production, Plaintiffs filed a pre-motion letter with the Court on August 1, 2012 seeking, *inter*

*alia*, to expand the case to include a broader group of interns.  *See* ECF No. 24.  They also

attached the proposed First Amended Complaint as an exhibit to their letter.  *See* Ex. 1.

After Plaintiffs filed their pre-motion letter, they deposed Defendant's Fed. R. Civ. P.

30(b)(6) corporate witnesses in Los Angeles, California.  Bien Decl. ¶ 13.  One witness, Aimee

Hoffman, the "FEG Intern Recruiter," admitted that her intern recruitment responsibilities were

not limited to Searchlight interns.  Ex. 3 (Hoffman Tr.) 15:9-11; *see also* Ex. 4 (Email from

Aimee Hoffman to Intern Supervisors).  However, at several points during the deposition, when

Plaintiffs tried to elicit information regarding the scope of Ms. Hoffman's responsibilities for

other interns and the policies that apply to them, Defendant's counsel refused to allow Ms.

---

[3]      After Plaintiffs submitted their letter, Defendant agreed to produce Mr. Maybee.  Bien
Decl.¶ 11.

Hoffman to answer.  Ex. 3 (Hoffman Tr.) 10:9-10:24, 15:9-18:14, 36:11-38:16.  In response to

Plaintiffs' concern that they would be forced to bring Ms. Hoffman back for a second deposition

if she would not answer their questions, Defendant's counsel insisted that she would "wait for a

ruling from the court . . . whether [Plaintiffs] can expand the case or not" before letting her

answer, but would be prepared to re-produce her in that case.  *See id*. 15:24-18:12.

On August 24, 2012, during the pre-motion conference, the Court granted Plaintiffs'

request to move to amend the Complaint, set an expedited briefing schedule, and stayed the other

deadlines.  Ex. 2 (Aug. 24 Conf. Tr.) at 7:21-9:1.  The Court urged the parties to attempt to agree

to the proposed amendments, reminding them that "motions to amend, especially when discovery

isn't even closed, are just an unnecessary exercise" because under Rule 15(a) "[a]mendments are

liberally granted."  *Id*. at 7:22-24; 9:15-17.

Immediately after the conference and again on August 27, 2012, Plaintiffs asked

Defendant whether it would agree to any of the proposed amendments.  Bien Decl. ¶ 14 & Ex. 5

(Email, dated Aug. 27).  In its response on August 28, 2012, Defendant consented to the addition

of Eden Antalik as a named Plaintiff on the unacceptable condition that Plaintiffs agree that her

Fair Labor Standards Act claim does not relate back to the original complaint and reserving its

right to challenge her adequacy on a motion for class certification.  *Id*. Ex. 5 (Email, dated Aug.

28, 2012).  In response, Plaintiffs suggested that the parties stipulate to Ms. Antalik's addition

for purposes of this motion but reserve the relation back issue until Plaintiffs move for class and

conditional certification.  *Id*. (Email, dated Sept. 4, 2012).  Defendant rejected Plaintiffs'

proposal.  *Id*. (Email, dated Sept. 5, 2012).

With respect to the addition of Kanene Gratts as a named Plaintiff, Defendant initially

stated that it would not agree to add her until after her deposition.  *Id*. (Email, dated Aug. 28,

2012).  Defendant later changed its position, stating "we do not believe that Ms. Gratts has a viable claim or can be an appropriate class representative," without further explanation.  *Id*. (Email, dated Sept. 1, 2012).  When Plaintiffs asked for the basis for its position and whether they could answer any questions that might change its mind, Defendant told Plaintiffs that it did not have any questions and declined to discuss the matter further.  Bien Decl. ¶ 15.

With respect to the proposed amendments related to FEG, on September 1, 2012, Defendant acknowledged that FEG subsidiaries in addition to Searchlight "relied on Ms. Hoffman to coordinate internships at their companies," that the documents to which Plaintiffs had pointed in support of their motion "reflect information that applied to" those interns, and that FEG is the parent company of those subsidiaries.  Ex. 5 (Email, dated Sept. 1, 2012).  Nonetheless, it claimed that FEG is not a proper defendant because it is also the parent company of other subsidiary companies that hired interns under different policies.  *Id*.  In response, Plaintiffs asked Defendant to provide it with information that would allow them to identify the FEG subsidiaries for which Ms. Hoffman recruited that were governed by the same internship policies as Searchlight.  *Id*. (Email, dated Sept. 2, 2012).  Plaintiffs again requested this information during a September 4, 2012 telephonic meet and confer and explained that they hoped the parties could agree to the proper scope of the amendment, rather than burden the Court.  Bien Decl. ¶ 16.  Defendant has refused to provide the requested information.  Ex. 5 (Email, dated Sept. 5, 2012).

## ARGUMENT

### I.     Motions to Amend Under Rules 15 and 21 Are Freely Granted.

Plaintiffs' motion should be granted because Rule 15 of the Federal Rules of Civil Procedure embodies a liberal amendment policy under which courts have broad discretion to

permit amendments. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.")  The U.S. Supreme Court has made clear that leave should be granted unless the party opposing the amendment shows that it is the product of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d. 344, 350 (2d Cir. 1993) (internal quotation marks omitted); *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) ("The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'") (quoting *Foman*, 371 U.S. at 182).  Accordingly, "[i]f no prejudice is found, then leave normally will be granted."  6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d ed.).

Plaintiffs' motion should also be granted under Rule 21, which governs the addition of new parties.  It provides that "the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  The same liberal standard favoring amendment under Rule 15 applies to the joinder of parties. *See Sorrell v. Inc. Vill. of Lynbrook*, No. 10 Civ. 49, 2012 WL 1999642, at *3 (E.D.N.Y. June 4, 2012) ("'Although Rule 21, not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.'") (quoting *Clarke v. Fonix Corp.*, No. 98 Civ. 6116, 1999 WL 105031, at *5 (S.D.N.Y. Mar. 1, 1999), *aff'd*, 199 F.3d 1321 (2d Cir. 1999)); *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, No. 10 Civ. 1391, 2012 WL 1681815, at *3 (S.D.N.Y. May 11, 2012) ("the showing necessary under Rule 21 is the

7

same as that required under Rule 15(a)(2)") (internal quotation marks omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.")

Moreover, "[i]n class actions, plaintiffs may add or modify class representatives during pre-class certification discovery." *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) (citing *Rohrer v. FSI Futures, Inc.*, No. 94 Civ. 6345, 1997 WL 792955, at *1 (S.D.N.Y. Dec. 23, 1997)). "The addition of new plaintiffs and class representatives in an FLSA action is generally allowed provided that the claims asserted by the new parties 'involve the same or related factual and legal questions,'" as the original complaint. *Id*. (quoting *Soler v. G & U, Inc*., 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).

## II.     The Proposed Amendments Satisfy Rule 15.

The Court should grant Plaintiffs leave to file the First Amended Complaint because Defendant cannot show that the amendments are futile, the product of "undue delay, bad faith or dilatory motive," or that they will cause Defendant "undue prejudice." *Foman*, 371 U.S. at 182.

### A.     The Proposed Amendments Are Not Futile.

The proposed amendments are not futile because they "would survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)[.]" *Presser v. Key Food Stores Co-op., Inc*., 218 F.R.D. 53, 55-56 (E.D.N.Y. 2003).

#### 1.     Plaintiffs have alleged sufficient facts to expand the case to all interns who participated in the FEG internship program.

The First Amended Complaint alleges sufficient facts to support broadening the Corporate Intern class and collective to all interns who participated in the FEG internship program because Plaintiffs allege that they were subject to the same policies that are relevant to

8

whether they were "employees" entitled to be paid minimum wages and overtime.  For example, interns who participated in the FEG internship program:

- Were subject to the same internship guidelines, including those that applied to all intern supervisors.  Ex. 1 (1st Am. Compl.) ¶ 35;

- Were required to complete employment documents upon hire, including completing I-9 forms and a Worker's Compensation agreement.  *Id*. ¶ 33;

- Were classified as "employees" for purposes of applicable Worker's Compensation laws.  *Id*. ¶ 34;

- Were not classified as "employees" for purposes of Federal and state wage and hour obligations and were not paid minimum wages and overtime.  *Id*. ¶ 37.

Furthermore, although Defendant's counsel prevented Plaintiffs from asking the FEG Intern Recruiter, Aimee Hoffman, much about interns other than Searchlight interns during her August 16, 2012 deposition, the limited testimony she did provide supports Plaintiffs' proposed amendment.  For example, Ms. Hoffman admitted that her intern recruitment responsibilities are not limited to Searchlight interns, Ex. 3 (Hoffman Tr.) 15:9-11, and Defendant's counsel acknowledged that Ms. Hoffman also applies the policies that she applies to Searchlight interns to the other interns for whom she recruits, Ex. 5 (Email, dated Sept. 1, 2012) ("when it came to internships, those documents only reflect information that applied to the handful of FEG's subsidiary corporate entities who relied on Ms. Hoffman to coordinate internships at their companies").

The documentary evidence also supports the proposed amendments.  For example, the standardized offer letter sent to interns welcomes them to the "Fox Entertainment Group Internship Program," and states that they must complete employment paperwork before they start their internships, including an I-9 form, a confidentiality agreement, and a Worker's Compensation agreement.  Ex. 6 (Offer Letter); *see also* Ex. 3 (Hoffman Tr.) 78:3-16 (discussing

paperwork interns were required to complete).  Ms. Hoffman also created guidelines that appear to have applied to all intern supervisors, not just Searchlight intern supervisors, Ex. 7 (Email to Searchlight staff re News Corp. intern policy); Ex. 4 (Email to intern supervisors), and required these supervisors to fill out standardized forms pertaining to interns, *see, e.g.*, Ex. 8 (Internship Request and Justification Form); Ex. 9 (FEG Spring 2010 Intern Request Form).

The fact that Searchlight interns sometimes worked for other Fox subsidiaries during their internships also supports the amendments.  *See* 29 C.F.R. § 791.2(b) (joint employment relationship may exist where an employee "works at two or more employers at different times during the workweek"); *see also Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) (finding joint employment relationship where employee was assigned to work at multiple businesses under individual employer's direction).  For example, John Maybee, a Searchlight publicist who supervised Ms. Antalik, testified that he assigned Searchlight interns to work at 20th Century Fox publicity events.  Ex. 10 (Maybee Tr.) at 219:9-220:13, 228:11-25, 229:12-19, 232:5-8.  Similarly, Ms. Antalik testified that she was assigned to work at the premiere of a 20th Century Fox film "setting and breaking up the red carpet and checking everybody in and checking tickets and working in the theater," Ex. 11 (Antalik Tr.) 98:8-23, and was sometimes required to perform administrative tasks for 20th Century Fox staff, like "getting their mail," *id.* at 254:2-23.

### 2. Plaintiffs have alleged sufficient facts to support the addition of Ms. Antalik as a class representative for the Corporate Interns.

The First Amended Complaint alleges sufficient facts supporting the addition of Ms. Antalik as a class representative for the New York Corporate Intern Class and the Corporate Intern Collective.  These facts include:

- Ms. Antalik worked as an intern in Fox's New York corporate office during the summer of 2009. Ex. 1 (1st Am. Compl.) ¶ 136;

- She was not paid overtime or minimum wages and incurred unreimbursed expenses for Defendant's benefit and convenience. *Id.* ¶¶ 142-44;

- She performed productive publicity work for Defendant. *Id.* ¶ 140;

- She performed work for Searchlight and 20th Century Fox, another FEG subsidiary, during her internship when 20th Century Fox was short-staffed. *Id.* ¶¶ 137, 140.

Defendant has represented that it does not oppose Ms. Antalik's addition as a named Plaintiff, but challenges the scope of the class and collective that she seeks to represent, including whether her claims relate back to the filing of the original complaint. Ex. 5 (Email, dated Sept. 5, 2012). These questions should be left to Defendants' opposition to Plaintiffs' class and collective certification motions, which will squarely address Ms. Antalik's adequacy as a class representative and the timeframe of the class and collective claims. *C.f. Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 166 (E.D.N.Y. 2010) (deferring dispute about applicable statute of limitations until after the court ruled on the pending motion to amend because it is "an issue of fact better addressed on a motion for summary judgment or at the time of trial").

Moreover, Defendant should not oppose the inclusion of Ms. Antalik as the corporate intern representative because it was Defendant that argued that the existing Plaintiffs, Glatt and Footman, cannot represent corporate interns because they worked only on Fox productions. *See Glatt*, 2012 WL 2108220 at *1. While Plaintiffs disagree, the addition of Ms. Antalik will streamline the class certification issues and moot Defendant's argument.

11

      **3.**      **Plaintiffs have alleged sufficient facts to support the addition of Ms. Gratts as a class representative for the California Intern Class and the assertion of claims under California's UCL.**

The First Amended Complaint alleges sufficient facts supporting the addition of Ms. Gratts as a class representative for interns who worked on Searchlight's film productions in California and her claims under California's Unfair Competition Law ("UCL"). The UCL prohibits companies from engaging in any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. The failure to pay minimum wages or overtime required by law is an unfair business practice. *See Cortez v. Purolator Air Filtration Prods. Co*., 999 P.2d 706, 715-16 (Cal. 2000). Here, Ms. Gratts alleges that she was not paid for her work as an intern on the film *500 Days of Summer* – one of the sample Searchlight films produced in California – and that her work included building and decorating sets. Ex. 1 (1st Am. Compl.) ¶¶ 145-46, 149. These facts are sufficient to allege a UCL violation. *See Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898, 900 (C.D. Cal. 2005) (denying motion to dismiss plaintiffs' UCL claim where they alleged that their employer violated the FLSA by unlawfully withholding wages).

    **B.**     **Defendant Cannot Show that There Has Been Undue Delay, Bad Faith, or Dilatory Motive.**

Plaintiffs have not delayed in moving to amend, and there is no evidence of bad faith. Plaintiffs justifiably waited until they had obtained the evidence they required before moving to amend – much of which was first produced beginning in early July 2012 – and promptly sought leave from the Court on August 1, 2012. *See* Procedural History, *supra* at 4-5. Even if Plaintiffs received some of the documents on which they base their amendments before July 2012, they were still justified in waiting until after reviewing Defendants' considerable email production. Furthermore, any delay in the filing of this motion is not in and of itself grounds for the Court to deny leave. "[M]ere delay . . . absent a showing of bad faith or undue prejudice, does not

provide a basis for the district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (granting leave to amend when no trial date had been set and no motion for summary judgment had been filed by defendants).  Where courts have found "no evidence that the [movants] have intentionally delayed amending their complaint as a strategic matter," leave to amend is typically granted.  *See Haddock v. Nationwide Fin. Servs. Inc.*, 514 F. Supp. 2d 267, 271 (D. Conn. 2007).

   **C.    Defendant Cannot Show that It Will Be Prejudiced.**

   Although Defendant may not wish to see this case broadened, it cannot show that it will be unduly prejudiced by the amendment.  Plaintiffs request a limited period of targeted discovery with respect to their claims against FEG.  *See* Endorsed Letter, ECF No. 24.  Barring discovery disputes or unforeseen circumstances, Plaintiffs believe that this discovery can be completed in two months.[4]  Defendant cannot claim that a second deposition of Ms. Hoffman will prejudice it because its counsel ordered her not to answer any questions about FEG intern policies during her previous deposition and agreed to produce her a second time if the Court granted Plaintiffs' motion.  *See* Ex. 3 (Hoffman Tr.) 13:25-18:14.

   Moreover, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant the denial of a motion to amend a pleading."  *United States v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989).  In addition, claims "that an amendment will require the expenditure of additional time, effort, or money do not constitute undue prejudice."  *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (internal quotation marks omitted); *see Block*, 988 F.2d at 350-51; *Randolph-Rand Corp.*

---

[4]    Although Defendant previously took several months to produce responsive emails, Plaintiffs are willing to narrow the list of custodians from whom they will seek email discovery and to work with Defendant to limit the time it will take it to search for and produce emails.

*of N.Y. v. Tidy Handbags, Inc.*, No. 96 Civ. 1829, 2001 WL 1286989, at *4 (S.D.N.Y. Oct. 24,

2001).  Furthermore, it is more efficient and presumably less burdensome for Defendant to

respond to interns' claims in one case than it would be if Plaintiffs were required to file new

actions.  *See Randolph-Rand*, 2001 WL 1286989, at *4 ("[F]orcing [plaintiffs] to institute a new

action against . . . defendants would run counter to the interests of judicial economy.  If that

separate lawsuit were not eventually consolidated with this one, it might well require the

repetition of many of the same efforts expended in this case").

**III.    The Proposed Amendments Satisfy Rule 21's Permissive Joinder Standard.**

Plaintiffs easily meet Rule 21's lenient joinder standard, which applies to motions to add

parties under Rule 20(a).  Rule 20(a)(1) provides that "[p]ersons may join in one action as

plaintiffs if:

> (A)    they assert any right to relief jointly, severally, or in the alternative with
> respect to or arising out of the same transaction, occurrence, or series of
> transactions or occurrences; and

> (B)    any question of law or fact common to all plaintiffs will arise in the action."

Fed. R. Civ. P. 20(a)(1).  Similarly, "[p]ersons . . . may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with
> respect to or arising out of the same transaction, occurrence, or series of transactions or
> occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2).  The phrase "same transaction or occurrence" includes all "logically

related claims by or against different parties to be tried in a single proceeding."  *Blesedell v.*

*Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y 1989) (internal quotation marks omitted).

"Like Rule 15, the requirements of Rule 20(a) should be interpreted liberally in order to enable

the court to promote judicial economy by permitting all reasonably related claims for relief by or

against different parties to be tried in a single proceeding."  *Liegey v. Ellen Figg, Inc.*, No. 02

Civ. 1492, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003) (internal quotation marks omitted).  Where, as here, the claims sought to be added "stem from the same allegedly unlawful practice originally challenged in th[e] action," *Soler*, 86 F.R.D. at 527, "[t]he interests of justice would best be served by litigating and resolving all the rights and liabilities existing between the parties in one lawsuit."  *Id*.

Proposed named Plaintiffs Antalik and Gratts meet the "same transaction or occurrence" standard because they allege the same facts that underlie the claims in the original complaint – they worked for Defendant as interns were not paid any wages.  *See* Ex. 1 (1st Am. Compl.) ¶¶ 100, 136, 146.  Although Gratts asserts claims under the UCL, her claims are based on the same facts and circumstances as the FLSA and NYLL claims.  *See id*. ¶¶ 78-88, 196-208.  *See Gilliam*, 2006 WL 1049352, at *2 ("The addition of new plaintiffs and class representatives in a FLSA action is generally allowed provided that the claims asserted by the new parties 'involve the same or related factual and legal questions,' . . . as the original complaint.") (internal citation omitted).

Plaintiffs' joinder of FEG is also warranted because it is the parent company of the Fox subsidiaries for which the corporate class and collective members worked and generated and/or applied the policies at issue in this case to them.  *See* Ex. 1 ¶¶ 27-37; *see also* Procedural History, *supra* at 4-6.

Defendant also cannot show that it will be prejudiced by the addition of Antalik and Gratts.  Where additional employees with identical claims are sought to be added during discovery, their "[j]oinder . . . would not create an unfair disadvantage for the defendants and may preserve judicial resources."  *Soler*, 86 F.R.D. at 528; *see also Gilliam*, 2006 WL 1049352, at *2.  Similarly, Defendant will not be prejudiced by FEG's addition because it is Searchlight's

15

parent company, the claims against it are "based on common questions of law and fact," and "only a limited amount of discovery will likely be required." *Liegey*, 2003 WL 21361724, at *3-4 (joining additional employer as defendant).

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion to Amend and permit them to file the proposed First Amended Complaint.

Dated:  September 5, 2012
New York, New York

Respectfully submitted,

By:     */s/ Rachel Bien*
Rachel Bien

Adam T. Klein
Rachel Bien
Elizabeth Wagoner
Reena Arora
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:     (212) 245-1000
Facsimile:     (212) 977-4005

*Attorneys for Plaintiffs*