**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Elizabeth Wagoner
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT and ALEXANDER FOOTMAN, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>              v.<br><br>FOX SEARCHLIGHT PICTURES INC.,<br><br>                    Defendant. | No. 11 Civ. 6784 (WHP) |

## DECLARATION OF RACHEL BIEN IN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT AND TO JOIN PLAINTIFFS EDEN ANTALIK AND KANENE GRATTS AS NAMED PLAINTIFFS AND <u>FOX ENTERTAINMENT GROUP, INC. AS A DEFENDANT</u>

I, Rachel Bien, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.        I am an attorney at Outten & Golden LLP, Plaintiffs' counsel herein.  I am an attorney in good standing admitted to practice in the State of New York and before this Court.

2.        I have been one of the attorneys principally responsible for the prosecution of this case.  I make the statements in this Declaration based on my personal knowledge and would so testify if called as a witness at trial.

**Discovery**

3.      On January 6, 2012, the Court held a case management conference, during which it defined the scope of discovery relating to Plaintiffs' anticipated motions for class certification under Rule 23 of the Federal Rules of Civil Procedure and conditional certification under 29 U.S.C. § 216(b).  In particular, the Court ordered the parties to focus discovery relating to Defendant's film productions to a sample of films, and directed the parties to meet-and-confer to determine the films in the sample.  The Court did not narrow the scope of discovery with respect to interns who worked in Defendant's corporate offices.

4.      Following the January 6, 2012 conference, Defendant produced a list of 27 films that it had acquired and financed during the relevant period.

5.      The parties each propounded discovery requests on February 8, 2012.  Plaintiffs began their document production in response to Defendant's requests on March 28, 2012 and completed most of it by May 4, 2012.  Defendant began production of responsive documents on a rolling basis beginning on April 9, 2012, but did not produce any emails until after the parties had agreed to an email search protocol.

6.      The negotiations over the email search protocol took several weeks, during which the parties agreed to a list of email custodians and a detailed set of search terms.

7.      On July 5, 2012, Defendant produced the first set of responsive emails.

8.      Due to the scale of the production – a total of 27,000 pages of emails were produced during the first week alone – the parties agreed to seek an extension of discovery and to adjourn the depositions of Defendant's Fed. R. Civ. P. 30(b)(6) witnesses that had been scheduled to take place in California on July 17 and July 19, 2012.

**Discovery Disputes**

9.      On May 5, 2012, Plaintiffs moved to compel Defendant to produce contact information for class members and their supervisors and documents showing Defendant's control over its film productions, such as budgets and personnel documents.

10.      On July 27, 2012, Plaintiffs moved to compel emails that Defendant had sent to interns, interns' email addresses, which Defendant had previously claimed it did not centrally maintain, and John Maybee, an intern supervisor, whom Defendant had refused to produce for a deposition.

11.      After Plaintiffs submitted their pre-motion letter, Defendant agreed to produce Mr. Maybee.

**Plaintiffs' Motion to Amend**

12.      Most of the information on which Plaintiffs base their proposed amendments comes from Defendant's email production, which continued on a rolling basis through July and well into August.  In particular, emails show that the intern policies that applied to Searchlight interns also applied to a broader group of interns who participated in the "Fox Entertainment Group internship program."  They also show that Defendant changed its policy of not paying interns in or around summer 2010 and that the change also applied to the broader group.

13.      After Plaintiffs filed their pre-motion letter seeking to amend the complaint on August 1, 2012, they deposed Defendant's Rule 30(b)(6) corporate witnesses in Los Angeles, California.

14.      After the August 24, 2012 conference, Plaintiffs asked Defendant whether it would agree to any of their proposed amendments.

15.     During a September 4, 2012 telephonic meet and confer, Plaintiffs asked Defendant for the basis for its position that Kanene Gratts had not alleged valid claims and volunteered to answer any questions that Defendant might have to change its mind.  Defendant told Plaintiffs that it did not have any questions and declined to discuss the matter further.

16.     Plaintiffs requested that Defendant provide them with information that would allow them to identify the FEG subsidiaries for which Ms. Hoffman recruited interns during a September 4, 2012 telephonic meet and confer, and explained that they hoped the parties could agree to the proper scope of the amendment, rather than burden the Court.

**Exhibits**

17.     Attached as **Exhibit 1** is a true and correct copy of Plaintiffs' Proposed First Amended Complaint ("1st Am. Compl.").

18.     Attached as **Exhibit 2** is a true and correct copy of the transcript of the pre-motion conference before the Honorable William H. Pauley, dated August 24, 2012 ("Aug. 24, 2012 Conf. Tr.").

19.     Attached as **Exhibit 3** is a true and correct copy of excerpts from the deposition transcript of Defendant's Rule 30(b)(6) witness, Aimee Hoffman, dated August 16, 2012 ("Hoffman Tr.").

20.     Attached as **Exhibit 4** is a true and correct copy of a document, Email from Aimee Hoffman to Intern Supervisors, dated February 17, 2010, which was marked as Exhibit 2 in the deposition of Aimee Hoffman.

21.     Attached as **Exhibit 5** is a true and correct copy of email correspondence between Rachel Bien and Amy F. Melican between August 27, 2012 and September 5, 2012.

22.     Attached as **Exhibit 6** is a true and correct copy of a document, Intern Welcome Letter, which was marked as Exhibit 7 in the deposition of Aimee Hoffman.

23.     Attached as **Exhibit 7** is a true and correct copy of emails from Aimee Hoffman to Searchlight staff regarding News Corp. intern policy, which was marked as Exhibit 28 in the deposition of Aimee Hoffman.

24.     Attached as **Exhibit 8** is a true and correct copy of a document, Intern Request and Justification Form, which was marked as Exhibit 3 in the deposition of Aimee Hoffman.

25.     Attached as **Exhibit 9** is a true and correct copy of a document, FEG Spring 2010 Intern Request Form, which was marked as Exhibit 11 in the deposition of Aimee Hoffman.

26.     Attached as **Exhibit 10** is a true and correct copy of excerpts from the deposition transcript of John Maybee, dated August 9, 2012 ("Maybee Tr.").

27.     Attached as **Exhibit 11** is a true and correct copy of excerpts from the deposition transcript of Eden Antalik, dated July 23, 2012 ("Antalik Tr.").

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 5, 2012
New York, New York

/s/ Rachel Bien
Rachel Bien

**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000
Facsimile:  212-977-4005