PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Eleven Times Square
New York, NY  10036
Ph: 212.969.3000/Fax: 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com
*Attorneys for Defendant Searchlight*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ERIC GLATT and ALEXANDER FOOTMAN,           :
on behalf of themselves and all others similarly   :        Civil Action No. 11 CV 6784
situated,                                                          :        (WHP)
                                                                       :
                                        Plaintiffs,             :         ECF Case
                                                                       :
        -against-                                              :
                                                                       :
FOX SEARCHLIGHT PICTURES INC.,          :
                                                                       :
                                        Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**SEARCHLIGHT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

## TABLE OF CONTENTS

                                                                                    **Page**

TABLE OF AUTHORITIES .................................................................................................i

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT…………………….........................................................................................1

    I.    THE COURT SHOULD DENY PLAINTIFFS' MOTION TO ADD A NEW
        CLAIM BY NEW PLAINTIFF GRATTS UNDER THE CALIFORNIA UCL...........2

        A.   Gratts' Individual UCL Claim is Untimely...........................................3

        B.   Plaintiffs' Proposed Class UCL Claim is Subject to Summary
               Dismissal Because Gratts is Not Entitled to Assert Such a Claim on
               Behalf of the CA Class and Plaintiffs Have No Other Potential CA
               Class Representative ..........................................................................6

        C.   Plaintiffs Cannot Establish Jurisdiction for Their Proposed CA
               UCL Claim..........................................................................................6

    II.    THE COURT SHOULD NOT ALLOW ANY CLAIMS AGAINST FEG.................11

    III.   THE COURT SHOULD LIMIT THE SCOPE OF ANY SURVIVING CLAIMS......18

        A.   The Court Should Prohibit Any Claims for Denied OT Pay By
               Gratts, Antalik, Or Any Class That They Are Permitted to
               Represent..........................................................................................18

        B.   The Relevant Limitations Periods for Any UCL or NYLL Claims
               Asserted Against FEG Should be Based On The PAC, Not The
               OC.....................................................................................................20

        C.   The Court Should Bar Any UCL Claims on Behalf of Corporate
               Interns .............................................................................................22

    IV.   UNDUE PREJUDICE TO SEARCHLIGHT FURTHER MILITATES HEAVILY

        AGAINST GRANTING PLAINTIFFS' MOTION..................................................23

    V.    THE COURT SHOULD NOT GRANT LEAVE TO REPLEAD.............................24

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Achtman v. Kirby, McInerney & Squire, LLP*,
150 F. App'x 12 (2d Cir. 2005) ...........................................................................9

*Acosta v. Yale Club*,
1995 WL 600873 (S.D.N.Y. Oct. 12, 1995)........................................................20

*Adams v. US Airways, Inc.*,
2011 WL 644089 (D. Ariz. Feb. 11, 2011)..........................................................15

*Advanced Magnetic. v. Bayfront Partners*,
106 F.3d 11 (2d Cir. 1997)...........................................................................5, 24

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
626 F.3d 699 (2d Cir. 2010)..............................................................................23

*Am. Motorists Ins. Co. v. Am. Emps' Ins. Co.*,
600 F.2d 15 (5th Cir. 1979) ................................................................................7

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997).............................................................................................6

*Amidax Trading Grp. V. S.W.I.F.T., SCRL*,
671 F.3d 140 (2d Cir. 2011)..............................................................................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ("*Iqbal*") .........................................................................4

*Badia v. Countrywide Fin. Servs. Corp.*,
2010 WL 4628001 ...............................................................................................8

*Barfield v. N.Y. City Health and Hosp. Corp.*,
537 F.3d 132 (2d Cir. 2008)..............................................................................13

*Barrow v. Wethersfield Police Dep't*,
66 F.3d 466 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996).....................21

*Bartnikowski v. NVR, Inc.*,
307 F. App'x 730 (4th Cir. 2009) ........................................................................8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................4

*Bernstein v. New York*,
591 F. Supp. 2d 448 (S.D.N.Y. 2008)................................................................24

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993)...................................................................................23

*Blockbuster, Inc. v. Galeno*,
    472 F.3d 53 (2d Cir. 2006)......................................................................................8

*Bravo v. Eastpoint Int'l, Inc.*,
    2001 WL 314622 (S.D.N.Y. Mar. 30, 2001) .........................................................15

*Bright v. U.S.*,
    603 F.3d 1273 (Fed. Cir. 2010)..............................................................................21

*Broadvision v. Gen. Elec. Co.*,
    2009 WL 2603145 (S.D.N.Y. Aug. 13, 2009) .........................................................1

*Calloway v. Marvel Entertainment Grp.*,
    110 F.R.D. 45 (S.D.N.Y. 1986) ..............................................................................23

*Cannon v. Douglas Elliman, LLC*,
    2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ........................................................13

*Chen v. Domino's Pizza, LLC*,
    2009 WL 3379946 (D.N.J. Oct. 16, 2009)..............................................................15

*Chuy v. Hilton Mgmt. LLC*,
    2010 WL 1854120 (M.D. Fla. May 10, 2010)..............................................6, 15, 18

*Cortez v. Purolator Air Filtration Prods.*,
    96 Cal. Rptr. 2d 518, 23 Cal. 4th 163 (2000)...........................................................3

*Cuoco v. Moritsugu*,
    222 F.R.D. 99 (2d Cir. 2000)..................................................................................24

*DeSilva v. N. Shore-Long Island Jewish Health Sys.*,
    2012 WL 748760 (E.D.N.Y. Mar. 7, 2012).............................................................21

*Diaz v. Consortium for Worker Educ., Inc.*,
    2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010).........................................................15

*DiMare Homestead, Inc. v. Alpha Co. of NY*,
    2012 WL 2930072 (S.D.N.Y. July 18, 2012) ..........................................................10

*DiPonzio v. Bank of Am. Corp.*,
    2011 WL 2693912 (W.D.N.Y. 2011) ........................................................................8

*Dowrich-Weeks v. Cooper Square Realty, Inc.*,
    2012 WL 3826981 (S.D.N.Y. Sept. 4, 2012)...........................................................24

*Drakalkis v. ABM Janitorial Servs.-Northeast, Inc.*,
    2011 WL 1219843 (S.D.N.Y. Mar. 24, 2011) ......................................................24

*Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*,
    565 F.3d 56 (2d Cir. 2009)...............................................................................7

*Fay v. S. Colonie Cent. Sch. Dist.*,
    802 F.2d 21 (2d Cir. 1986), *overruled on other grounds sub nom., Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768 (2d Cir. 2002) ..................................................10

*Feinstein v. Firestone Tire & Rubber Co.*,
    535 F. Supp. 595 (S.D.N.Y. 1982)....................................................................6

*Feliciano v. Romney*,
    363 F. Supp. 656 (S.D.N.Y. 1973)....................................................................6

*Foman v. Davis*,
    371 U.S. 178 (1962)......................................................................................23

*Frye v. Baptist Mem. Hosp., Inc.*,
    2012 WL 3570657 (6th Cir. Aug. 21, 2012).....................................................21

*Gen. Tel. Co. v. Falcon*,
    457 U.S. 147 (1982)........................................................................................6

*Gerzog v. London Fog Corp.*,
    907 F. Supp. 590 (E.D.N.Y. 1995) .................................................................24

*Gleason v. McBride*,
    869 F.2d 688 (2d Cir. 1989)...........................................................................21

*Grace v. Rosenstock*,
    228 F.3d 40 (2d Cir. 2000)........................................................................2, 10

*Hall v. Lhaco, Inc.*,
    140 F.3d 1190 (8th Cir. 1998) .........................................................................6

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009).............................................................................4

*Herman v. RSR Sec. Servs. Ltd.*,
    172 F.3d 132 (2d Cir. 1999)...........................................................................13

*Hill v. Curione*,
    657 F.3d 116 (2d Cir. 2011)...........................................................................24

*In re Enterprise Rent-A-Car Wage & Hour Empl. Practices Litig.*,
    2012 WL 2434747 (3d Cir. June 28, 2012) ......................................................15

*In re Graphics Processing Units Antitrust Litig.*,
    527 F. Supp. 2d 1011 (N.D. Cal. 2007) ............................................................6, 22

*In re Lehman Bros. Sec. & ERISA Litig.*,
    684 F. Supp. 2d 485 (S.D.N.Y. 2010)......................................................................18

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*
    ("*Morgan Stanley*"), 2010 WL 3239430 (S.D.N.Y. Aug. 17, 2010) ..............5, 6, 18

*In re Salomon Smith Barney Mut. Fund Fees Litig.*,
    441 F. Supp. 2d 579 (S.D.N.Y. 2006)......................................................................18

*James v. Countrywide Fin. Corp.*,
    849 F. Supp. 2d 296 (E.D.N.Y. 2012) ......................................................................21

*Jean-Laurent v. Wilkerson*,
    2012 WL 1977920 (S.D.N.Y. May 21, 2012) .........................................................10

*Johnson v. Abate*,
    1999 WL 1215560 (E.D.N.Y. Dec. 2, 1999) ...........................................................22

*JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*,
    2009 WL 1357946 (S.D.N.Y. May 12, 2009) ...........................................................9

*Ky. Ex. re. Conway v. Purdue Pharm., L.P. (In re Oxycontin Antitrust Litig.)*,
    821 F. Supp. 2d 591 (S.D.N.Y. 2011) ........................................................................7

*Kilkenny v. Greenberg Traurig, LLP*,
    2006 WL 1096830 (S.D.N.Y. Apr. 26, 2006)...........................................................24

*Klein v. Bower*,
    421 F.2d 338 (2d Cir. 1970)......................................................................................21

*Kulkarni v. Nyquist*,
    446 F. Supp. 1269 (N.D.N.Y. 1977) ....................................................................6, 22

*Laird v. Capital Cities/ABC, Inc.*,
    68 Cal. App. 4th 727 (1998) .....................................................................................18

*Layton v. DHL Express (USA) Inc.*,
    686 F. 3d 1172 (11th Cir. 2012) ...............................................................................15

*Levy v. U.S. Gen. Accounting Office*,
    175 F.3d 254 (2d Cir. 1999), *cert. denied*, 528 U.S. 876 (1999)................................5

*Li v. A Perfect Day Franchise, Inc.*,
    281 F.R.D. 373 (N.D. Cal. 2012)..............................................................................11

*Lin v. Comprehensive Health Mgmt., Inc.*,
  2009 WL 976835 (S.D.N.Y. Apr. 9, 2009)...........................................................................15

*Lucas v. BMS Enters., Inc.*,
  2010 WL 2671305 (N.D. Tex. July 1, 2010) ...................................................................6, 18

*Lucente v. Int'l Bus. Machs. Corp.*,
  310 F.3d 243 (2d Cir. 2002)..............................................................................................2

*Manning v. Boston Med. Ctr. Corp.*,
  2012 WL 1355673 (D. Mass. Apr. 18, 2012) .....................................................................15

*Martin v. Spring Break '83 Prods., LLC*,
  2012 WL 3011004 (5th Cir. July 24, 2012).......................................................................15

*Martinez v. Cargill Meat Solutions*,
  265 F.R.D. 490 (D. Neb. 2009).........................................................................................6

*Martinez v. Combs*,
  49 Cal. 4th 35, 109 Cal. Rptr. 3d 514 (2010)....................................................................11

*Mayfield v. Sara Lee Corp.*,
  2005 WL 88965 (N.D. Cal. 2005) .....................................................................................18

*McDaniel v. Best Buy, Inc.*,
  2010 WL 715845 (W.D. Ky. 2010) ....................................................................................7

*Meng v. Schwartz*,
  305 F. Supp. 2d 49 (D.D.C. 2004) .....................................................................................7

*Mitchell v. King Packing Co.*,
  350 U.S. 260 (1956)........................................................................................................20

*Momentum Luggage & Leisure Bags v. Jansport*,
  2001 WL 58000 (S.D.N.Y. Jan. 23, 2001) ...........................................................................9

*Monahan v. N.Y. City Dept. of Corrs.*,
  214 F.3d 275 (2d Cir. 2000)............................................................................................23

*Nakahata v. N.Y. Presbyterian Healthcare Sys.*,
  2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) ...............................................................6, 15, 20

*Oneida Indian Nation v. Madison Cnty.*,
  665 F.3d 408 (2d Cir. 2011).............................................................................................9

*Pineiro Diaz v. Adchem Pharma Operations*,
  2005 WL 2397489 (D.P.R. Sept. 28, 2005).........................................................................18

*Redman v. U.S. West Bus. Res., Inc.*,
   153 F.3d 691 (8th Cir. 1998) ........................................................................21

*Reich v. N.Y. City Transit Auth.*,
   45 F.3d 646 (2d Cir. 1995).............................................................................20

*Rodgers v. Central Locating Serv., Ltd.*,
   412 F. Supp. 2d 1171 (W.D. Wash. 2006)......................................................8

*Rodriguez v. City of NY*,
   2011 WL 4344057 (S.D.N.Y. Sept. 7, 2011)................................................22

*Ruotolo v. City of New York*,
   514 F.3d 184 (2d Cir. 2008)...................................................................4, 23

*Rush v. Artuz*,
   2001 WL 1313465 (S.D.N.Y. Oct. 26, 2001) ...............................................9

*Ryder v. Platon*,
   2012 WL 2317772 (E.D.N.Y. June 19, 2012) .............................................21

*Sampson v. Medisys Health Network*,
   2011 WL 579155 (E.D.N.Y. Feb. 8, 2011)...................................................21

*Sanders v. Grenadier Realty, Inc.*,
   2009 WL 1270226 (S.D.N.Y. May 6, 2009) ..................................................2

*Sepulveda v. City of N.Y.*,
   2003 WL 22052870 (S.D.N.Y. Sept. 2, 2003)..............................................22

*Shahriar v. Smith & Wollensky Restaurant Grp., Inc.*,
   659 F. 3d 234 (2d Cir. 2011)..........................................................................9

*Sheldon v. PHH Corp.*,
   1997 WL 91280 (S.D.N.Y. Mar. 4, 1997), *aff'd*, 135 F.3d 848 (2d Cir. 1998).......................9

*Sidney v. Wilson*,
   228 F.R.D. 517 (S.D.N.Y. 2005) .............................................................5, 22

*Simel v. JP Morgan Chase*,
   2007 WL 809689 (S.D.N.Y. Mar. 19, 2007) .............................................6, 15

*Singh v. City of NY*,
   524 F.3d 361 (2d Cir. 2008)..........................................................................20

*Singletary v. PA. Dep't of Corrs.*,
   266 F.3d 186 (3d Cir. 2001)..........................................................................22

*Sly Magazine, LLC v. Weider Publ'ns LLC*,
241 F.R.D. 527 (S.D.N.Y. 2007) ....................................................................................9

*Smith v. Mastercraft Decorators, Inc.*,
2011 WL 5191755 (W.D.N.Y. Oct. 31, 2011) ............................................................21

*Smith v. McCullough*,
270 U.S. 456 (1926).......................................................................................................6

*Smith v. Westchester Cnty. Dept. of Corrs.*,
2012 WL 527222 (S.D.N.Y. Feb. 12, 2012)................................................................22

*Snyder v. Fantasy Interactive, Inc.*,
2012 WL 569185 (S.D.N.Y. Feb. 9, 2012) ....................................................4, 19, 20

*State Teachers Ret. Bd. v. Fluor*,
654 F.2d 843 (2d Cir. 1981)........................................................................................23

*Strauss v. Douglas Aircraft Co.*,
404 F.2d 1152 (2d Cir. 1968)......................................................................................23

*Tapia-Ortiz v. Doe*,
171 F.3d 150 (2d Cir. 1999).......................................................................................21

*Tokio Marine & Fire Ins. Co. v. Emplrs. Ins. of Wasusau*,
786 F.2d 101 (2d Cir. 1986)........................................................................................23

*Tracy v. N.V.R. Inc.*,
667 F. Supp. 2d (W.D.N.Y. 2009) ...............................................................6, 14, 15

*Tracy v. NVR, Inc.*,
2009 WL 3153150 (W.D.N.Y. Sept. 30, 2009) ..........................................................14

*Vineyard v. Cnty. of Nassau*,
329 F. Supp. 2d 364 (E.D.N.Y. 2004) ....................................................................5, 22

*Walsh Chiropractic, Ltd., v. StrataCare, Inc.*,
752 F. Supp. 2d 896 (S.D. Ill. 2010).........................................................................7, 8

*Walters v. N.Y. City Health Hops. Corp.*,
2006 WL 846711 (S.D.N.Y. Mar. 31, 2006) ..............................................................22

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
2012 WL 566255 (E.D.N.Y. Feb. 16, 2012)...............................................................21

*Zheng v. Liberty Apparel Co.*,
617 F.3d 182 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 2879 (2011).........................13

*Zhong v. August August Corp.,*
    498 F. Supp. 2d 625 (S.D.N.Y. 2007)....................................................................20

**STATUTES**

Fed. R. Civ. P. 4(m) ..........................................................................................................4

Fed. R. Civ. P. 11 ............................................................................................................18

Fed. R. Civ. P. 12(b)(6)......................................................................................................4

Fed. R. Civ. P. 15(a) ....................................................................................................1, 23

Fed. R. Civ. P. 15(c) ...........................................................................................4, 5, 21, 22

Fed. R. Civ. P. 21 ..............................................................................................................9

Fed. R. Civ. P. 23 ..........................................................................................7, 9, 18, 22

29 U.S.C. § 256..............................................................................................................21

28 U.S.C. §§ 1332..............................................................................................................7

28 U.S.C. § 1367................................................................................................................9

Article III of the United States Constitution .................................................................9

Cal. Bus. & Prof. Code § 17208 ......................................................................................3

New York Labor Law ("NYLL") ............................................................................ passim

## PRELIMINARY STATEMENT

The standards for amending a complaint under Federal Rule of Civil Procedure 15(a)(2) are liberal, but not non-existent.  Although leave to amend should be freely granted when justice so requires, if an amendment would be futile because it asserts claims that cannot withstand a motion to dismiss, leave to amend *should be denied*.  Defendant Fox Searchlight Pictures, Inc. ("Searchlight") consents (for purposes of the present motion) to the addition of Eden Antalik as an individual and representative plaintiff for interns in Searchlight's New York office on claims against Searchlight under the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") in proposed amended complaint ("PAC") Counts I, III, VII and VII.[1]  Searchlight opposes:

    (1)  the addition of new named plaintiff Kanene Gratts;

    (2)  the assertion of a new claim under the California Unfair Competition Law ("UCL"), by Gratts, both individually and on behalf of a new "California Intern Class";

    (3)  the addition of new named defendant Fox Entertainment Group, Inc. ("FEG"); and

    (4)  the assertion of new individual and representative claims against FEG.

Those proposals do not give rise to any claims that can withstand a motion to dismiss, and the Court should deny leave to amend to add those claims, since granting such leave would be futile.

## ARGUMENT

The standards governing plaintiffs' motion to amend are set forth in Rule 15(a)(2), which provides that leave to amend shall be "freely" given "when justice so requires," Fed. R. Civ. P. 15(a)(2)—but, as this Court repeatedly has held, where leave to amend "would be futile," leave

---

[1] A copy of plaintiffs' proposed amended complaint is attached to the Declaration of Amy F. Melican sworn to September 19, 2012, ("Melican Decl.") as Exhibit A.  For purposes of these proceedings, Searchlight has endeavored to present in chart format its understanding of the various changes to the named plaintiffs who are asserting claims in the PAC, with the prospect that it might facilitate the Court's understanding of Searchlight's bases for opposing certain proposed new claims.  *See* Appendix 1.

1

"*should be denied*."[2]  Amending a complaint would be futile if the claims asserted by the proposed amendment would not withstand a motion to dismiss—such as when they are barred by the statute of limitations ("SOL"), fail to state a claim on which relief may be granted, or fail to establish subject matter jurisdiction.[3]  Under these standards, the majority of plaintiffs' proposed new claims could not withstand a motion to dismiss, and the Court should deny leave to add those claims as futile.

## I.  THE COURT SHOULD DENY PLAINTIFFS' MOTION TO ADD A NEW CLAIM BY NEW PLAINTIFF GRATTS UNDER THE CALIFORNIA UCL.

Plaintiffs first seek to add a new named plaintiff, Gratts, who they allege was a production intern on the *500 Days of Summer* ("*500 DS*") film during the Summer of 2008 to represent "unpaid interns who interned on one or more Searchlight Films in California between August 1, 2008 and the date of final judgment in this matter."  PAC ¶ 78.  However, Gratts is not, and never could have been, a plaintiff or class/collective member for any of the claims in plaintiffs' original complaint ("OC").  This is because Gratts was already time-barred under the FLSA's three-year SOL from bringing any FLSA claim at the time the September 2011 OC was filed and never had any right to assert a claim under the NYLL because she never interned in New York.  Indeed, the PAC does not even purport to assert an FLSA or NYLL claim by Gratts. *See* PAC Counts I-VIII.  Plaintiffs propose that Gratts be permitted to join this case solely to assert a brand new claim under the California state UCL—although the OC contains no UCL claims—both individually and on behalf of a new putative "California Intern Class" ("CA

---

[2] *See, e.g.*, *Broadvision v. Gen. Elec. Co.*, 2009 WL 2603145, at *2 (S.D.N.Y. Aug. 13, 2009) (Pauley, J.) (quoting *Hunt v. Alliance N. Am. Gov't Income Trust Inc.*, 159 F.3d 723, 728 (2d Cir. 1998)) (emphasis added); *Sanders v. Grenadier Realty, Inc.*, 2009 WL 1270226, at *4 (S.D.N.Y. May 6, 2009) (Pauley, J.) (same).

[3] *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

Class"). *See* PAC ¶¶ 78, Count IX.

As no other named plaintiff (current or proposed) ever interned in California or asserts (or could assert) a claim under the UCL, the viability of the new UCL claim that plaintiffs propose to add to this litigation will rise or fall on whether Gratts' individual UCL claim could survive a motion to dismiss. Gratts' individual UCL claim is untimely and cannot survive a motion to dismiss, and, even if it could, the Court should decline to extend supplemental jurisdiction over that exclusively California state law claim and should not allow either Gratts or any UCL claim to be added to this case. Thus, plaintiffs' motion for leave to amend the OC in these respects should be denied.

## A.  Gratts' Individual UCL Claim Is Untimely.

Whether Gratts' UCL claim is dated as of the filing of an amended complaint containing that claim, the date of plaintiffs' motion, or, at the earliest, August 2, 2012 (the date of plaintiffs' letter to the Court raising their proposal to add Gratts as a new named plaintiff and to add her UCL claim to their complaint, *see* Declaration of Amy F. Melican sworn to September 19, 2012, ("Melican Decl.") Ex. B), that claim is barred by the UCL's four-year SOL.[4] Nor can that claim "relate back" to August 1, 2008, the date plaintiffs propose as the start for the period defining their proposed new California Intern Class, *see* PAC ¶ 78, or the date of the OC. Gratts therefore has no viable, timely UCL claim.

The PAC asserts that Gratts was a California ("CA") intern who performed "set design" and was "responsible for building and decorating sets" for the film production *500 DS* from "*approximately* April 2008 through *approximately* August 2008, for a period of *approximately* 90 days." PAC ¶¶ 146, 149 (emphasis added). The PAC does not identify the specific dates of

---

[4] *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Prods.*, 96 Cal. Rptr. 2d 518, 529, 23 Cal. 4th 163 (2000).

Gratts' internship, however, and its assertion as to the time span of Gratts' internship is implausible on its face.  No 90-day period possibly could have extended from April 2008 "through" August 2008.  Plaintiffs' suggestion that Gratts performed set design at any point during August 2008 is belied by the irrefutable fact that "set design" for *500 DS* ceased *long before* August 2008; indeed, all *filming* for *500 Days of Summer* wrapped on *June 21, 2008.  See* Declaration of Barbara Casner sworn to September 14, 2012 ("Casner Decl."), ¶¶ 3-8; Declaration of Charles Varga sworn to September 17, 2012 ("Varga Decl."), ¶¶ 3-7.  There simply is no plausible *factual* basis for the vague and facially far-fetched PAC assertion that Gratts' internship extended even one day into August 2008, much less "through" August 2008. It is well settled that when evaluating whether a pleading states a viable claim that could withstand a motion to dismiss, courts are not to accept conclusory allegations or "'naked assertion[s] devoid of further factual enhancement'" that a party asserts in purported support of that claim; only well-pled factual assertions are afforded a presumption of truth.[5]  Under these pleading standards, plaintiffs have not, and cannot, state a timely UCL claim by Gratts under the four-year UCL SOL.

Plaintiffs also cannot meet the requirements of Rule 15(c)(1)(C) so as to relate Gratts' UCL claim back to the OC and back-date her claim for SOL purposes.  Relation back applies

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"); *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (citation omitted).  To withstand a Rule 12(b)(6) motion to dismiss with respect to any claim, moreover, a complaint "must" contain sufficient factual allegations to establish that each of its asserted claims are "plausible on [their] face" and that plaintiffs have more than simply a "speculative" right to relief on each of their claims.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 188 (2007).  A pleading "will not do" if it offers only "labels and conclusions" or "formulaic," "[t]hreadbare recitals" of the elements of a cause of action; such pleadings do not assert claims that survive summary dismissal.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted); *Snyder v. Fantasy Interactive, Inc.*, 2012 WL 569185, at *2 (S.D.N.Y. Feb. 9, 2012) (Pauley, J.).

only where:  "the amendment changes the party or the naming of the party against whom a claim

is asserted, if Rule 15(c)(1)(B) is satisfied," and if "within the period . . . [of] Rule 4(m)," the:

> party to be brought in by amendment:  (i) received such notice of the action
> that it will not be prejudiced in defending on the merits; and (ii) knew or
> should have known that the action would have been brought against it, *but for
> a mistake* concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).  Although this Rule is technically "framed in terms

of an amendment that would change the party 'against' whom a claim is asserted," the Rule also

applies to amendments that would change or add a party plaintiff.[6]  Second Circuit case law also

holds that an amending party's prior "unawareness" of the identity of the party sought to be

added by amendment does not qualify as a "mistake" as to identity for purposes of Rule

15(c)(1)(C)(ii), because ignorance as to identity is not "mistake" as to identity.[7]  Here, plaintiffs

have conceded that their amendment proposing Gratts as a new plaintiff is based on information

learned through the discovery process.  *See* Pl. Br. at 4.  Plaintiffs' prior "unawareness" as to

Gratts' identity is not based on any "mistake" as to her identity, and plaintiffs cannot rely on any

alleged prior unawareness to try to excuse the lateness of their proposed amendments,

particularly where they were aware of Gratts by at least by April 2012, when they received the

*500 DS* crew list in discovery.  *See* Melican Decl. ¶ 4; Ex. C at 12.  Given these circumstances,

plaintiffs cannot satisfy Rule 15(c)(1)(C)(ii), and Gratts' UCL claim cannot relate back to the

---

[6] *Levy v. U.S. Gen. Accounting Office*, 175 F.3d 254 (2d Cir. 1999), *cert. denied*, 528 U.S. 876 (1999); *Advanced Magnetic. v. Bayfront Partners*, 106 F.3d 11, 19 (2d Cir. 1997); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.* ("*Morgan Stanley*"), 2010 WL 3239430, at *9 (S.D.N.Y. Aug. 17, 2010).

[7] *See, e.g.*, *Sidney v. Wilson*, 228 F.R.D. 517, 520 (S.D.N.Y. 2005) (explaining reasoning for legal distinction between "unawareness" and "mistake" and denying relation back) (citing *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996)); *Vineyard v. Cnty. of Nassau*, 329 F. Supp. 2d 364, 369 (E.D.N.Y. 2004); Advisory Comm. Note, Fed. R. Civ. P. 15(c)(3) (1991 Amend.)).

OC.[8]  The Court should follow the foregoing authority and conclude that Gratts' UCL claim is time barred.

> **B.     Plaintiffs' Proposed Class UCL Claim Is Subject to Summary Dismissal Because Gratts Is Not Entitled To Assert Such A Claim on Behalf of the CA Class and Plaintiffs Have No Other Potential CA Class Representative.**

Since Gratts lacks any viable individual UCL claim, she cannot represent any class asserting a UCL claim and the UCL claim is legally deficient for lack of any named plaintiff representative.  It is axiomatic that a named plaintiff in a class action cannot represent a class to assert a claim that she is legally barred from asserting herself.[9]  Where, as here, Gratts is the sole representative for the proposed CA Class UCL claim, that claim cannot withstand a motion to dismiss, and granting leave to amend the complaint to add it would be futile.[10]

> **C.     Plaintiffs Cannot Establish Jurisdiction For Their Proposed CA UCL Claim.**

Even if Gratts had a timely UCL claim and standing to assert that claim on behalf of the CA Class (which she does not), the Court should not permit the addition of that claim to this litigation because plaintiffs have not established subject matter jurisdiction for any UCL claim.

---

[8] *See, e.g.*, *Levy*, 175 F.3d 254 (2d Cir. 1999) (affirming dismissal of claims by proposed new plaintiff as time-barred and holding that claims did not relate back under Rule 15(c)(1)(C) because that new plaintiff was not omitted from the original complaint due to any prior "mistake" as to identity); *Morgan Stanley*, 2010 WL 3239430, at *29 (same).

[9] *Gen. Tel. Co. v. Falcon*, 457 U.S. 147 at 156, (1982); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 621 (1997); *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998); *accord Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 600 (S.D.N.Y. 1982); *Feliciano v. Romney*, 363 F. Supp. 656, 667 (S.D.N.Y. 1973); *see also Lucas v. BMS Enters., Inc.*, 2010 WL 2671305, at *3 (N.D. Tex. July 1, 2010); *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 497 (D. Neb. 2009); Charles Alan Wright & Mary Kay Kane, *Federal Practice & Procedure ("FPP")*, § 1761 (3d ed. 2005).

[10] *See, e.g.*, *Simel v. JP Morgan Chase*, 2007 WL 809689 (S.D.N.Y. Mar. 19, 2007) (dismissing FLSA collective claims because plaintiff lacked standing to assert any claims individually where she was not an employee in the putative class during the applicable limitations period).  *Accord Nakahata v. N.Y. Presbyterian Healthcare Sys.*, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011); *Chuy v. Hilton Mgmt. LLC*, 2010 WL 1854120 (M.D. Fla. May 10, 2010); *Tracy v. N.V.R. Inc.*, 667 F. Supp. 2d, 244, 247 (W.D.N.Y. 2009); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1026 (N.D. Cal. 2007); *Kulkarni v. Nyquist*, 446 F. Supp. 1269, 1270, 1273 (N.D.N.Y. 1977).

"The established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction."[11]  The PAC is deficient in this regard.

      1.   <u>The Court Does Not Have Original Jurisdiction Over The Proposed UCL Claim.</u>

First, the PAC fails to demonstrate grounds for original jurisdiction over plaintiffs' proposed UCL claim.  Although the Class Action Fairness Act ("CAFA") provides for federal jurisdiction over some class actions, it does not apply unless, *inter alia*, a "member of a class of plaintiffs is a citizen of a State different from any defendant" ("Diversity"), and the amount in controversy for all Rule 23 claims "exceeds the sum or value of $5,000,000."  28 U.S.C. §§ 1332(d)(2).  The PAC fails both of these requirements.

To establish CAFA Diversity, a complaint must plead each party's specific states of citizenship so as to *demonstrate* the requisite diversity; such diversity cannot be presumed.[12]  Plaintiffs' conclusory assertions in the PAC—that "at least one member of each proposed class is a citizen of a state different from that of Defendants," and that "citizenship of the members of each proposed class is dispersed among a substantial number of states," PAC ¶ 55(2), (4)— unquestionably are insufficient to establish CAFA Diversity jurisdiction under *Iqbal*/*Twombly* pleading standards.  *See supra*, note 5.  Moreover, the *facts* that plaintiffs *do* assert in the PAC establish that diversity is lacking:  they show that all known parties to plaintiffs' UCL claims are

---

[11] *Smith v. McCullough,* 270 U.S. 456, 459 (1926); *see also In re Morgan Stanley*, 2010 WL 3239430, at*2 ("[T]he party invoking the Court's jurisdiction bears the burden of demonstrating that subject matter exists," and such rule has no less force in a putative class action where subject matter jurisdiction is challenged on a defendant's motion to dismiss.) (citing *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)).

[12] *See, e.g., Walsh Chiropractic, Ltd., v. StrataCare, Inc*., 752 F. Supp. 2d 896, 901 (S.D. Ill. 2010); *McDaniel v. Best Buy, Inc*., 2010 WL 715845 (W.D. Ky. 2010); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004); *see also Am. Motorists Ins. Co. v. Am. Emps' Ins. Co*., 600 F.2d 15, 16 (5th Cir. 1979); *Ky. Ex re. Conway v. Purdue Pharm., L.P. (In re Oxycontin Antitrust Litig.)*, 821 F. Supp. 2d 591, 601 n.6 (S.D.N.Y. 2011); FPP, § 73 (2d ed 2012).

citizens of *California*.  *See* PAC ¶ 23 (Gratts' residence is CA); PAC ¶ 40 (FEG and Searchlight have their principal places of business in CA (which, as a matter of law, makes them CA citizens for diversity purposes[13])).  Based on those assertions, there is no diversity here at all.  Indeed, despite a near year of extensive efforts, other than Gratts, plaintiffs have not identified *a single* additional CA intern—much less one whose citizenship is outside of CA.

Plaintiffs' speculative pleadings as to the CAFA $5 million requirement similarly fail as a matter of law.  A party seeking to establish CAFA jurisdiction must "produce[] actual evidence" supporting the $5 million amount in controversy requirement "*to a reasonable probability*"; it cannot rely on mere "plausible," "good faith" estimates or assertions based on "information and belief."[14]  Here, however, that is all that the PAC does.  It asserts that, "[u]pon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs."  PAC ¶ 61.  That is precisely the type of "formulaic recitation" of the elements necessary to support a claim that the Supreme Court conclusively denounced as legally deficient in *Iqbal* and *Twombly*.  *See* note 5, *supra*.  Plaintiffs' naked assertion in support of CAFA jurisdiction comes nowhere near establishing the amount in controversy "to a reasonable probability."[15]  The Court should reject all plaintiffs' baseless, conclusory assertions

---

[13] *See Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009).

[14] *DiPonzio v. Bank of Am. Corp.*, 2011 WL 2693912, at *7 (W.D.N.Y. 2011) (emphasis added); *see Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) (establishing "reasonable probability" test).  *See also Walsh*, 752 F. Supp. 2d at 901 (holding that allegations in support of CAFA jurisdiction based on "information and belief" are insufficient as a matter of law, because "federal jurisdiction can be invoked only by allegations made on personal knowledge, not information and belief") (quoting *Am.'s Best Inns v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)).

[15] *See, e.g., Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 731 (4th Cir. 2009) (no CAFA jurisdiction in putative wage/hour class action because asserted calculation of unpaid overtime was "speculative"); *Rodgers v. Central Locating Serv., Ltd.*, 412 F. Supp. 2d 1171, 1180 (W.D. Wash. 2006) (remanding wage/hour claims where party seeking to invoke CAFA jurisdiction

as to CAFA jurisdiction.

        2.     The Court Should Decline To Extend Jurisdiction Over Plaintiffs' UCL Claim Or To Permit The Addition Of A New Party To Bring That Claim.

Pursuant to 28 U.S.C. § 1367, district courts have discretion to assume jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." It is not enough for the state and federal Rule 23 claims in an action just to "bear some factual relationship to each other"; rather, they must arise out of "a common nucleus of operative facts" and "approximately the same set of events."[16] In addition, the Second Circuit has held that declining supplemental jurisdiction "is especially appropriate where the pendent claims present novel or unsettled questions of state law."[17] Where, as here, a newly asserted state law claim is dependent on the addition of a new party plaintiff, the considerations governing the addition of parties under Rule 21 also apply.[18] Under Second Circuit law, courts applying Rule 21 must consider: judicial economy; their ability to manage each particular case; how the amendment would affect the use of judicial resources; and the impact the amendment would have on the judicial system and on each of the parties already named in the action.[19] All of these 28 U.S.C. § 1367 and Rule 21 considerations militate strongly against allowing Gratts to

---

relied on "tenuous assumptions" regarding amount in controversy); *accord Badia v. Countrywide Fin. Servs. Corp.*, 2010 WL 4628001, at* 3 (C.D. Cal. Nov. 8, 2010).

   [16] *Achtman v. Kirby, McInerney & Squire, LLP*, 150 F. App'x 12, 14-15 (2d Cir. 2005).

   [17] *Oneida Indian Nation v. Madison Cnty.*, 665 F.3d 408, 437 (2d Cir. 2011); *Shahriar v. Smith & Wollensky Restaurant Grp., Inc.*, 659 F. 3d 234, 245 (2d Cir. 2011).

   [18] *Rush v. Artuz*, 2001 WL 1313465, at *5 (S.D.N.Y. Oct. 26, 2001); *Momentum Luggage & Leisure Bags v. Jansport*, 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001); *Sheldon v. PHH Corp.*, 1997 WL 91280, at *3 (S.D.N.Y. Mar. 4, 1997), *aff'd*, 135 F.3d 848 (2d Cir. 1998). Rule 21 provides that "[p]arties may be . . . added by order of the court on motion of any party . . . on such terms as are just." Fed. R. Civ. P. 21.

   [19] *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1357946, at *2 (S.D.N.Y. May 12, 2009); *Sly Magazine, LLC v. Weider Publ'ns LLC*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007); *Momentum Luggage*, 2001 WL 58000, at *2.

join this case to assert an exclusively California state law UCL claim, both individually and on behalf of any class.

Allowing a UCL claim to be added in this case would neither further judicial economy nor be a productive use of Court resources.  The UCL claim would likely require this Court to decide a matter of first impression under California law:  what standard should apply to determine if an intern should be considered a paid employee under California state law.  Since the California Department of Labor Standards Enforcement ("DLSE") endorsed a change in that standard in April 2010, no California court has addressed whether courts should follow the DLSE's proposed new intern test or whether that DLSE opinion should be disregarded (as both California and federal courts often decide to do with respect to agency guidance).[20]  Thus, this Court would be deciding a California state law issue of first impression.  As the Second Circuit held in *Grace v. Rosenstock*, 228 F.3d 40, 55 (2d Cir. 2000), when affirming a district court's denial of supplemental jurisdiction:  "The decision to exercise pendent jurisdiction is vested in the sound discretion of the district court.  *The discretion is limited, however*, by the consideration that [n]eedless decisions of state law should be avoided." (Emphasis added; quotation and citation omitted.)[21]

Litigating Gratts' UCL claim would necessitate analyses of local CA case law and publications of the CA Industrial Welfare Board, *see* PAC ¶¶ 7, 198-205 (citing, *inter alia*, Cal.

---

[20] *See* Melican Decl. Ex. D, which is a copy of the April 7, 2010 DLSE Opinion Letter (abandoning the 11-factor intern test used under NY law and endorsing a different test).

[21] *See also Fay v. S. Colonie Cent. Sch. Dist.*, 802 F.2d 21, 34 (2d Cir. 1986) (reversing district court's exercise of pendent jurisdiction over state-law claims where state law governing such claims was unsettled), *overruled on other grounds sub nom., Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768 (2d Cir. 2002); *DiMare Homestead, Inc. v. Alpha Co. of NY*, 2012 WL 2930072, at *3 (S.D.N.Y. July 18, 2012) (declining jurisdiction over claims that could raise "potentially complex issues" of NY state law); *Jean-Laurent v. Wilkerson*, 2012 WL 1977920, at *1 (S.D.N.Y. May 21, 2012) (same result where claims involved "novel and complex" state law issues on which was "no clear authority").

Wage Order No. 12; Cal. Labor Code §§ 510, 1194, 1197)—none of which otherwise would have relevance in this case, since the OC asserts only FLSA and NYLL claims.  In addition, Gratts' UCL claim would be governed by CA state statutory provisions and regulations that differ substantively from those governing the FLSA and NYLL claims alleged in the OC.  The claims would need to be established by different evidence because, among other factors, Gratts interned at a different independent production company ("IPC"), 500 DS Films, Inc., than the one where Glatt and Footman interned, Lake of Tears, Inc., *see* ES Tr. 181-82,[22] and the CA "joint employer" test differs from the FLSA and NYLL "joint employer" test.[23]  Because Gratts has not, and cannot, assert any of the FLSA or NYLL claims that are alleged in the OC, the facts, evidence and legal analysis necessary for determining Gratts' CA UCL claim otherwise would not be relevant in this matter.

For all these reasons, the Court should deny leave to add any UCL claims in this case.

## II.   THE COURT SHOULD NOT ALLOW ANY CLAIMS AGAINST FEG.

Plaintiffs' proposal to add Fox Entertainment Group, Inc. ("FEG") as a named defendant and to expand their putative classes to "all interns who participated in" the so-called "'Fox Entertainment Group internship program,'" *see* Pl. Br. at 1, also should be denied as futile because no claims against FEG could survive a motion to dismiss.

As a threshold matter, plaintiffs' purported assertion of claims on behalf of individuals

---

[22] Referenced testimony from the depositions of named plaintiffs, Eden Antalik (EA), Eric Glatt (EG), Alexander Footman (AF), and of Searchlight representatives, John Maybee (JM), Aimee Hoffman (AH), and Elizabeth Sayre (ES), all are attached as exhibits to the Melican Decl. and are cited herein by the deponent's initials, "Tr." and page number(s).

[23] *See Martinez v. Combs*, 49 Cal. 4th 35, 67-68, 109 Cal. Rptr. 3d 514 (2010) (explicitly rejecting the economic realities test used by the Second and other Circuits to evaluate the viability of FLSA claims against purported joint employers); *Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 401-02 (N.D. Cal. 2012) (describing different joint employer tests under state and federal law).

who participated in "the FEG internship program," PAC ¶ 45, 90, is specious, as that term is meaningless. *See* Declaration of Aimee Hoffman, sworn to September 19, 2012, ("Hoffman Decl.") ¶¶ 4-5.[24]  What is apparent from plaintiffs' reliance on that description, however, is that their claims against FEG are based on nothing but speculation.  Plaintiffs suggest that *every* named plaintiff and putative class member somehow were simultaneously and mutually "employed" by a gargantuan "joint employer" encompassing Searchlight and an enormous number of other independent FEG corporate subsidiaries that are not named in the PAC, and, with respect to production interns, each of the independent production companies that directly engaged and supervised them (collectively, "Putative Joint Employers").  *See, e.g.*, PAC ¶¶ 9, 13, 17, 21, 26, 41, 42, 70-72, 82-83, 92-104.  That theory is not even remotely plausible.  By omitting all mention of the independent production companies that directly engaged each of the production interns on Searchlight-financed films, and by failing to differentiate the necessarily dissimilar relationships that production interns had with the Putative Joint Employers as compared to corporate interns, plaintiffs apparently hope to muddy matters so comprehensively as to convince the Court that discovery "must be necessary" to sort those matters out.  That result not only is unnecessary, but it is irreconcilable with the myriad court decisions that routinely "see through" similar plaintiffs' attempts to obfuscate the purported "joint employer" relationships on which plaintiffs attempt to base their claims.  *See* note 28, 29, 31, *infra* and accompanying text.

---

[24] FEG is a separate holding company that is the titular corporate parent not only of Searchlight, but of literally hundreds of other separate independent companies, Declaration of Veronica Arroyo sworn to September 19, 2012, ("Arroyo Decl.") ¶¶ 4-7, and insofar as plaintiffs seek to include in their putative classes any interns at those other separate companies, the PAC is deficient on its face, since it names only FEG as a defendant, not any of those separate companies.  Nor was any named or proposed named plaintiff an intern at FEG itself (if FEG even had any interns or employees), or of any of the other hundreds of separate independent companies of which FEG is the parent.

As the case law also demonstrates, even if plaintiffs were seeking to add FEG as a named defendant based solely on its being Searchlight's corporate parent (and they are not—rather, as the PAC makes clear, plaintiffs allege that FEG independently engaged in various alleged acts that plaintiffs claim were unlawful (though with insufficient factual support), *e.g.*, PAC ¶¶ 4, 27-37)—plaintiffs cannot add FEG as a named defendant unless they can establish that FEG and Searchlight were plaintiffs' employers or joint employers.  Plaintiffs come nowhere near meeting the pleading requirements to establish that they, or any putative class members, were employed or jointly employed by FEG, as is required to state any plausible claim against FEG.

Courts in the Second Circuit apply an economic realities test to determine whether a defendant can be deemed a joint employer of a plaintiff, which test focuses on whether the defendant exercised "control" over the plaintiff's work.[25]  The test first evaluates whether a putative employer had formal control over a plaintiff's work, which involves consideration of whether it:  had the power to hire and fire the plaintiff; supervised and controlled the plaintiff's work schedules or conditions of employment; determined the plaintiff's rate and method of payment; and maintained the plaintiff's employment records.[26]  If those factors are not determinative, courts also assess if the putative employer exercised "functional control" over the plaintiff's work.[27]  No one factor in the economic realities test is determinative,[28] though courts

---

[25] *Barfield v. N.Y. City Health and Hosp. Corp.*, 537 F.3d 132, 142-43 (2d Cir. 2008) (citing *Carter v. Duchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)); *see also Zheng v. Liberty Apparel Co.*, 617 F.3d 182 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 2879 (2011).  NYLL and FLSA standards are the same for determining if a defendant is a "joint employer."  *See, e.g.*, *Cannon v. Douglas Elliman, LLC*, 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007).

[26] *Barfield*, 537 F.3d at 142-43 (citing *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 69 (2d Cir. 2003); *Carter*, 735 F.2d at 12).

[27] The functional control factors include evaluation of:  the degree to which the putative employer or its agents supervised individual plaintiff's work; whether the putative employer's premises and equipment were used for an individual plaintiff's work; whether it had a business that could or did shift as a unit from one putative joint employer to another; and whether the

have emphasized the primary importance of determining whether a putative employer *in fact* exercised control over the plaintiff's work, as opposed to merely "having the power to" do so.[29] The PAC fails to plead facts sufficient to state a claim that FEG jointly employed any named plaintiff or putative class/collective member under the Second Circuit's economic realities test.

First, the allegations in the PAC are facially insufficient to establish any such joint employer relationship. As to production interns, the PAC asserts that Searchlight (**but not FEG**) "exercised operational control over the films" on which production interns worked and that Searchlight (**but not FEG**) "has the power to" perform (*but not that it actually **did** perform*) functions such as approving "hiring" of "cast and crew," "production schedule[s]" for the films, and "compensat[ing]" film "cast and crew." PAC ¶¶ 42, 45-47; *see also* PAC ¶¶ 44, 48-52.

As to interns "who participated" in the so-called "FEG internship program," (by which term plaintiffs ostensibly mean "corporate interns," though the PAC is ambiguous in this regard, *see* PAC ¶ 65, 90), the PAC recites, in conclusory fashion devoid of any factual detail or support, the various functions that FEG (**but not Searchlight**) allegedly performed, tracking some of the factors in the economic realities test—but also severing any purported link between Searchlight and FEG for purposes of the alleged joint employer relationship between Searchlight and FEG on which plaintiffs premise all corporate interns' claims against FEG. *See* PAC ¶¶ 27-37. In any event, plaintiffs' conclusory assertions as to FEG's "joint employer" status with respect to both

---

plaintiff worked exclusively or predominantly for the putative employer. *Barfield*, 537 F.3d at 143 n.4 (citing *Zheng*, 355 F.3d at 69).

[28] *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

[29] *E.g.*, *Tracy v. NVR, Inc.*, 2009 WL 3153150, at *5 (W.D.N.Y. Sept. 30, 2009) (denying motion to amend complaint to add additional defendants where plaintiffs alleged only that those defendants "had the authority to take the actions" comprising the joint employer test; court reasoned that plaintiffs had not plausibly asserted that those proposed new defendants *in fact* took any of those actions or that they did so with respect to plaintiffs), *adopted as modified (on other grounds)*, 667 F. Supp.2d 244 (W.D.N.Y. 2009).

types of interns are insufficient to state legally viable claims against FEG under settled pleading standards.  *See* note 5, *supra*, and accompanying text.  Indeed, numerous federal courts have dismissed complaints with respect to particular defendants in similar class and other multi-party actions in which plaintiffs advanced only speculative, boilerplate allegations as to the required joint employer relationship—including where the defendants were a parent corporation and one of its subsidiaries, as a parent corporation is not liable for an alleged unlawful act of a subsidiary as to the subsidiary's employees (or alleged employees) absent the parent and subsidiary being joint employers of those employees (or alleged employees).[30]

    Second, to the extent the Court considers facts outside the pleadings (as plaintiffs' motion papers seem to assume the Court will do), those facts serve to undermine any asserted FEG joint employer relationship.  For example, with respect to production interns, the PAC asserts that Glatt was supervised by "members of the *Black Swan* Accounting Department, including Theodore Au, Production Accountant, and David Farr, 1st Assistant Accountant"; Footman was supervised by "individuals in the Production Office" for *Black Swan*, "including Lindsay Feldman, Production Office Coordinator, and Jodi Arneson, Assistant Production Officer Coordinator"; and Gratts was supervised by unnamed "members of the *500 Days of Summer* Art Department", PAC ¶¶ 108, 129, 148—(collectively, "Plaintiffs' Supervisors").  But none of

---

[30] *See, e.g.*, *Nakahata*, 2011 WL 321186, at *4; *Diaz v. Consortium for Worker Educ., Inc.*, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010); *Lin v. Comprehensive Health Mgmt., Inc.*, 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009); *Simel v. JP Morgan Chase*, 2007 WL 809689 at * 5 (S.D.N.Y. Mar. 19, 2007) (citing *Warth v. Seldin*, 422 U.S. 490, 497 (1975)); *Bravo v. Eastpoint Int'l, Inc.*, 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001).  *Accord In re Enterprise Rent-A-Car Wage & Hour Empl. Practices Litig.*, 2012 WL 2434747, at *5-7 (3d Cir. June 28, 2012); *Martin v. Spring Break '83 Prods., LLC*, 2012 WL 3011004, at *2-4 (5th Cir. July 24, 2012); *Layton v. DHL Express (USA) Inc.*, 686 F. 3d 1172 (11th Cir. 2012); *Manning v. Boston Med. Ctr. Corp.*, 2012 WL 1355673, *2 (D. Mass. Apr. 18, 2012); ; *Adams v. US Airways, Inc.*, 2011 WL 644089, at *3 (D. Ariz. Feb. 11, 2011); *Chuy v. Hilton Mgmt. LLC*, 2010 WL 1854120 at *3 (M.D. Fla. May 10, 2010); *Tracy v. N.V.R. Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009); *Chen v. Domino's Pizza, LLC*, 2009 WL 3379946, at *4 (D.N.J. Oct. 16, 2009).

Plaintiffs' Supervisors were employees of FEG (or Searchlight); they all were employed by Lake of Tears, Inc., Protozoa Pictures, or 500 DS Films, Inc.  *See* ES Tr. 181-82; *see also* Melican Decl. Ex. E (payroll forms for the day for which Glatt was paid, *see* PAC ¶ 115, listing "Lake of Tears" as "Production Company" and "Cast & Crew" as "Employer").

With respect to both *Black Swan* and *500DS*, moreover, the evidence shows that even *Searchlight* had no power to approve and did not retain Plaintiffs' Supervisors; was not involved in the hiring or retention of the films' production interns; and did not set salary levels or rates for the employees who worked on the films.  *See* EG Tr. 47; ES Tr. 25, 183, 186.  Even assuming, *arguendo*, that Searchlight did have such authority, the PAC does not allege any such authority **by FEG**.  Indeed, with respect to *Black Swan*, "Plaintiffs' Supervisors," as well as Glatt and Footman themselves, were retained before Searchlight even became a financier for the film, and the *Black Swan* production office was only a "temporary" office "rented for the production of this one film," not an office of Searchlight or FEG.  *See* EG Tr. 47, 83; ES Tr. 56, 201.  Therefore, even if Searchlight could, for motion to dismiss purposes, be deemed an employer or joint employer of any named plaintiffs or class members, the PAC is deficient as to any plausible claims that **FEG** also served in such a role.

Third, with respect to Antalik and the other corporate interns in Searchlight's NY office, facts from outside the pleadings further belie that FEG was their "joint employer."  The NY office engaged Antalik without consulting with Hoffman or Searchlight's CA office.  *See* EA Tr. 70-74.  Antalik's internship was coordinated and supervised exclusively by Searchlight NY employees.  *See* JM Tr. 212.  Moreover, Antalik, testified in her deposition that:

- she had minimal contact with any Searchlight CA office employees;
- she had no contact with any Searchlight CA office interns—indeed, she *did not even know if the Searchlight CA office had any interns*;

16

- only Searchlight NY employees—and not Hoffman or any FEG employees— recruited, interviewed, and engaged her for her internship; and

- only Searchlight NY employees—and not Hoffman or any FEG employees— "supervis[ed]" the tasks she performed during her internship.

*See* EA Tr. 72, 75, 107-08.

All the above facts preclude Antalik from asserting any claims against FEG or from being a viable representative for "the interns who participated in 'the FEG internship program,'" as plaintiffs define that term.  *See, e.g.*, PAC ¶¶ 65, 90.  Simply put, Antalik is the wrong intern through whom to establish the requisite link between Searchlight and FEG to support a viable claim against FEG based on an alleged joint employment relationship.  There are no facts that tie Antalik's internship to FEG or that connect Antalik's internship experiences to those of any interns whose internships involved any of the FEG "internship policies" on which plaintiffs premise their proposed addition of FEG as a named defendant in this case.  Under such circumstances, courts regularly dismiss claims asserted against one defendant (among two or more named defendants alleged to be "joint employers"), based on the fact that the named plaintiff is unable to establish any plausible joint employer relationship with that one defendant.[31]  Moreover, without Antalik, there are *no* named corporate intern plaintiffs who can

---

[31] *See, e.g.*, *Morgan Stanley*, 2010 WL 3239430, at *4 (dismissing claims against specific defendants in class action where named plaintiffs lacked viable individual claims against them) (citing, *inter alia*, *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003)); *Chuy*, 2010 WL 1854120, at *3 (dismissing putative Rule 23 class wage/hour claims against one of two named defendants where plaintiffs had insufficiently plead that the second defendant "employed" them, and rejecting as irrelevant plaintiff's argument that his claims were "typical" of other class members, holding that the issue on defendant's motion to dismiss was "standing, not typicality") (citing *Warth v. Seldin*, 422 U.S. 490 (1975)); *Mayfield v. Sara Lee Corp.*, 2005 WL 88965, at *2-3 (N.D. Cal. 2005) ("A parent corporation is presumed not to be the employer of its subsidiary's employees unless the parent exercised control 'to a degree that exceeds the control normally exercised by a parent corporation.'"); *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 732-33 737 (1998) (holding that an employee who seeks to hold a parent company liable for "the acts or omissions" of a subsidiary has a "*heavy burden* to meet under both California and federal law," because the presumption is that corporations have

represent corporate interns on class claims against FEG.

For all the above reasons, the Court should conclude that any claims against FEG would fail a motion to dismiss and that leave to amend to add such claims would be futile.

## III.   THE COURT SHOULD LIMIT THE SCOPE OF ANY SURVIVING CLAIMS.

To the extent the Court does not deny plaintiffs' proposal to add the new UCL claim and claims against FEG in their entirety, it should limit the scope of any such surviving claims.

### A.   The Court Should Prohibit Any Claims For Denied OT Pay By Gratts, Antalik, Or Any Class That They Are Permitted To Represent.

Neither Gratts nor Antalik have sufficient factual bases for any claim for denied overtime ("OT") pay, and the Court should bar the assertion of any such claims as a matter of law.

As to Gratts, the PAC asserts that Defendants violated the UCL by failing to pay her and the CA Class members "minimum wages" and by engaging in other *unspecified acts* of "unfair competition" regarding their internships.  PAC, at 1, ¶¶ 3, 21, 146, Count IX.  On its face, that pleading lacks sufficient facts to assert any UCL claims except those premised on a failure to pay minimum wages, and to the extent plaintiffs seek to assert any denied OT claims under the UCL, those claims fail as a matter of law under *Iqbal*/*Twombly* pleading standards.  *See* note 5, *supra*, and accompanying text.

---

separate existences and are not liable for each other's act absent an employee's establishing that both corporations were their employers or joint employers) (emphasis added); *accord In re Lehman Bros. Sec. & ERISA Litig.*, 684 F. Supp. 2d 485, 491 (S.D.N.Y. 2010); *In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 579, 605 (S.D.N.Y. 2006).  *See also Amidax Trading Grp. V. S.W.I.F.T., SCRL*,, 671 F.3d 140, at 145 (2d Cir. 2011) (explaining that a plaintiff has constitutional standing to assert claims against a defendant only if plaintiff's injury "is traceable to [that] defendant's conduct") (quoting *Woods v. Emprie Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009)); *Lucas v. BMS Enters., Inc.*, 2010 WL 2671305, *3 (N.D. Tex. July 1, 2010) ("[A] named plaintiff in a collective action has adequately pleaded standing against a particular defendant *only* if the plaintiff has alleged an injury that the defendant caused to him.") (Emphasis added.); *Pineiro Diaz v. Adchem Pharma Operations*, 2005 WL 2397489 (D.P.R. Sept. 28, 2005) (imposing Rule 11 sanctions against plaintiffs who sought to amend FLSA collective action to assert claims against affiliates of entity that employed them where plaintiffs had insufficient grounds to assert individual claims against the affiliates).

Indeed, the PAC is devoid of even a naked assertion that Gratts or any CA Class member worked beyond 40 hours per week or 8 hours per day, and its assertion that Gratts "worked three days per week for approximately 25 hours per week according to a set schedule" suggests that she did *not* ever work any OT. *See* PAC ¶¶ 145-49.

As to Antalik, who purports to assert claims for denied OT pay, both individually and on behalf of "corporate intern" classes—both for work beyond 40 hours per week under the FLSA and NYLL, and for work beyond 10 hours per day under the NYLL (collectively, "OT Claims"), *see* PAC Counts I, IV & V,[32] plaintiffs' PAC assertions likewise fail to state any plausible OT Claims. The PAC asserts that Antalik regularly worked "three days a week" for "at least 25 hours according to a set schedule." PAC ¶ 138. As to Antalik's OT Claims, the PAC does not even allege that she ever worked beyond 40 hours per week. PAC ¶ 141. The bare, conclusory allegations are insufficient to state a claim for denied OT pay. *See* note 5, *supra*, and accompanying text. The PAC provides no approximation as to how many hours beyond 40 per week or 10 per day Antalik worked; it provides no detail as to how frequently such work occurred; it asserts no description of the nature of the work allegedly performed outside her "set schedule"; and it contains no facts to show that Defendants required or were even aware of any such work. *See* PAC ¶¶ 163-68, 180-88. Without such facts, the PAC does not enable calculation, even approximately, of the amount of OT damages claimed, and it does not permit Defendants to determine if they have valid defenses to those claims on the grounds that any OT work was not "compensable," was "*de minimis*," or was performed without management knowledge.[33] Those deficiencies doom any individual or class OT Claims by Antalik. Indeed,

---

[32] The standards for pleading FLSA and NYLL OT Claims are the same. *Snyder*, 2012 WL 569185, at *4.

[33] Work performed beyond an employee's scheduled shift (like that alleged by Antalik here)

this Court and countless others regularly dismiss OT Claims where plaintiffs similarly fail to

provide any specificity, even approximately, as to how many OT hours they worked or how

frequently such work occurred, to describe the nature of such OT work, or allege that their

employer required, or was aware of, such work.[34]

### B. The Relevant Limitations Periods For Any UCL or NYLL Claims Asserted Against FEG Should Be Based On The PAC, Not The OC.

To the extent any UCL or NYLL claims remain against FEG, the Court should limit the

time period for those claims to correspond with the SOL linked to the PAC, not the OC.[35]   The

---

is compensable only if it is an "integral part of and indispensable" to the proper and efficient performance of a plaintiff's position and more than "*de minimis*" in nature.  *Mitchell v. King Packing Co.*, 350 U.S. 260, 262-63 (1956); *Singh v. City of NY*, 524 F.3d 361, 371 n.8 (2d Cir. 2008); *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 652 (2d Cir. 1995).

[34] *See, e.g.*, *Nakahata*, 2011 WL 321186, at *4 (dismissing FLSA and NYLL OT claims where complaint asserted only that named plaintiffs and class members "*regularly* worked hours both under and in excess of forty per week" without pay, holding that those assertions were deficient because they included no facts "about when the allege unpaid wages were earned" or "the number of hours allegedly worked without compensation—the heart of the claim," and that "[a]t a *minimum*," a complaint alleging denied OT claims "must set forth the approximate number of unpaid regular and overtime hours allegedly worked.  Simply stating that Plaintiffs were not paid for overtime work *does not sufficiently allege a violation*.") (emphasis added; citation omitted).  *See also, e.g.*, *Snyder*, 2012 WL 569185, at *4 (granting motion to dismiss FLSA and NYLL OT claims where plaintiff did not allege "the number of overtime hours that she worked"); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007) (dismissing OT claims where plaintiff plead that he "regularly worked overtime hours" but also that he worked a set schedule totaling 20 hours per week, reasoning that such pleadings belied the plausibility of any right to relief, and that the complaint also warranted dismissal because it lacked facts from which a calculation of the claimed OT damages could be made); *Acosta v. Yale Club*, 1995 WL 600873, at *4 (S.D.N.Y. Oct. 12, 1995) (dismissing OT claims where plaintiffs cited "various instances when they worked several extra hours in a given day" but failed to "offer any examples of situations" when management knew of such work, reasoning that plaintiffs' pleadings "amount[ed] to nothing more than a hodgepodge of individual instances where waiters were not paid for extra hours worked on a given day" and lacked facts as to which plaintiffs were denied OT pay for which weeks); *accord Ryder v. Platon*, 2012 WL 2317772 (E.D.N.Y. June 19, 2012); *DeSilva v. N. Shore-Long Island Jewish Health Sys.*, 2012 WL 748760 (E.D.N.Y. Mar. 7, 2012); *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 2012 WL 566255 (E.D.N.Y. Feb. 16, 2012); *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296 (E.D.N.Y. 2012); *Smith v. Mastercraft Decorators, Inc.*, 2011 WL 5191755 (W.D.N.Y. Oct. 31, 2011); *Sampson v. Medisys Health Network*, 2011 WL 579155 (E.D.N.Y. Feb. 8, 2011).

[35] As to any collective FLSA claims asserted against FEG, the operative limitations period is

---

SOL for claims asserted against a defendant named for the first time in an amended complaint is determined based on the date of the amended complaint, not an earlier complaint, unless the amending party can establish that the claims against the new defendant "relate back" to the earlier complaint under Rule 15(c).[36]  To establish relation back with respect to their new claims against FEG, plaintiffs must establish that they would have named FEG as a defendant in the OC but for a "mistake as to [FEG's] identity." Rule 15(c)(1)(C)(ii).  Where, as here, plaintiffs admittedly seek to add FEG based on their becoming aware, during discovery for their OC claims, that FEG was an additional entity against whom they *also* potentially might assert claims, plaintiffs cannot satisfy Rule 15(c)(1)(C)(ii).  As a matter of settled Second Circuit law, plaintiffs' prior lack of awareness of FEG does not equate to a mistake as to FEG's identity.[37]  Therefore, the PAC, not the OC, governs the SOL period for any Rule 23 claims against FEG.[38]

---

determined based on the filing of each individual plaintiff's consent-to-join form, not based on the date of the PAC or original complaint.  29 U.S.C. § 256; *Bright v. U.S.*, 603 F.3d 1273, 1285 n.6 (Fed. Cir. 2010) (citing *Sperling v. Hoffman-La Roche, Inc.*, 24 F.3d 463, 464 (3d Cir. 1994)); *Redman v. U.S. West Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998); *see also Frye v. Baptist Mem. Hosp., Inc.*, 2012 WL 3570657 at *6 (6th Cir. Aug. 21, 2012).

[36] *See Gleason v. McBride*, 869 F.2d 688, 692-94 (2d Cir. 1989); Fed. R. Civ. P. 15(c)(1)(C).

[37] *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 151-52 (2d Cir. 1999), *modified*, 94 F.3d 1366 (2d Cir. 1996); *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995).  *See also, e.g., Klein v. Bower*, 421 F.2d 338, 343 (2d Cir. 1970) (affirming dismissal of newly asserted claim as untimely, even though plaintiff had only recently discovered "the full 'enormity of [defendants'] operations,'" including the facts on which he premised his proposed new claim, reasoning that the SOL does "not await [a plaintiff's] leisurely discovery of the full details of the alleged scheme" giving rise to potential additional claims); *Smith v. Westchester Cnty. Dept. of Corrs.*, 2012 WL 527222 (S.D.N.Y. Feb. 12, 2012) (rejecting relation back of claims asserted against newly added defendant); *Sidney v. Wilson*, 228 F.R.D. 517 (S.D.N.Y. 2005) (same); *accord Singletary v. PA. Dep't of Corrs.*, 266 F.3d 186 (3d Cir. 2001); *Rodriguez v. City of NY*, 2011 WL 4344057 (S.D.N.Y. Sept. 7, 2011); *Walters v. N.Y. City Health Hops. Corp.*, 2006 WL 846711 (S.D.N.Y. Mar. 31, 2006); *Sepulveda v. City of N.Y.*, 2003 WL 22052870 (S.D.N.Y. Sept. 2, 2003); *Vineyard v. Cnty. of Nassau*, 329 F. Supp. 2d 364 (E.D.N.Y. 2004); *Johnson v. Abate*, 1999 WL 1215560 (E.D.N.Y. Dec. 2, 1999).

[38] Plaintiffs also cannot satisfy the requirement of Rule 15(c)(1)(C)(i)—that FEG "received notice of the institution of the original complaint [such] that it w[ould] not be prejudiced in

### C.      The Court Should Bar Any UCL Claims On Behalf Of Corporate Interns.

Because Gratts concededly was never a "corporate intern," she cannot represent any class including corporate interns.  In attempting to moot Searchlight's opposition to production interns Glatt and Footman representing any corporate interns, plaintiffs divided their FLSA and NYLL classes into corporate and production intern subclasses and proposed Antalik alone to represent those corporate intern classes.  *See* Pl. Br. at 1; PAC ¶¶ 65, 66, 75.  Curiously, however, the PAC makes no such distinction with respect to its new UCL claims, lumping all California interns together into one class, purportedly to be represented by Gratts.  PAC ¶ 78.  Since Gratts admittedly only served as a production intern, PAC ¶¶ 21, 148, however, she lacks standing to represent a class containing corporate interns.[39]  Insofar as the PAC asserts UCL claims by any corporate interns, therefore, those claims could not withstand a dismissal motion.[40]

---

maintaining its defense on the merits"—because the PAC is devoid of any facts to establish the requisite "identity of interest" between Searchlight and FEG.  *See generally* PAC.

[39] *See* notes 9-10, *supra*, and accompanying text.  Courts dismiss putative class plaintiffs for lack of standing under comparable circumstances.  *See, e.g.*, *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d at 1026  (dismissing putative class action claims brought under various state laws because named plaintiffs did not reside in many of those states); *Kulkarni*, 446 F. Supp. at 1270, 1273 (holding that named plaintiffs lacked standing to represent certain members of the class they sought to represent where their employment circumstances and job functions were materially different than those class members, reasoning that an "individual may not represent a class unless he may stand in the place of the other members of the proposed class").

[40] Plaintiffs have not identified a single plaintiff who served as a corporate intern in CA— despite it now being a full year since the filing of their original complaint, despite the parties having engaged in several months of extensive discovery that is now complete for the claims in the OC, and despite plaintiffs' counsel's  efforts to contact Searchlight's interns.  Melican Decl. Ex. G.  At this point, it can be presumed that plaintiffs have not located a viable representative for CA corporate interns because there is no such intern with claims.

## IV.   UNDUE PREJUDICE TO SEARCHLIGHT FURTHER MILITATES HEAVILY AGAINST GRANTING PLAINTIFFS' MOTION.

In addition to futility, "undue prejudice to the opposing party by virtue of allowance of [an] amendment" is a proper basis for the Court to deny leave to amend under Rule 15(a)(2).[41] Courts consider prejudice to be one of "the most important factor[s]" and "the most frequent reason for" denying leave to amend.[42]   In determining "prejudice," courts consider, among other factors, whether the assertion of a proposed new claim would require the opponent to expend significant additional resources to conduct discovery and prepare for trial, or would significantly delay resolution of the dispute.[43]   As discussed in greater detail in Searchlight's August 9, 2012 letter to the Court, *see* Melican Decl. Ex. F, the addition of plaintiffs' proposed new claims here would cause all those undue results, most significantly the requirement that Searchlight incur substantial resources for the discovery implicated by the addition of plaintiffs' claims, which discovery would be overwhelmingly one-sided in cost, as it would involve production of electronic discovery in Searchlight's, but not plaintiffs', possession.  For these and all the reasons set forth above, the Court should deny plaintiffs' motion to amend.

---

[41] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008).  Several other bases also support denial of plaintiffs' motion, as detailed in Searchlight's August 9, 2012 letter to the Court, *see* Melican Decl. Ex. F, which Searchlight incorporates herein by reference in its entirety without waiver of any arguments asserted therein.

[42] *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 725 (2d Cir. 2010); *FFP*, § 1487, at 613 (1990 & 2007 Supp.).

[43] *AEP Energy*, 626 F.3d at 725-26 ("Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.") (quotation and citation omitted).  *See also Monahan v. N.Y. City Dept. of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *Tokio Marine & Fire Ins. Co. v. Emplrs. Ins. of Wasusau*, 786 F.2d 101, 103 (2d Cir. 1986); *State Teachers Ret. Bd. v. Fluor*, 654 F.2d 843, 856 (2d Cir. 1981); *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1157-58 (2d Cir. 1968); *Calloway v. Marvel Entertainment Grp.*, 110 F.R.D. 45, 48 (S.D.N.Y. 1986).

## V.   THE COURT SHOULD NOT GRANT LEAVE TO REPLEAD.

Finally, insofar as the Court denies plaintiffs' motion, it should do so without leave to replead.  When a court denies leave to add a new claim or dismisses a claim due to pleading deficiencies, the court should not allow leave to replead if a revised pleading would not cure those deficiencies.[44]  Here, plaintiffs' proposed new claims suffer from material deficiencies that cannot be cured—including that they are untimely and dependent on putative joint employer relationships that simply do not exist.[45]  Leave to replead would be futile, and the Court should deny plaintiffs' motion to amend without any such leave.

Dated:   New York, New York                    PROSKAUER ROSE LLP
         September 19,  2012

                                               By: *s/ Elise M. Bloom*
                                               _____
                                                  Elise M. Bloom
                                                  Amy F. Melican
                                                Eleven Times Square
                                                New York, NY  10036-8299
                                                Phone: (212) 969-3000
                                                Fax: (212) 969-2900
                                                ebloom@proskauer.com
                                                *Attorneys for Defendant*

---

[44] *Hill v. Curione*, 657 F.3d 116 (2d Cir. 2011) (affirming dismissal of complaint without leave to amend, holding that district court properly exercised its discretion in deeming any further amendments to be futile); *Cuoco v. Moritsugu*, 222 F.R.D. 99, 112 (2d Cir. 2000) (holding that leave to replead should be denied when a complaint is dismissed for substantive reasons that cannot be cured); *accord Advanced Magnetics v. Bayfront Partners*, 106 F.3d 11, 18 (2d Cir. 1997); *see also Drakalkis v. ABM Janitorial Servs.-Northeast, Inc.*, 2011 WL 1219843, at *7 (S.D.N.Y. Mar. 24, 2011) (denying leave to replead as futile where facts in dismissed complaint precluded possibility of plaintiffs repleading any plausible claim).

[45] *See, e.g.*, *Dowrich-Weeks v. Cooper Square Realty, Inc.*, 2012 WL 3826981, at *6 (S.D.N.Y. Sept. 4, 2012) (denying leave to replead since any repled claim still would be time-barred); *Bernstein v. New York*, 591 F. Supp. 2d 448, 470 (S.D.N.Y. 2008) (same); *Kilkenny v. Greenberg Traurig, LLP*, 2006 WL 1096830, at *5 n.7 (S.D.N.Y. Apr. 26, 2006) (dismissing complaint without leave to replead where plaintiffs had not and could not allege facts to establish a joint employer relationship requisite for their claims, such that repleading would be futile); *Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 606 (E.D.N.Y. 1995) (same).

**Appendix I**

**Summary of Claims Alleged in
Plaintiffs' Original and Proposed Amended Complaints**

| PROPOSED INTERN CLASS | REPRESENTATIVE(S) IN ORIGINAL COMPLAINT | REPRESENTATIVE(S) IN AMENDED COMPLAINT |
|---|---|---|
| **Rule 23 California UCL claim against Searchlight and FEG (Count IX)** | | |
| • Production Interns | None | Gratt[*] |
| **Nationwide FLSA claims against Searchlight  (Counts I-III)** | | |
| • Production Interns | Glatt/Footman | Glatt/Footman |
| • Corporate Interns | Glatt/Footman | Antalik[†] |
| **Nationwide FLSA claims against FEG (Counts I-III)** | | |
| • Production Interns | *None* | Glatt/Footman |
| • Corporate Interns | *None* | Antalik[†] |
| **Rule 23 New York Labor Law claims against Searchlight  (Counts IV-VIII)** | | |
| • Production Interns | Glatt/Footman | Glatt/Footman |
| • Corporate Interns | Glatt/Footman | Antalik |
| **Rule 23 New York Labor Law claims against FEG (Counts IV-VIII)** | | |
| • Production Interns | *None* | Glatt/Footman |
| • Corporate Interns | *None* | Antalik |

---

[*] Gratt is *not* a member of the putative Rule 23 class or nationwide FLSA collective described in the original complaint.  She does not have a timely FLSA claim and has not filed any opt-in notice.  In addition, because she was a production intern in California (and not NY), she cannot be a member of the putative NY class described in the original action.

[†] On May 10, 2012, Antalik filed an opt-in notice in connection the FLSA claims alleged in original complaint.