**OUTTEN & GOLDEN LLP**
Adam Klein
Rachel Bien
Elizabeth Wagoner
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT and ALEXANDER FOOTMAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FOX SEARCHLIGHT PICTURES INC., <br><br> Defendant. | No. 11 Civ. 6784 (WHP) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT AND TO JOIN PLAINTIFFS EDEN ANTALIK AND KANENE GRATTS AS NAMED PLAINTIFFS AND <u>FOX ENTERTAINMENT GROUP, INC. AS A DEFENDANT</u>**

## **TABLE OF CONTENTS**

I. Plaintiff Antalik's Claim Against FEG Is Not Futile ................................................................ 1

    A. Plaintiffs' Allegations Are Not "Conclusory." ........................................................ 1

    B. Antalik Is an Appropriate Class Representative for All FEG Interns. .................... 4

    C. The Court Should Not Consider Ms. Hoffman's Declaration. ................................ 5

    D. Defendant's Relation Back Arguments Are Meritless............................................. 6

II. Defendant Has Failed to Show that Gratts' UCL Claim Is Untimely. ................................... 8

    A. Defendant's Timeliness Argument Is Premature. ................................................... 8

    B. Gratts' UCL Claim Relates Back to the Original Complaint. ................................ 9

III. The Court Has Supplemental Jurisdiction Over the UCL Claim......................................... 10

IV. CONCLUSION.................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abdell v. City of New York*,
   759 F. Supp. 2d 450 (S.D.N.Y. 2010)..................................................................................6

*Adams v. US Airways, Inc.*,
   No. 10 Civ. 1088, 2011 WL 644089 (D. Ariz. Feb. 11, 2011) ...........................................3

*Addison v. Reitman Blacktop, Inc.*,
   No. 10 Civ. 1435, 2011 WL 4336693 (E.D.N.Y. Sept. 9, 2011)......................................6, 9

*Amidax Trading Grp. V. S. W.I.F. T., SCRL*,
   671 F.3d 140 (2d Cir. 2011)..................................................................................................5

*Barrow v. Wethersfield Police Dept.*,
   66 F.3d 466 (2d Cir. 1995)....................................................................................................8

*Benson v. Univ. of Maine Sys.*,
   --- F. Supp. 2d ----, 2012 WL 1415715 (D. Me. Apr. 24, 2012) .........................................7

*Bravo v. Eastpoint Int'l, Inc.*,
   No. 99 Civ. 9474, 2001 WL 314622 (S.D.N.Y. Mar. 30, 2001) ..........................................3

*Chen v. Domino's Pizza, Inc.*,
   No. 09 Civ. 107, 2009 WL 3379946 (D.N.J. Oct. 16, 2009)................................................3

*Chuy v. Hilton Mgmt. LLC*,
   10 Civ. 178, 2010 WL 1854120 (M.D. Fla. May 10, 2010)............................................3, 5

*Cook v. Arrowsmith Shelburne, Inc.*,
   69 F.3d 1235 (2d Cir. 1995)..................................................................................................2

*Diaz v. Consortium for Worker Educ., Inc.*,
   No. 10 Civ. 1848, 2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) ........................................3

*In re Enterprise Rent-A-Car Wage & Hour Empl. Practices Litig.*,
   683 F.3d 462 (3d Cir. 2012)..................................................................................................3

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*,
   268 F.R.D. 160 (E.D.N.Y. 2010) ..........................................................................................8

*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   114 F.R.D. 48 (S.D.N.Y. 1987) ............................................................................................6

*Herman v. RSR Sec. Servs. Ltd.*,
   172 F.3d 132 (2d Cir. 1999).............................................................................................2, 3

*Johnson v. Abate*,
  No. 93 Civ. 1134, 1999 WL 1215560 (E.D.N.Y. Dec. 2, 1999) ...............................................8

*Krupski v. Costa Crociere S. p. A.*,
  130 S. Ct. 2485 (2010) ...........................................................................................................7

*Laird v. Capital Cities/ABC, Inc.*,
  68 Cal. App. 4th 727 (1998) ..................................................................................................5

*Layton v. DHL Express (USA), Inc.*,
  686 F.3d 1172 (11th Cir. 2012) .............................................................................................3

*In re Lehman Bros. Sec. & ERISA Litig.*,
  684 F. Supp. 2d 485 (S.D.N.Y. 2010) ....................................................................................5

*Lin v. Comprehensive Health Mgmt., Inc.*,
  08 Civ. 6519, 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) ......................................................3

*Lucas v. BMS Enters., Inc.*,
  No. 3:09 Civ. 2159, 2010 WL 2671305 (N.D. Tex. July 1, 2010) .........................................5

*Lynch v. U.S. Auto. Ass'n*,
  614 F. Supp. 2d 398 (S.D.N.Y. 2007) ..................................................................................10

*Manning v. Boston Med. Ctr. Corp.*,
  No. 09 Civ. 11463, 2012 WL 1355673 (D. Mass. Apr. 18, 2012) .........................................3

*Martin v. Spring Break '83 Prods., LLC*,
  688 F.3d 247 (5th Cir. 2012) .................................................................................................3

*Mayfield v. Sara Lee Corp.*,
  2005 WL 88965 (N.D. Cal. 2005) .........................................................................................5

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*,
  No. 09 Civ. 2137, 2010 WL 3239430 (S.D.N.Y. Aug. 17, 2010) ..........................................5

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
  No. 10 Civ. 2661, 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) .............................................3

*Perkins v. S. New Eng. Tel. Co.*,
  No. 07 Civ. 967, 2009 WL 3754097 (D. Conn. Nov. 4, 2009) ..........................................8, 9

*Peterson v. Sealed Air Corp.*,
  902 F.2d 1232 (7th Cir.1990) ................................................................................................7

*Pineiro Diaz v. Adchem Pharma Operations*,
  No. 04 Civ. 1522, 2005 WL 2397489 (D.P.R. Sept. 28, 2005) .............................................5

*Reyes v. Altamarea Group, LLC*,
  No. 10 Civ. 6451, 2011 WL 280799 (S.D.N.Y. Jan. 18, 2011)..................................................2

*Rodriguez v. City of New York*,
  No. 10 Civ. 1849, 2011 WL 4344057 (S.D.N.Y. Sept. 7, 2011)..............................................8

*Ruggles v. Wellpoint, Inc.*,
  687 F. Supp. 2d 30 (N.D.N.Y. 2009)......................................................................................10

*Sepulveda v. City of N. Y.*,
  56 Fed. R. Serv. 3d 1225 (S.D.N.Y. 2003)...............................................................................8

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,
  659 F.3d 234 (2d Cir. 2011).....................................................................................................10

*Sidney v. Wilson*,
  228 F.R.D. 517 (S.D.N.Y. 2005).................................................................................................8

*Simel v. JP Morgan Chase*,
  No. 05 Civ. 9750, 2007 WL 809689 (S.D.N.Y. Mar. 19, 2007).................................................3

*Smith v. Westchester Cty. Dept. of Corr.*,
  No. 07 Civ. 1803, 2012 WL 527222 (S.D.N.Y. Feb. 15, 2012).................................................8

*In re Salomon Smith Barney Mut. Fund Fees Litig.*,
  441 F. Supp. 2d 579 (S.D.N.Y. 2006).......................................................................................5

*Tapia-Ortiz v. Doe*,
  171 F.3d 150 (2d Cir. 1999)......................................................................................................8

*Tracy v. NVR Inc.*,
  667 F. Supp. 2d 244 (W.D.N.Y. 2009).......................................................................................3

*Vineyard v. Cnty. of Nassau*,
  329 F. Supp. 2d 364 (E.D.N.Y. 2004).......................................................................................8

*VKK Corp. v. Nat'l Football League*,
  244 F.3d 114 (2d Cir. 2001).......................................................................................................6

*Walters v. NYC Health Hosp. Corp.*,
  No. 02 Civ. 751, 2006 WL 846711 (S.D.N.Y. Mar. 31, 2006)..................................................8

*Wilson v. Fairchild Republic Co.*,
  143 F.3d 733 (2d Cir. 1988).......................................................................................................9

**OTHER AUTHORITIES**

29 C.F.R. § 791.2(b)(3)....................................................................................................................3

Fed. R. Civ. P. 15 ................................................................................................................................6

Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1497 (3d ed.) .......................................................9

Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1501 (3d ed.) .......................................................9

I.   **Plaintiff Antalik's Claim Against FEG Is Not Futile**

Defendant's arguments against the addition of FEG are meritless because they: (1) ignore the many factual allegations in the First Amended Complaint ("FAC") that demonstrate that FEG set the policies that applied to Antalik and other corporate interns and jointly employed them; and (2) rely on materials outside of the pleading, which is not appropriate on a motion to amend or a motion to dismiss under Rule 12(b)(6).[1]

A.   **Plaintiffs' Allegations Are Not "Conclusory."**

There is nothing "conclusory" or "boilerplate" about the many facts that Plaintiffs allege linking FEG to the unlawful policies that applied to Antalik and corporate interns. In particular, Plaintiffs allege that:

- FEG has set and/or enforced personnel and compensation policies that apply to interns who participated in its internship program, FAC ¶ 27;

- FEG recruited interns who participated in its internship program, *id*. ¶ 28;

- FEG issued offer letters to interns who participated in its internship program, *id*. ¶ 29;

- FEG maintained records of the termination dates of interns who participated in its internship program and their days and hours of work, *id*. ¶ 30;

- FEG required intern applicants to list the dates and hours when they were available to intern on their internship applications, *id*. ¶ 31;

- FEG assigned interns to its film and television divisions, including to Searchlight; *id*. ¶ 32;

- FEG required interns to complete personnel documents, including completing I-9 forms and a Worker's Compensation agreement, *id*. ¶ 33;

- FEG classified interns as "employees" for purposes of applicable Worker's Compensation laws, *id*. ¶ 34;

---

[1]   Antalik does not seek to represent interns who worked on Searchlight's film productions. *See* FAC ¶¶ 65, 90. In addition, absent further discovery, Plaintiffs Glatt, Footman, and Gratts do not seek to bring claims against FEG.

- FEG developed policies that applied to interns, including guidelines that applied to supervisors of interns, *id.* ¶ 35;

- FEG had the power to determine interns' wages. For example, FEG did not pay any wages to most interns who participated in its internship program until it changed its policy in fall 2010 and started paying interns, *id.* ¶¶ 36-37.

While it does not dispute these allegations, Defendant claims that "plaintiffs cannot add FEG as a named defendant unless they can *establish* that FEG and Searchlight were plaintiffs' employers or joint employers." Def.'s Opp'n at 13 (emphasis added). This is a premature merits argument that is not appropriate now. *See Reyes v. Altamarea Group, LLC*, No. 10 Civ. 6451, 2011 WL 280799, *3-4 (S.D.N.Y. Jan. 18, 2011) (denying motion to dismiss claims against alleged joint employer based on allegations that it "accept[ed] job applications," "had the power to put in place employee policies," and "administer[ed] benefits for workers"). Moreover, the facts above are more than sufficient to allege a joint employer relationship under Second Circuit law. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (factors include: power to hire and fire, supervise and control work schedules or employment conditions, determine the rate and method of payment, and maintain employment records); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995) (parent and subsidiary may be liable jointly as a "single, integrated enterprise" where there is evidence of interrelated operations, centralized control of labor relations, common management, and common ownership or financial control).

Furthermore, Defendant's argument that these facts somehow "sever[] any purported link between Searchlight and FEG" as joint employers is nonsensical. *See* Def.'s Opp'n at 14. What the FAC alleges, the discovery to date shows, and Defendant's counsel admitted, is that certain FEG subsidiaries in addition to Searchlight relied on the same "FEG Intern Recruiter," Aimee Hoffman, "to coordinate internships at their companies," and that the policies to which Plaintiffs have pointed in support of their motion, including hiring, personnel, and internship guidelines,

2

"reflect information that applied to" those interns.  *See* Bien Decl. Ex. 5 (Email, dated Sept. 1, 2012).  In other words, the recruitment of interns and formulation of policies that applied to them was done centrally by the parent company, which then assigned interns to various subsidiaries, including Searchlight.  FEG and Searchlight are joint employers because each controlled the terms and conditions of interns' work.  29 C.F.R. § 791.2(b)(3); *Herman*, 172 F.3d at 139.

The cases on which Defendant relies are easily distinguished because, in those cases, the plaintiffs failed to allege any specific facts demonstrating the employer's control over the employment practices,[2] or relied on facts pled "on information and belief"[3] or facts that were not relevant to the joint employment test.[4]  Some of the cases are simply irrelevant because they involve motions for summary judgment,[5] or do not address the definition of an employer at all.[6]

Finally, although Defendant accuses Plaintiffs of seeking to sweep in all interns who worked for every one of FEG's subsidiaries, it knows this is not true.  In an effort to avoid motion practice, Plaintiffs offered to narrow the scope of the class and collective to interns who worked for the subsidiaries for which Ms. Hoffman recruits and asked Defendant to identify those

---

[2]     *See Chen v. Domino's Pizza, Inc.*, No. 09 Civ. 107, 2009 WL 3379946, at *4 (D.N.J. Oct. 16, 2009); *Adams v. US Airways, Inc.,* No. 10 Civ. 1088, 2011 WL 644089, at *3 (D. Ariz. Feb. 11, 2011), *Manning v. Boston Med. Ctr. Corp.*, No. 09 Civ. 11463, 2012 WL 1355673, at *2 (D. Mass. Apr. 18, 2012), *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474, 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001); *Lin v. Comprehensive Health Mgmt., Inc.*, 08 Civ. 6519, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009); *Diaz v. Consortium for Worker Educ., Inc.,* No. 10 Civ. 1848, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* No. 10 Civ. 2661, 2011 WL 321186, *4 (S.D.N.Y. Jan. 28, 2011).
[3]     *See Tracy v. NVR Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009).
[4]     *See In re Enterprise Rent-A-Car Wage & Hour Empl. Practices Litig.*, 683 F.3d 462, 469-70 (3d Cir. 2012); *Chuy v. Hilton Mgmt. LLC*, 10 Civ. 178, 2010 WL 1854120 at *2-3 (M.D. Fla. May 10, 2010).
[5]     *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 249-51 (5th Cir. 2012); *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1173-75 (11th Cir. 2012).
[6]     *See Simel v. JP Morgan Chase*, No. 05 Civ. 9750, 2007 WL 809689, at *5 (S.D.N.Y. Mar. 19, 2007).

3

subsidiaries. Bien Decl. ¶ 16 & Ex. 5 (Email, dated Sept. 5, 2012). Defendant refused and still failed to do so in response to this motion even though the information would have mooted some of its arguments. Nonetheless, as discussed above and in Plaintiffs' opening brief, the FAC more than supports inclusion of FEG and the discovery to date also supports it. *See* Bien Decl. Ex. 6 (Offer Letter) (welcoming interns to the "Fox Entertainment Group Internship Program," and requiring them to complete employment paperwork, including an I-9 form, a confidentiality agreement, and a Worker's Compensation agreement). The targeted discovery that Plaintiffs requested will assist in determining the proper scope of the class.

### B.  Antalik Is an Appropriate Class Representative for All FEG Interns.

Defendant's arguments about whether Antalik is an appropriate class representative are premature.[7] The fact that she worked in Fox's New York office does not make her unfit as a matter of law to represent interns who worked in California or other states. Moreover, she has alleged facts that make her similar to other FEG interns, including that she had a set schedule, worked out of a corporate office, performed productive work, and was paid no wages, *see* FAC ¶¶ 138, 140, 142, and alleges that she performed some work for another FEG subsidiary, 20th Century Fox, *id*. ¶ 137. To the extent that materials outside the pleading are considered, they contradict Defendant's claims that she is different. For example, Antalik testified that she was subjected to the same relevant protocols as other interns, including applying through Fox's centralized intern webpage, *see* Supplemental Decl. of Rachel Bien (Supp. Decl.) Ex. 12 (Antalik Tr.) 36:13-37:4, and documents show that she filled out the same paperwork as other FEG interns at Ms. Hoffman's direction, *see, e.g.*, Ex. 13 (Emails, dated July 21-23, 2009). In addition, her supervisor, John Maybee, testified that he was required to follow centralized intern policies and

---

[7]   Plaintiff Antalik will dismiss overtime claims on behalf of the Corporate Intern Class from the Second and Fifth Causes of Action. *See* Def.'s Opp'n at 18-20.

4

complete standardized paperwork that Ms. Hoffman required of all FEG intern supervisors.  Ex. 14 (Maybee Tr.) 203:14-215:15.

Most of the cases on which Defendant relies are inapposite because they are not employment cases and do not analyze the FLSA's joint employment tests.[8]  The employment cases are distinguishable because in two of them, the plaintiffs did not identify which defendants employed them,[9] and in another, the plaintiffs entirely failed to allege that one of the defendants was an employer.[10]  Two others arose on summary judgment, and do not address the sufficiency of the pleadings.[11]

### C.     The Court Should Not Consider Ms. Hoffman's Declaration.

The Court should not consider Ms. Hoffman's declaration at all because Defendant refused to allow her to be cross-examined about any facts relevant to this motion during her deposition last month, including the identities of, and her duties with respect to, the other FEG subsidiaries for which she recruits.  Even if the Court does review the declaration, it merits little weight because it mostly consists of irrelevant class and collective certification arguments.  *See* Hoffman Decl. ¶¶ 7-8.  Although Ms. Hoffman denies that FEG itself had interns, *id.* ¶ 5, that is not at issue.  What is at issue is whether it enforced policies that applied to Antalik and other similarly situated interns employed by FEG's subsidiaries, which Defendant does not deny.

---

[8]     *See In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, No. 09 Civ. 2137, 2010 WL 3239430, at *4 (S.D.N.Y. Aug. 17, 2010); *In re Lehman Bros. Sec. & ERISA Litig.*, 684 F. Supp. 2d 485, 491 (S.D.N.Y. 2010); *In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 579, 582 (S.D.N.Y. 2006); *Amidax Trading Grp. V. S. W.I.F. T., SCRL*, 671 F.3d 140, 143-44 (2d Cir. 2011).

[9]     *Pineiro Diaz v. Adchem Pharma Operations*, No. 04 Civ. 1522, 2005 WL 2397489, at *1, 11-12 (D.P.R. Sept. 28, 2005); *Lucas v. BMS Enters., Inc.*, No. 3:09 Civ. 2159, 2010 WL 2671305, at *1-3 (N.D. Tex. July 1, 2010).

[10]    *Chuy v. Hilton Mgmt. LLC*, No. 610 Civ. 178, 2010 WL 1854120, at *2 (M.D. Fla. May 10, 2010).

[11]    *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 732-33, 737 (1998); *Mayfield v. Sara Lee Corp.*, 2005 WL 88965, at *2-3 (N.D. Cal. 2005).

## D. Defendant's Relation Back Arguments Are Meritless.

The Court should rule that Antalik's claim against FEG relates back to the original complaint because: (1) it arises out of the same conduct, transaction, or occurrence alleged in the original complaint; (2) FEG received notice of the original complaint within 120 days of its filing; and (3) FEG knew or should have known that, but for a mistake concerning its identity, the action would have been brought against it. Fed. R. Civ. P. 15(c)(1); *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001) (claims against new defendant related back to original filing); *see also Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 51 (S.D.N.Y. 1987) (claims of expanded Rule 23 class related back to date of original complaint).[12]

Defendant does not dispute the same transaction or occurrence requirement and hardly disputes the notice requirement, except to say in a footnote that the FAC fails to establish an "identity of interest" between Searchlight and FEG. Def.'s Opp'n at 22 n.38. However, Defendant admits that it is Searchlight's parent corporation and several other facts support the conclusion that it had at least constructive, if not actual, notice of the original complaint, including that it set and enforced the policies that the original complaint challenged, produced the "FEG Intern Recruiter" as Searchlight's corporate representative to testify about intern policies, and is located in the same corporate office as Searchlight. *See* Fed. R. Civ. P. 15 advisory committee's note ("notice need not be formal"); *Addison v. Reitman Blacktop, Inc.*, No. 10 Civ. 1435, 2011 WL 4336693, at *7 (E.D.N.Y. Sept. 9, 2011) (claims against new defendant related back where they arose from same facts described in original complaint and where new defendant shared a service of process address with the original defendant and should have known that it might be liable as a joint employer); *see also Abdell v. City of New York*, 759 F. Supp. 2d 450, 455

---

[12] Even if the claim does not relate back, Defendant does not deny that it is timely.

6

(S.D.N.Y. 2010) (notice requirement satisfied where new defendant testified at a deposition); *Peterson v. Sealed Air Corp.,* 902 F.2d 1232, 1237 (7th Cir.1990) (a corporation might receive notice within the meaning of Rule 15(c) if "its president reads about the suit in *The Wall Street Journal* and recognizes that his firm is the right defendant").

Defendant's argument about the third "mistaken identity" requirement flips the requirement on its head and ignores controlling law. As the Supreme Court recently held, the inquiry turns on "what the prospective *defendant* knew or should have known . . . not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2493 (2010) (emphasis in original). Relation back applies to a "prospective defendant who understood, or who should have understood, that he escaped suit" because the plaintiff "misunderst[ood] the roles that party A and party B played in the 'conduct, transaction, or occurrence' giving rise to her claim." *Id*. at 2494-95; *see Benson v. Univ. of Maine Sys.*, --- F. Supp. 2d ----, 2012 WL 1415715, at *7 (D. Me. Apr. 24, 2012) (claims against second joint employer related back to date of original complaint because plaintiffs mistakenly only named one of them in original complaint). Defendant does not deny that had Plaintiffs known of FEG's role in setting and enforcing the intern policies that they challenge, they would not have sued only Searchlight, which merely implemented them.

Moreover, *Krupski* rejected Defendant's argument that there can be no mistake if plaintiffs learn information in discovery concerning a proper defendant. *See* 130 S. Ct. at 2493-95. There, the Court held that the claims against the new defendant related back even though the plaintiff knew that the new defendant could be liable for her injury from the outset, but did not learn of its role with respect to the incident until after discovery commenced. *Id*. at 2491, 2494. Only one of

7

the cases that Defendant cites mentions *Krupski*.[13]  However, like several of the other cases that Defendant cites, it involves claims against John Doe defendants and thus raises notice problems not at issue here.[14]

Antalik's claim against Searchlight also relates back because she is "merely" a "newly named plaintiff[] alleging the same violations" as the original named Plaintiffs.  *Perkins v. S. New Eng. Tel. Co.*, No. 07 Civ. 967, 2009 WL 3754097, at *5 (D. Conn. Nov. 4, 2009) (where original plaintiffs brought claims on behalf of those "similarly situated," defendants were on notice that "other parties might be added to the action") (internal quotation marks omitted).

## II.  Defendant Has Failed to Show that Gratts' UCL Claim Is Untimely.

### A.  Defendant's Timeliness Argument Is Premature.

Defendant relies on declarations from two individuals whom it failed to disclose to argue that Gratts' UCL claim is untimely.  Neither declaration speaks specifically to Gratts' last day of work or directly contradicts her recollection that she worked through August 2008.  Given that there has been no discovery yet concerning Gratts, it would be premature to dismiss her claims at this stage.  *See Garcia v. Pancho Villa's of Huntington Vill., Inc.,* 268 F.R.D. 160, 166 (E.D.N.Y. 2010) (rejecting defendants' argument that amendment would be futile based on statute of limitations grounds because "the statute of limitations is an affirmative defense, the determination of which requires a consideration of the merit of both parties' claims and defenses"); *see also*

---

[13]  *Smith v. Westchester Cty. Dept. of Corr.*, No. 07 Civ. 1803, 2012 WL 527222 (S.D.N.Y. Feb. 15, 2012)

[14]  *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 151-52 (2d Cir. 1999); *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995); *Sidney v. Wilson*, 228 F.R.D. 517 (S.D.N.Y. 2005); *Rodriguez v. City of New York*, No. 10 Civ. 1849, 2011 WL 4344057 (S.D.N.Y. Sept. 7, 2011); *Walters v. NYC Health Hosp. Corp.*, No. 02 Civ. 751, 2006 WL 846711 (S.D.N.Y. Mar. 31, 2006); *Sepulveda v. City of N. Y.*, 56 Fed. R. Serv. 3d 1225 (S.D.N.Y. 2003); *Vineyard v. Cnty. of Nassau*, 329 F. Supp. 2d 364 (E.D.N.Y. 2004); *Johnson v. Abate*, No. 93 Civ. 1134, 1999 WL 1215560 (E.D.N.Y. Dec. 2, 1999).

*Addison*, 2011 WL 4336693, at *4 (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)) (internal quotation marks omitted) (limiting review on a motion to amend to "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint").

### B. Gratts' UCL Claim Relates Back to the Original Complaint.

Gratts' UCL claim relates back to the original complaint because it is based on the same "conduct, transaction or occurrence" as the FLSA and NYLL claims and Defendant "had actual notice that additional parties might assert claims arising out of the transaction or occurrence at issue."[15] *Perkins*, 2009 WL 3754097, at *2, 5 (internal quotation marks omitted). "The pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the newly alleged claims." *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir. 1988) *abrogated on other grounds by Slayton v. Am. Exp. Co.*, 460 F.3d 215 (2d Cir. 2006); *see also* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1497 (3d ed.) ("[A]n amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in Rule 15(c)(1)(B)"); *id.* § 1501 ("As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, [its] ability to protect itself will not be prejudicially affected if a new plaintiff is added, and [it] should not be permitted to invoke a statute of limitations defense.")

Here, Defendant was "prepared to defend" against Gratts' claim because the original complaint alleged class and collective claims on behalf of "similarly situated" interns who worked on Searchlight productions nationwide, *see Perkins*, 2009 WL 3754097, at *5, and Gratts worked

---

[15] The FAC states that the class period for Gratts' claim began on August 1, 2008; however, if the Court rules that the claim relates back, the correct date is September 28, 2007 – four years from when the original complaint was filed. Contrary to Defendant's contentions, Gratts does not seek to represent corporate interns and did not allege overtime violations. *See* Def.'s Opp'n at 18-20, 22.

9

on one of the five films on which the parties focused discovery. Thus, Defendant has always had the opportunity to take discovery from Gratts and can still depose her if the Court permits additional discovery. *See id*. There is also no dispute that the UCL claim stems from the same conduct at issue in the original complaint. *See id.* ("All that the case law in the Second Circuit requires under Rule 15(c)(1)(B) is that the basic claim must have arisen out of the conduct set forth in the original pleading.") (internal quotation marks omitted).

### III.    The Court Has Supplemental Jurisdiction Over the UCL Claim.

The Court has supplemental jurisdiction over the UCL claim because it arises from the same "common nucleus of operative fact" as the FLSA and NYLL claims in the original complaint. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (state labor law and FLSA claims "derive from [a] common nucleus of operative fact" for purposes of supplemental jurisdiction where they "arise out of the same compensation policies and practices") (internal quotation omitted). The UCL claim is predicated on a violation of the FLSA and a nearly identical violation of the California Labor Code. Courts in this Circuit have routinely asserted supplemental jurisdiction over state law claims that are similar to the FLSA, including California wage claims. *See Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 36 (N.D.N.Y. 2009); *see also Lynch v. U.S. Auto. Ass'n*, 614 F. Supp. 2d 398, 402 (S.D.N.Y. 2007). Defendant is wrong that the test governing internships under California law is "novel." As the California opinion letter that Defendant cites makes clear, California looks to the federal intern test and interprets intern cases "consistent[ly]" with FLSA caselaw. *See* Melican Decl. Ex. D, at 5.

### IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion to Amend and permit them to file the proposed First Amended Complaint.

Dated: September 25, 2012
       New York, New York

           Respectfully submitted,

     By: */s/ Rachel Bien*
        Rachel Bien

        Adam T. Klein
        Rachel Bien
        Elizabeth Wagoner
        Reena Arora
        **OUTTEN & GOLDEN LLP**
        3 Park Avenue, 29th Floor
        New York, NY 10016
        Telephone: (212) 245-1000
        Facsimile: (212) 977-4005

        *Attorneys for Plaintiffs*