**OUTTEN & GOLDEN LLP**
Adam Klein
Rachel Bien
Elizabeth Wagoner
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC.,<br><br>     Defendants. | No. 11 Civ. 6784 (WHP) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING RELATION BACK OF PLAINTIFF GRATTS' UNFAIR COMPETITION CLAIM**

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this Memorandum of Law in support of their Motion for Reconsideration of the portion of the Court's October 9, 2012 order that held that Plaintiff Kanene Gratts' claim under California's Unfair Competition Law does not relate back to the date of the original Complaint. Decl. of Rachel Bien ("Bien Decl.") Ex. 1 ("Order"). The Court held that the claim did not relate back because Plaintiffs had failed to satisfy Rule 15(c)(1)(C)(ii) of the Federal Rules of Civil Procedure, which requires a showing that "the party to be brought in by the amendment . . . knew or should have known that the action would have been brought against it, but for a mistake about the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); Ex. 1 (Order) 14:17-15:4. Plaintiffs respectfully submit that the Court overlooked important language in Rule 15(c) and the majority of cases holding that the "mistake" prong does not apply to amendments adding new plaintiffs where "the defendants had adequate notice of the claims" and where their "assertion . . . would [not] surprise and frustrate reasonable possibilities for a defense." *In re Gilat Satellite Networks, Ltd.*, No. 02 Civ. 1510, 2005 WL 2277476, at *26 (E.D.N.Y. Sept. 19, 2005).

**PROCEDURAL HISTORY**

On September 5, 2012, Plaintiffs sought leave to amend their Complaint, *inter alia*, to add Kanene Gratts as a named Plaintiff to represent a class of film production interns under California's Unfair Competition Law ("UCL"). ECF No. 27. Ms. Gratts was an intern who worked on one of the five sample films on which the Court ordered the parties to focus discovery. In its October 9, 2012 order, the Court held that Ms. Gratts' claim "arise[s] out of the same common nucleus of operative fact as the FLSA and New York claims" and is based on the same legal theory because "California's test governing the classification of interns is consistent

with the FLSA's." Ex. 1 (Order) 13:12-19. It also held that Plaintiffs had "not delayed unreasonably in moving to amend" and that Searchlight would not be prejudiced by having to defend against the new claim. *Id*. at 13:23-14:8. Accordingly, the Court granted Plaintiffs' motion, allowing Plaintiffs to amend the Complaint to add Ms. Gratts and her UCL claim, but held that the claim did not relate back to the date of the original Complaint. Ex. 1 (Order) 14:17-15:4.

## ARGUMENT

Reconsideration is appropriate where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (internal quotation marks omitted). "A motion for reconsideration may also be granted to correct a clear error or to prevent a manifest injustice." *Id.* (internal quotation marks omitted).

Plaintiffs respectfully submit that the Court overlooked the plain language of Rule 15(c)(1)(C) that limits Rule 15(c)(1)(C)(ii)'s "mistake" prong to the addition of new defendants.[1] The majority of courts in this Circuit have correctly held that it does not apply to proposed amendments adding new plaintiffs. These courts properly allowed relation back of new plaintiffs' claims where the defendants had prior notice of the claims and would not be prejudiced in defending against them.

**I.      Rule 15(c)(1)(C)(ii) Does Not Apply to the Addition of New Plaintiffs.**

The express language of Rule 15(c)(1)(C) applies only to new defendants because its terms limit it to situations where "the amendment changes the party or the naming of the party

---

[1] The mistake prong requires a showing that "the party to be brought in by the amendment . . . knew or should have known that the action *would have been brought against it*, but for a mistake about the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added).

2

*against whom a claim is asserted*." Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).  An amendment adding a new plaintiff does not does not change a party "against whom a claim is asserted," Fed. R. Civ. P. 15(c)(1)(C), it changes a party who is asserting a claim.  According to the Federal Rules Advisory Committee, "[t]he relation back of amendments changing plaintiffs is not expressly treated in Rule 15(c) since the problem is generally easier." Fed. R. Civ. P. 15 advisory committee's note (1966).

With respect to an amendment adding new plaintiffs, Rule 15(c) embodies a preference for allowing claimants to prove their claims on the merits even when the statute of limitations has passed as long as the defendant had "notice of the claim within the [statute of limitations] period." *Id*.  This is the liberal "attitude" that the Advisory Committee instructs courts to adopt when considering the relation back of amendments adding plaintiffs, extending it "by analogy" from the "change of defendants," which the rule specifically governs, "to amendments changing plaintiffs." *Id*.

Recognizing that the chief consideration is notice, most courts have applied Rule 15(c)(1)(C)(i)'s notice prong to protect defendants from the addition of unforeseen new plaintiffs, but have not required plaintiffs to prove Rule 15(c)(1)(C)(ii)'s "mistake" prong. *See, e.g., In re S. Afr. Apartheid Litig.*, 617 F. Supp. 2d 228, 289-92 (S.D.N.Y. 2009); *Perkins v. S. New England Tel. Co.*, No. 07 Civ. 967, 2009 WL 3754097, at *4 (D. Conn. Nov. 4, 2009); *In re Gilat Satellite Networks*, 2005 WL 2277476, at *25; *In re Simon II Litig.*, 211 F.R.D. 86, 146 (E.D.N.Y. 2002), *vacated on other grounds by* 407 F.3d 125 (2d Cir. 2005); *see also Lugosch v. Congel*, No. 00 Civ. 784, 2002 WL 1001003, at *2 (N.D.N.Y. May 14, 2002) (permitting relation back of new plaintiffs' claims where defendants were on notice and would not be prejudiced); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 397-99 (E.D.N.Y. 1998) (permitting

3

plaintiffs' claims to relate back because defendants had "adequate notice of the matters raised in the amended pleading"); *Neufeld v. Neufeld*, 910 F. Supp. 977, 985-86 (S.D.N.Y. 1996) (same); 6 Wright & Miller, Federal Practice & Procedure § 1501 ("As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense.")

These courts reached the correct result because the mistake prong was included in the rule primarily to address circumstances where a plaintiff attempting to sue the federal government named the wrong federal entity by mistake and did not name the correct entity until the statute of limitations had run.  *See* Fed. R. Civ. P. 15 advisory committee's note (1966). Because Rule 15(c)(1)(C)(ii) does not fit where an amendment seeks to add a new plaintiff, it would not "be consistent with the liberal 'attitude' of Rule 15, . . . to . . . encourage resolution of claims on the merits," to force its application for another purpose.  *See In re S. Afr. Apartheid Litig.*, 617 F. Supp. 2d at 290 (internal quotation marks omitted); *see also In re Gilat Satellite Networks*, 2005 WL 2277476, at *25.

The only binding precedent other than the plain language of the rule, while not addressing this point explicitly, also weighs in Plaintiffs' favor.  The Second Circuit has confirmed that relation back under Rule 15(c) is available to claims brought by new plaintiffs and not just against new defendants, *see Advanced Magnetics, Inc. v. Bayfront Partners Inc.*, 106 F.3d 11, 19 (2d Cir. 1997), but has never held that relation back requires parties seeking to add new plaintiffs to meet the mistake prong.  In *Benfield v. Mocotta Metals Corp.*, 26 F.3d 19 (2d Cir. 1994), the Second Circuit held that the claims of a new plaintiff would relate back under Rule 15(c) simply because the defendants would not face an "unfair surprise." *Id*. at 23.  Most

4

district courts in this Circuit have followed this liberal approach, applying relation back to the claims of new plaintiffs where the amendment would not "surprise and frustrate reasonable possibilities for a defense" and was based on the same transaction or occurrence as the original plaintiffs' claims. *In re S. Afr. Apartheid Litig.*, 617 F. Supp. 2d at 290 (internal quotation marks omitted); *see Fair Housing in Huntington Comm. v. Town of Huntington*, No. 02 Civ. 2787, 2010 WL 2730757, at *8 (E.D.N.Y. July 8, 2010) ("[C]ourts have allowed relation back of new plaintiffs where defendants had fair notice of the new plaintiffs' claims and would not suffer undue prejudice"); *Perkins*, 2009 WL 3754097, at *2 ("Relation back to add plaintiffs is appropriate where the status of the original plaintiff and a liberal reading of the complaint apprise defendant of the existence of the additional plaintiff's existence and claims, or . . . if the defendant has had actual notice that additional parties might assert claims arising out of the transaction or occurrence at issue.") (internal quotation marks omitted); *In re Gilat Satellite Networks*, 2005 WL 2277476, at *26 (considering "whether the defendants had adequate notice of the claims of the newly added plaintiffs and whether the late assertion of their claims would 'surprise and frustrate reasonable possibilities for a defense'") (quoting *In re Simon II Litig.*, 211 F.R.D. at 146).

    Although the court in *In re Integrated Resources Real Estate Limited Partnerships Securities Litigation* purported to apply the mistake prong to the claims of new plaintiffs, it ultimately permitted the claims of certain plaintiffs to relate back based on the fact that the defendants were on notice of them and thus "the purpose behind the statute of limitations, namely notice, [wa]s not defeated[.]" 815 F. Supp. 620, 644 (S.D.N.Y. 1993) (internal quotation marks omitted). To the extent that the court implicitly applied the mistake prong to these plaintiffs, it appears to have concluded that the prong was met because there was no evidence

that their omission from the initial complaint was "a deliberate strategy." *Id.* (internal quotation marks omitted).  Here, there is no dispute that Ms. Gratts' omission from the Complaint was not strategic.

*Perkins v. Southern New England Telephone Co.*, a wage and hour class and collective action addressing circumstances nearly identical to those here, held that the proposed amendment adding new named plaintiffs related back because the original complaint alleged claims on behalf of "similarly situated" employees and thus the defendants were on notice that "other parties might be added to the action." 2009 WL 3754097, at *5-6.  The court held that the defendant would not be prejudiced in its defense of the new claims because it had had a full opportunity to defend against them, including the opportunity to take the depositions of the newly added plaintiffs.  *Id.*; *see also Niemiec v. Ann Bendick Realty*, No. 04 Civ. 00897, 2007 WL 5157027, at *14 (E.D.N.Y. Apr. 23, 2008) (permitting claims of new named plaintiffs to relate back where "the plaintiffs have not been dilatory and defendants will suffer no injustice from the amendment given their notice of the original action against them").

The same is true here.  Searchlight was on notice that additional plaintiffs might come forward because the original complaint alleged collective claims on behalf of "similarly situated" interns who worked on Searchlight film productions nationwide.  It was not prejudiced in defending against Ms. Gratts' claim because "California's test governing the classification of interns is consistent with the FLSA's," Ex. 1 (Order) 13:12-19, and Searchlight could have taken discovery from Ms. Gratts because she worked on one of the five films on which discovery focused and may still do so now that the Court has extended the discovery deadline.

**II.    The Mistake Prong Is Particularly Inapposite in Employment Class Actions Where Plaintiffs Frequently Come Forward Only After the Initial Filing.**

In wage and hour and other employment class actions, plaintiffs frequently come forward well after the initial filing, often because they fear retaliation or are unaware that their rights have been violated.  *See* David Weil & Amanda Pyles, *Why Complain? Complaints, Compliance, and the Problem of Enforcement in the U.S. Workplace*, 27 Comp. Lab. L. & Pol'y J. 59, 83 (2005) (noting studies suggest that "despite explicit retaliation protections under various labor laws, being fired is widely perceived to be a consequence of exercising certain workplace rights"); *Gentry v. Superior Court*, 165 P.3d 556, 565-67 (Cal. 2007) ("[S]ome individual employees may not sue because they are unaware that their [wage and hour] rights have been violated").  Allowing new named plaintiffs to join a case already in progress without compromising their recovery period is consistent with the remedial purposes of wage protection laws.  *See Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 & n.2 (2d Cir. 2010) (The FLSA "is a remedial law" because it "provid[es] a means to enforce rights or redress injuries") (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Reconsideration and hold that Plaintiff Gratts' UCL claim relates back to the date of the original complaint.

Dated:  October 23, 2012
        New York, New York

Respectfully submitted,

By:    */s/ Rachel Bien*
       Rachel Bien

        Adam T. Klein
        Rachel Bien
        Elizabeth Wagoner
        Reena Arora
        **OUTTEN & GOLDEN LLP**
        3 Park Avenue, 29th Floor
        New York, NY 10016
        Telephone: (212) 245-1000
        Facsimile: (212) 977-4005

        *Attorneys for Plaintiffs*