PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Eleven Times Square
New York, NY  10036
Ph: 212.969.3000/Fax: 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

|  |  |
|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated, | Civil Action No. 11 CV 6784 (WHP) |
| Plaintiffs, | ECF Case |
| v. |  |
| FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC., |  |
| Defendants. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S OCTOBER 9, 2012 ORDER**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND & OVERVIEW ............................................................................................. 2

    A. Effect of the Court's Ruling ........................................................................................ 2

    B. Relevant Procedural History ....................................................................................... 3

        1. Plaintiffs' Motion to Amend .................................................................................. 3

        2. Searchlight's Opposition ........................................................................................ 3

        3. Plaintiffs' Reply ..................................................................................................... 4

        4. The Court's Ruling and The Instant Motion .......................................................... 6

ARGUMENT ........................................................................................................................... 6

    A. Defendants Satisfy The Standards For Reconsideration ............................................. 6

    B. Plaintiffs Cannot Satisfy Rule 15(c)(1)(C)(ii). .......................................................... 7

        1. Plaintiffs Cannot Satisfy the Element of Rule 15(c)(1)(C)(ii). ........................... 7

        2. *Krupski* Does Not Support Relation Back of Plaintiffs' FEG Claims. ............. 8

        3. The Weight of Post-Krupski Authority Among Second Circuit
           District Courts Precludes Plaintiffs From Meeting The Rule
           15(c)(1)(C)(ii) "Mistake" Element. ..................................................................... 10

        4. Plaintiffs Cannot Establish That FEG Knew Or Should Have
           Known That It Would Have Been Named In The OC But For
           A Mistake By Plaintiffs. ...................................................................................... 12

    C. If the Court Intended Its Ruling To Apply To The FLSA FEG Claims, Reconsideration
        Of the Ruling Is Also Warranted As To Those Claims ................................................ 16

CONCLUSION ....................................................................................................................... 17

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abdell v. City of N.Y.*,
   759 F.Supp.2d 450 (S.D.N.Y. 2010)......................................................................16

*Accord Frye v. Baptist Memo. Hosp., Inc.*,,
   2012 WL 3570657 (6th Cir. Aug. 21, 2012) ........................................................16

*Addison v. Reitman Blacktop, Inc.*,
   2011 WL 4336693 (E.D.N.Y. Sept. 9, 2011) ......................................................16

*Boda v. Phelan*,
   2012 WL 3241213 (E.D.N.Y. Aug. 6, 2012) .......................................................11

*Bogle v. Melamed*,
   2012 WL 1117411 (E.D.N.Y. Mar. 30, 2012) .....................................................12

*Burdine v. Kaiser*,
   No. 09-CV-1026, 2010 WL 2606257 (N.D. Ohio June 25, 2010) ........................10

*Curry v. Campbell*,
   No. 06-CV-2841, 2012 WL 1565448 (E.D.N.Y. May 2, 2012) ...........................14

*Daniel v. City of Matteson*,
   No. 09-CV-3171, 2011 WL 198132 (N.D. Ill. Jan. 18, 2011)..............................10

*Dominguez v. City of New York*,
   No. 10 Civ. 2622, 2010 WL 3419677 (E.D.N.Y. Aug. 27, 2010) ...................10, 12

*Elliott v. City of Hartford*,
   2012 WL 3288826 (D. Conn. Aug. 10, 2012) .....................................................12

*Esmilla v. Cosmopolitan Club*,
   2011 WL 814007 (S.D.N.Y. Mar. 3, 2011) .........................................................12

*Felmine v. City of New York*,
   No. 09-CV-3768, 2012 WL 1999863 (E.D.N.Y. June 4, 2012) ...........................11

*Gleason v. McBride*,
   869 F.2d 688 (2d Cir. 1989)..................................................................................4

*Gullo v. City of N.Y.*,
   No. 10 Civ. 8516, 2012 WL 4834182 (S.D.N.Y. Oct. 11, 2012) .........................11

*Huitzil v. Delta Int'l Mach. Corp.*,
 2011 WL 3251508 (S.D.N.Y. July 26, 2011) ...........................................................12

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*,
 No. 09 Civ. 2137, 2010 WL 3239430 (S.D.N.Y. Aug. 17, 2010) .............................4

*Jamison v. City of York*,
 09 Civ. 1289(YK), 2010 WL 3923158 (M.D. Pa. Sept. 30, 2010)...........................10

*Keiser v. CDC Inv. Mgmt. Corp.*,
 No. 99 Civ. 1210, 2004 WL 516212 (S.D.N.Y. Mar. 17, 2004) (Pauley, J.) ...........7

*Klein v. Bower*,
 421 F.2d 338 (2d Cir. 1970)......................................................................................12

*Krupski v. Costa Crociere S.p.A.*,
 130 S. Ct. 2485 (2010) ("*Krupski*")...............................................................1, 9, 13

*Lee v. ABC Carpet & Home*,
 236 F.R.D. 193 (S.D.N.Y. 2006) ..............................................................................16

*Levy v. U.S. Gen. Accounting Office*,
 175 F.3d 254 (2d Cir. 1999).......................................................................................4

*Mendoza v. Cnty. of Nassau*,
 2012 WL 4490539 (E.D.N.Y. Sept. 27, 2012) ........................................................12

*Reynolds v. Giuliani*,
 No. 98 Civ. 8877, 2005 WL 351729 (S.D.N.Y. Feb. 14, 2005) (Pauley, J.) ...........7

*Rodriguez v. City of New York*,
 No. 10 Civ. 1879, 2011 WL 4344057 (S.D.N.Y. Sept. 7, 2011) ....................Passim

*Rodriguez v. Mun. of San Juan*,
 659 F.3d 169 (1st Cir. 2011)....................................................................................12

*Romero v. H.B. Auto. Grp., Inc.*,
 2012 WL 1514810 (S.D.N.Y. May 1, 2012) ............................................................16

*Sampson v. Medisys Health Network, Inc.*,
 No. 10 CV 1342, 2012 WL 3027850 (E.D.N.Y. Feb. 9, 2012) ...............................16

*Sepulveda v. City of N.Y.*,
 2003 WL 22052870 (S.D.N.Y. Sept. 2, 2003).........................................................13

*Shrader v. CSX Transp., Inc.*,
 70 F.3d 255 (2d Cir. 1995).....................................................................................6, 7

*Sidney v. Wilson*,
  228 F.R.D. 517 (S.D.N.Y. 2005) ..................................................................4

*Smith v. City of Akron*,
  476 F. App'x 67 (6th Cir. 2012) ................................................................12

*Smith v. Westchester Cnty. Dep't of Corr.*,
  No. 07 Civ. 1803, 2012 WL 527222 (S.D.N.Y. Feb. 12, 2012) ................5, 13

*Urena v. Wolfson*,
  No. 11-CV-00028, 2011 WL 7439005 (E.D.N.Y. Aug. 24, 2011) .............12, 15

*Vineyard v. Cnty. of Nassau*,
  329 F. Supp. 2d 364 (E.D.N.Y. 2004) .......................................................13

*Walters v. N.Y. City Health Hops. Corp.*,
  2006 WL 846711 (S.D.N.Y. Mar. 31, 2006) ..............................................13

*Wilson v. Delta Airlines, Inc.*,
  No. 09-CV-2687, 2010 WL 2836326 (W.D. Tenn. July 19, 2010) .................10

**STATUTES**

29 U.S.C. § 256 ..........................................................................................2, 16

**OTHER AUTHORITIES**

Local Rule 6.3 .................................................................................................1

Rule 4(m) ...........................................................................................4, 7, 15

Rule 15(c)(1) ........................................................................................ Passim

## PRELIMINARY STATEMENT

Defendants Fox Searchlight Pictures Inc. ("Searchlight") and Fox Entertainment Group, Inc. ("FEG") move for reconsideration under Local Rule 6.3 on one portion of the Court's October 9, 2012 oral order on plaintiffs' Motion to Amend ("MTA"): the Court's ruling that plaintiffs' newly-asserted claims against FEG "relate back" to their original complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(c)(1)(C). *See* Oct. 9, 2012 Transcript ("Tr."), at 12:3-24 (hereinafter, the "Ruling"). Defendants' motion satisfies the narrow standards under which courts grant reconsideration.

First, the Ruling with respect to the N.Y. Labor Law ("NYLL") claims asserted against FEG by newly-named former corporate intern plaintiff Eden Antalik— both individually and on behalf of the putative corporate intern class members she seeks to represent—(hereinafter, the "NY FEG Claims") fails to take into account the large majority of opinions by district courts in this Circuit issued after the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010) ("*Krupski*").[1] Plaintiffs' Reply, which raised the relation back issue for the first time, ignored this case law and conflated criteria (i) and (ii) of Rule 15(c)(1)(C), and, in doing so, appears to have caused the Court to do the same in its Ruling. Based on the post-*Krupski* cases discussed herein, and an analysis of each Rule 15(c)(1)(C) criteria separately (as the Rule and cases require be must conducted), Defendants respectfully submit that plaintiffs cannot satisfy Rule 15(c)(1)(C)(ii), and their NY FEG Claims therefore do not relate back. Defendants,

---

[1] Plaintiffs raised the relation back argument for the first time with respect to the claims against FEG in their Reply Brief in Support of their Motion ("Reply")—and the Court appears to have relied heavily on that briefing in its Ruling. Given the number of issues to be addressed, the fact that Searchlight had cited the relevant cases and standard in its Opposition, did not have the ability to submit a sur-reply during the briefing schedule, and the short oral argument, Searchlight did not have an opportunity to correct the confusion created by plaintiffs' Reply in advance of the Court's Ruling.

thus, move for reconsideration of the Ruling and request that the Court vacate the Ruling and issue an amended order specifying that the statute of limitations ("SOL") period applicable to the NY FEG Claims will run from plaintiffs' August 2, 2012 letter in advance of their formal MTA ("Pre-Motion Letter"), not from their September 28 original complaint ("OC").

Second, Defendants seek to clarify that the Court did not intend its Ruling to have any impact on any Fair Labor Standards Act ("FLSA") claims asserted against FEG by Antalik— both individually and on behalf of the putative corporate intern collective members she seeks to represent—(hereinafter, the "FLSA FEG Claims").  To the extent the Court did extend its Ruling to the FLSA FEG Claims, Defendants' seek reconsideration of the Ruling because, by statute, the limitations period for those claims is determined by the date of each named and opt-in plaintiff's consent-to-join form, and not the date of any complaint, 29 U.S.C. § 256, and Rule 15(c)(1) does not apply.

## BACKGROUND & OVERVIEW

### A.    <u>Effect of the Court's Ruling</u>

The Ruling on which Defendants seek reconsideration is as follows:

> Plaintiffs' proposed claims against Fox Entertainment [FEG] relate back to the filing of the original complaint.  Under Rule 15(c) . . . [Rule quoted and cited]. The Supreme Court recently clarified that relation back applies when the prospective defendant understood, or should have understood, **that he escaped suit because the plaintiff misunderstood the roles that party A and party B played in the conduct, transaction, or occurrence giving rise to her claims.** *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2494-95 (2010).  **Because, among other reasons, [FEG] is Searchlight's corporate parent, [FEG] had the requisite notice, and it is not prejudiced.  *Krupski*, 130 S. Ct. at 2498. Further, under *Krupski*, the fact that Plaintiff only learned of [FEG]'s role during discovery is inconsequential.**  *See Krupski*, 130 S. Ct. at 2498. Accordingly, the claims against [FEG] relate back.

2

Tr. at 12:3-24 (emphasis added; internal quotation omitted.)  This Ruling impacts the limitations period for the NY FEG Claims.[2]  Under the Ruling and the six-year SOL governing NYLL claims, the limitations period for the NY FEG Claims erroneously commences on September 28, 2005—six years before the OC filing date, rather than on August 2, 2006—six years before plaintiffs' Pre-Motion Letter.

Defendants seek a decision by the Court that grants their motion for reconsideration, vacates the Ruling, and issues a revised order setting the start date of the limitations period for the NY FEG Claims as August 2, 2006 and noting that the statute of limitations for the FLSA FEG Claims run from the filing of the opt-in form, and cannot be extended by relation back.

**B.    Relevant Procedural History**

1.  Plaintiffs' Motion to Amend

Plaintiffs' formal MTA was filed on September 5, 2012.  In their supporting brief plaintiffs' sole argument regarding the SOL period for the claims against FEG was that the Court should defer ruling until class certification motions.  MTA, at 11.

2.  Searchlight's Opposition

While Searchlight consented to Antalik being added as a named plaintiff with respect to Searchlight, it largely opposed plaintiffs' MTA, including their proposed addition of claims against FEG.  Searchlight argued in the alternative, however, that should any New York state law claims against FEG survive, the limitations period for those claims should be based on plaintiffs' Pre-Motion Letter, not the OC, because plaintiffs could not satisfy the requirements of Rule 15(c)(1)(C).  *See* Searchlight's Brief in Opposition to Plaintiffs' Motion ("Opp."), at 20-22. Searchlight's Opposition with respect to Rule 15(c)(1)(C)(ii) was supported with Second Circuit

---

[2]  None of the other named plaintiffs, who are all former production interns, assert any claims against FEG.  Tr. at 14:14-16; Plaintiffs' Reply, at 1 n.1.

precedent and other authority.  *See* Opp. notes 36-37 and accompanying text.  In particular,

Searchlight submitted that under *Barrow v. Wethersfield Police Department* and its progeny, the

long-standing position of the Second Circuit is that "Rule 15(c) does not allow an amended

complaint adding new defendants to relate back <u>if the newly-added defendants were not named</u>

<u>originally because the plaintiff did not know their identities</u>," since such facts would belie the

existence of any mistake, as "a lack of awareness as to identity" is not the same as "a mistake as

to identity."  66 F.3d 466, 470 (2d Cir. 1995), *as modified by*, 74 F.3d 1366 (2d Cir. 1996)

(emphasis added).  *See also, e.g.*, *Levy v. U.S. Gen. Accounting Office*, 175 F.3d 254 (2d Cir.

1999) (affirming dismissal of proposed untimely claims that could not satisfy Rule

15(c)(1)(C)(ii) where plaintiffs did not seek to add a new party due to any "mistake"), *affirming*

*No. 97 Civ. 4016,* 1989 WL 193191, at \*5 (S.D.N.Y. Apr. 22, 1998) ("[T]he Second Circuit has

repeatedly held that mistake is a necessary element of relation back."); *Sidney v. Wilson*, 228

F.R.D. 517, 520 (S.D.N.Y. 2005) (explaining reasoning for distinction between "unawareness"

and "mistake" and denying relation back) (citing *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir.

1999)).[3]   Since Searchlight did not—and does not—consider the United States Supreme

Court's decision in *Krupski* to be applicable to the circumstances underlying the addition of

plaintiffs' FEG Claims here, Searchlight did not discuss *Krupski* in its Opposition.

   3.  <u>Plaintiffs' Reply</u>

In their September 26, 2012 Reply, plaintiffs asserted, <u>for the first time</u>, not that it would

be premature for the Court to rule on the SOL for their FEG Claims (as they had asserted in their

MTA), but that their FEG Claims *did* relate back to the OC under Rule 15(c)(1)(C).  *See* Reply,

---

[3] *Accord Gleason v. McBride*, 869 F.2d 688 (2d Cir. 1989); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, No. 09 Civ. 2137, 2010 WL 3239430 (S.D.N.Y. Aug. 17, 2010).

at 6-8.  Plaintiffs focused primarily on the sub-criteria of Rule 15(c)(1)(C)—which require that

they prove that "within the period . . . [of] Rule 4(m)," (i.e. 120 days from the OC):

> (i)    FEG "received such notice of the action," such that FEG "will not be
> prejudiced in defending on the merits"; and
>
> (ii)   FEG "*knew or should have known that the action would have been
> brought against it*," i.e., FEG, "*but for a mistake* concerning the proper
> party's," i.e., FEG's, "*identity*."

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).

Plaintiffs' Reply improperly blurred the "notice" element of Rule 15(c)(1)(C)(**i**)—the

element for which FEG's being Searchlight's "parent" is arguably relevant—and the "mistake"

and "knowledge" elements of Rule 15(c)(1)(C)(**ii**), and suggested that plaintiffs satisfied *all* of

those requirements because:

> [FEG] is the **parent company of the Fox subsidiaries for which the corporate
> class and collective members worked** and generated and/or applied the policies
> at issue in this case to them.… [such that] **Defendant will not be prejudiced by
> FEG's addition because it is Searchlight' parent company**.…
> \*       \*       \*
> [Under *Krupski*], [r]elation back applies to a prospective defendant who
> understood, or who should have understood, **that he escaped suit because the
> plaintiff misunderstood the roles that party A and party B played in the
> conduct, transaction, or occurrence giving rise to her claims** . . . [Here,] had
> Plaintiffs known of FEG's role in setting and enforcing the intern policies that
> they challenge, **they would not have sued only Searchlight, which merely
> implemented them**. . . [and]
> \*       \*       \*
> **Krupski rejected Defendant's argument that there can be no mistake if
> plaintiffs learn information in discovery concerning a proper defendant.**

Reply, at 7-9 (quotation and citation omitted; boldface emphasis added; italics in original).

Plaintiffs did not notify the Court that two of the Southern District of New York cases

that Searchlight cited in its Opposition expressly *rejected* the relevance of *Krupski* under factual

circumstances akin to those presented here.  *See* Opp., at 21 n.37 (citing, *inter alia*, *Smith v.

Westchester Cnty. Dep't of Corr.*, No. 07 Civ. 1803, 2012 WL 527222 (S.D.N.Y. Feb. 12, 2012),

and *Rodriguez v. City of New York*, No. 10 Civ. 1879, 2011 WL 4344057 (S.D.N.Y. Sept. 7, 2011)—both distinguishing *Krupski* and holding the plaintiffs' amended claims did not relate back to their prior complaints under *Barrow*). Plaintiffs also did not inform the Court of the weight of recent authority among Second Circuit district courts that distinguishes *Krupski* and holds that the Second Circuit's pre-*Krupski* precedent—including the lead *Barrow* case—remains good law and governing precedent. *See* further discussion *infra*.

        4.    <u>The Court's Ruling And The Instant Motion</u>

In issuing its Ruling at the October 9 oral argument, the Court relied heavily on *Krupski* and appears to have relied on the arguments plaintiffs had advanced for the first time in their Reply. *See* Tr. at 9:2-15:10.

Based on the misinterpretation of *Krupski* in plaintiffs' Reply (on which the Court's Ruling appears to have been premised) and the majority of post-*Krupski* cases by district courts in this Circuit (which the Court does not appear to have considered when reaching its Ruling), Defendants now move for Reconsideration.

<strong>ARGUMENT</strong>

**A.**    <u>**Defendants Satisfy The Standards For Reconsideration.**</u>

Courts will grant motions for reconsideration only where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Those conditions are met here.

Based on a comparison of the assertions in plaintiffs' Reply and the text of the Ruling, it appears that plaintiffs' Reply had a strong influence on the Court's Ruling. That Reply, however, overstates the import of *Krupski*, ignores long-term Second Circuit law that remains precedential despite *Krupski*, and blurs the analyses of Rule 15(c)(1)(C)(i) and (ii), effectively

6

hiding plaintiffs' inability to satisfy Rule 15(c)(1)(C)(ii).  *See* Reply, at 6-8.  Defendants submit

that a reading of Rule 15(c) and the controlling case law warrant granting Defendants'

reconsideration motion.  *See, e.g.*, *Reynolds v. Giuliani*, No. 98 Civ. 8877, 2005 WL 351729, at

*1 (S.D.N.Y. Feb. 14, 2005) (Pauley, J.) (reconsideration justified where "movant demonstrated

that the court [had] overlooked controlling decisions" on an issue that "was not fully briefed or

argued by the parties" before the Court issued its decision); *Keiser v. CDC Inv. Mgmt. Corp.*, No.

99 Civ. 1210, 2004 WL 516212, at *2 (S.D.N.Y. Mar. 17, 2004) (Pauley, J.) (reconsideration

appropriate because although the Court had considered the cases raised by movant before, the

Court concededly had "conflated" plaintiffs' claims under two different sections of applicable

law when rendering its decision); *see also, e.g.*, *Shrader*, 70 F.3d at 257 (affirming

reconsideration where movant "introduc[ed] additional relevant case law" that supported altering

the district court's order).

**B.**    **Plaintiffs Cannot Satisfy Rule 15(c)(1)(C)(ii).**

Based on an independent analysis of the requirements in Rule 15(c)(1)(C)(ii) and the case

law interpreting those requirements following *Krupski*, plaintiffs cannot satisfy either the

"mistake" element or the "knew or should have known" element of Rule 15(c)(1)(C)(ii).

1.   Plaintiffs Cannot Satisfy the Elements of Rule 15(c)(1)(C)

Under Rule 15(c)(1)(C), before the FEG Claims can properly relate back to plaintiffs'

OC, plaintiffs bear the burden of proving that they satisfy each of the sub-criteria of the Rule:

they must prove that Rule 15(c)(1)(B) is satisfied [i.e., that "the amendment asserts a claim or

defense that arose out of the conduct, transaction, or occurrence set out…in the original

pleading"], **and** they must prove that "within the period provided by Rule 4(m) for serving the

summons and complaint, the party to be brought in by amendment [i.e., FEG]:

> (i)   received such **notice** of the action that it will not be prejudiced in defending on the merits; <u>and</u>
>
> (ii)  **knew or should have known that the action would have been brought against it,** but for **a mistake concerning the proper party's identity.**

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).  Because plaintiffs cannot establish any underlying "mistake" as to the identity of FEG, they cannot satisfy Rule 15(c)(1)(C) and their NY FEG Claims do not relate back.

2. <u>*Krupski* Does Not Support Relation Back of Plaintiffs' FEG Claims.</u>

As a threshold matter, the holding in *Krupski* does not endorse the conclusion that plaintiffs' FEG Claims satisfy Rule 15(c)(1)(C)(ii).

None of the factors that led to the outcome in *Krupski* are present here.  That case is simply inapposite, both factually and doctrinally.  <u>First</u>, unlike in *Krupski*, plaintiffs here do not contend that they named the *wrong* defendant, and they do not seek to replace any such wrongly-named defendant with a properly-named one.  Rather, plaintiffs have added an *additional* defendant, FEG, while continuing to sue the prior defendant, Searchlight.  Moreover, there is nothing to indicate that the delay in naming FEG was due to a mistake.  Rather, plaintiffs' decision to add FEG was nothing more than a decision based on an evolution in the theory of their case during discovery.  *See* Pre-Motion Letter, at 2.  <u>Second</u>, there is no obvious facial confusion posed by the names FEG and Searchlight the way there was in *Krupski* with respect to Costa Cruise and Costa Crociere.  Plaintiff's amendment to add FEG is nothing like the "name correcting" amendment at issue in *Krupski*.  Thus, allowing relation back in this case would not address any issue sought to be remedied by Rule 15(c)(1)(C)(ii), as it did in *Krupski*.  *See* Fed. R. Civ. P. 15(c)(3) Advisory Committee Notes to 1991 Amendments (explaining that Rule 15(c)(3) (currently codified as Rule 15(c)(1)(C)(ii)) was meant to address problems of "misnamed

8

defendants," "misnomer," or "misidentification"). Third, unlike in *Krupski*, plaintiffs here have cited to no prior suits suggesting that FEG is aware that employees (or interns) are prone to confusion as to its identity, and there is no court-filed answer in which Searchlight claimed that FEG, rather than it, was the sole party to be sued. Therefore, unlike in *Krupski*, there is nothing that reasonably could have triggered actual or constructive knowledge by FEG, within the 120-day period after the OC, that FEG would have been named therein but for a mistake. Fourth, the *Krupski* Court's rejection of the Eleventh Circuit's decision imputing prior knowledge of Costa Crociere's identity to plaintiff, and its associated conclusion that such prior knowledge precluded any Rule 15(c)(1)(C)(ii) "mistake," present exactly the *opposite* scenario that is present here. **Searchlight has never argued that plaintiffs *had* prior knowledge of FEG's identity when the OC was filed so as to preclude "mistake,"** but rather that plaintiffs' *lack* of such knowledge precluded "mistake"—which, in accordance with *Barrow* and other long-settled Second Circuit law, precludes any Rule 15(c)(1)(C)(ii) "mistake" here.[4] Finally, the *Krupski* Court made it clear that it was *not* overturning any circuit precedent (other than the Eleventh Circuit's decision before it): "*We express no view* on whether these [cited circuit court] decisions may be reconciled with each other *in light of their specific facts* and the interpretation of Rule 15(c)(1)(C)(ii) we adopt today." 130 S. Ct. at 2493 n.2 (emphasis added).

Simply put, nothing in *Krupski* compels the conclusion that plaintiffs can satisfy the requirements of Rule 15(c)(1)(C)(ii) in this case. Unlike in *Krupski*, there is no predicate "mistake" by plaintiffs as to FEG's identity on which it could be found that FEG knew or should have known that it would have been named as a defendant in the OC but for any such mistake,

---

[4] Indeed, *Krupski*'s discussion of the flawed Eleventh Circuit's approach—including its example of a plaintiff misunderstanding the roles of "party A and party B," 130 S. Ct. at 2494—which plaintiffs recite in their Reply and the Court recites in its Ruling—is largely superfluous as to this case, since there is no approach analogous to the Eleventh Circuit's under debate.

9

and, even if plaintiffs could prove that they made such a mistake (which they cannot), there is nothing in the record upon which it could be found that FEG knew or should have known that it would have been named as a defendant in the OC but for that mistake.

### 3. The Weight Of Post-*Krupski* Authority Among Second Circuit District Courts Precludes Plaintiffs From Meeting The Rule 15(c)(1)(C)(ii) "Mistake" Element.

Consistent with the Supreme Court's express limitation on its *Krupski* holding, the clear weight of authority by courts in this Circuit is that:  *Krupski* is of narrow import; *Barrow* is still good law; and *Barrow* governs the Rule 15(c)(1)(C)(ii) analysis for amendments that add parties in this Circuit.  These cases, which the Court does not appear to have considered when making its Ruling, provide compelling support for reconsideration and alteration of the Court's Ruling.

One recent decision of note is *Rodriguez,* 2011 WL 4344057, at *6-9, in which the court analyzed *Krupski* and *Barrow* in detail and concluded that plaintiffs' claims against a new defendant did not satisfy Rule 15(c)(1)(C)(ii) under either decision.  The court found *Krupski* largely inapplicable since the plaintiff (Rodriguez) did *not* have knowledge about the entity to be joined as a defendant at the time of his initial complaint (as the *Krupski* plaintiff had had); rather, Rodriguez *lacked* prior knowledge of the new defendant's identity (like plaintiffs lack here). Therefore, the court reasoned, *Barrow*, not *Krupski*, controlled, and under *Barrow*, Rodriguez's amended complaint did *not* relate back to his original one because he could not show the requisite mistake element.  *Id.* at *8.  In support of its ruling, the court cited several post-*Krupski* cases that had reached the same result.  *Id.* at *9.[5]

The court, likewise, denied relation back for lack of mistake in *Smith,*, 2012 WL 527222,

---

[5] The court cited, *inter alia*, *Dominguez v. City of New York*, No. 10  Civ. 2622, 2010 WL 3419677, at *2-3 (E.D.N.Y. Aug. 27, 2010); *Daniel v. City of Matteson*, No. 09-CV-3171, 2011 WL 198132, at *4 (N.D. Ill. Jan. 18, 2011); *Wilson v. Delta Airlines, Inc.*, No. 09-CV-2687, 2010 WL 2836326, at *4 (W.D. Tenn. July 19, 2010); *Burdine v. Kaiser*, No. 09-CV-1026, 2010 WL 2606257, at *2 n.2 (N.D. Ohio June 25, 2010); *but see Jamison v. City of York*, 09 Civ. 1289(YK), 2010 WL 3923158, at *5-6 (M.D. Pa. Sept. 30, 2010).

at *4-9, holding that the events underlying plaintiffs' proposed claims against a new defendant

differed from both *Barrow* and *Krupski* and that they failed, independently, under Rule

15(c)(1)(C)(ii).  The court reasoned that unlike in *Barrow*, plaintiffs were not seeking to swap

out prior "John Doe" defendants with named individuals, and unlike in *Krupski*, plaintiffs were

not seeking to substitute one defendant for another.  Rather, plaintiffs had learned of the new

defendant's identity in discovery, resulting in their deciding to change named defendants "to

better fit [their] evolving theory of his case" (very much like plaintiffs have done here).  *Id.* at

*8.  The court held that under such circumstances, plaintiffs' amendment failed under Rule

15(c)(1)(C)(ii).

The court ruled similarly in *Felmine v. City of New York*, No. 09-CV-3768, 2012 WL

1999863, at *4 (E.D.N.Y. June 4, 2012), rejecting relation back on claims against new

defendants, even though, like plaintiffs here, the plaintiff (Felmine) had tried to fit into the

*Krupski* mold by alleging that he had "made a mistake concerning the proper party's identity

because he misunderstood the role that [the defendants to be named] played in the conduct

giving rise to the claims."  The court rejected that strained attempt and held that because there

was no evidence that Felmine had made a mistaken choice between alternative possible

defendants based on a misunderstanding as to which one bore liability, as in *Krupski*, but rather

sought to *add* defendants, and because his failure to name the new defendants initially was due to

his lack of knowledge of their identities, *Barrow* precluded Felmine from satisfying Rule

15(c)(1)(C)(ii).

Several other courts have reached the same result.  *See, e.g.*, *Gullo v. City of N.Y.*, No. 10

Civ. 8516, 2012 WL 4834182 (S.D.N.Y. Oct. 11, 2012) ("*Barrow*... remains good law after

*Krupski* and is applicable in this case"); *Boda v. Phelan*, 2012 WL 3241213, at *6 (E.D.N.Y.

Aug. 6, 2012) (collecting cases holding same); *Urena v. Wolfson*, No. 11-CV-00028, 2011 WL

7439005 (E.D.N.Y. Aug. 24, 2011) (denying relation back of claims asserted against new

defendant whom, as here, plaintiff sought to add as an *additional* party, not, as in *Krupski*, to

substitute one defendant for another, and holding that following "*Krupski*, the Second Circuit's

'holding that a lack of knowledge is not a mistake is still intact"), *adopted*, No. 09-CV-1107,

2012 WL 669059 (E.D.N.Y. Feb. 29, 2012).[6]

Based on all the above, the expansive and dispositive import that plaintiffs ascribe to

*Krupski* is simply indefensible.  The Court should consider this post-*Krupski* law and conclude

that plaintiffs' FEG Claims do not satisfy the mistake element of Rule 15(c)(1)(C)(ii).

4.     Plaintiffs Cannot Establish That FEG Knew Or Should Have Known That It
       Would Have Been Named In The OC But For A Mistake By Plaintiffs.

Even if plaintiffs could show the requisite "mistake" as to FEG's identity (and they

cannot), their FEG Claims still cannot relate back because plaintiffs cannot show the second sub-

criteria in Rule 15(c)(1)(C)(ii):  that FEG "knew or should have known" that it would have been

named as a defendant in the OC but for plaintiffs' "mistake."   Without any underlying "mistake"

as to identity by plaintiffs, a defendant to be added by the amendment cannot have "known or

had reason to know" that the original claims by plaintiffs would have been asserted against them

but for plaintiffs' mistake.  *Klein v. Bower*, 421 F.2d 338, 343 (2d Cir. 1970) (affirming

---

[6] *Accord Smith v. City of Akron*, 476 F. App'x 67 (6th Cir. 2012); *Rodriguez v. Mun. of San Juan*, 659 F.3d 169 (1st Cir. 2011); *Mendoza v. Cnty. of Nassau*, 2012 WL 4490539 (E.D.N.Y. Sept. 27, 2012); *Elliott v. City of Hartford*, 2012 WL 3288826 (D. Conn. Aug. 10, 2012); *Bogle v. Melamed*, 2012 WL 1117411 (E.D.N.Y. Mar. 30, 2012); *Huitzil v. Delta Int'l Mach. Corp.*, 2011 WL 3251508 (S.D.N.Y. July 26, 2011); *Esmilla v. Cosmopolitan Club*, 2011 WL 814007 (S.D.N.Y. Mar. 3, 2011); *see also Dominguez*, 2010 WL 3419677, at *3 (holding that *Krupski* does not change the force of *Barrow* since "*Krupski* merely picks up where *Barrow* left off. *Barrow* asked whether a mistake had been committed; *Krupski* assumes the presence of a mistake and asks whether it is covered under Rule 15(c)(1)(C)(ii)" in that the defendant to be added should have known . . .," but noting that at least as of August 2010, there was disagreement among district courts as to the import of *Krupski*, and some had interpreted it more expansively).

12

dismissal of untimely claims even though plaintiff asserted that he only recently had discovered "the full 'enormity of [defendants'] operations,'" including facts that supported his proposed new claims, reasoning that the statute of limitations ("SOL") does "not await [a plaintiff's] leisurely discovery of the full details of the alleged scheme" giving rise to potential additional claims). *See also Smith v. Westchester Cnty. Dept. of Corrs.*, 2012 WL 527222 (S.D.N.Y. Feb. 12, 2012); *Rodriguez,* 2011 WL 4344057.[7]

In *Krupski*, the Court found the requisite Rule 15(c)(1)(C)(**ii**) "knew or should have known" element was met because:  (1) the face of the original complaint itself suggested a mistake in identity as to which "Costa" entity was the "carrier" that plaintiff intended to sue; (2) Costa Cruise's answer to that complaint disclaimed being the proper party and named Costa Crociere as the "carrier" to be named; and (3) prior lawsuits demonstrated that Costa Crociere knew prior cruise ship passengers had been confused as to the two "Costa" entities' identities. 130 S. Ct. at 2492.  *None* of those facts are present here.  Nothing in plaintiffs' OC suggests that they would have asserted claims against FEG but for some mistake.  FEG is not mentioned *anywhere* in the OC.  The OC attributes all the allegedly unlawful actions about which plaintiffs complain to Searchlight alone.[8]  There simply is not even a <u>hint</u> in the OC from which FEG could be said to have derived knowledge or constructive knowledge that it would have been sued originally but for a plaintiff mistake.  Moreover, the OC did not name any <u>corporate</u> intern plaintiffs (the only interns who now assert claims against FEG).  Given that neither of the original plaintiffs, who were both production interns, even assert a claim against FEG, it would

---

[7] *Accord Walters v. N.Y. City Health Hops. Corp.*, 2006 WL 846711 (S.D.N.Y. Mar. 31, 2006); *Vineyard v. Cnty. of Nassau*, 329 F. Supp. 2d 364 (E.D.N.Y. 2004); *Sepulveda v. City of N.Y.*, 2003 WL 22052870 (S.D.N.Y. Sept. 2, 2003).

[8] At *most* the OC suggest that Searchlight acted in conjunction with various independent production companies that retained production intern plaintiffs—not relevant to this motion.

be incredulous for FEG to have suspected that the OC intended to assert claims against it but for a mistake by plaintiffs.

The post-*Krupski* case law by district courts in this Circuit establish that plaintiffs cannot satisfy the "knew or should have known" element of Rule 15(c)(1)(C)(ii), even in the unlikely event the Court finds that plaintiffs meet the mistake element.  For example, in *Curry v. Campbell*, No. 06-CV-2841, 2012 WL 1565448, at *2 (E.D.N.Y. May 2, 2012), a case involving facts close to those here, the court rejected relation back where plaintiff Curry moved to amend his complaint to *add* an additional defendant to his previous claims (not to substitute one defendant for another, as in *Krupski*).  Moreover, as is the case here, the impetus for Curry's motion to amend was information he learned during depositions—namely, that proposed new defendant Kenneally had "played a central role in the events giving rise to [Curry's] claims and should have been named as a defendant from the outset."  *Id.* at *2.  In support of his relation back arguments under Rule 15(c)(1)(C)(ii), Curry argued that "it should have been obvious to Kenneally" that he would have been named as a defendant originally but for Curry's mistake as to the role he had played, given Kenneally's "awareness of his own role" in the events underlying Curry's original claims, including that Kenneally allegedly had made the "a--h--- comment" ("Comment") central to Curry's claims.  The court flatly rejected such speculation. The court reasoned that although Curry could establish that Kenneally had received notice of the original complaint, such that he would not be prejudiced in defending the new claims that Curry sought to assert against him in satisfaction of Rule 15(c)(1)(C)(**i**), Curry could not satisfy the requirements of Rule 15(c)(1)(C)(**ii**) because there was no evidence to support Curry's assumption as to what Kenneally should have known, especially since Curry's original complaint

had attributed the Comment to the *first* named defendant (not Kenneally) and since Curry had conceded at his deposition that even he was not sure who had made the comment. *Id.*

The court reached the same result in *Urena*, 2011 WL 7439005, *adopted*, No. 10-CV-1849, 2012 WL 669059 (E.D.N.Y. Feb. 29, 2012), holding that even if the plaintiff could satisfy the mistake element, she could not establish that the newly named defendant knew or should have known it would have been named in the original action where (as is the case with the OC here) plaintiff's original complaint did not reference the defendant by name or description, providing nothing on which any knowledge or constructive knowledge could have been based.

Similarly, in *Rodriguez*, 2011 WL 4344057, at *10, the court held that "[e]ven if *Krupski* limited the Second Circuit's holding in *Barrow* and this Court were to generously assume *arguendo* that plaintiff had made a 'mistake concerning the proper party's identity,' there would be no facts from which to conclude that [the new defendants] knew or had reason to know that the action would have been brought against them absent plaintiff's mistake." The court reasoned, among other things, that unlike the Costa Cruise answer in *Krupski* that imputed constructive knowledge to the new defendant that it had escaped suit due to a plaintiff mistake, Rodriguez could point to no such analogous evidence.

Finally, none of the cases cited in plaintiffs' Reply suggest a different result—indeed, *none* even discuss *Krupski*; all but one *pre*-date *Krupski*; and two address only Rule 15(c)(1)(C)(**i**), which is not at issue here.[9]

---

[9] *See* Reply, at 6-9 (citing *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001) (plaintiffs legitimately made "mistake" when filing first complaint, in which they claimed they had interacted in Spring 1991 with TJ**L**, but TJ**L** was not even created until Fall 1991; plaintiffs actually had interacted with TJ**I**—not unlike the company name confusion in *Krupski* nine (9) years later); *Benson v. Univ. of Maine Sys.*, No. 11-CV-00183, 2012 WL 1415715, at *7 (D. Me. Apr. 24, 2012) ("mistake" at issue related to whether University had sovereign immunity such that Chancellor was appropriate defendant for ADEA liability—*i.e.*, mistake was

**C.**   **If The Court Intended Its Ruling To Apply To The FLSA FEG Claims, Reconsideration Of The Ruling Is Also Warranted As To Those Claims.**

Although stated broadly as to the claims against FEG, the Court's Ruling should not impact any Fair Labor Standards Act claims because, by statute, the limitations period for those claims is determined by the date of each named and opt-in plaintiff's consent-to-join form—not the date of any complaint, 29 U.S.C. § 256, and Rule 15(c)(1) does not apply. *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006) ("Signed consents do not relate back to the original filing date of the complaint.") (citing *Davis v. Lenox Hill Hosp.*, No. 03 Civ 3746, 2004 WL 1926086, at *8, (S.D.N.Y. Sept. 1, 2004)). *Accord Frye v. Baptist Mem. Hosp., Inc.*, No. 5648, 2012 WL 3570657 (6th Cir. Aug. 21, 2012); *Romero v. H.B. Auto. Grp., Inc.*, 2012 WL 1514810 (S.D.N.Y. May 1, 2012); *Sampson v. Medisys Health Network, Inc.*, No. 10 CV 1342, 2012 WL 3027850 (E.D.N.Y. Feb. 9, 2012)).  Accordingly, the FLSA claims against FEG should not relate back to the date of the OC.

---

that plaintiffs sued the *wrong* party or the original party they sued had a cap on liability—neither relevant here); *Abdell v. City of N.Y.*, 759 F. Supp. 2d 450, 455 (S.D.N.Y. 2010) (new defendant who testified in deposition for case *before* 120-day Rule 4(m) period had run was alerted that he should have been named defendant originally—inapplicable here); *Addison v. Reitman Blacktop, Inc.*, No. 10-CV-1435, 2011 WL 4336693, at *7 (E.D.N.Y. Sept. 9, 2011) (addressing "notice" under Rule 15(c)(1)(C)(i) only); *Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1237 (7th Cir. 1990) (same).)

## <u>CONCLUSION</u>

The Court should follow the long line of cases from courts in the Second Circuit—commencing more than 20 years before *Krupski* and continuing after that decision to the present—and, based on that case law, should reconsider its Ruling and conclude that plaintiffs cannot establish either of the requirements for relation back under Rule 15(c)(1)(C)(ii). Accordingly, the Court should set the applicable SOL for the NY FEG claims as running from August 2, 2012, the date of plaintiffs' letter seeking permission to file their motion to amend the complaint, and find that the date of the opt-in forms governs the FLSA FEG claims.

Dated:    New York, New York          PROSKAUER ROSE LLP
           October 23,  2012

                                   By: *s/ Elise M. Bloom*
                                    Elise M. Bloom
                                    Amy F. Melican
                              Eleven Times Square
                              New York, NY  10036-8299
                              Phone: (212) 969-3000
                              Fax: (212) 969-2900
                              ebloom@proskauer.com
                              *Attorneys for Defendant*