OUTTEN & GOLDEN LLP
Adam T. Klein
Rachel Bien
Elizabeth Wagoner
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC., <br><br> Defendants. | No. 11 Civ. 6784 (WHP) <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **Demand for Trial by Jury** |

Plaintiffs, Eric Glatt, Alexander Footman, Eden Antalik, and Kanene Gratts, individually

and as class representatives on behalf of all others similarly situated, by their attorneys Outten &

Golden LLP, make the following allegations against Defendants Fox Searchlight Pictures Inc.

and Fox Entertainment Group, Inc. ("Defendants"):

### INTRODUCTION

1.      Defendant Fox Entertainment Group, Inc. ("FEG"), a wholly owned subsidiary of

News Corporation, is a leader in the entertainment industry, operating in all segments of

broadcast, cable, film and digital entertainment.  It is comprised of several successful film and

television units, including Twentieth Century Fox Film, Fox Television Studios, Twentieth

Century Fox Home Entertainment, and Defendant Fox Searchlight Pictures Inc. ("Searchlight").

Searchlight is the specialty film company that both finances and acquires films.  It boasts a long list of films that have enjoyed both critical acclaim and commercial success, including the 2010 Oscar-nominee "Black Swan."  This lawsuit alleges that FEG and Searchlight reduced labor costs by employing a steady stream of unpaid interns in their corporate offices and on film productions.

2.      Unpaid interns are becoming the modern-day equivalent of entry-level employees, except that employers are not paying them for the many hours they work.[1]  This practice runs afoul of basic wage-and-hour laws, which require that employers pay all of their employees – even those desperate for the work – the minimum wage, as well as overtime for hours over forty in a workweek.  The Fair Labor Standards Act has no exemption for interns unless they are apprentices or in a vocational training program, and the United States Department of Labor uses a six-factor test to evaluate whether a worker is a trainee or an employee.[2]  A worker is a trainee only if he or she receives training similar to what would be given in a vocational school or academic educational instruction.  The employer cannot derive any immediate advantage from the intern's work or require the intern to do the work of regular employees.[3]  "If the workers are engaged in the primary operations of the employer and are performing productive work (for example, filing, performing other clerical work, or assisting customers), then the fact that they

---

[1] Steven Greenhouse, *The Unpaid Intern, Legal or Not*, N.Y. Times, Apr. 2, 2010, at B1.
[2] Greenhouse, *supra* note 3; JANE OATES & NANCY LEPPINK, U.S. DEP'T. OF LABOR, TRAINING AND EMP'T GUIDANCE LETTER NO. 12-09, JOINT GUIDANCE FOR STATES SEEKING TO IMPLEMENT SUBSIDIZED WORK-BASED TRAINING PROGRAMS FOR UNEMPLOYED WORKERS (Jan. 29, 2010) at *7-10; *see also* U.S. DEP'T. OF LABOR, *Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act*, Apr. 2010, http://www.dol.gov/whd/regs/compliance/whdfs71.pdf
[3] *Id.*, TRAINING AND EMP'T GUIDANCE LETTER NO. 12-09 at *8.

may be receiving some benefits in the form of a new skill or improved work habits is unlikely to make them trainees given the benefits received by the employer."[4]

3.      Interns are a crucial labor force on Searchlight's film productions, functioning as production assistants and bookkeepers and performing secretarial and janitorial work.  Plaintiffs Eric Glatt, Alexander Footman, and Kanene Gratts were three of these unpaid interns who were not paid any wages during the production of the films "Black Swan" and "500 Days of Summer."

4.      Interns are also a crucial labor force in FEG's corporate offices, performing clerical, research, marketing, publicity, and other productive tasks.  In fact, even though it did not pay them, FEG treated interns as employees for all intents and purposes, by collecting I-9 Employment Eligibility Verification Forms from them upon hire and classifying them as "employees" for purposes of Worker's Compensation laws.  In or about July 2010, FEG reversed course and issued a new company policy, under which, beginning in fall 2010, interns would be paid.  FEG did not compensate the interns who had worked for it for free prior to fall 2010.

5.      Plaintiffs Glatt, Footman, and Antalik bring this action on behalf of themselves and those similarly situated who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA that have deprived them and others similarly situated of their lawfully earned wages.

---

[4] *Id.* at *8-9.

6.      Plaintiffs Glatt, Footman, and Antalik also bring individual and representative wage claims under the New York Labor Law Art. 6, §§ 190 *et seq*. and Art. 19, §§ 650 *et seq*. and the supporting New York State Department of Labor Regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq*. (collectively, "NYLL") as a class action pursuant to Fed. R. Civ. P. 23.

7.      Plaintiff Gratts brings an individual and representative wage claim for violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., and the California Labor Code and related regulations, Cal. Labor Code §§ 510, 1194, and 1197, Cal. Wage Order No. 12, as a class action pursuant to Fed. R. Civ. P. 23.

## THE PARTIES

**Eric Glatt**

8.      Plaintiff Eric Glatt ("Glatt") is an adult individual who resides in Brooklyn, New York.

9.      Glatt was employed by Searchlight as an unpaid intern on the production of Black Swan from approximately December 2009 through August 2010.

10.      Glatt is a covered employee within the meaning of the FLSA and the NYLL.

11.      Glatt has consented to join this action by filing a written Consent to Join form.

**Alexander Footman**

12.      Plaintiff Alexander Footman ("Footman") is an adult individual who resides in Takoma Park, Maryland.

13.      Footman was employed by Searchlight as an unpaid intern on the production of Black Swan from approximately October 2009 through February 2010.

14.      Footman is a covered employee within the meaning of the FLSA and the NYLL.

15.     Footman has consented to join this action by filing a written Consent to Join form.

**Eden Antalik**

16.     Plaintiff Eden Antalik ("Antalik") is an adult individual who resides in Pittsburgh, Pennsylvania.

17.     Antalik was employed by Defendants as an unpaid intern in its publicity office in New York from May 2009 through August 2009.

18.     Antalik is a covered employee within the meaning of the FLSA and the NYLL.

19.     Antalik has consented to join this action by filing a written Consent to Join form.

**Kanene Gratts**

20.     Plaintiff Kanene Gratts ("Gratts") is an adult individual who resides in Inglewood, California.

21.     Gratts was employed by Searchlight as an unpaid intern on the production of 500 Days of Summer from approximately April 2008 through approximately August 2008.

22.     Gratts is a covered employee within the meaning of the California Labor Code and California Wage Order No. 12.

**Fox Entertainment Group, Inc.**

23.     Defendant Fox Entertainment Group, Inc. ("FEG") is a Delaware corporation registered with the New York State Department of State as an Active Foreign Business Corporation with its principal offices located at 10201 West Pico Blvd., Los Angeles, California 90064.

24.     FEG is an entertainment company that operates businesses in all segments of broadcast, cable, film and digital entertainment.

25.     FEG is a wholly-owned subsidiary of News Corporation.

26.     FEG is a covered employer within the meaning of the FLSA, the NYLL, the California Labor Code, and California Wage Order No. 12 and, at all relevant times, it employed and/or jointly employed Plaintiffs and similarly situated interns.

27.     During all relevant times, FEG has set and/or enforced personnel and compensation policies that apply to interns who participated in its internship program.

28.     FEG recruited interns who participated in its internship program.

29.     FEG issued offer letters to interns who participated in its internship program.

30.     FEG maintained records of the termination dates of interns who participated in its internship program and their days and hours of work.

31.     FEG required intern applicants to list the dates and hours when they were available to intern on their internship applications.

32.     FEG assigned interns to its film and television divisions, including to Searchlight.

33.     FEG required interns to complete personnel documents, including completing I-9 forms and a Worker's Compensation agreement.

34.     FEG classified interns as "employees" for purposes of applicable Worker's Compensation laws.

35.     FEG developed policies that applied to interns, including guidelines that applied to supervisors of interns.

36.     FEG had the power to determine interns' compensation.

37.     FEG did not pay wages to most interns who participated in its internship program until it changed its policy in fall 2010 and began paying interns.

38.     During all relevant times, FEG's annual gross volume of sales made or business done was not less than $500,000.

**Fox Searchlight Pictures Inc.**

39.     Fox Searchlight Pictures Inc. ("Searchlight") is a unit of Fox Filmed Entertainment, which is a unit of Fox Entertainment Group.

40.     Searchlight is a Delaware corporation registered with the New York State Department of State as an Active Foreign Business Corporation with its principal offices located at 10201 West Pico Blvd., Los Angeles, CA 90064.

41.     Searchlight is a covered employer within the meaning of the FLSA, the NYLL, California Labor Code, and California Wage Order No. 12 and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated interns.

42.     During all relevant times, Searchlight has exercised operational control over the films that it has co-produced with third-party production entities, including, but not limited to, Black Swan, Cedar Rapids, 500 Days of Summer, Our Family Wedding, and The Savages ("the Searchlight Films").

43.     With respect to the Searchlight Films, Searchlight enters into detailed Production Finance Distribution Agreements that set forth certain standard terms and conditions that apply to the films.

44.     Searchlight regularly reviews and has the power to approve the budgets of Searchlight Films.

45.     Searchlight has the power to approve the hiring of members of the cast and crew of Searchlight Films.

46.     Searchlight has the power to approve the production schedule for Searchlight Films.

47.     Searchlight has the power to compensate crew and cast members who work on Searchlight Films.

48.     Searchlight has the power to establish accounting and payroll practices on Searchlight Films.

49.     Searchlight has the power to approve, and has approved, the use of unpaid interns on Searchlight films.

50.     Searchlight has the power to require crew members of Searchlight Films, including interns, to sign its form agreements.

51.     Searchlight finances the Searchlight Films.

52.     Searchlight has the power to approve costs incurred during the production of Searchlight Films.

53.     During all relevant times, Searchlight's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

54.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and the FLSA, 29 U.S.C. § 216(b).

55.     This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332, because this is a class action in which: (1) there are more than 100 members of each proposed class in the aggregate; (2) at least one member of each proposed class is a citizen of a state different from that of Defendants; (3) the claims involve matters of national or interstate interest; (4) citizenship of the members of each proposed class is dispersed among a substantial number of states; and (5) the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

56.     In addition, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because those claims arise out of the same common nucleus of operative fact as the federal claim.

57.     Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

58.     Defendants are subject to personal jurisdiction in New York.

59.     Defendants' parent corporation, News Corporation, maintains its headquarters in New York City, located at 1211 Avenue of the Americas.

60.     Defendants maintain offices at News Corporation's headquarters.

61.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

62.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

63.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants maintain an office in New York, New York; they have registered with the New York Department of State to do business and do business in New York; and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

64.     Plaintiffs Antalik, Footman, and Glatt bring the Fourth, Sixth, Seventh, and Eighth Causes of Action, and Plaintiffs Footman and Glatt bring the Fifth Cause of Action, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following New

York classes.

65.     Plaintiff Antalik seeks to represent: All unpaid interns who participated in the FEG internship program in New York between September 28, 2005 and the date of final judgment in this matter ("New York Corporate Intern Class"); and

66.     Plaintiffs Glatt and Footman seek to represent: All unpaid interns who interned on the production of one or more Searchlight Films in New York between September 28, 2005 and the date of final judgment in this matter ("New York Production Intern Class").

67.     Excluded from the New York Corporate Intern Class and New York Production Intern Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Corporate Intern Class and New York Production Intern Class.

68.     The members of the New York Corporate Intern Class and New York Production Intern Class are so numerous that joinder of all members is impracticable.

69.     Upon information and belief, the size of the New York Corporate Intern Class is more than 100 individuals and the size of the New York Production Intern Class is more than 40 individuals.

70.     Defendants have acted or have refused to act on grounds generally applicable to the New York Intern Class and New York Production Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

71.     Common questions of law and fact exist as to the New York Corporate Intern Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

(a)     Whether Plaintiff Antalik and the members of the New York Corporate Intern Class were "employees" within the meaning of NYLL Art. 19 § 651;

(b)     Whether Defendants had a policy or practice of failing to pay Plaintiff Antalik and the members of the New York Corporate Intern Class the minimum wage for all hours worked in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(c)     Whether Defendants had a policy or practice of taking unlawful deductions from Plaintiff Antalik and the members of the New York Corporate Intern Class in violation of NYLL Art. 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12 Part 142 *et seq.*, as alleged herein;

(d)     Whether Defendants have or had a policy or practice of failing to pay Plaintiff Antalik and members of the New York Corporate Intern Class spread-of-hours pay on days when they worked more than 10 hours in violation of NYLL Art. 6, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(e)     Whether Defendants failed to furnish Plaintiff Antalik and the members of the New York Corporate Intern Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(f)     Whether Defendants' policy or practice of underpaying Plaintiff Antalik and the New York Corporate Intern Class was instituted willfully or with reckless disregard for the law; and

(g)     The nature and extent of class-wide injury and the measure of damages for those injuries.

72.     Common questions of law and fact exist as to the New York Production Intern Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

11

(a)    Whether Searchlight employed and/or jointly employed Plaintiffs Glatt and Footman and the members of the New York Production Intern Class within the meaning of NYLL Art. 19 § 651;

(b)    Whether Searchlight has or had a policy or practice of failing to pay Plaintiffs Glatt and Footman and the members of the New York Production Intern Class the minimum wage for all hours worked in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(c)    Whether Searchlight has or had a policy or practice of failing to pay Plaintiffs Glatt and Footman and the members of the New York Corporate Intern Class overtime for all hours worked over forty in a workweek in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(d)    Whether Searchlight has or had a policy or practice of taking unlawful deductions from Plaintiffs Glatt and Footman and the members of the New York Production Intern Class in violation of NYLL Art. 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(e)    Whether Searchlight has or had a policy or practice of failing to pay Plaintiffs Glatt and Footman and members of the New York Corporate Intern Class spread-of-hours pay on days when they worked more than 10 hours in violation of NYLL Art. 6, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(f)    Whether Searchlight failed to furnish Plaintiffs Glatt and Footman and the members of the New York Production Intern Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(g)    Whether Searchlight's policy or practice of underpaying Plaintiffs Glatt and Footman and the New York Production Intern Class was instituted willfully or with reckless disregard for the law; and

(h)    The nature and extent of class-wide injury and the measure of damages for those injuries.

73.    The claims of Glatt, Footman, and Antalik are typical of the claims of the classes they seek to represent.

74.    Plaintiffs Glatt, Footman, and the New York Production Intern Class were subject

to the same or very similar compensation policies and practices and have all sustained similar types of damages as a result of Searchlight's failure to comply with the NYLL.

75.     Plaintiff Antalik and the New York Corporate Intern Class were subject to the same or very similar compensation policies and practices and have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

76.     Plaintiff Antalik will fairly and adequately represent and protect the interests of the New York Corporate Intern Class and Plaintiffs Glatt and Footman will fairly and adequately represent and protect the interests of the New York Production Intern Class.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and members of the classes that they seek to represent.

77.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the New York Corporate Intern Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures and as a result of Defendants' violation of the NYLL.  The members of the New York Production Intern Class have been damaged and are entitled to recovery as a result of Searchlight's common and uniform policies, practices, and procedures and as a result of Searchlight's violation of the NYLL.  Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover damages stemming from such practices.  In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

78.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CALIFORNIA CLASS ACTION ALLEGATIONS

79.     Plaintiff Gratts brings the Ninth Cause of Action, CA UCL claim, under Rule 23 of the Federal Rules of Civil Procedure, and seeks to represent: All unpaid interns who interned on one or more Searchlight Films in California between August 1, 2008 and the date of final judgment in this matter ("California Intern Class").

80.     Excluded from the California Intern Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Intern Class.

81.     The members of the California Intern Class are so numerous that joinder of all members is impracticable.

82.     Upon information and belief, the size of the California Intern Class is more than 40 individuals.

83.     Searchlight has acted or has refused to act on grounds generally applicable to the California Intern Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

84.     Common questions of law and fact exist as to the California Intern Class and predominate over any questions affecting only individual class members, and include, but are not limited to, the following:

(a)   Whether Searchlight employed and/or jointly employed Plaintiff Gratts and the California Intern Class within the meaning of the California Labor Code and California Wage Order No. 12;

(b)   Whether Searchlight has or had a policy or practice of failing to pay Plaintiff Gratts and the members of the California Intern Class the minimum wage for all hours worked in violation of Cal. Lab. Code §§ 1194, 1197, as alleged herein;

(c)   Whether Searchlight has or had a policy or practice of failing to pay Plaintiff Gratts and the members of the California Intern Class the minimum wage for all hours worked in violation of the FLSA, 29 U.S.C. § 206, and as alleged herein;

(d)   Whether Searchlight's policy or practice of underpaying Plaintiff Gratts and the California Intern Class was instituted willfully or with reckless disregard for the law; and

(e)   The nature and extent of class-wide injury and the measure of damages for those injuries.

85.   The claims of Plaintiff Gratts are typical of the claims of the California Intern Class she seeks to represent.

86.   Plaintiff Gratts and all California Intern Class members were subject to the same compensation policies and practices of Searchlight.  Plaintiff Gratts and the California Intern Class have all sustained similar types of damages as a result of Searchlight's failure to comply with CA UCL and California wage and hour laws.

87.   Plaintiff Gratts will fairly and adequately represent and protect the interests of the California Intern Class.  Plaintiff Gratts has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Gratts and members of the California Intern Class.

88.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the California Intern Class have been damaged and are entitled to recovery as a result of Searchlight's common and uniform policies, practices, and procedures and as a result of Searchlight's violation of California wage and hour laws.

Although the relative damages suffered by individual California Intern Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources to conduct a thorough examination of Searchlight's compensation practices and to prosecute vigorously a lawsuit against Searchlight to recover damages stemming from such practices.  In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Searchlight's practices.

89.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

### COLLECTIVE ACTION ALLEGATIONS

90.     Plaintiffs Glatt, Footman, and Antalik ("FLSA Plaintiffs") bring the First and Third Causes of Action, and Plaintiffs Glatt and Footman bring the Second Cause of Action, on behalf of themselves and the following collectives.

91.     Plaintiff Antalik brings FLSA claims on behalf of herself and: All unpaid interns who participated in the FEG internship program between September 28, 2008 and the date of final judgment in this matter ("Corporate Intern Collective"); and

92.     Plaintiffs Glatt and Footman bring claims on behalf of: All unpaid interns who interned on the production of one or more Searchlight Films between September 28, 2008 and the date of final judgment in this matter ("Production Intern Collective").

93.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the Corporate Intern Collective.  Upon information and belief, the Corporate Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Defendants in violation of the FLSA and who would

benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.  Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the members of each Collective pursuant to 29 U.S.C. § 216(b).

94.    Searchlight is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the Production Intern Collective.  Upon information and belief, the Production Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Searchlight in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Searchlight, are readily identifiable, and can be located through Searchlight's records.  Notice should be sent to the members of each Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

95.    It was Defendants' willful policy and pattern or practice to suffer and permit work by interns, including all Plaintiffs, the New York Corporate and Production Intern Classes, the California Intern Class, and the FLSA Intern Collective (collectively "Intern Class Members"), without paying wages for all hours worked.

96.    At all times relevant, Defendants' unlawful conduct, policies, and patterns or practices described in this First Amended Class Action Complaint have been willful.

97.    As part of their ongoing business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the members of the Intern Class by engaging in a pattern, practice, and/or policy of violating the FLSA, the NYLL, CA UCL, and California wage and hour laws, as described in this First Amended Class Action Complaint.

98.     Defendants' unlawful conduct described in this First Amended Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by knowingly misclassifying Plaintiffs and the members of the Intern Class as unpaid interns in order to deny them compensation in violation of the law.

99.     Defendants' unlawful conduct has been widespread, repeated, and consistent. Defendants' policies and practices as described herein are ongoing.

100.    Defendants' unlawful conduct, as set forth in this First Amended Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Intern Class Members.

101.    Defendants' deceptive conduct prevented Plaintiffs and the members of the Intern Class from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

Consistent with its policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

102.    Plaintiffs worked alongside other individuals whom Defendants also classified as unpaid interns, who performed productive work for Defendants and were paid no wages.

103.    Plaintiffs did not receive training similar to what would be given in an educational institution during their employment with Defendants.

104.    The work that Plaintiffs performed for Defendants was not for their own educational benefit.

105.    Upon information and belief, Plaintiffs displaced regular employees who otherwise would have performed their duties for Defendants.

106.    Defendants derived an immediate advantage from Plaintiffs' work.

**Eric Glatt**

107.    The feature film Black Swan was co-produced by Searchlight, a unit of FEG.

108.    From approximately December 2009 through approximately August 2010, plus a single day in October 2009, Glatt worked as an unpaid intern on the filming and post-production of Black Swan.

109.    From December 2009 through February 2010, Glatt worked as an accounting intern approximately five days per week for at least 40 hours per week according to a set schedule, and sometimes as many as 50 hours per week.   Glatt worked approximately 51 full days during this time period.

110.    Glatt's work as an accounting intern on Black Swan was supervised by members of the Black Swan Accounting Department, including Theodore Au, Production Accountant, and David Farr, 1st Assistant Accountant.

111.    On November 18, 2009, approximately two weeks prior to Glatt's start date, Mr. Au informed him by email that Black Swan would likely become a Searchlight production and that if that happened, they would "have to clear with the Fox Production Executive for interns to be working for free and getting no college credits."

112.    In a subsequent email on November 24, 2009, Mr. Farr informed Glatt that "Fox is going to overlook the unpaid/non-college intern thing," and that as a result Plaintiff could start working the next week.

113.    On December 4, 2009, Mr. Au emailed Glatt the Twentieth Century Fox Feature Accounting Manual ("the Accounting Manual") and asked him to read it.

114.    The Black Swan Accounting Department staff were required to follow, *inter alia*, the payroll, personnel, and cost reporting policies outlined in the Accounting Manual.

115.   Mr. Au was required to send weekly "hot cost" reports to Searchlight including information about the production's projected budget versus actual expenditures.

116.   Glatt's responsibilities as an accounting intern included the following:

(a)   Reviewing personnel files for each Black Swan staff and crew member, creating spreadsheets to track missing documents in employee personnel files, and requesting missing documents from employees to complete personnel files;

(b)   Traveling approximately twice a week to the Manhattan offices of the Fox-designated payroll service, Cast & Crew Entertainment Services, to deliver Black Swan timesheets, pick up employee paychecks, and/or deliver payments;

(c)   Preparing documents and spreadsheets to track and reconcile purchase orders, invoices, and petty cash, and travelling to set to obtain signatures from the relevant managers or supervisors to authorize payments.

117.   Glatt was paid for one full day of work performing production assistant duties for the Black Swan Art Department on Sunday, January 31, 2010.  Mr. Au told Glatt that he believed it was unfair that Glatt should also be required to work on the weekend for no pay, and told Glatt to submit a timesheet for payment at the production assistant rate.

118.   Glatt was paid $125.00 less withholdings for that 12-hour day of work, at an hourly rate of $8.928571.  He received a 2010 Form W-2 reflecting amounts paid for this work.

119.   From approximately March 2010 through approximately August 2010, Glatt worked as an unpaid post-production assistant for approximately two days per week for at least 6 hours per day according to a set schedule.  Glatt worked approximately 44 full days during this time period.

120.   Glatt's work as a post-production assistant was supervised by Jeff Robinson, Post-Production Supervisor.

121.   Mr. Robinson regularly communicated with representatives of Fox Searchlight about the production budget and other matters.

122.     Glatt's duties as a post-production assistant included filing paperwork, picking up and dropping off paperwork with the post-production accounting service provider, mailing production materials, and purchasing office supplies, snack foods, and other items for editing rooms.

123.     In approximately August 2010, Glatt asked Mr. Robinson about listing both of his positions in the end credits of Black Swan.  Mr. Robinson responded, "All credits for all positions are at Producers [sic] discretion" and "Fox came back with their policy that no one gets double credits in the end crawl."

124.     At least one week during the time he worked for Searchlight, Glatt worked more than 40 hours per week.

125.     At least one day during the time he worked for Searchlight, Glatt worked more than 10 hours per day.

126.     Other than the payment described in Paragraph 118, Glatt was not paid any wages for his work for Searchlight.

127.     Glatt was required to bring his personal laptop computer to work each day in order to perform his duties as an intern for the benefit and convenience of Searchlight, but was not reimbursed for its use.

128.     Glatt was required to use his personal cellular phone in order to perform his duties as an intern for the benefit and convenience of Searchlight, but was not reimbursed for its use.

**Alexander Footman**

129.     From approximately October 2009 through approximately February 2010, Footman worked as an unpaid intern in the Production Office of Black Swan.  Footman worked approximately 95 full days during this time period.

130.    For at least the first two months of his internship, Footman regularly worked five days per week for at least 40 hours per week according to a set schedule, and sometimes as many as 50 hours per week.

131.    Footman's work as an office production intern on Black Swan was supervised by individuals in the Production Office, including Lindsay Feldman, Production Office Coordinator, and Jodi Arneson, Assistant Production Office Coordinator.

132.    Footman's responsibilities as an office production intern included the following:

(a)    Preparing coffee for the Production Office and ensuring that the coffee pot was full;

(b)    Taking and distributing lunch orders for the Production Office staff between 11:00 a.m. and 1:00 p.m.;

(c)    Taking out the trash and cleaning the office;

(d)    Collecting receipts and preparing expense reports;

(e)    Running miscellaneous errands, including travelling to the Black Swan set to deliver items and obtain signatures on documents.

(f)    Other miscellaneous secretarial work.

133.    At least one week during the time he worked for Searchlight, Footman worked more than 40 hours per week.

134.    At least one day during the time he worked for Searchlight, Footman worked more than 10 hours per day.

135.    Footman was paid no wages at all for his work for Searchlight.

136.    Footman was required to bring his personal laptop computer to work each day in order to perform his duties as an intern for the benefit and convenience of Searchlight, but was not reimbursed for its use.

137.    Footman was required to use his personal cellular phone in order to perform his duties as an intern for the benefit and convenience of Searchlight, but was not reimbursed for its use.

**Eden Antalik**

138.    From approximately May 2009 through approximately August 2009, Antalik worked for Defendants as an unpaid publicity intern in New York.

139.    Antalik carried out assignments for both Searchlight and another FEG unit, Twentieth Century Fox.

140.    Antalik regularly worked three days per week for at least 25 hours per week according to a set schedule.

141.    John Maybee, a junior publicist, supervised Antalik's work.

142.    Antalik's responsibilities as a publicity intern included the following:

(a)    Identifying articles and news items that mentioned Searchlight films, and preparing a daily report of these materials for office-wide distribution;

(b)    Coordinating press junkets for new film releases by setting up interview rooms; arranging for travel, accommodations, and transportation for film talent, directors, and other participants; and ensuring technology functioned properly;

(c)    Researching and collecting photographs and images for film publicity campaigns;

(d)    Other secretarial and administrative duties, including shipping insured packages; preparing expense reports; purchasing lunches and snacks for office staff; and typing staff meeting agendas and minutes.

143.    At least one day during the time she worked for Defendants, Antalik worked more than 10 hours per day.

144.    Antalik was paid no wages at all for her work for Defendants.

145.    Antalik was required to make expenditures for the benefit and convenience of Defendants, including, but not limited to, purchasing snacks and lunches for employees of

Defendants and paying taxi cab fare to make hand-deliveries of films for Defendants, but was not reimbursed for these expenditures.

146.    Antalik was required to use her personal cellular phone in order to perform her duties as an intern for the benefit and convenience of Defendants, but was not reimbursed for its use.

**Kanene Gratts**

147.    The feature film 500 Days of Summer was co-produced by Searchlight.

148.    From approximately April 2008 through approximately August 2008, for a period of approximately 90 days, Gratts worked as an unpaid intern performing set design on the production of 500 Days of Summer.

149.    Gratts regularly worked three days per week for approximately 25 hours per week according to a set schedule.

150.    Gratts's work as a production intern on 500 Days of Summer was supervised by members of the 500 Days of Summer Art Department.

151.    Gratts was responsible for building and decorating sets for the film production.

**<u>FIRST CAUSE OF ACTION</u>**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs Antalik, Glatt, and Footman and the Corporate and Production Intern Collective)**

152.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

153.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this First Amended Class Action Complaint.

154.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the Corporate and Production Intern Collectives.

155.    At all relevant times, Plaintiffs and the members of the Corporate and Production Intern Collectives were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

156.    At all relevant times, Plaintiff Antalik and the members of the Corporate Intern Collective were employees of Defendants and Plaintiffs Glatt and Footman and the members of the Production Intern Collective were employees of Searchlight within the meaning of 29 U.S.C. § 203(e).

157.    At all relevant times, Defendants have been enterprises engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

158.    At all relevant times, Defendants employed Plaintiff Antalik and the members of the Corporate Intern Collective and Searchlight employed Plaintiffs Glatt and Footman and the members of the Production Intern Collective within the meaning of 29 U.S.C. § 203(g).

159.    Defendants have engaged in a policy and/or practice of misclassifying Plaintiffs and members of the Corporate and Production Intern Collectives as unpaid interns and failing to pay them the applicable minimum wage for all hours it suffered or permitted them to work.

160.    Plaintiffs and members of the Corporate and Production Intern Collectives incurred unreimbursed costs for the benefit and convenience of Defendants, which brought their

effective wage rate further below the statutory minimum.

161.    As a result of the minimum wage violations, Plaintiffs and the members of the Corporate and Production Intern Collectives have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

162.    Defendants' unlawful conduct, as described in this First Amended Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this First Amended Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Corporate and Production Intern Collectives.

163.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

164.    Members of the Corporate and Production Intern Collectives are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action.  29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs Glatt and Footman and the Production Intern Collective)**

165.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

166.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Searchlight and protect Plaintiffs and the members of the Production Intern Collective.

167.    Searchlight has failed to pay Plaintiffs and the members of the Production Intern Collective overtime wages at time and a half for hours that they worked over 40 hours in a work week.

168.    As a result of Searchlight's unlawful acts, Plaintiffs and members of the C Production Intern Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

169.    Searchlight's unlawful conduct, as described in this First Amended Class Action Complaint, has been willful and intentional.  Searchlight was aware or should have been aware that the practices described in this First Amended Class Action Complaint were unlawful. Searchlight has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Production Intern Collective.

170.    Because Searchlight's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION
**Fair Labor Standards Act – Recordkeeping Violations**
**(Brought on behalf of Plaintiffs Glatt, Footman, and Antalik and the Corporate and Production Intern Collectives)**

171.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

172.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and members of the Corporate and Production Intern Collectives, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

**FOURTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Minimum Wage**
**(Brought on behalf of Plaintiffs Glatt, Footman, and Antalik and the New York**
**Corporate and Production Intern Classes)**

173.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

174.    Defendants failed to pay Plaintiffs and the members of the New York Corporate and Production Intern Classes all of the minimum wages to which they are entitled under the NYLL.

175.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this First Amended Class Action Complaint.

176.    At all times relevant, Plaintiffs and the members of the New York Corporate and Production Intern Classes have been employees and Defendants have been employers within the meaning of NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

177.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiffs and the members of the New York Corporate and Production Intern Classes.

178.    Defendants were required to pay Plaintiffs and the members of the New York Corporate and Production Intern Classes a minimum wage at a rate of (a) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005; (b) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (c) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (d) $7.25 per hour for all hours worked from July 24, 2009 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

179.    Defendants failed to pay Plaintiffs and the members of the New York Corporate and Production Intern Classes minimum wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

180.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the New York Corporate and Production Intern Classes minimum wages for all of the hours they worked, Defendants have willfully violated the NYLL Art. 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

181.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the New York Corporate and Production Intern Classes are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs Glatt and Footman and the New York Production Intern Class)**

182.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

183.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Searchlight and protect the New York Plaintiffs and the members of the New York Production Intern Classes.

184.    Searchlight has failed to pay Plaintiffs and the members of the New York Production Intern Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

185.    By Searchlight's knowing or intentional failure to pay Plaintiffs and the members of the New York Production Intern Class overtime wages for hours worked over 40 hours per

workweek, it has willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

186.    Due to Searchlight's violations of the NYLL, Plaintiffs and the members of the New York Production Intern Classes are entitled to recover from Searchlight their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law Article 19 - Spread-of-Hours Pay**
**(Brought on behalf of Plaintiffs Glatt, Footman, and Antalik and the New York Corporate and Production Intern Classes)**

187.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

188.    Defendants have willfully failed to pay Plaintiffs and the members of the New York Corporate and Production Intern Classes additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

189.    By Defendants' failure to pay Plaintiffs and the members of the New York Corporate and Production Intern Classes spread-of-hours pay, Defendants have willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

190.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the New York Corporate and Production Intern Classes are entitled to recover from Defendants their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law Article 6 – Unlawful Wage Deductions
**(Brought on behalf of Plaintiffs Glatt, Footman, and Antalik and the Members of the New York Corporate and Production Intern Classes)**

191.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

192.    At all times relevant, Plaintiffs and members of the New York Corporate and Production Intern Classes have been employees within the meaning of the NYLL Art. 6 §§ 190 *et seq.*, and supporting New York State Department of Labor Regulations.

193.    At all times relevant, Defendants have been employers within the meaning of NYLL Art. 6 §§ 190 *et seq.*, and supporting New York State Department of Labor Regulations.

194.    The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and the members of the New York Corporate and Production Intern Classes.

195.    Plaintiffs and members of the New York Corporate and Production Intern Classes incurred unreimbursed costs for the benefit and convenience of Defendants, which were unlawful deductions taken from the Plaintiffs and members of the New York Corporate and Production Intern Classes, in violation of NYLL Art. 6, § 193 and supporting New York State Department of Labor Regulations.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Recordkeeping Violations
**(Brought on behalf of Plaintiffs Glatt, Footman, and Antalik and the Members of the New York Corporate and Production Intern Classes)**

196.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

197.    Defendants failed to make, keep, and preserve accurate records with respect to

31

Plaintiffs and members of the New York Corporate and Production Intern Classes, including hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 §§ 650 *et seq.*, and supporting regulations.

### NINTH CAUSE OF ACTION
**California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*
(Brought on behalf of Plaintiff Gratts and the California Intern Class)**

196.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

197.    Searchlight has engaged in a widespread pattern, policy, and practice of violating the California Unfair Competition Law ("CA UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, as detailed in this First Amended Class Action Complaint.

198.    Searchlight's conduct, as alleged, violates CA UCL § 17200, which prohibits unfair competition including, *inter alia*, any unlawful or unfair business acts or practices.

199.    Searchlight engaged in unfair competition in violation of the UCL by violating each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

a.    California Labor Code §§ 510, 1194;

b.    Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

200.    Beginning at a date unknown to Plaintiffs, but at least prior to four years ago, Defendants committed, and continue to commit, acts of unfair competition, as defined by the CA UCL, by, among other things, engaging in the acts and practices described herein.

201.    Searchlight's conduct as alleged has injured the Plaintiff Gratts and the California Intern Class by wrongfully denying them earned wages.

202.    California law requires an employer, such as Searchlight, to pay minimum wages to all employees for all hours worked.  Cal. Wage Order No. 12; Cal. Labor Code §§ 1194, 1197.

203.    Plaintiff and the members of the California Intern Class are employees entitled to be paid minimum wages for all hours worked.

204.    Searchlight failed and refused to pay Plaintiff and the members of the California Intern Class minimum wages for the hours they worked.

205.    Searchlight's practices violate the laws mentioned above and constitute separate and independent violations of the CA UCL.  Searchlight's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

206.    The unlawful and unfair business practices and acts of Searchlight, described above, have injured the California Intern Class in that they were wrongfully denied the payment of earned wages.

207.    Plaintiff Gratts, on her own behalf and on behalf of the California Intern Class, seeks recovery of attorneys' fees and costs of this action to be paid by Searchlight, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

208.    Plaintiff Gratts, on behalf of herself and the California Intern Class, seeks restitution in the amount of their unpaid wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of all other similarly situated persons, seek the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the Corporate and Production Intern Collectives, as defined above.  Such notice shall inform them that this civil

action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime and unpaid minimum wages pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL Art. 19, § 663;

D.      Unreimbursed costs under NYLL Art. 6 §§ 190 *et seq.*;

E.      Restitution of unpaid wages earned under CA UCL;

F.      Certification of the New York Corporate and Production Intern Classes set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G.      Designation of Plaintiffs as class representatives and counsel of record as Class Counsel;

H.      Pre-judgment interest and post-judgment interest;

I.      Issuance of a declaratory judgment that the practices complained of in this First Amended Class Action Complaint are unlawful under NYLL Art. 19, §§ 650 *et seq.* and NYLL Art. 6 §§ 190, *et seq.*, and the supporting New York State Department of Labor regulations;

J.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and the CA UCL, and an order enjoining Defendants from continuing its unlawful policies and practices as described herein;

K.      Reasonable attorneys' fees and costs of the action; and

L.        Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by this First Amended Class Action Complaint.

Dated: New York, New York
       October 19, 2012

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By:

_Rachel B._
Rachel Bien

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Elizabeth Wagoner
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**Attorneys for Plaintiffs and the Putative Classes**