Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Lewis M. Steel
Paul W. Mollica
Nantiya Ruan
Deirdre A. Aaron
Sally Abrahamson
*Not admitted in New York
Reena Arora
Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cyrus Dugger
Cara E. Greene
Jennifer Liu
Ossai Miazad
Carmel Mushin
Melissa Pierre-Louis
Michael Scimone
Rebecca Sussman
Amber C. Trzinski
Juno Turner
Elizabeth Wagoner

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 1/4/13

RECEIVED JAN 04 2013 CHAMBERS OF ANDREW J. [PECK]

MEMO ENDORSED

*[handwritten endorsement]: The 2 depositions may take place, limited to 4 hours ea, at a mutually convenient place. Opposing papers by 1/14/13.*

SO ORDERED:

[signature]
Hon. Andrew Jay Peck
United States Magistrate Judge

January 4, 2013

**By Hand**
The Honorable Andrew J. Peck
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (WHP) (AJP)

Dear Judge Peck,

We represent the Plaintiffs in the above-referenced matter. We write to respectfully request the Court's assistance in resolving a dispute regarding Defendants' refusal to produce two witnesses, Laura Wiggins and Linda Johns, whose depositions Plaintiffs noticed on January 3, 2013 to take place on January 9 and 15, 2013, respectively.

Plaintiffs learned of the relevant knowledge that these individuals may possess during depositions that they took in mid-December 2012 in Los Angeles. Neither individual was listed on Defendants' Rule 26 disclosures. Ms. Wiggins was one of just two recruiters who, along with Aimee Hoffman, oversaw the internship program at issue in this case. Plaintiffs wish to ask Ms. Wiggins about her role overseeing the internship program because, according to Ms. Hoffman, she oversaw different divisions than Ms. Hoffman oversaw. Ms. Johns is the Executive Vice President of Defendant Fox Entertainment Group's Human Resources department and according to David Johnson, Defendants' corporate representative, and Ms. Hoffman, Ms. Johns was involved in the decision to change Fox's internship program from a paid program to an unpaid program. Moreover, she is likely to possess information regarding the structure of Fox Entertainment Group's Human Resources department and its functions that Mr. Johnson, Ms. Hoffman, and the other Rule 30(b)(6) witnesses that Defendants produced claimed not to know.

Defendants refuse to produce the witnesses because they say that discovery is soon to close and erroneously contend that Plaintiffs have already taken 10 depositions in this case. Although discovery is set to close on January 18, 2013, Plaintiffs noticed the depositions well in advance of the deadline and scheduled them to take place before the deadline via

3 Park Avenue, 29th Floor, New York, NY 10016  Tel 212-245-1000  Fax 212-977-4005
6 Landmark Square, Suite 400, Stamford, CT 06901  Tel 203-363-7888  Fax 203-363-0333
203 North LaSalle Street, Suite 2100, Chicago, IL 60601  Tel 312-924-4888  Fax 646-509-2075
og@outtengolden.com   www.outtengolden.com

videoconference at Defendants' counsel's office in Los Angeles, which Defendants have contended is convenient for Fox's witnesses. In fact, just this week, Defendants noticed the depositions of four individuals who joined the lawsuit as opt-in Plaintiffs, all of which they noticed to take place before the January 18, 2013 deadline. Plaintiffs will also make every effort to limit Ms. Johns' and Ms. Wiggins' depositions to four hours and would be amenable to rescheduling them if the dates that Plaintiffs have proposed are not convenient for the witnesses. Plaintiffs hope that Defendants will extend them the same courtesy with respect to the depositions that they noticed this week.

Defendants are wrong that Plaintiffs have already taken 10 depositions – they have actually taken only six: John Maybee, Lake of Tears Inc., Savage Productions Inc., Aimee Hoffman,[1] and two Rule 30(b)(6) depositions of Defendants Fox Searchlight Pictures, Inc. and Fox Entertainment Group, Inc. Although Defendants designated multiple witnesses for the Rule 30(b)(6) depositions, the Advisory Committee's Note to Rule 30 makes clear that "[a] deposition under Rule 30(b)(6) should, for purposes of [calculating the ten deposition limitation of Rule 30(a)(2)(A)], be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30(a)(2)(A) advisory committee's note, 1993 Amendments.

Accordingly, Plaintiffs respectfully request that the Court order Defendants to produce Laura Wiggins and Linda Johns for depositions on the dates that Plaintiffs noticed or on mutually convenient dates before January 18, 2013.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Rachel B*

Rachel Bien

cc:   Elise Bloom, Esq. (by email)
      Amy Melican, Esq. (by email)
      Adam T. Klein, Esq.
      Elizabeth Wagoner, Esq.
      Reena Arora, Esq.

---

[1]   To the extent that Defendants contend that Plaintiffs deposed Ms. Hoffman twice, that was their doing. They refused to allow her to answer certain questions during her deposition on August 16, 2012 in California, but agreed to re-produce her to answer the questions if Plaintiffs prevailed on their motion to amend, which they did.

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

Dated: January 4, 2013    Total Number of Pages: 3

## TRANSCRIPTION OF MEMO ENDORSED ORDER

The 2 depositions can be taken, limited to appx. 4 hours each, at mutually agreeable times before 1/18/13.

Copies by ECF to: All Counsel
Judge William H. Pauley III