**Proskauer»**   Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1/14/13

RECEIVED
JAN 09 2013
CHAMBERS OF
ANDREW J. PECK

January 9, 2013

Elise M. Bloom
Member
d 212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**VIA FACSIMILE: (212) 805-7933**
The Honorable Andrew J. Peck
United States District Court
for the Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007-1312

**MEMO ENDORSED** p3

Re: <u>Glatt, et al. v. Fox Searchlight Pictures, Inc., et. al.</u>, No. 11 Civ. 6784 (WHP)

Dear Judge Peck:

   We represent defendants in the above-referenced matter. After the conference call on Monday, January 7, we continued to work with plaintiffs to schedule depositions for the new opt-in plaintiffs, but we have been unable to resolve issues with respect to David Stevenson.[1] In particular, the information plaintiffs provided us after the conference concerning the dates of Mr. Stevenson's internships establishes that his claims are untimely. We raised this issue with plaintiffs, and late yesterday they informed us that they will not withdraw Mr. Stevenson's claims. Accordingly, we ask the Court to strike Mr. Stevenson's claims and consent to join before the parties incur additional expenses and fees.

   Claims under the Fair Labor Standards Act ("FLSA") have a two-year statute of limitations, unless they arise out of a willful violation in which case a three-year limitations period applies. By statute, the limitations period applicable to an FLSA claim is determined by the date of each named and opt-in plaintiff's consent to join form. *See e.g., Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006) (internal citations omitted) ("Signed consents do not relate back to the original filing date of the complaint."); *accord Frye v. Baptist Mem. Hosp., Inc.*, No. 5648, 2012 WL 3570657 (6th Cir. Aug. 21, 2012). Mr. Stevenson filed his consent to join form in this action on December 28, 2012 (Docket 83) and, therefore, only his claims arising on or after December 28, 2010 (2-year limitations period) or December 28, 2009 (3-year limitations period where willfulness) will be timely.

   Plaintiffs have informed us that David Stevenson interned with Twentieth Century Fox Television from "September 2007 through December 2007" and with Fox Networks Group from

---

[1] After Monday's conference, we continued working with plaintiffs to schedule the depositions of the three opt-ins discussed at the conference. A date and time has been tentatively set for Mr. Stevenson's deposition to take place in Washington state. Plaintiffs have informed us that the other two opt-ins, Isaac Ahn and David Rozzen, have withdrawn from this action. We have asked them for formally withdraw their opt-in notice, but they have not done so yet.

# Proskauer»

Magistrate Judge Peck
January 9, 2013
Page 2

"January 8, 2008 through April 2008."[2] Because Mr. Stevenson filed his consent to join form on December 28, 2012, even assuming a three-year statute of limitations applies, his claims are untimely, as only claims which accrued after December 2009 would have been timely as of the date of his consent to join form. Indeed, since Mr. Stevenson claims to have ended his last Fox internship in April 2008, even assuming a three-year statute of limitations applies his claims should have been brought no later than April 2011, more than one-and-a-half (1½) years ago.

Late yesterday afternoon, plaintiffs asserted for the first time that Mr. Stevenson's opt-in form should not be withdrawn because "Defendants have not yet deposed Mr. Stevenson or otherwise developed the factual record necessary for the Court to determine whether [equitable] tolling applies to his claims." (Ex. "A" (Pl.s 1/8/13 ltr)) This argument is misplaced for several reasons. First, equitable tolling is appropriate only as a "matter of fairness where a party has been prevented in some *extraordinary* way from exercising his rights." *Iavorski v. United States I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000) (emphasis added). Second, Mr. Stevenson is Outten & Golden's client and they have not identified (and cannot identify) any basis for meeting that high standard and tolling Mr. Stevenson's claims. Accordingly, his claims should be dismissed.

Notably, the *only* time plaintiffs have mentioned equitable tolling in the context of this action is in one section of the brief they submitted on November 9, 2012 in opposition to Defendants' Motion for Reconsideration (*See* Ex. B at 12-13) in which they improperly asserted that a letter sent by Aimee Hoffman to former interns for *Fox Searchlight Pictures, Inc.* may provide the basis for such a claim. Indeed, the letter to which plaintiffs referred in that brief was *only* sent to *Searchlight* former Corporate Interns. Thus, even if Ms. Hoffman's letter could provide a basis for a tolling claim (which it cannot), there is no basis for equitable tolling with respect to Mr. Stevenson, who plaintiffs acknowledge never interned with *Searchlight*.[3]

Accordingly, we request that the Court dismiss Mr. Stevenson's claims and consent to join as untimely. To the extent that the Court does not dismiss the claims now, we ask that the Court enter a ruling stating that defendants' may recover their reasonable attorneys fees and costs in connection with (i) the issues related to Mr. Stevenson's consent to join; and (ii) preparing for and taking his deposition should the Court ultimately rule that his claims are untimely.

---

[2] We are working to verify this information, but for purposes of this letter are relying on the information provided by plaintiffs.

[3] *See e.g., Diaz v. Scores Holding Co.*, No. 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248, at *15 (S.D.N.Y. May 9, 2008) (denying equitable tolling because plaintiffs did not offer any support for it); *compare with Capsolas v. Pasta Resources, Inc.*, No. 10 Civ. 5595 (RJH), 2011 WL 6396511 (S.D.N.Y. June 23, 2011) (deferring equitable tolling only because plaintiffs presented a "colorable" claim relating to defendants' rescission of their earlier consent to sending a notice to some class members). Notably, the cases plaintiffs cited in their letter to us (Ex. A) are inapplicable here because unlike the plaintiffs in those cases, plaintiffs have not come forth with any colorable basis that could support tolling.

## Proskauer»

Magistrate Judge Peck
January 9, 2013
Page 3

    Thank you for your consideration of this request.

Respectfully submitted,

*Elise M. Bloom* (FFA)

Elise M. Bloom

cc: Amy F. Melican, Esq. (via email)
    Adam T. Klein, Esq. (via email)
    Elizabeth Wagoner, Esq. (via email)
    Rachel Bien, Esq. (via email)

**MEMO ENDORSED** 1/14/13

[Handwritten note: The Stevenson deposition can be taken now, if Pltf wishes, or after the deposition of Potter — if needed — after Judge Pauley rules on plaintiffs' conditional certification and supervised notice arguments.]

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

[Stamp: BY ECF]

[Handwritten: Copies! /s/ Judge Pauley]

# EXHIBIT A

# OUTTEN & GOLDEN LLP

| | | |
|---|---|---|
| Wayne N. Outten<br>Anne Golden<br>Adam T. Klein<br>Laurence S. Moy<br>Kathleen Peratis<br>Justin M. Swartz<br>Jack A. Raisner<br>Wendi S. Lazar<br>Carmelyn P. Malalis<br>Tammy Marzigliano<br>René S. Roupinian<br>Ossai Miazad<br>Cara E. Greene<br>Rachel M. Bien | *Advocates for Workplace Fairness* | Lewis M. Steel<br>Paul W. Mollica<br>Molly Brooks<br>Nantiya Ruan<br><br>Deirdre A. Aaron<br>Sally Abrahamson<br>*Not admitted in New York*<br>Reena Arora<br>Delyanne D. Barros<br>Katherine Blostein<br>Cyrus E. Dugger<br>Jennifer Liu<br>Carmel Mushin<br>Melissa Pierre-Louis<br>Michael Scimone<br>Amber C. Trzinski<br>Juno Turner<br>Elizabeth Wagoner |

January 8, 2013

**Via Email**
Amy F. Melican
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036

Re:  *Glatt v. Fox Searchlight Pictures, Inc.*, 11 Civ. 6784 (WHP)

Dear Amy,

    We write in response to your January 8, 2013 letter, in which you requested that Plaintiffs withdraw David Brad Stevenson's Consent to Join form. Plaintiffs will not do so, because the statute of limitations applicable to Mr. Stevenson's claims should be equitably tolled. Plaintiffs also believe that it is not appropriate to raise this issue with Judge Peck now, while discovery is ongoing. Defendants have not yet deposed Mr. Stevenson or otherwise developed the factual record necessary for the Court to determine whether tolling applies to his claims. *See, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (declining to decide equitable tolling issue until after collective members had joined the action); *Thompson v. World Alliance Fin. Corp.*, No. 08 Civ. 4951, 2010 WL 3394188, at *7 n.7 (E.D.N.Y. Aug. 20, 2010) (declining to rule on equitable tolling until after opt-in period closed); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2011 WL 6396511, at *1 (S.D.N.Y. June 23, 2011) (extending the notice period back in time in order to afford more collective members the opportunity to opt-in and show that they are entitled to equitable tolling).

Sincerely,

Elizabeth Wagoner

cc:    Elise M. Bloom, Esq. (via Email)
        Adam T. Klein, Esq.
        Rachel Bien, Esq.



3 Park Avenue, 29th Floor, New York, NY 10016   Tel 212-245-1000   Fax 646-509-2060
6 Landmark Square, Suite 400, Stamford, CT 06901   Tel 203-363-7888   Fax 203-363-0333
203 North LaSalle Street, Suite 2100, Chicago, IL 60601   Tel 312-924-4888   Fax 646-509-2075
og@outtengolden.com   www.outtengolden.com

# EXHIBIT B

01/09/2013 WED 17:49 FAX ☒007/010

**OUTTEN & GOLDEN LLP**
Adam Klein
Rachel Bien
Elizabeth Wagoner
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC.,<br><br>Defendants. | No. 11 Civ. 6784 (WHP) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

216(b) that an individual file a written consent to join in order to become a member of a collective action. Allowing Ms. Antalik's collective action claim to relate back to the filing of the original complaint will simply allow more individuals to receive collective action notice and the opportunity to protect their rights by filing consent forms.

Courts routinely allow plaintiffs to send collective action notice to all individuals who worked at any time after three years before the filing of the complaint. *See, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (allowing notice to be sent to employees who worked at any point within three years of the filing of the complaint); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323, n.3 (S.D.N.Y. 2007) (same); *Thompson v. World Alliance Fin. Corp.*, No. 08 Civ. 4951, 2010 WL 3394188, at *7 (E.D.N.Y. Aug. 20, 2010) (same). If the Court ultimately determines that some consent forms are untimely, there has been no harm done by allowing their filing. If, however, the Court does not allow relation back and notice to issue three years back from the filing of the original complaint, some collective members will not find out about the case or their right to join it, and they will be deprived of the opportunity to argue that their claims are timely due to equitable or other tolling. *See Whitehorn*, 767 F. Supp. 2d at 451 (declining to decide equitable tolling issue until after collective members had joined but extending notice period to afford more collective members the opportunity to argue that tolling applied); *Thompson*, 2010 WL 3394188, at *7 n.7 (permitting plaintiffs to notify potential collective members employed within three years of filing complaint, but declining to rule on equitable tolling until later date); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2011 WL 6396511, at *1 (S.D.N.Y. June 23, 2011) (extending the notice period back in time in order to afford more collective members the opportunity to opt-in and show that they are entitled to equitable tolling).

Here, one reason that collective members may be able to show that they are entitled to equitable tolling is because they were dissuaded from joining the lawsuit earlier or contacting Plaintiffs' counsel after an unauthorized ex-parte communication from Defendants in June 2012, telling them that Fox "strongly disagrees" with Plaintiffs' claims, repeatedly telling them that they were "not required to respond to any questions, emails or any other communications" from Plaintiffs' counsel, and inviting them *to call Defendants or their counsel* with any questions. *See Sampson v. Medisys Health Network, Inc.*, No. 10 Civ. 1342, 2012 WL 3027838, at *7 (E.D.N.Y. July 24, 2012) ("If plaintiffs' employers actively misrepresented facts in order to conceal a potential cause of action, equitable tolling may be appropriate."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) (misrepresentations about lawsuit may warrant equitable tolling even if they are not made negligently or fraudulently); *see also Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) (equitably tolling FLSA claims where defendant failed to notify workers of their right to minimum wages and overtime). Because the Court cannot determine whether equitable tolling will apply to any collective member's claim before he or she joins the case and has an opportunity to establish grounds for tolling, the Court should reject Defendants' argument that the FLSA statute of limitations is a reason to alter its determination that Ms. Antalik's FLSA claim relates back, and should not prematurely limit the scope of the FLSA period alleged in the First Amended Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Reconsideration.

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

Dated: January 14, 2013                Total Number of Pages: 10

## TRANSCRIPTION OF MEMO ENDORSED ORDER

The Stevenson deposition can be taken now, if Fox wishes, or it can be deferred and taken - if needed - after Judge Pauley rules on plaintiffs' conditional certification and equitable tolling arguments.

Copies by ECF to: All Counsel
                  Judge William H. Pauley III