**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Elizabeth Wagoner
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC.,<br><br>    Defendants. | No. 11 Civ. 6784 (WHP) (AJP) |

## DECLARATION OF RACHEL BIEN IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND COURT-AUTHORIZED NOTICE

I, Rachel Bien, pursuant to 28 U.S.C. § 1746, declare as follows:

  1.  I am a partner at Outten & Golden LLP ("O&G"), Plaintiffs' attorneys in this case.  O&G is a 30+ attorney firm based in New York City that represents plaintiffs in a wide variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

  2.  I am an attorney in good standing admitted to practice in the State of New York and before this Court.

3. I make this declaration in support of Plaintiffs' Motion for Class Certification and Court-Authorized Notice. I have personal knowledge of the matters set forth herein and would so testify if called as a witness at trial.

**Procedural History**

4. Plaintiffs Eric Glatt and Alexander Footman filed a Class Action Complaint on September 28, 2011 on behalf of themselves and all other unpaid interns who worked for Searchlight. ECF No. 1.

5. The parties have completed merits discovery, except with respect to damages and Defendants' good faith affirmative defense. *See* ECF No. 27.

6. In the course of discovery, Plaintiffs deposed Fed. R. Civ. P. 30(b)(6) witnesses of Defendants, three other witnesses of Defendants, and officers of the "single-purpose" corporations with which Defendant Fox Searchlight Pictures, Inc. contracted to produce its films. They also prepared for and defended the depositions of the named Plaintiffs and Opt-In Plaintiff Stevenson, obtained supportive declarations from other witnesses, and responded to and propounded discovery requests.

7. The parties engaged in significant discovery motion practice, including with respect to Plaintiffs' requests for a class list, which required several Court orders, including on June 11, 2012, ECF No. 14; August 27, 2012, ECF No. 25; and November 21, 2012, *see* ECF No. 73. The parties also litigated discovery disputes regarding Defendants' responses to Plaintiffs' interrogatories, and Defendants' refusal to produce certain witnesses for depositions. *See* ECF Nos. 73, 85.

8. On September 5, 2012, Plaintiffs sought leave to amend the Complaint, *inter alia*, to add Eden Antalik as a named Plaintiff and Fox Entertainment Group, Inc. as a Defendant, and

to expand the class and collective of unpaid interns to include all interns who worked in Defendants' corporate offices.  ECF No. 27.  The Court granted Plaintiffs' motion in large part, *see* ECF No. 46, and Plaintiffs filed a First Amended Complaint on October 19, 2012.  ECF No. 58 (1st Am. Compl.).

9.  In furtherance of her duties as class representative, Plaintiff Antalik sat for a full-day deposition and produced discovery in response to Defendants' document requests.

10.  On February 15, 2013, Plaintiffs filed a motion for partial summary judgment for Plaintiffs Glatt, Footman, and Gratts.

11.  As discussed above, O&G has already committed significant resources to representing the interests of the proposed class and collective and are committed to continuing to do so.

12.  On November 21, 2012, the Honorable Andrew J. Peck ordered Defendants to produce class member information their People Soft personnel database.  Although the data does not appear to be complete and Defendants' witnesses testified that People Soft was used inconsistently to record intern personnel information, the data that Defendants did produce shows that there were at least 45 interns who worked in New York between 2007 and 2010.  The data also show that Plaintiff and the members of the proposed class all worked out of the same office in New York City located on Avenue of the Americas.  Attached as **Exhibit 74** is a true and correct copy of the relevant categories of information from Defendants' People Soft data.

**Counsel's Background and Experience**

13.  I received a Juris Doctor degree *cum laude* from Brooklyn Law School in 2005.  I was admitted to the bar of the State of New York in 2006 and am also admitted to the bars of the

Second Circuit Court of Appeals and the United States District Courts for the Eastern and Southern Districts of New York. I am a member in good standing of each of these bars.

14. After serving as a judicial clerk for the Honorable Thomas G. Nelson on the Ninth Circuit Court of Appeals, I joined O&G in 2006, where I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

15. I am a member of the American Bar Association's Labor and Employment Law Section and the Equal Employment Opportunity Committee. I am also a member of the National Employment Lawyers Association ("NELA") and NELA's New York Chapter. I speak frequently on employment law issues, including wage and hour topics.

16. Courts have repeatedly appointed O&G as class counsel in wage and hour class actions. *See, e.g, Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *2 (S.D.N.Y. May 9, 2012); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 1432302, at *1-2 (E.D.N.Y. Apr. 20, 2012); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *15 (S.D.N.Y. Sept. 29, 2006).

**Exhibits**

17. Attached as **Exhibit 1** is a true and correct copy of the deposition transcript of Aimee Hoffman, dated August 16, 2012 ("Hoffman Tr.").

18. Attached as **Exhibit 2** is a true and correct copy of the deposition transcript of Aimee Hoffman, dated December 14, 2012 ("Hoffman Tr.").

19. Attached as **Exhibit 3** is a true and correct copy of excerpts from the deposition transcript of David Johnson, dated December 13, 2012 ("Johnson Tr.").

20. Attached as **Exhibit 4** is a true and correct copy of excerpts from the deposition transcript of Laura Wiggins, dated January 16, 2013 ("Wiggins Tr.").

21. Attached as **Exhibit 5** is a true and correct copy of excerpts from the deposition transcript of Linda Johns, dated January 18, 2013 ("Johns Tr.").

22. Attached as **Exhibit 6** is a true and correct copy of excerpts from the deposition transcript of Tanya Karn, dated December 14, 2012 ("Karn Tr.").

23. Attached as **Exhibit 7** is a true and correct copy of excerpts from the deposition transcript of Eden Antalik, dated July 23, 2012 ("Antalik Tr.").

24. Attached as **Exhibit 8** is a true and correct copy of excerpts from the deposition transcript of David B. Stevenson, dated January 14, 2013 ("Stevenson Tr.").

25. Attached as **Exhibit 9** is a true and correct copy of a document titled Applicant's Voluntarily Self-Identification Form ("Self-Identification Form"), which was marked as Exhibit 4 in the deposition of Aimee Hoffman.

26. Attached as **Exhibit 10** is a true and correct copy of a document titled Confidentiality Obligations of Employees Policy ("Confidentiality Obligations of Employees Policy"), which was marked as Exhibit 5 in the deposition of Aimee Hoffman.

27. Attached as **Exhibit 11** is a true and correct copy of an offer letter, dated February 5, 2010 ("Offer Letter"), which was marked as Exhibit 7 in the deposition of Aimee Hoffman.

28. Attached as **Exhibit 12** is a true and correct copy of a document titled Worker's Compensation / Internship ("Worker's Compensation Agreement"), which was marked as Exhibit 9 in the deposition of Aimee Hoffman.

29. Attached as **Exhibit 13** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Searchlight Finance and Operations Department ("Searchlight Finance & Operations Internship"), which was marked as Exhibit 11 in the deposition of Aimee Hoffman.

30. Attached as **Exhibit 14** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Searchlight Production Department ("Searchlight Production Internship"), which was marked as Exhibit 12 in the deposition of Aimee Hoffman.

31. Attached as **Exhibit 15** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Fox Searchlight Distribution Department ("Searchlight Distribution Internship"), which was marked as Exhibit 13 in the deposition of Aimee Hoffman.

32. Attached as **Exhibit 16** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Searchlight Publicity Department ("Searchlight Publicity Internship"), which was marked as Exhibit 14 in the deposition of Aimee Hoffman.

33. Attached as **Exhibit 17** is a true and correct copy of a document titled Twentieth Century Fox Request for Spring Intern Form for the Fox Searchlight Marketing Department ("Searchlight Marketing Internship"), which was marked as Exhibit 15 in the deposition of Aimee Hoffman.

34. Attached as **Exhibit 18** is a true and correct copy of a document titled Intern Responsibilities ("Intern Responsibilities"), which was marked as Exhibit 18 in the deposition of Aimee Hoffman.

35. Attached as **Exhibit 19** is a true and correct copy of a document titled Twentieth Century Fox Fall 2009 Intern Request Form ("Searchlight New York Publicity Internship"), which was marked as Exhibit 19 in the deposition of Aimee Hoffman.

36. Attached as **Exhibit 20** is a true and correct copy of an email dated, July 7, 2010, from Emmy Chang to a Publicity Intern ("Email, dated July 7, 2010"), which was marked as Exhibit 20 in the deposition of Aimee Hoffman.

37. Attached **as Exhibit 21** is a true and correct copy of an email, dated May 19, 2010, from Michelle Matalon to Diana Loomis and Adam Padilla ("Email, dated May 19, 2010"), which was marked as Exhibit 22 in the deposition of Aimee Hoffman.

38. Attached as **Exhibit 22** are true and correct copies of emails, dated May 19, 2010, between Aimee Hoffman to John Maybee ("Hoffman Email, dated May 19, 2010"), which were marked as Exhibit 23 in the deposition of Aimee Hoffman.

39. Attached as **Exhibit 23** is a true and correct copy of an email, dated June 29, 2010, from Aimee Hoffman to Nolan Gonzales ("Email, dated June 29, 2010"), which was marked as Exhibit 26 in the deposition of Aimee Hoffman.

40. Attached as **Exhibit 24** is a true and correct copy of an email, dated June 18, 2010, from Taylor Friedman to Zola Mashariki ("Email, dated June 18, 2010"), which was marked as Exhibit 28 in the deposition of Aimee Hoffman.

41. Attached as **Exhibit 25** is a true and correct copy of an email, dated June 19, 2010, from Taylor Friedman to Zola Mashariki ("Email, dated June 19, 2010"), which was marked as Exhibit 29 in the deposition of Aimee Hoffman.

42. Attached as **Exhibit 26** is a true and correct copy of an email, dated July 13, 2010, from Aimee Hoffman to Michelle Matalon and John Maybee ("Email, dated July 13, 2010"), which was marked as Exhibit 30 in the deposition of Aimee Hoffman.

43. Attached as **Exhibit 27** is a true and correct copy of an email, dated July 29, 2010, from Aimee Hoffman to Jill Gwen Braginets ("Email, dated July 29, 2010"), which was marked as Exhibit 37 in the deposition of Aimee Hoffman.

44. Attached as **Exhibit 28** is a true and correct copy of an email, dated April 9, 2010, from Jill Gwen Braginets to Aimee Hoffman ("Email, dated April 9, 2010"), which was marked as Exhibit 38 in the deposition of Aimee Hoffman.

45. Attached as **Exhibit 29** is a true and correct copy of the resume of Aimee Hoffman ("Hoffman Resume"), which was marked as Exhibit 39 in the deposition of Aimee Hoffman.

46. Attached as **Exhibit 30** is a true and correct copy of an email, dated February 8, 2010 from Aimee Hoffman to Melissa McLeanas ("Email, dated Feb. 8, 2010"), which was marked as Exhibit 42 in the deposition of Aimee Hoffman.

47. Attached as **Exhibit 31** is a true and correct copy of an email, dated March 2, 2010, from Aimee Hoffman to Tanya Tallino ("Email, dated March 2, 2010"), which was marked as Exhibit 43 in the deposition of Aimee Hoffman.

48. Attached as **Exhibit 32** is a true and correct copy of an email, dated May 27, 2010, from Susan Cotliar to Aimee Hoffman ("Email, dated May 27, 2010"), which was marked as Exhibit 50 in the deposition of Aimee Hoffman.

49. Attached as **Exhibit 33** is a true and correct copy of an email, January 22, 2010, from Aimee Hoffman ("Orientation Agenda"), which was marked as Exhibit 51 in the deposition of Aimee Hoffman.

50. Attached as **Exhibit 34** is a true and correct copy of a document titled Summer 2009 Intern Request Form for the TCFTV Comedy Development Department ("TCFTV Comedy Development Internship"), which was marked as Exhibit 52 in the deposition of Aimee Hoffman.

51. Attached as **Exhibit 35** is a true and correct copy of FEG internship postings, including a posting for the MPD Feature Production Internship ("MPD Feature Production Internship"), a posting for the Twentieth Century Fox Publicity Internship ("TCF Publicity Internship"), and a posting for a Twentieth Century Fox Film Corporation Human Resources internship ("TCFFC Human Resources Internship"), which was Exhibit 53 in the deposition of Aimee Hoffman.

52. Attached as **Exhibit 36** is a true and correct copy of a document titled Fox Entertainment Group ("FEG") Entities Relevant to this Litigation ("FEG Entities"), which was marked as Exhibit 2 in the deposition of David Johnson.

53. Attached as **Exhibit 37** is a true and correct copy of a document titled News Corporation Elevates Linda Johns to Executive Vice President of Human Resources of FEG ("News Corp. Press Release"), which was marked as Exhibit 3 in the deposition of David Johnson.

54. Attached as **Exhibit 38** is a true and correct copy of an email, dated August 13, 2010, from Linda Johns to Robert Barron ("Email, dated August 13, 2010"), which was marked as Exhibit 4 in the deposition of David Johnson.

55. Attached as **Exhibit 39** is a true and correct copy of a document titled Internships ("Fox Careers"), which was marked as Exhibit 5 in the deposition of David Johnson.

56. Attached as **Exhibit 40** is a true and correct copy of a document titled Intern Onboarding Checklist ("Onboarding Checklist"), which was marked as Exhibit 6 in the deposition of David Johnson.

57. Attached as **Exhibit 41** is a true and correct copy of a document titled Employee Record – New Hire Form ("Intern Personnel File"), which was marked as Exhibit 9 in the deposition of David Johnson.

58. Attached as **Exhibit 42** is a true and correct copy of an email, dated January 26, 2009, from David Johnson to John Djergian and Pam Levine ("Email, dated Jan. 26, 2009") which was marked as Exhibit 11 in the deposition of David Johnson.

59. Attached as **Exhibit 43** is a true and correct copy of a document titled Intern Supervisor Training ("Intern Training"), which was marked as Exhibit 13 in the deposition of David Johnson.

60. Attached as **Exhibit 44** is a true and correct copy of an email, dated July 9, 2010, from Linda Johns to Angela Gardner ("Email, dated July 9, 2010"), which was marked as Exhibit 15 in the deposition of David Johnson.

61. Attached as **Exhibit 45** is a true and correct copy of an email, dated May 13, 2010, from David Johnson to Jill Gwen Braginets and Aimee Hoffman ("Email, dated May 13, 2010"), which was marked as Exhibit 18 in the deposition of David Johnson.

62. Attached as **Exhibit 46** is a true and correct copy of an email, dated July 15, 2010, from David Johnson to Jill Gwen Braginets ("Email, dated July 15, 2010"), which was marked as Exhibit 20 in the deposition of David Johnson.

63. Attached as **Exhibit 47** is a true and correct copy of the LinkedIn Profile of Laura Wiggins ("Wiggins Profile"), which was marked as Exhibit 1 in the deposition of Laura Wiggins.

64. Attached as **Exhibit 48** is a true and correct copy of corporate organizational charts ("FEG Organizational Charts"), which was marked as Exhibit 2 in the deposition of Laura Wiggins.

65. Attached as **Exhibit 49** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Fox Searchlight NY Publicity Department ("Searchlight New York Publicity Internship"), bearing Bates numbers, D0048783-48784.

66. Attached as **Exhibit 50** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the TV Music Production and Admin. Department ("TV Music Production and Admin. Internship"), bearing Bates numbers, D0093025.

67. Attached **as Exhibit 51** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the Fox TV Music Department ("Fox TV Music Internship"), bearing Bates numbers, 0093026.

68. Attached as **Exhibit 52** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the Publicity-Photo Department ("Publicity-Photo Department Internship"), bearing Bates numbers, D0093027-93028.

69. Attached as **Exhibit 53** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the TVD/MPP/Creative Department ("TVD/MPP/Creative Department Internship"), bearing Bates numbers, D0093029-93030.

70. Attached as **Exhibit 54** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the Digital Marketing Department ("Digital Marketing Internship"), bearing Bates numbers, D0093031-93032.

71. Attached as **Exhibit 55** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the Business and Legal Affairs Department ("Business and Legal Affairs Internship"), bearing Bates numbers, D0093034-93035.

72. Attached as **Exhibit 56** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the FTVS ("FTVS Post Production Internship"), bearing Bates numbers, D0093036-93037.

73. Attached as **Exhibit 57** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the Fox 2000 Department ("Fox 2000 Internship"), bearing Bates numbers, D0093038-93039.

74. Attached as **Exhibit 58** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the TCFTVD Photography Department ("TCFTVD Internship"), bearing Bates numbers, D0093040-93041.

75. Attached as **Exhibit 59** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the FTVS Department ("FTVS Internship"), bearing Bates numbers, D0093045-93046.

76. Attached as **Exhibit 60** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the Network Finance Department ("Network Finance Internship"), bearing Bates numbers, D0093047-93048.

77. Attached as **Exhibit 61** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Research Library Department ("Research Library Internship"), bearing Bates numbers, D0093053.

78. Attached as **Exhibit 62** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Post Productive Service Department ("Post Productive Service Internship"), bearing Bates numbers, D0093054-93055.

79. Attached as **Exhibit 63** is a true and correct copy of a document titled Fox Entertainment Group Spring 2010 Intern Request Form for the International Theatrical Sales and Strategy Planning Department ("International Theatrical Sales Internship"), bearing Bates numbers, D0093056-93057.

80. Attached as **Exhibit 64** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Research and Marketing Department ("Research & Marketing Internship"), bearing Bates numbers, D0093061-93062.

81. Attached as **Exhibit 65** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Fox International Productions Department ("Fox International Productions Internship"), bearing Bates numbers, D0093063-93064.

82. Attached as **Exhibit 66** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Promotions Department ("Promotions Internship"), bearing Bates numbers, D0093077-930778.

83. Attached as **Exhibit 67** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Fox Music Department ("Fox Music Internship"), bearing Bates numbers, D0093079-93080.

84. Attached as **Exhibit 68** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Fox Digital Studio Department ("Fox Digital Studio Internship"), bearing Bates numbers, D0093099.

85. Attached as **Exhibit 69** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Marketing, Publicity, and Promotions Department ("Marketing, Publicity, & Promotions Internship"), bearing Bates numbers, D0093111-93112.

86. Attached as **Exhibit 70** is a true and correct copy of a document titled Fall 2009 Intern Request Form for the In Theatre Marketing Department ("In Theatre Marketing Internship"), bearing Bates numbers, D0093122-93123.

87. Attached as **Exhibit 71** is a true and correct copy of a document titled Spring 2010 Internship Request Form for the Brand Management & Strategy, TCFTV Department ("TCFTV Brand Management & Strategy Internship"), bearing Bates number D0093124.

88. Attached as **Exhibit 72** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Retail Marketing Department ("Retail Marketing Internship"), bearing Bates numbers, D0093125-93126.

89. Attached as **Exhibit 73** is a true and correct copy of an email, dated December 11, 2009, from Aimee Hoffman to Kate Aconfora ("Email, dated Dec. 11, 2009"), bearing Bates number, D0093183.

90. Attached as **Exhibit 75** is a true and correct copy of the U.S. Department of Labor Wage and Hour Division Fact Sheet #71: Internship Programs Under the Fair Labor Standards Act ("DOL Fact Sheet").

91. Attached as **Exhibit 76** is a true and correct copy of the New York State Department of Labor Fact Sheet regarding Wage Requirements for Interns in For-Profit Businesses.

92. Attached as **Exhibit 77** is a true and correct copy of Fox Group Internship Program offer letters, dated May 13, 2010 and July 2, 2010 ("Offer Letters"), bearing Bates numbers, D0094269-94270.

93. Attached as **Exhibit 78** is a true and correct copy of the Declaration of Brian Nichols ("Nichols Decl."), bearing Bates numbers, P012184-12186.

94. Attached as **Exhibit 79** is a true and correct copy of an Order, dated August 24, 2011, in *Silverstein v. AllianceBernstein L.P.*, No. 09 Civ. 5904 (S.D.N.Y.), granting conditional certification and court-authorized notice under 29 U.S.C. § 216(b).

95. Attached as **Exhibit 80** is a true and correct copy of a document titled Spring 2010 Intern Request Form for the Home Entertainment Publicity department ("Home Entertainment Publicity Internship"), bearing Bates number, D0093089.

96. Attached as **Exhibits 81** and **82** are Plaintiffs' proposed class and collective action notices, respectively.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:	February 15, 2013
	New York, New York

/s/ Rachel Bien
Rachel Bien

**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor

13

                          New York, New York 10016
                          Telephone:  212-245-1000
                          Facsimile: (212) 977-4005