UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                     :
ERIC GLATT, ALEXANDER FOOTMAN,       :   Civil Action No. 11 CV 6784
EDEN ANTALIK, and KANENE GRATTS, on  :   (WHP)
behalf of themselves and all others similarly :
situated,                            :   ECF Case
                                     :
       Plaintiffs,                   :
                                     :
       v.                            :
                                     :
FOX SEARCHLIGHT PICTURES, INC., and  :
FOX ENTERTAINMENT GROUP, INC.,       :
                                     :
       Defendants.                   :
                                     X
------------------------------------

**DEFENDANTS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN OPPOSITION TO PLAINTIFF EDEN ANTALIK'S MOTION
FOR NYLL AND FLSA CERTIFICATION**

Defendants write to provide the Court with notice of recent U.S. Supreme Court supplemental authority supporting its opposition to Plaintiff Eden Antalik's motion for class certification of her New York Labor Law ("NYLL") claims under Fed. R. Civ. P. 23 and collective certification under the Fair Labor Standards Act ("FLSA") under 29 U.S.C. § 216(b).

In Defendants' Memorandum of Law in Opposition to Plaintiff Eden Antalik's Motion for NYLL and FLSA Certification (Dkt. No. 138), Defendants cited the U.S. Supreme Court's March 27, 2013 decision in *Comcast Corp. v. Behrend,* 569 U.S. __, 2013 WL 1222646 (2013), in which the Supreme Court vacated class certification of cable consumers' antitrust suit against the defendant Comcast under Fed. R. Civ. P. 23(b)(3).

Although the *Comcast* decision arose in the antitrust context, the Supreme Court has now left no doubt that its holdings in *Comcast* also apply in the wage and hour context.  Notably, on April 1, 2013, the Court granted the defendant RBS's request for review of the Seventh Circuit's certification of a wage and hour class action in *Ross v. RBS Citizens, N.A.*, No. 10-3848, vacated the judgment, and remanded the case to the Seventh Circuit instructing it to reconsider its certification decision in light of the *Comcast* decision.  (A copy of the Court's grant of *certiorari* is attached as Exhibit "A").

In *Ross*, the Seventh Circuit affirmed the district court's certification of two groups of bank employees seeking overtime pay allegedly due under the Illinois Minimum Wage Law.  One group sought pay for several different kinds of off-the-clock work and the other claimed to have been misclassified as exempt from overtime.  The defendant RBS argued that neither group could be certified because common issues did not predominate over individual issues; for example, each employee would have to prove what kind of off-the-clock work he or she performed and the defendant RBS would be entitled to prove it did not know about the extra work or other employee-specific defenses.  Additionally, each allegedly misclassified employee would have to prove his or her specific duties, which would be inevitably dominated by individual, rather than class issues.  The Seventh Circuit affirmed the district court's holding that the "common issue of whether a company-wide policy existed to deny overtime will predominate over the variations in methods used to accomplish the alleged policy." *Ross v. RBS Citizens, N.A.*, 667 F.3d 900, 907 (7th Cir. 2012) (*citing Ross v. RBS Citizens, N.A.,* 2010 WL 3980113, at *6 (N.D. Ill. Oct. 8, 2010)).  The Supreme Court has now vacated and remanded the decision to the Seventh Circuit "for further consideration in light of [the *Comcast* decision]."  *See* Exhibit A.  This vacatur and remand should guide this Court to carefully consider and apply

2

the Supreme Court's holdings in *Comcast* (and *Dukes*)—particularly as to Plaintiff Antalik's inability to establish that damages can be proven on a class-wide basis.

After application of the "rigorous analysis" espoused in both *Comcast*, 569 U.S. __ (2013) and *Dukes*, 131 S. Ct. 2541 (2011), the Court should deny Plaintiff Eden Antalik's Motion for Class Certification.

Dated: April 12, 2013

    Respectfully submitted,

    FOX SEARCHLIGHT PICTURES, INC. and
    FOX ENTERTAINMENT GROUP, INC.

    By their attorneys,

    PROSKAUER ROSE LLP

      */s/ Elise M. Bloom*

    Elise M. Bloom
    Amy F. Melican
    Proskauer
    Eleven Times Square
    New York, NY 10036
    Tel: 212.969.3000; Fax: 212.969.2900
    ebloom@proskauer.com
    amelican@proskauer.com