UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                                                    :
ERIC GLATT, ALEXANDER FOOTMAN,           :   Civil Action No. 11 CV 6784
EDEN ANTALIK, and KANENE GRATTS, on      :   (WHP)
behalf of themselves and all others similarly  :
situated,                                :   ECF Case
                                         :
          Plaintiffs,                    :
                                         :
     v.                                  :
                                         :
FOX SEARCHLIGHT PICTURES, INC., and      :
FOX ENTERTAINMENT GROUP, INC.,           :
                                         :
          Defendants.                    :
                                         X
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DEFENDANTS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN OPPOSITION TO PLAINTIFF EDEN ANTALIK'S MOTION
FOR NYLL AND FLSA CERTIFICATION**

Defendants write to provide the Court with notice of the Opinion & Order issued today in *Wang v. The Hearst Corporation*, No. 12 CV 793 (HB) (S.D.N.Y. May 8, 2013), which supplements the authority supporting Defendants' opposition to Plaintiff Eden Antalik's motion for class certification of her New York Labor Law ("NYLL") claims under Fed. R. Civ. P. 23 and collective certification under the Fair Labor Standards Act ("FLSA") under 29 U.S.C. § 216(b). For ease of reference, a copy of the *Wang* decision, which considers and rejects several of the <u>identical</u> arguments Plaintiffs have asserted in the certification motion pending before this Court, is attached as Exhibit "A."

In *Wang*, a putative class of unpaid interns asserted that they had been misclassified and denied pay in violation of the minimum wage requirements, overtime provisions and recordkeeping requirements in the NYLL and FLSA. Ex. A at 1.  The plaintiffs moved for partial summary judgment contending that they were "employees" under the FLSA and NYLL (Ex. A at 4) and sought to certify a class of unpaid interns pursuant to Rule 23(a) and 23(b)(3) (Ex. A at 7). The district court denied both motions.  Ex. A

With respect to the Rule 23 certification, the district court found that individualized questions about the "nature" of the internships prevented the plaintiffs from establishing commonality, predominance and superiority and, thus, precluded class treatment.  Ex. A at 9-11; *see also* Ex. A at 9 (finding "the Court cannot resort to any common proof to determine the very 'nature' of the interns' work").  Indeed, the <u>very same</u> five alleged common questions that Plaintiffs assert in support of the certification motion in this case (*see* Pl.s' Br. in Support of Cert. (Dkt. 104), at 22-25) were specifically rejected by the *Wang* district court and found to be insufficient to satisfy the plaintiffs' burden of demonstrating questions that would "generate common *answers* apt to drive the resolution" of the litigation.  Ex. A at 8 (emphasis in original). In *Wang,* the court found that determining the "nature" of each individual putative class member's internship will require an analysis of individualized factors, including, for example, the extent of educational training, benefit to each intern, degree of supervision and impediment to defendants' operations.  *See* Ex. A at 7, 12; *see also* Ex. A at 9 ("The duties performed by Lead and Opt-In Plaintiffs – to say nothing of the variation within each magazine and corporate department – clearly suggest that internships varied greatly from magazine to magazine.").

To make "liability determinations" with respect to the alleged internship misclassification, the *Wang* court found that it "would have to evaluate all of such individualized

evidence,[1] in addition to individualized testimony about the level of supervision and respective benefits, against the six factors suggested by the DOL.  Because the content of the internships, which is the core of the dispute, cannot be evaluated based on common proof, individual issues clearly overwhelm the common ones here."  Ex. A at 12.

In addition, the district court rejected the plaintiffs' argument that an employer must satisfy "all of the factors" in the Department of Labor's ("DOL") six-factor test to establish a lawful internship.  Ex. A at 5-6.  Instead, the court "agree[d] . . . that the Supreme Court in *Walling* looked to the totality of circumstances of the training program to determine whether the plaintiffs were 'employees' under the FLSA" and ruled that "the prevailing view is the totality of the circumstances test," albeit without "disregard[ing]" the DOL factors.  Ex. A at 6.

Based on the individualized "nature" of the internship analysis and evidence that is at issue, this Court should deny Plaintiff Antalik's Motion for Class Certification in its entirety.

Dated:  May 8, 2013
        New York, NY

Respectfully submitted,

FOX SEARCHLIGHT PICTURES, INC. and
FOX ENTERTAINMENT GROUP, INC.

By their attorneys,

PROSKAUER ROSE LLP

   */s/ Elise M. Bloom*
Elise M. Bloom
Amy F. Melican
Proskauer
Eleven Times Square
New York, NY 10036
Tel:  212.969.3000; Fax:  212.969.2900
ebloom@proskauer.com
amelican@proskauer.com

---

[1] Referencing documents that "set out different duties and training for each magazine [and] specific department[s] *within* a single magazine."  Ex. A at 11 (emphasis in original).