UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
:
ERIC GLATT, ALEXANDER FOOTMAN, : Civil Action No. 11 CV 6784
EDEN ANTALIK, and KANENE GRATTS, on : (WHP)
behalf of themselves and all others similarly :
situated, : ECF Case
:
     Plaintiffs, :
:
     v. :
:
FOX SEARCHLIGHT PICTURES, INC., and :
FOX ENTERTAINMENT GROUP, INC., :
:
     Defendants. :
 X
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DEFENDANTS' NOTICE OF SUPPLEMENTAL
### AUTHORITY IN OPPOSITION TO PLAINTIFF EDEN ANTALIK'S MOTION
### FOR NYLL AND FLSA CERTIFICATION

     Defendants write to provide the Court with notice of the Summary Order the Second Circuit issued today in *Cuevas v. Citizens Financial Group, Inc.*, No. 12-2832-cv (2d Cir. May 29, 2013), which supplements the authority supporting Defendants' opposition to Plaintiff Eden Antalik's motion for class certification of her New York Labor Law ("NYLL") claims under Fed. R. Civ. P. 23 and collective certification under the Fair Labor Standards Act ("FLSA") under 29 U.S.C. § 216(b).  For ease of reference, a copy of the *Cuevas* decision, in which the Second Circuit vacated the district court's finding as to (i) commonality and (ii) predominance, and remanded the case for further consideration, is attached as Exhibit "A."

     In *Cuevas*, the district court certified, under Fed. R. Civ. P. 23, a class of Assistant Bank Managers ("ABMs"), who worked at the defendants' Citizens Bank locations in New York State

and claimed that Citizens had violated the NYLL by misclassifying all of its ABMs as exempt from the State's overtime requirements.  After considering the parties' arguments, however, the Second Circuit vacated the district court's findings as to commonality and predominance, and remanded the case for reconsideration in accordance with its Opinion.

With respect to commonality, the Second Circuit ruled that the district court erred because it "did not analyze rigorously the conflicting evidence before it and resolve the material disputed facts."  Ex. A at 4.  In particular, the Second Circuit found that the parties had presented conflicting evidence concerning the primary duties of an ABM and that, if credited, the evidence produced by Citizens "suggested that the ABM's primary duties varied in respects material to whether they were exempt or non-exempt employees [and that] [t]hese factual disputes are relevant to the determination whether [the proposed class representative] has presented a claim that is capable of classwide resolution."  Ex. A at 4.  The Second Circuit further held that "to the extent [the factual disputes about the employees' primary duties] are material, [the disputes] must be resolved before a Rule 23(a) determination may be made."  Ex. A at 4.  Accordingly, the Second Circuit directed that "[o]n remand, the district court should resolve the factual disputes to the extent they are material to the commonality question and *provide a rigorous analysis of whether [the proposed class representative] has presented a common question that is capable of classwide resolution*."  Ex. A at 4-5 (emphasis added).

With respect to predominance, the Second Circuit ruled that the district court erred in finding that Citizens' "blanket exemption of all ABMs, along with the policies set forth in its company wide documents, established that common issues predominate over individual ones." Ex. A at 6.  Rather, the Second Circuit held that the district court should have "address[ed] all of the evidence before it and resolve[d] the material factual disputes arising from the conflicting

2

declarations [offered by the parties because] [r]esolving these issues is essential to determining whether [the employees at issue] *actually share primary duties such that common issues predominate over individual ones*." Ex. A at 6 (emphasis added).

Based on the individualized "nature" of the internship analysis and the evidence presented by Defendants in this action, this Court should deny Plaintiff Antalik's Motion for Class Certification in its entirety.

Dated: May 29, 2013
New York, NY

                                          Respectfully submitted,

                                          FOX SEARCHLIGHT PICTURES, INC. and
                                          FOX ENTERTAINMENT GROUP, INC.

                                          By their attorneys,
                                          PROSKAUER ROSE LLP

                                             */s/ Elise M. Bloom*
                                         Elise M. Bloom
                                         Amy F. Melican
                                         Proskauer
                                         Eleven Times Square
                                         New York, NY 10036
                                         Tel: 212.969.3000; Fax: 212.969.2900
                                         ebloom@proskauer.com
                                         amelican@proskauer.com