**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC., <br><br> Defendants. | No. 11 Civ. 6784 (WHP) (AJP) |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND COURT-AUTHORIZED NOTICE

Plaintiffs hereby respond to Defendants' Notice of Supplemental Authority ("Defs.' NSA") regarding the Second Circuit's Summary Order in *Cuevas v. Citizens Financial Group, Inc.*, No. 12-2832-cv, 2013 WL 2321426 (2d Cir. May 29, 2013).  First, *Cuevas* does not change the law regarding class certification.  Furthermore, the circumstances of *Cuevas* have little bearing to the circumstances of this case, and the grounds on which the Second Circuit made its decision to remand are inapplicable here because, unlike in an overtime exemption misclassification case, Defendants' liability does not turn on a duties test.

I.     *Cuevas* **Does Not Change the Law on Class Certification.**

In *Cuevas*, the Second Circuit merely reaffirmed that wage and hour misclassification cases can be appropriate for class treatment.  *Cuevas*, 2013 WL 2321426, at *3 ("[E]xemption is not an '*inherently* individualized inquiry . . .'") (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 549 (2d Cir. 2010)).  The court endorsed *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y 2008) as an example of a case where the district court "appropriately [] certified classes . . . where company wide documents and policies tended to 'show that plaintiffs' jobs were similar in ways material to the establishment of exemption criteria.'" *Cuevas*, 2013 WL 2321426, at *3 (quoting *Myers*, 624 F.3d at 549).  *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 0160, 2013 WL 1137024 (S.D.N.Y. Mar. 20, 2013), is another recent example of a certified misclassification class action.

More importantly, the *Cuevas* court made no ruling as to whether Rule 23's commonality and predominance standards were met, but merely found that the district court had not demonstrated that it considered the evidence before it, and remanded for reconsideration so that the district court could "resolve the factual disputes to the extent that they are material to the commonality question . . . .[.]" *Cuevas*, 2013 WL 2321426, at *2.  Thus *Cuevas* does nothing to change the law in this circuit regarding the standard by which courts evaluate Rule 23 class certification motions.

Here, as set forth in Plaintiffs' other papers, the Court has more than enough information to make the necessary factual findings.  *See* Mem. of Law in Supp. of Pls.' Mot. for Class Certification and Court-Authorized Notice, ECF No. 104 ("Pls.' Br."), at 5-7; Reply Mem. of Law in Supp. of Pls.' Mot. for Class Certification and Court-Authorized Notice, ECF No. 149 ("Pls.' Reply Br."), at 8-12.  Defendant's company-wide documents and policies demonstrate

that nature of interns' experiences was consistent throughout the company in ways that are material to their claim that they are employees.  *See, e.g.*, Pls.' Br. at 6 (Defendants' stated goals for its internship program included building a pipeline for future hires); 7 (Defendants issued common internship guidelines to all intern supervisors and expected all interns to be immersed in Defendants' day-to-day operations).  Moreover, it is virtually undisputed that the internships in question involved productive work and were designed to provide an immediate benefit to Fox.  (A declaration from a supervisor, the sole evidence Defendants submitted to rebut this contention, should be stricken or given no weight because the witness was not disclosed either in Defendants' Rule 26 disclosures or in response to Plaintiffs' interrogatories.  *See* Pls.' Reply Br. at 10.)

## II.     The *Cuevas* Decision Has No Applicability Outside the Exemption Context.

Unlike under the exemptions at issue in *Cuevas*, the proper test in this case is not a duties test.  The FLSA and NYLL require the Court to look at the nature of the internships, how they were designed, and the *types of tasks* performed, not at the particular tasks that Plaintiff and each class member performed.  *See Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 513-14, 519, 535 (S.D.N.Y. 1998) (workers who performed the same types of tasks as paid employees, including necessary clerical, outreach, maintenance, and food preparation work deemed employees); Ex. 1 (U.S. Dep't of Labor Fact Sheet #71) at 2.

## III.    *Cuevas* is Not Binding Authority

*Cuevas* is a summary order that does "not have precedential effect."  Loc. App. R. 32.1.1(a); *Li Chen v. Mukasey*, 276 F. App'x 78, 80 (2d Cir. 2008) ("Pursuant to Local Rule 32.1(b), summary orders do not have precedential effect.").  Although it may be cited, it is not binding authority.  Loc. App. R. 32.1.1(b)(1); *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 702 n.4 (2d Cir. 2009) (summary orders "do not provide binding authority").

\*       \*       \*

For these reasons, *Cuevas* has no effect on the Court's analysis of Plaintiffs' Motion.

Dated: New York, New York
       June 7, 2013

                                    Respectfully submitted,

                                    **OUTTEN & GOLDEN LLP**
                                    By:

                                    */s/ Juno Turner*
                                    Juno Turner

                                    Adam T. Klein
                                    Rachel Bien
                                    Juno Turner
                                    3 Park Avenue, 29th Floor
                                    New York, New York 10016
                                    Telephone: (212) 245-1000