PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Eleven Times Square
New York, NY  10036
Ph: 212.969.3000/Fax: 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated, | : : : : : | Civil Action No. 11 CV 6784 (WHP) |
| Plaintiffs, | : : | ECF Case |
| v. | : : | |
| FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC., | : : : : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S JUNE 11, 2013 ORDER**

**PRELIMINARY STATEMENT**

Defendants Fox Searchlight Pictures, Inc. ("Searchlight") and Fox Entertainment Group, Inc. ("FEG") move for reconsideration under Local Rule 6.3 on two aspects of the Court's June 11, 2013 Order (the "Order") granting, *inter alia,* Plaintiff Eden Antalik's Motion for New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") Certification. Defendants' motion requests that the Court reconsider the breadth and scope of plaintiff's proposed Rule 23 class and FLSA collective, respectively. The Court's Order adopted plaintiff's proposed class and collective definitions, without apparent consideration of the undisputed facts that Fox Group and Fox Interactive Media ("FIM") are not and never have been subsidiaries or divisions of FEG or Searchlight.

Additionally, the Court defined the time frame for the FLSA collective as starting three years from the date the original complaint was filed (i.e., September 28, 2011). However, the Court authorized Ms. Antalik's inclusion in this case as a named plaintiff pursuant to plaintiffs' amended complaint, which was filed on October 19, 2012. Defendants raised the issue on its motion for reconsideration after the filing of the amended complaint as to whether Ms. Antalik's FLSA claims against FEG related back to the original complaint, and the Court made clear that they do <u>not</u> relate back to the original filing date. *See* Dkt. No. 71 (holding that "the statute of limitations period for each named and opt-in plaintiff's FLSA claim is determined by the date of each respective plaintiff's consent to join form…Accordingly, Eden Antalik's FLSA claim against Fox Entertainment Group, Inc. does not relate back"). Thus, the time period for the putative opt-ins should be June 11, 2010 (i.e., three years from the date of the Order) to September 1, 2010.

Defendants request the Court grant their motion and enter a new Order revising the class

and collective definitions as follows: (a) striking Fox Group and FIM from the class and collective definitions; and (b) revising the time frame of the FLSA collective to commence three years prior to the date of the Court's Order (i.e., June 11, 2010).

## ARGUMENT

### A. Defendants Satisfy The Standards For Reconsideration.

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the [] court." *Reddy v. Salvation Army*, No. 06-CIV-5176 (SAS), 2008 WL 4755733, at *1 (S.D.N.Y. Oct. 27, 2008). Courts will grant motions for reconsideration where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A court may grant a motion for reconsideration to 'correct a clear error or prevent manifest injustice.'" *See Dimino v. HSBC Bank, USA N.A.*, No. 11 Civ. 4189 (HB), 2012 U.S. Dist. LEXIS 84231, at *2 (S.D.N.Y. June 15, 2012) (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). Those conditions are met here.[1] Defendants previously raised the factual and legal issues addressed by this motion in their Opposition to Plaintiff's Motion for Class Certification and Court Authorized Notice, but the Court's June 11, 2013 Order failed to address them.

### B. The Class and Collective Definitions Should Not Include Non-FEG Subsidiaries.

The Court improperly adopted plaintiff's proposed class and collective definitions, which

---

[1] Indeed, none of the reasons courts typically highlight for denying motions for reconsideration are present here, such as a moving party "'advanc[ing] new facts, issues or arguments not previously presented to the Court,'" *Lujan v. Cabana Mgmt.*, No. 10-CV-755 (ILG), 2011 U.S. Dist. LEXIS 15465, at *5 (E.D.N.Y. Feb. 16, 2011) (internal citations omitted); "plug[ing] the gaps of a lost motion with additional matters," *S.E.C. v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001); or making a motion "as a substitute for appealing a final judgment." *Montanile v. Nat'l Broad Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

included two purported "divisions of FEG": Fox Group and FIM (renamed News Corp. Digital Media). However, as defendants laid out in their opposition papers, <u>neither is nor ever has been a "division of FEG"</u> and, therefore, any interns at Fox Group or FIM are not part of this action. *See* Order at 35 (Dkt. No. 163); *see* Defs' Mem. at 36 (Dkt. No. 138). Defendants presented unrefuted record evidence in opposition to plaintiff's request to include these separate entities in the class and collective definitions, including a sworn declaration of Veronica Arroyo (Director of Legal Affairs, Twentieth Century Fox) on this issue. *Id.* Ms. Arroyo is responsible for, among other duties, maintaining corporate information for the entities that are owned or operated by FEG. *See* Decl. of Veronica Arroyo at ¶ 3 (Dkt. No. 121). Ms. Arroyo stated in her sworn declaration that News America, Inc. ("NAI"), Fox Group (which is part of NAI), FIM, and News Corp. Digital Media, are not, nor have they ever been subsidiaries of FEG. *Id.* at ¶¶ 21-24; *see also* Defs' Mem. at 35-36. Notably, plaintiffs did not attempt to dispute these facts in their papers.

      The Court's acceptance of plaintiff's proposed class definitions, without apparent consideration of defendants' objections as to each, improperly expanded the scope of the putative class and collective. If the Court's Order is not modified, the Court will purport to exert jurisdiction over entities that have not been named as defendants in the Complaint, are not corporate subsidiaries of either defendant (FEG or Searchlight), have not participated in discovery, and have had no reasonable expectation of participating in this action. Allowing claims against Fox Group and FIM to proceed would violate their due process rights and be unduly prejudicial to them, since neither has been served with notice or had the opportunity to participate in any aspect of the case. *See* Defs' Mem. at 36. To correct this error and prevent

3

manifest injustice, defendants respectfully request that the Court revise the class and collective definitions by striking the non-FEG "divisions" (Fox Group and FIM).

### C. The FLSA Collective Should Be Limited to Putative Opt-Ins from June 11, 2010 through September 1, 2010.

The Court should also reconsider and amend its Order defining the time period for the FLSA collective. Plaintiff's proposed FLSA definition, which was adopted by the Court, defined the putative collective as dating back to September 28, 2008 – i.e., three years prior to the date the original complaint was filed.

However, this Court has already held that Ms. Antalik's FLSA claim against FEG <u>does not relate back to the original complaint</u>. *See* Order at 2 (Dkt. No. 71) (noting that "the statute of limitations for each named and opt-in plaintiff's FLSA claim is determined by the date of each respective plaintiff's consent-to-join form") (citing *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011)). In light of the Court's prior clear ruling on the issue, the Court should revise the FLSA collective definition to include interns who interned within three years of the Court's June 11, 2013 Order, so that the definition would read: "All individuals who had unpaid internships between June 11, 2010 and September 1, 2010."[2] Allowing Ms. Antalik to send notice to a group of individuals with clearly time-barred claims would be in direct contradiction to the Court's prior ruling, would waste judicial and the parties' resources, and would prejudice defendants by enlarging the scope of the collective and forcing defendants to defend against untimely plaintiffs.

---

[2] Defendants do not dispute the September 1, 2010 end date that plaintiffs requested in their papers and which the Court approved.

**CONCLUSION**

Defendants respectfully request that the Court reconsider and vacate its June 11, 2013 Order with respect to the Rule 23 class and FLSA collective definitions by striking the two non-FEG entities, and modifying the time period to commence from June 11, 2010 until September 1, 2010, in accordance with defendants' factual and legal arguments outlined in its opposition papers and herein.

Dated: New York, New York
June 25, 2013

PROSKAUER ROSE LLP

By: *s/ Elise M. Bloom*
Elise M. Bloom
Amy F. Melican
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
*Attorneys for Defendants*