## OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Justin M. Swartz
Wendi S. Lazar
Kathleen Peratis
Jack A. Raisner
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian
Ossai Miazad
Cara E. Greene
Rachel M. Bien

Lewis M. Steel
Paul W. Mollica
Molly Brooks
Nantiya Ruan

Deirdre A. Aaron
Sally Abrahamson
*Not admitted in New York*
Reena Arora
Delyanne D. Barros
Katherine Blostein
Jessie R. Cardinale
Cyrus E. Dugger
Jennifer Liu
Carmel Mushin
Melissa Pierre-Louis
Michael Scimone
Amber C. Trzinski
Juno Turner
Elizabeth Wagoner

**MEMO ENDORSED**

July 1, 2013

**By Hand**
The Honorable William H. Pauley, III
United States District Court
for the Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/8/13

Re: *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (WHP) (AJP)

Dear Judge Pauley,

We are Class Counsel for Plaintiffs in the above-referenced matter. We write for two reasons. First, we write to oppose Defendants' June 26, 2013 request for a stay of all proceedings pending resolution of their request for leave to appeal pursuant to Fed. R. Civ. P. 23(f) (the "Rule 23(f) Motion"). Second, we write to request that the Court order Defendants to search for and produce class and collective member contact information and meet and confer with Class Counsel over the content of a class and collective notice. Because the Rule 23(f) Motion is unlikely to be granted, and because the claims of members of the collective action continue to run, a stay is not appropriate here. Instead, the Court should direct Defendants to comply with its June 11, 2013 order by producing class contact information and conferring with Plaintiffs to agree on the terms of a notice.

**Background**

On June 11, 2013, the Court granted Plaintiffs' Motion for Class Certification and Court Authorized Notice. ECF No. 163 (the "June 11 Order"). Included in the relief requested by Plaintiffs and granted by the Court were requests that Defendants (a) undertake a thorough search for the contact information of Class and Collective members and certify the steps that they have taken to the Court; and (b) produce a computer-readable data file containing the names, last known mailing addresses, last known telephone numbers, last known email addresses, internship location, and internship dates for all Class and Collective members. *See* ECF No. 103. In the weeks since the June 11 Order, Defendants have steadfastly refused to produce this information, despite Plaintiffs' repeated requests. In a June 27, 2013 letter to the


3 Park Avenue, 29th Floor, New York, NY 10016  Tel 212-245-1000  Fax 646-509-2060
6 Landmark Square, Suite 400, Stamford, CT 06901  Tel 203-363-7888  Fax 203-363-0333
203 North LaSalle Street, Suite 2100, Chicago, IL 60601  Tel 312-924-4888  Fax 646-509-2075
og@outtengolden.com  www.outtengolden.com

The Honorable William H. Pauley, III
July 1, 2013
Page 2 of 3

Court, Defendants contend that their pending motion under Rule 23(f) justifies a stay of all proceedings and relieves them from the burden of complying with this Court's order. Defs.' June 27, 2013 letter at 1.

### There Is No Basis to Stay This Litigation.

Staying this litigation pending review of the Court's June 11 Order would be fruitless because Defendants' appeal is unlikely to be granted. *See In re Sumitomo Copper Litig.*, 262 F.3d 134, 140 (2d Cir. 2001) ("the standards of Rule 23(f) will rarely be met."). This is because, in order to warrant immediate appeal and a departure from the final judgment rule, a petitioner must demonstrate "either (1) that the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, or (2) that the certification order implicates a legal question about which there is a compelling need for immediate resolution." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 76 (2d Cir. 2004) (quoting *In re Sumitomo*, 262 F.3d at 139). Moreover, the Second Circuit has cautioned that "parties should not view Rule 23(f) as a vehicle to delay proceedings in the district court. . . . [A] stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay." *In re Sumitomo*, 262 F.3d at 140. As will be set forth in greater detail in Plaintiffs' forthcoming opposition to Defendants' petition for appeal, Defendants have failed to demonstrate that immediate appeal is warranted.

The four-factor balancing test that Defendants contend governs their application for a stay under Rule 23(f) is not met here. First, Defendants are unlikely to succeed on the merits of their appeal, because the appeal itself is unlikely to be granted. Second, having to search for class contact information for a class that Defendants previously contended was too small to meet Rule 23's numerosity requirement will hardly cause "irreparable injury." In fact, "[t]his argument is without merit as litigation costs do not rise to the level of irreparable injury." *Daniels v. City of New York*, 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001) (internal citation and quotation marks omitted); *see also Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough [to justify a stay pending appeal].") (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

Third, staying the prosecution of claims potentially affecting a broad swath of the American economy is not "in the public interest." *See Daniels*, 138 F. Supp. 2d at 565 (public interest cuts against a stay where claims constitute a "controversial matter of serious public concern"). The mere fact that other interns have sought to vindicate their rights through litigation provides no independent basis for a stay. Finally, the likelihood of potential injury to the class members through the passage of time and accompanying unavailability of witnesses and additional discovery delays is great. *See id.* ("To now postpone production of key discovery in the hope of obtaining an unlikely reversal would only serve to further delay the progress of this lawsuit. Such delay, in and of itself, would constitute substantial injury to plaintiffs."); *Hargroves v. City of New York*, Nos. 03 Civ. 1668, 03 Civ. 3869, 03 Civ. 5323, 03 Civ. 4646, 2010 WL 3619542, at *3 (E.D.N.Y. Sept. 10, 2010) (injury to plaintiffs likely where "as the case

The Honorable William H. Pauley, III
July 1, 2013
Page 3 of 3

continues to languish, it may become more difficult for Plaintiffs to locate documents and witnesses").

Moreover, Defendant's request for a broad stay of this litigation would cause irreparable injury to members of the Fair Labor Standards Act ("FLSA") collective certified under 29 U.S.C. § 216(b). Although Defendants concede in their Rule 23(f) papers that "this petition concerns only the Rule 23 class" *Glatt v. Fox Searchlight Pictures, Inc.*, No. 13-2467, ECF No. 1 at 8, their request for a stay of proceedings is not so limited. Because the statute of limitations continues to run until potential collective members file their consent to join forms, *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997), collective members' claims are diminishing by the day. Defendants' attempt to further delay that process requires Court intervention to protect the claims of collective members.

\* \* \*

Plaintiffs respectfully request that the Court deny Defendants' application for a stay. At the very least, the Court should order Defendants to begin the process of identifying class members and meeting and conferring with Plaintiffs over the terms of a class and collective notice so that, in the likely event that the Rule 23(f) Motion is denied, the case can promptly move forward. Alternatively, in the event that the Court grants the application for a stay, Plaintiffs respectfully request that the claims of the FLSA collective be tolled as of June 11, 2013.

We thank the Court for its attention to these matters.

Respectfully submitted,

Juno Turner

cc: Elise Bloom, Esq. (by email)
Amy Melican, Esq. (by email)
Adam T. Klein, Esq.
Rachel Bien, Esq.

The Court will discuss Plaintiffs' request at the conference scheduled for July 11, 2013.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.

7/8/13