PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Eleven Times Square
New York, NY  10036
Ph: 212.969.3000/Fax: 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated, | : : : : : | Civil Action No. 11 CV 6784 (WHP) |
| Plaintiffs, | : : | ECF Case |
| v. | : : | |
| FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC., | : : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S JUNE 11, 2013 ORDER**

**PRELIMINARY STATEMENT**

The Court's June 11, 2013 Order overlooked controlling law and unrefuted record evidence that should have limited the scope of the class the Court certified under Fed. R. Civ. P. 23 and the collective action it conditionally certified under the Fair Labor Standards Act ("FLSA"). Defendants presented two issues for reconsideration: (i) that there is no basis for including non-parties Fox Group and Fox Interactive Media ("FIM") in the class definitions; and (ii) the FLSA notice period should be from June 11, 2010 through September 1, 2010[1] because this Court previously held that Plaintiff Eden Antalik's claims against Defendant Fox Entertainment Group ("FEG") did *not* relate back to the filing of the Original Complaint. (Dkt. No. 71.)

Antalik has not responded to Defendants' substantive arguments as to the reasons warranting reconsideration, asserting in general terms that the scope of the classes has been litigated. Antalik, however, cannot point to any language in the June 11 Order that evidences that the Court *considered* Defendants' arguments with respect to either of the two issues. Accordingly, the scope of the class definitions in the June 11 Order should be reconsidered and revised to comport with the undisputed evidence, controlling law and to "prevent manifest injustice." *See, e.g., Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

---

[1]   The Court's June 11 Order adopted Antalik's requested FLSA notice period of September 28, 2008 (three years prior to the date of the Original Complaint) through September 1, 2010. (Op. 35.)

# ARGUMENT

### A. The Court Should Strike Fox Group and Fox Interactive Media From the Class Definitions Because They Are Not Parties Nor Properly Included in This Action.

Antalik's opposition to Defendants' showing that Fox Group and FIM were improperly included in the Rule 23 and FLSA class definitions is based, solely, on her assertion that Fox Group and FIM formed an "integrated enterprise" with Defendants Fox Searchlight and FEG. (Pls.' Opp. at 2-3 (Dkt. No. 171).)  Antalik's argument, however, completely ignores the undisputed record evidence that establishes that Fox Group and FIM are not parties in this action and are not subsidiaries or parents to either of the corporate defendants. (Defs.' Br. at 3-4 (Dkt. No. 167).)

Antalik's opposition ignores the jurisdictional and procedural prerequisites that protect non-parties that have never been named, served or presented evidence to the court from being bound by a court's ruling.  *See, e.g.*, *NYKCool A.B. v. Pac. Fruit, Inc., et al.*, No. 10 Civ. 3867, 2012 U.S. Dist. LEXIS 52690, at *7 (S.D.N.Y. May 9, 2012) (denying motion to amend judgment to include several entities because they were not named as defendants and did not have a "full and fair opportunity to respond to and defend against" the allegations against them, and holding that "[a] court has no power to grant relief against an entity not named as a party and not properly summoned before the court"); *Williams v. U.S.*, No. 07 Civ. 3018, 2010 U.S. Dist. LEXIS 25102, at *22 n. 7 (S.D.N.Y. Feb. 25, 2010) (granting motion to dismiss against defendants that had not been named or served because the court lacked personal jurisdiction over them); *see also Sneberger v. Cruise411.com*, No. 00-CV-3023, 2001 U.S. Dist. LEXIS 3979, at *7-8 (E.D. Pa. Feb. 1, 2001) (dismissing Title VII complaint for lack of subject matter jurisdiction and finding, *inter alia,* that because certain entities were not named as parties in the

original complaint, they cannot be involved in a "single employer" relationship with defendants who were originally named).

Moreover, there is no corporate connection to tie Fox Group or FIM to either of the Defendants, making application of the "integrated enterprise" test to those entities inappropriate. Indeed, the *only* case in this District to apply the "integrated enterprise" test to an FSLA matter did so to determine whether the "*parent company* [was] liable as an employer for violations of the FLSA." *Chen v. TYT East Corp.*, No. 10-CV-5288, 2012 U.S. Dist. LEXIS 166557, at *9 (S.D.N.Y. Mar. 21, 2012) (emphasis added). That is not the case here.

Additionally, the Court has already explicitly considered—*and rejected*—application of the "integrated enterprise" test to FEG and the entities at issue here. In response to Defendants' motion for summary judgment, Antalik argued this very same theory as to FEG. (Pls.' Opp. SJ Br. at 33-36 (Dkt. No. 142).) On reply, Defendants explained that the formal/functional control tests—*not* the "integrated enterprise" test—were applicable; but even if it were to apply, Antalik did not satisfy the test. (Defs.' Reply SJ Br. at 14 (Dkt. No. 145).) In its Order, the Court made clear that "[t]he same formal and function control tests discussed earlier apply in determining whether FEG was Antalik's employer." (Op. at 18.) Antalik's request to have the Court adopt a legal theory it already considered *and* rejected is the quintessential attempt to "plug the gaps of a lost motion with additional matters," and should be dismissed once more. *See S.E.C. v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001).

Thus, the Court should revise the Rule 23 class and FLSA collective action definitions by removing Fox Group and FIM since they are not subsidiaries, divisions or entities of FEG or Fox Searchlight, and the Court has no jurisdiction over them.

### B. The Court Should Revise the FLSA Notice Period.

The Court should revise the FLSA notice period to be from June 11, 2010 through September 1, 2010. A revised notice period would accurately reflect this Court's October 9, 2012 Order—when Antalik first became a named Plaintiff and FEG was first named as a Defendant—that Antalik's claims against FEG do *not* relate back to the filing of the Original Complaint. (Dkt. No. 71.) In Antalik's opposition, she does not dispute this. Rather, Antalik's only response is that the Court should equitably toll the notice period 6 months earlier than what Defendants requested—as of January 18, 2010—three years prior to the date Antalik was scheduled to file her certification motion. (Pls.' Opp. at 4.) However, this is not the "rare and exceptional circumstance[]" sufficient to warrant the "extraordinary remedy" of equitable tolling, *see Boykin v. KeyCorp*, 521 F.3d 202, 211 n. 10 (2d Cir. 2008), and Antalik does not contend otherwise.

Revising the notice period to comport with the Court's earlier ruling is consistent with jurisprudence in this Circuit that "the statute of limitations runs for each individual plaintiff until he consents to join the action, [so] courts generally permit plaintiffs to send notice to those employed during the three years prior to the date of the Order or to the mailing of action certification process." *Diaz v. S&H Bondi's Dep't Store, Inc.*, No. 10 Civ. 7676, 2012 U.S. Dist. LEXIS 5683, at *25, n.7 (S.D.N.Y. Jan. 18, 2012); *see also Romero v. Flaum Appetizing Corp.*, No. 07 Civ. 7222, 2009 U.S. Dist. LEXIS 80498, at *17 (S.D.N.Y. Aug. 17, 2009) (noting that "this three-year period runs from the date of entry of this Order, not from the date of the commencement of the case as Plaintiffs suggest").

Antalik asks for the "extraordinary remedy" of equitable tolling as of January 18, 2010— three years prior to the "the date Plaintiffs were originally scheduled to file their motion." (Pls.'

4

Opp. at 4.) Equitable tolling is not warranted here because Antalik cannot demonstrate that she or her counsel "have diligently pursued their claims and through no fault of their own, have been frustrated in their attempts to send notice any sooner to potential 216(b) opt-in plaintiffs." *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935, 2011 U.S. Dist. LEXIS 23115, at * 5 (E.D.N.Y. Mar. 8, 2011). In *Yahraes*, the court found tolling warranted because defendants' actions "frustrated plaintiffs' diligent attempts to ensure that claims did not expire." *Id.* at *9. There, less than a full month after filing an amended complaint, plaintiffs filed a fully-briefed motion to certify the collective action, but immediately thereafter, defendants briefed and then sought to re-brief their opposition motion; sought to defer certification in anticipation of dispositive motions; and failed to produce documents in connection with an investigation. *Id.* Unlike in *Yahraes,* neither Antalik nor her counsel can seriously argue that they have diligently pursued FLSA conditional certification and court-authorized notice; indeed, they waited nearly *a year and a half* since the filing of the Original Complaint to do so.

The time period for filing a conditional certification motion is a common affair associated with every FLSA action, and is not an "extraordinary circumstance" for which tolling is warranted. *See, e.g., Hinterberger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 U.S. Dist. LEXIS 97944, at *49 (W.D.N.Y. Oct. 21, 2009) (holding that "the timeline for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes"). Indeed, courts should avoid making rulings that would effectively "require that the statute of limitations for FLSA claims be tolled as a matter of course for all potential plaintiffs." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 480 (S.D.N.Y. 2008).

## **CONCLUSION**

For all these reasons, Defendants respectfully request that the Court reconsider and vacate its June 11, 2013 Order with respect to the Rule 23 class and FLSA collective definitions by striking the two non-FEG entities, and modifying the time period to be from June 11, 2010 until September 1, 2010.

Dated:   New York, New York
         July 18, 2013

PROSKAUER ROSE LLP

By: *s/ Elise M. Bloom*
    Elise M. Bloom
    Amy F. Melican
Eleven Times Square
New York, NY  10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
*Attorneys for Defendants*