PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Eleven Times Square
New York, NY  10036
Ph: 212.969.3000/Fax: 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ERIC GLATT, ALEXANDER FOOTMAN, and          :
EDEN ANTALIK, and KANENE GRATTS, on         :          Civil Action No. 11 CV 6784
behalf of themselves and all others similarly   :          (WHP)
situated,                                    :
          Plaintiffs,           :          ECF Case
            v.                :
                             :
FOX SEARCHLIGHT PICTURES INC. and           :
FOX ENTERTAINMENT GROUP, INC.,              :
          Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CERTIFY FOR
IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

THE STANDARD FOR CERTIFICATION OF AN ORDER FOR INTERLOCUTORY
APPEAL .................................................................................................................................... 3

ARGUMENT ............................................................................................................................. 4

    A.    Interlocutory Appeal is Warranted as to the Applicable Standard for
Determining Whether an Intern Qualifies as an "Employee" Under the
NYLL and FLSA. ........................................................................................................ 4

        1.    The Standard for Determining Whether an Intern is an "Employee"
is a Controlling Question of Law ................................................................. 4

        2.    There Is Substantial Ground for Difference of Opinions, as the
Second Circuit Has Not Addressed this Question, and Courts
Apply Divergent Standards ........................................................................... 5

        3.    An Immediate Appeal Would Materially Advance the Ultimate
Termination of the Litigation and Promote Judicial Economy ................... 9

    B.    The Issue of What Legal Standard Applies to Post-Discovery FLSA
Conditional Certification is Well Suited for Interlocutory Appeal ........................... 10

        1.    The Legal Standard That Applies at the Post-Discovery Stage in
the FLSA Conditional Certification Context Is A Controlling
Question of Law .......................................................................................... 10

        2.    A Substantial Ground for Difference of Opinion Exists Regarding
the Appropriate Standard for Post-Discovery FLSA Conditional
Certification and the Correct Application of that Standard. ....................... 11

        3.    An Immediate Appeal Would Advance the Ultimate Termination
of the Litigation .......................................................................................... 15

CONCLUSION ........................................................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ballinger v. Advance Magazine Publishers, Inc. d/b/a Condé Nast Publications*,
No. 13 Civ. 4036 (S.D.N.Y. filed June 13, 2013)....................................................5

*Blair v. Wills*,
420 F.3d 823 (8th Cir. 2005) ................................................................................6, 7

*Bunywan v. Spectrum Brands, Inc.*,
No. 07-CV-0089-MJR, 2008 WL 2959932 (S.D. Ill. July 31, 2008) .....................14

*Consub Delaware LLC v. Schahin Engenharia Limitada*,
476 F. Supp. 2d 305 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir. 2008). ..........15

*CPY Co. v. Ameriscribe Corp.*,
No. 89-B-11879, 1992 U.S. Dist. LEXIS 15650 (S.D.N.Y. Oct. 14, 1992) ...........16

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156, 169-72(1974) ..................................................................................15

*Espenscheid v. DirectSat USA, LLC*,
705 F.3d 770 (7th Cir. 2013) .................................................................................12

*Geron v. Robinson & Cole LLP*,
476 B.R. 732 (S.D.N.Y. Sept. 4, 2012) ......................................................... passim

*Gortat v. Capala Bros., Inc.*,
No. 07 Civ. 3629 (ILG), 2010 U.S. Dist. LEXIS 35451 (E.D.N.Y. 2010)............13

*Herbst v. International Tel. & Tel. Corp.*,
495 F.2d 1308, 1311-13 (2d Cir. 1974) .................................................................15

*In re Currency Conversion Fee Antitrust Litig.*,
No. 1409, 2005 U.S. Dist. LEXIS 9204 (S.D.N.Y. Aug. 9, 2005) ........................10

*In re WorldCom*,
No. M-47, 2003 WL 2148904 (S.D.N.Y. June 30, 2003).......................................10

*Karlo v. Pittsburgh Glass Works, LLC*,
No. 10-1283, 2012 U.S. Dist. LEXIS 101092 (W.D. Pa. July 20, 2012) ..............16

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*,
921 F.2d 21 (2d Cir. 1990).....................................................................................11

*Kuzinski v. Schering Corp.*,
 614 F. Supp. 2d 247 (D. Conn. 2009) ................................................................3

*LaFleur v. Dollar Tree Stores, Inc.*,
 No. 12-cv-00363, 2013 U.S. Dist. LEXIS 5352 (E.D. Va. Jan. 11, 2013) ............15

*MacKown v. News Corp., et al.*,
 No. 13 Civ. 4406 (S.D.N.Y. June 25, 2013) ........................................................5

*Mark v. Gawker Media, LLC*,
 No. 13 Civ. 4347 (S.D.N.Y. filed June 21, 2013) .................................................5

*Mayers v. N.Y. Cmty. Bancorp, Inc.*,
 No. CV-03-5837, 2006 U.S. Dist. LEXIS 48778 (E.D.N.Y. July 18, 2006) ..........16

*McLaughlin v. Ensley*,
 877 F.2d 1207 (4th Cir. 1989) .........................................................................6, 7

*Moore v. NBCUniversal Inc.*,
 No. 13 Civ. 4634 (S.D.N.Y. filed July 3, 2013) ...................................................5

*Myers v. Herz Corp.*,
 624 F.3d 537 (2d Cir. 2010)..............................................................................11

*Perkins v. S. New Engl. Tel. Co.*,
 669 F. Supp. 2d 212 (D. Conn. 2009) ...............................................................13

*Pickering v. Lorillard Tobacco Co.*,
 No. 2:10-CV-633-WKW, 2012 WL 314691 (M. D. Ala. Jan. 30, 2012) ...............14

*Reich v. Parker Fire Protection Dist.*,
 992 F.2d 1023 (10th Cir. 1993) ...........................................................................7

*Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*,
 No. 11 Civ. 5459, 2013 U.S. Dist. LEXIS 20214 (S.D.N.Y. Feb. 14, 2013) ................. passim

*Romero v. Producers Dairy Foods, Inc.*,
 235 F.R.D. 474 (E.D. Cal. 2006) .......................................................................14

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*,
 No. M-47, 2010 U.S. Dist. LEXIS 3037 (S.D.N.Y. Jan. 11, 2010).........................4

*Solis v. Laurelbrook Sanitarium & Sch., Inc.*,
 642 F.3d 518 (6th Cir. 2011) ...............................................................................7

*Sperry Rand Corp. v. Larson*,
 554 F.2d 868 (8th Cir. 1977) .............................................................................15

*Torres v. Gristede's*,
    No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006) ................................12, 13

*Tucker v. Arthur Andersen & Co.*,
    67 F.R.D. 468 (S.D.N.Y. 1975) .......................................................................................16

*Van Rabeswaay v. Kamali*,
    No. 13 Civ. 3594 (S.D.N.Y. filed May 29, 2013) ..............................................................5

*Velez v. Sanchez*,
    693 F.3d 308 (2d Cir. 2012) .............................................................................................6

*Walling v. Portland Terminal Co.*,
    330 U.S. 148 (1947) ......................................................................................................4, 6

*Wang v. Hearst Corp.*,
    No. 12 CV 793, 2013 U.S. Dist. LEXIS 92091 (S.D.N.Y. June 21, 2013) ................ passim

*Wang v. Hearst Corp.*,
    No. 12 CV 793, 2013 U.S. Dist. LEXIS 65869 (S.D.N.Y. May 8, 2013) ....................5, 6, 9

*Watson v. Yolo County Food Control & Water Conserv. Dist.*,
    No. 06-cv-1549, 2007 U.S. Dist. LEXIS 84934 (E.D. Cal. Nov. 16, 2007) .........................7

*Zavala v. Wal-Mart Stores Inc.*,
    691 F.3d 527, 534, 537 (3d Cir. 2012) ..............................................................................12

## STATUTES

28 U.S.C. § 1292(b) ................................................................................................... passim

Fed R. Civ. P. 23 ........................................................................................................ passim

## PRELIMINARY STATEMENT

Defendants respectfully request that the Court certify its June 11, 2013 Order ("the Order") for immediate appeal, pursuant to 28 U.S.C. § 1292(b).  There are two controlling questions of law in the Order, namely:

(1)        what is the appropriate legal standard for determining whether an unpaid intern is an "employee" entitled to minimum wage under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and

(2)        what is the applicable legal standard at the post-discovery stage in the FLSA conditional certification context.

There is "substantial ground for difference[s] of opinion" about both of these controlling questions, and resolution on appeal will "advance the ultimate termination of th[is] litigation." 28 U.S.C. § 1292(b).  These questions are tailor-made for § 1292(b) review because neither the Supreme Court nor the Second Circuit has answered either of these specific questions, and this Court's Order is at odds with rulings of district courts in this Circuit and the rulings of other circuits.

Significantly, Plaintiffs' own counsel has unequivocally advocated this very same position in representing the plaintiffs in *Wang v. Hearst*, 12-cv-794.  In that case, the plaintiffs argued that "the decision in *Glatt v. Fox Searchlight Pictures, Inc.*, illustrates the substantial basis for difference of opinion that exists" with respect to the standard for evaluating intern misclassification claims, and that "there is a need for [the Second Circuit] to clarify the standard …."  (Melican Decl. Ex. A (Pet. for Rev in *Wang v. Hearst*) at 13, 16.)  Moreover, in their opposition to Defendants' 23(f) Petition before the Second Circuit in this case, they asserted that resolution of the appropriate legal standard governing intern classification claims would be "more properly resolved…through [Defendants'] proposed interlocutory appeal under 28 U.S.C. § 1292(b)."  (Melican Decl. Ex. B (Pls.' Opp. Pet. Rev.) at 16.)

Their assessment is correct, as the issues raised in the Court's Order are "'novel and complex' issues that could impact a large number of cases" in this Circuit. *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, No. 11 Civ. 5459, 2013 U.S. Dist. LEXIS 20214, at *15-16 (S.D.N.Y. Feb. 14, 2013) (Pauley, J.) (internal citations omitted). In a Memorandum Order filed less than one month ago in the *Wang* case, Judge Harold Baer recognized the need for immediate appeal of his own order, which confronted some of the same issues presently at hand. *Wang v. Hearst Corp.*, No. 12 CV 793, 2013 U.S. Dist. LEXIS 92091 (S.D.N.Y. June 21, 2013). His conclusion that all statutory criteria for immediate appeal had been met applies equally to the issues in Defendants' § 1292(b) request, if not more so.

Unpaid intern cases are being filed with increasing frequency in this District, resulting in even more courts confronting the question of the proper standard for assessing intern misclassification claims and, potentially, crafting divergent approaches to reviewing those claims. This will increase the confusion for employers that seek to sponsor lawful internship programs. In addition to bringing clarity to these unsettled issues, immediate review by and guidance from the Second Circuit will "considerably streamline[]" the outstanding issues pending in this case. *Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 20214, at *16 (internal citations omitted). The underlying test for liability in this case is inextricably intertwined with the Court's decision regarding certification under the FLSA and Rule 23, as well as with the Court's finding that former production interns Eric Glatt and Alexander Footman were improperly classified as "unpaid interns" as a matter of law. A final resolution of these issues now will prevent the protracted litigation that successive appeals of the Rule 23 and FLSA certification issues could generate.

This Court and others in this Circuit have certified orders for interlocutory appeal in the circumstances present here – i.e., where doing so would allow resolution of all outstanding issues at once, advance the interests of judicial economy and doctrinal clarity, and precipitate the termination of the litigation. *See, e.g., Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 251 (D. Conn. 2009); *Geron v. Robinson & Cole LLP*, 476 B.R. 732, 745 (S.D.N.Y. Sept. 4, 2012) (Pauley, J.). Granting Defendants' motion and allowing the Second Circuit to rule on the unsettled legal issues presented by this case would serve those ends. Precedent, logic, and the statutory requirements set forth in § 1292(b) all favor certification here. Thus, Defendants' motion should be granted.

## THE STANDARD FOR CERTIFICATION OF AN ORDER FOR INTERLOCUTORY APPEAL

Under 28 U.S.C. § 1292(b), the Court may permit a party to seek a permissive appeal of an interlocutory order if it finds that the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

An interlocutory appeal is intended precisely for the circumstances presented by this Court's June 11 Order. Among other issues, the legal test for determining whether an unpaid intern is an "employee" under the NYLL and FLSA, and the appropriate standard for FLSA § 216(b) post-discovery conditional certification, are controlling questions of law that have already created substantial differences of opinion in this District, and reconciling those differences will drive the resolution of this case.

3

## ARGUMENT

**A.    INTERLOCUTORY APPEAL IS WARRANTED AS TO THE APPLICABLE STANDARD FOR DETERMINING WHETHER AN INTERN QUALIFIES AS AN "EMPLOYEE" UNDER THE NYLL AND FLSA.**

        1.    *The Standard for Determining Whether an Intern is an "Employee" is a Controlling Question of Law.*

The test for determining whether an intern is an "employee" under the FLSA and NYLL is a quintessential "controlling question of law" because it involves purely legal issues that the Second Circuit can decide "without having to conduct extensive analysis and review of the underlying record." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, No. M-47, 2010 U.S. Dist. LEXIS 3037, at * 3 (S.D.N.Y. Jan. 11, 2010). Further, while it may not result in immediate dismissal in this case, the intern test affects every aspect of this case, as it is inextricably intertwined with the issues of certification and each successive stage of the litigation. Thus, the intern test will "significantly affect the conduct of the action." *Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 20214, *15; *Geron*, 476 B.R. at 745.

As noted above, Plaintiffs' counsel recently took this exact position in the *Wang* case, contending that "[w]hether Plaintiffs are 'employees' under the FLSA and NYLL is a controlling question of law" and an "element [that] unequivocally favors immediate appeal." (Melican Decl. Ex. A (Pet. for Rev in *Wang v. Hearst*) at 4.) Judge Baer agreed, stating that "[w]hether in such a case the totality of circumstances is or is not the appropriate legal standard is…[a] controlling question of law." *Wang*, 2013 U.S. Dist. LEXIS 92091, at *6 (*citing Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947).

4

Indeed, the contrast in outcomes between this case and *Wang*, coupled with the fact that several additional new intern lawsuits have been filed in this District in the last several weeks[1], confirms the need for immediate guidance from the Second Circuit on the standard for determining whether an intern is an employee.  This Court and Judge Baer applied divergent standards for evaluating intern misclassification claims and, predictably, reached conflicting opinions, bringing into stark relief the way in which a court's choice of legal standard can "significantly affect the conduct of the action." *Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 20214, *15 (certifying for interlocutory appeal); *Geron*, 476 B.R. at 745 (*sua sponte* certifying an order for interlocutory appeal).  In certifying his order concerning this very question, Judge Baer stated that a decision on this question would "significantly affect the conduct of other lawsuits now pending in the district courts which have relied on other legal standards or the same legal standard, but have come out differently." *Wang*, 2013 U.S. Dist. LEXIS 92091, *6.  By way of example, he cited specifically to the Order that is the subject of Defendants' present motion. *Id*.  Accordingly, the first statutory requirement weighs strongly in favor of certification.

2.    *There Is Substantial Ground for Difference of Opinions, As The Second Circuit Has Not Addressed This Question, And Courts Apply Divergent Standards.*

There are substantial grounds for disagreement about the standard that applies when determining whether unpaid interns are "employees" under the FLSA and NYLL, as evidenced in part by the divergent standards applied in this case and in *Wang*. (Melican Decl. Ex. A (Pet. for Rev in *Wang v. Hearst*) at 6.)

---

[1] *See Moore v. NBCUniversal Inc.*, No. 13 Civ. 4634 (S.D.N.Y. filed July 3, 2013); *MacKown v. News Corp., et al.*, No. 13 Civ. 4406 (S.D.N.Y. June 25, 2013); *Mark v. Gawker Media, LLC*, No. 13 Civ. 4347 (S.D.N.Y. filed June 21, 2013); *Ballinger v. Advance Magazine Publishers, Inc. d/b/a Condé Nast Publications*, No. 13 Civ. 4036 (S.D.N.Y. filed June 13, 2013); *Van Rabeswaay v. Kamali*, No. 13 Civ. 3594 (S.D.N.Y. filed May 29, 2013).

In finding that the *Wang* interns were not employees, Judge Baer applied a test that the plaintiffs in that case referred to as a "primary beneficiary" test.  (Melican Decl. Ex. C (Pl. Mot. Cert. Interl. Appl., in *Wang v. Hearst*) at 4.)  According to Judge Baer, Supreme Court precedent, as set forth in *Walling*, 330 U.S. 148 (1947), required him to look at a "totality of the circumstances" to determine whether the plaintiffs were employees.  He also noted that "a key consideration in the analysis [of an employee-employer relationship] depended on 'who is the primary recipient of benefits from the relationship.'"  *Wang v. Hearst*, No. 12-cv-793, 2013 U.S. Dist. LEXIS 65869, at *12-13 (S.D.N.Y. May 8, 2013) (*citing Velez v. Sanchez*, 693 F.3d 308, 326, 330 (2d Cir. 2012)).  In applying this standard, Judge Baer was guided by the Department of Labor's "Fact Sheet # 71" (hereinafter "DOL Fact Sheet"), which sets forth six factors to be applied in assessing whether an internship could overcome the "employment" label.  While these factors provided a "framework," they did not limit the factors he considered in his assessment. *Id*. at *13.

By contrast, this Court rejected the "primary benefit" test and adopted the DOL's six-factor test.  (Dkt. No. 163 at 22.)  While it stated that no single factor was controlling, it restricted its consideration of the "totality of the circumstances" to the confines of the DOL's six factors.  (*Id*. at 21.)  Though a number of other circuits have embraced a primary benefits test with respect to intern misclassification claims, s*ee, e.g., Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005); *McLaughlin v. Ensley*, 877 F.2d 1207, 1209 (4th Cir. 1989), and the Second Circuit has also looked at the primary benefits of the relationship in analyzing whether an employee-employer relationship is present, *Velez*, 693 F.3d at 326, 330, this Court concluded that such a test would be untrue to *Walling* and "unmanageable."  (Dkt. No. 163 at 22.)

Since the exception for unpaid interns is not explicitly discussed in the FLSA, the appropriate standard has been largely developed by federal common law.  The Second Circuit has not previously addressed this issue, however.  Given the number of newly-filed cases in this District, the confusion over the applicable tests only stands to grow as different courts consider the standard and have the opportunity to apply their own analyses.

As this Court noted in its June 11 Order, courts outside of this Circuit are also split as to the appropriate test.  Some circuits look at which party received the "primary benefit" of the training relationship.  *See, e.g., Blair*, 420 F.3d at 829; *McLaughlin*, 877 F.2d at 1209.  At least one circuit has held that the DOL's six factors are relevant but not conclusive, *see Reich v. Parker Fire Protection Dist.*, 992 F.2d 1023, 1025-26 (10th Cir. 1993) (reviewing predecessor factors), while another has expressly rejected any reliance on the DOL factors and solely adopted the "primary benefit" test.  *See Solis v. Laurelbrook Sanitarium & Sch., Inc.*, 642 F.3d 518, 525 (6th Cir. 2011) (describing the DOL test as "a poor method for determining employee status in a training or educational setting").

The lack of guidance from this Circuit and the variations among courts in this District and other Circuits underscore the substantial grounds for differences of opinion sufficient to warrant certification of the Order.  This Court has acknowledged such a basis for certifying immediate appeals in the past.  *See, e.g., Geron*, 476 B.R. at 745 (granting certification where where, *inter alia,* the "issues impact a large number of cases, and they present substantial grounds for difference of opinion").  Other district courts have likewise certified pure legal issues concerning liability under the FLSA prior to final judgment, when intra-district or intra-circuit splits occur.  *See, e.g., Watson v. Yolo County Flood Control & Water Conserv. Dist.*, No. 2:06-cv-1549, 2007 U.S. Dist. LEXIS 84934, at *8-10 (E.D. Cal. Nov. 16, 2007) (granting

certification of interlocutory appeal regarding the applicability FLSA exemption and acknowledging a "paucity" of relevant case law and an intra-district split); *Sandifer v. U.S. Steel Corp.*, No. 2:07-CV-443 (RM), 2010 U.S. Dist. LEXIS 635 (N.D. Ind. Jan. 5, 2010) (granting certification of FLSA issues because, *inter alia*, some courts held the same as it has, while other courts and the DOL concluded to the contrary, constituting "substantial grounds for differences of opinion").

This Court has also held that where the issues of law are "novel and complex" and could "impact a large number of cases," certification is appropriate. *See, e.g., Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 20214, *15-16 (certifying order for interlocutory appeal). Such is the case here, particularly when considered against the backdrop of the five additional intern cases that have been filed in this District since May of this year. Similarly, Judge Baer recognized that "as the questions raised by Plaintiffs in this case and in *Glatt* are difficult and one[s] of first impression, they clearly provide fodder for different opinions and have spawned them." *Wang*, 2013 U.S. Dist. LEXIS 92091 at *6. He explained that "[d]espite careful analysis," he and this Court reached different conclusions, pointing to the fact that the Second Circuit's decision in *Velez v. Sanchez*, which is the closest that the Circuit has come to speaking to this issue, dealt only with a "somewhat similar issue… and thus different law was applicable and different policy considerations came into play." *Id*. at *7. Also of note, in their petition to the Second Circuit arguing that immediate appellate review is warranted, the *Wang* plaintiffs have continued to cite to this Court's June 11 Order as evidence of substantial grounds for difference of opinion. (Melican Decl. Ex. A (Pet. for Rev in *Wang*) at 13, 16.).

As more cases are filed, the uncertainty about the standard not only provides substantial *grounds* for disagreement, but increasing *opportunities* for disagreement and different,

8

conflicting results, leading to additional confusion and uncertainty for employers, students, colleges, and universities seeking to offer or obtain lawful unpaid internships. Certifying the question to allow the Second Circuit to clarify the standard will provide much-needed guidance in this Circuit, and certification is therefore warranted.

>                 3.    *An Immediate Appeal Would Materially Advance the Ultimate*
>                       *Termination of the Litigation and Promote Judicial Economy.*

In moving to certify Judge Baer's order in *Wang*, Plaintiffs' counsel pointed out that "a revised legal standard would likely change the Court's analysis of the Plaintiffs' motion for class certification." (Melican Decl. Ex. C (Pl. Mot. Cert. Interl. Appl., in *Wang v. Hearst*) at 7.) Judge Baer also held that "[i]f the Second Circuit provides clarification or a different legal standard, it will guide a resolution of the outstanding issues pending in this Circuit." *Wang*, 2013 U.S. Dist. LEXIS 92091, at *7. The same is true here. Indeed, Plaintiffs' counsel cannot credibly adopt the opposite position in this case—if the question of law was urgent enough to justify § 1292(b) review in *Wang*, it certainly warrants such review here. Any attempt to distinguish the two cases for the purpose of the present motion should be rejected.[2]

The appropriate legal standard for analyzing an intern's claim of misclassification is inextricably intertwined with every aspect of this case, including (i) the disposition of the summary judgment ruling that Glatt and Footman were misclassified as unpaid interns as a matter of law; (ii) the viability of an FLSA collective action under § 216(b); (iii) the

---

[2] Plaintiffs' opposition letter to Defendants' request for a pre-motion conference attempted to distinguish *Wang* based on the argument that a trial in *Wang* was "imminent." (Melican Decl. Ex. D (Pls.' July 2, 2013 Ltr. at 2).) That argument is specious. To the contrary, no trial date was set at that time nor has been set since. Judge Baer "adjourned *sine die*" the trial at the same time he denied certification. *See Wang*, 2013 U.S. Dist. LEXIS 65869, at *29. Even if Plaintiffs' assertion of a trial date in *Wang* were true, the distinction they purport to draw cuts *against* their argument: A case whose termination by trial is imminent has far less need for interlocutory appeal than a case, such as this one, in which many steps must be taken and many questions answered to reach the point at which the case may be terminated.

appropriateness of class action certification under Rule 23; and (iv) ultimately, the legal standard for liability at trial.

The many phases to follow in the course of this litigation—including the issuance of class notice, motion practice, and discovery concerning damages and willfulness—will be executed with far greater speed and certainty if the Second Circuit provides direction on the questions that will pervade them.  A change in the standard that comes sooner in the litigation process could even stand to obviate certain steps in the litigation, further accelerating its termination without leaving open questions as to the propriety of the terms of its resolution.  Because a revised legal standard would necessarily impact the Court's rulings, it is clear that those questions should be resolved prior to final judgment.  Moreover, such resolution will advance judicial economy by requiring <u>only</u> this Court to familiarize itself with the facts of this case, rather than having "piecemeal appeals" as to various issues that will require the involvement of multiple courts. *See, e.g., In re Currency Conversion Fee Antitrust Litig.*, No. 1409, 2005 U.S. Dist. LEXIS 9204, \*19 (S.D.N.Y. Aug. 9, 2005) (Pauley, J.).  For these reasons, interlocutory appeal should be granted.

  **B.**  **THE ISSUE OF WHAT LEGAL STANDARD APPLIES TO POST-DISCOVERY FLSA CONDITIONAL CERTIFICATION IS WELL SUITED FOR INTERLOCUTORY APPEAL.**

    1.  *The Legal Standard That Applies at the Post-Discovery Stage in the FLSA Conditional Certification Context Is a Controlling Question of Law.*

The Court's Order also involves a second controlling question of law, namely, what standard applies when considering conditional certification of an FLSA collective after merits and class discovery has largely, if not entirely, concluded.  The appropriate legal standard governing this inquiry is a controlling question because it is a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re*

*WorldCom*, No. M-47, 2003 WL 2148904, at *10 (S.D.N.Y. June 30, 2003).  Indeed, the

difference between whether this case proceeds as an individual or a collective action is profound,

and the legal standard that the court applies could easily represent a deciding factor in which

course the case takes.

 The parties anticipate several forthcoming phases to this litigation, including the issuance

of class notice, motion practice, and discovery concerning damages and willfulness.  Moving

forward without the Second Circuit's guidance where the collective is based on a certification

standard not yet addressed by that Court could extend and result in the need to reopen the

litigation.  If the Second Circuit pronounces a different standard—either in whole or in part—and

reverses the Court's certification decision, it may eliminate the need for discovery related to

willfulness and Defendants' "good faith" affirmative defense.  It would also remove the need for

court-authorized notice and significantly limit the scope of a trial.  Accordingly, the legal

standard governing post-discovery FLSA conditional certification is a controlling question of

law and should be certified.

  2. *A Substantial Ground for Difference of Opinion Exists Regarding the*
*Appropriate Standard for Post-Discovery FLSA Conditional Certification*
*and the Correct Application of that Standard.*

 Substantial grounds for differences of opinion regarding the standard for FLSA post-

discovery conditional certification exist because the "issues are difficult and of first impression."

*See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In*

*Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990).

 While the Second Circuit has recognized the reasonableness of a two-staged approach to

FLSA certification, it has not articulated the level of scrutiny or the standard that a court should

apply during the second, *post-discovery* stage.  *Myers v. Herz Corp.*, 624 F.3d 537, 554-55 (2d

Cir. 2010).  In this action, the parties have argued for different legal standards governing post-

discovery FLSA conditional certification.  Eden Antalik advocated that Court adopt the three factors established in 2004 by the district court's decision in *Torres v. Gristede's*, No. 04 Civ. 3316, 2006 WL 2819730, at *9 (S.D.N.Y. Sept. 29, 2006), and apply "fairly lenient" scrutiny. (Dkt. No. 104 at 29.)  Defendants, in contrast, cited Third and Seventh Circuit precedent to contend that "heightened scrutiny" is required, given the extensive discovery that has occurred in this case, and that Antalik was required to establish that she is entitled to certification of her FLSA collective by a "preponderance of the evidence." (Dkt. No. 138 at 30) (*citing Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 534, 537 (3d Cir. 2012); *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770 (7th Cir. 2013)).  Defendants also noted that the most recent pronouncement on the issue at the circuit level applied a more stringent Rule 23 standard with equal force to a hybrid FLSA § 216(b) certification.  (Dkt. No. 138. at 30, n. 48; *see also Espenscheid*, 705 F.3d 770 (7th Cir. 2013)).

Recognizing a lack of guidance from the Second Circuit, this Court relied on the three factors that the district court applied in *Torres.*  (Dkt. No. 163 at 35.)  Namely, the Court considered "whether the plaintiff and proposed class members are 'similarly situated' by considering '(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.'"  (Dkt. No. 163 at 35.)  The Court found that "disparate factual and employment settings" existed, but "the common issues of liability predominate[d] over individual issues and defenses," and "the same fairness and procedural considerations that make a class action a superior mechanism for the NYLL claims make a collective action a superior mechanism for the FLSA claims."  (*Id.*)  As with its ruling on the appropriate test for the

intern exception, the Court's decision as to what the legal standard is for post-discovery FLSA certification stands alone in the jurisprudence on this issue.

The appropriate standard is an unsettled issue because it is unclear whether the *Torres* factors are appropriate at all and, even if they are, whether each of the three factors must be met for a court to grant certification at this stage. Indeed, there is almost no precedent for how courts should treat a motion for certification that is made *after* discovery has all but concluded. At least one district court in this Circuit has explicitly *declined* to follow *Torres*. *See, e.g., Gortat v. Capala Bros., Inc.,* No. 07 Civ. 3629 (ILG), 2010 U.S. Dist. LEXIS 35451, at *9 n. 12 (E.D.N.Y. 2010) ("In one case cited by the magistrate judge, *Torres*…the court explicitly endorsed the application of heightened scrutiny in a post-discovery, but pre-notice, context…This [c]ourt declines to follow *Torres*"). And, even among the district courts that have applied the factors set forth in *Torres*, there are questions about the weight to be afforded to each factor. For example, in finding that certification at the post-discovery stage was appropriate, the *Torres* court concluded that *each* of three factors weighed in favor of certification. *See Torres*, 2006 WL 2819730, at *11. On the other hand, another district court in this Circuit granted conditional certification while finding that the second factor, regarding individualized defenses, did "not heavily weigh one way or the other." *Perkins v. S. New Engl. Tel. Co.*, 669 F. Supp. 2d 212, 222 (D. Conn. 2009).

While this Court's June 11 Order recognized *Torres'* three factors, it also found that there were disparate factual and employment settings, (Dkt. No. 163 at 35), and did not specifically discuss the weight of the remaining two factors. The Court failed to address Defendants' argument that the overwhelming *dissimilarities* among the putative class members were tied directly to Defendants' highly individualized defenses. (*Id.*) In other words, the relevant

dissimilarities presented among the hundreds of potential collective members—most notably vis-à-vis the deposition testimony and intern supervisor declarations submitted by Defendants—demonstrated that many of the internships at Fox complied with each of the DOL factors:  the interns participated in training *similar* to what would be given in an educational environment; the experience was for *their* benefit; they performed *no* productive work; they did *not* replace paid workers; they were *closely* supervised; and the engaging entity derived *no* immediate advantage from the interns.

There is an open question in this Circuit as to whether an FLSA collective can be certified at the post-discovery stage on fewer than *all* three factors identified by the *Torres* court. Approaches also vary outside of this Circuit, further highlighting the need for guidance from the Second Circuit.  *See, e.g., Pickering v. Lorillard Tobacco Co.*, No. 2:10-CV-633-WKW, 2012 WL 314691 (M. D. Ala. Jan. 30, 2012) (recognizing a more strict standard when FLSA conditional certification filed after four months of discovery and "the similarities [of putative class members] 'must extend beyond the mere facts of job duties and pay provisions and encompass the defenses to some extent'") (internal citation omitted); *Bunywan v. Spectrum Brands, Inc.*, No. 07-CV-0089-MJR, 2008 WL 2959932, at *4 (S.D. Ill. July 31, 2008) (adopting an intermediate approach post-discovery); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 482 (E.D. Cal. 2006) (noting that "[w]here discovery is complete, courts sometimes bypass the preliminary determination and apply the more stringent analysis for a final determination).

Because there are open questions and substantial grounds for differences of opinion regarding (i) what legal standard applies to post-discovery certification, and (ii) how, if at all, courts should apply the *Torres* factors, this statutory factor militates in favor of certification.

14

3.      *An Immediate Appeal Would Advance the Ultimate Termination of the Litigation.*

Resolution of the post-discovery FLSA certification standard will "advance the ultimate termination of the litigation," as it "promises to advance the time for trial or shorten the time required for trial." *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 310 (S.D.N.Y. 2007), *aff'd,* 543 F.3d 104 (2d Cir. 2008).

In any number of ways, Second Circuit guidance regarding the appropriate post-discovery FLSA conditional certification standard, as well as whether it was properly applied in this case, could significantly affect the conduct of the action. *Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 20214, at *16 (*quoting Primavera Familienstifung*, 139 F. Supp. 2d at 570 (S.D.N.Y. 2001)). Regardless of whether the collective remains intact, an answer on appeal would advance the goals of judicial economy and doctrinal clarity, and would provide the court and the parties with a greater degree of sureness about the case's direction. *Geron*, 476 B.R. at 745.

Interlocutory appeal is also warranted here because there is no more discovery that might impact the application of the appropriate legal standard to the facts of the case prior to trial. *See, e.g., Sperry Rand Corp. v. Larson*, 554 F.2d 868, 871 n. 3 (8th Cir. 1977) (stating that "[w]e think that the legitimate objectives of class action litigation can best be served by our disclaiming any hostility toward interlocutory certifications in situations in which the district court should reasonably conclude that 'the gravity of the class action certification issue require[s] an expedited hearing by this court'") (citing cases, including *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 169-72 (1974) and *Herbst v. International Tel. & Tel. Corp.*, 495 F.2d 1308, 1311-13 (2d Cir. 1974)); *LaFleur v. Dollar Tree Stores, Inc.*, No. 12-cv-00363, 2013 U.S. Dist. LEXIS 5352, at *11 (E.D. Va. Jan. 11, 2013) (noting that interlocutory appeal may be appropriate after

15

discovery is completed); *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2012 U.S. Dist. LEXIS 101092, at *7 (W.D. Pa. July 20, 2012) (emphasizing that certification of the court's order for interlocutory appeal may only be appropriate after discovery has been completed).

Here, merits and class discovery have concluded; thus, there is no chance to cure or alter the Court's determination that a collective action is appropriate.  Given its current posture, this case is akin to those in which courts have certified orders for interlocutory appeal because they have a fully developed factual record.  *See, e.g.*, *Tucker v. Arthur Andersen & Co.*, 67 F.R.D. 468, 484-85 (S.D.N.Y. 1975) (certifying for order for § 1292(b) review after Rule 23 class ruling); *compare with Mayers v. N.Y. Cmty. Bancorp, Inc.*, No. CV-03-5837, 2006 U.S. Dist. LEXIS 48778, at *33 (E.D.N.Y. July 18, 2006) (denying motion for certification for interlocutory appeal "[b]ecause the parties have not engaged in discovery" and the appeals court would have to "evaluate plaintiffs' claims without the benefit of an adequately developed factual record"); *CPY Co. v. Ameriscribe Corp.*, No. 89-B-11879, 1992 U.S. Dist. LEXIS 15650, at *6 (S.D.N.Y. Oct. 14, 1992) (noting that, in a bankruptcy matter, "once discovery has been completed, there may exist a controlling question of law as to which there is a substantial ground for difference of opinion").  Accordingly, this issue is also ripe for certification.

16

## CONCLUSION

For all these reasons, Defendants respectfully request that the Court certify its June 11, 2013 Order for immediate appeal to the U.S. Court of Appeals for the Second Circuit under 28 U.S.C. § 1292(b).

Dated:      New York, New York
            July 25, 2013

                                        PROSKAUER ROSE LLP

                                        By:  *s/ Elise M. Bloom*
                                        _____
                                            Elise M. Bloom
                                            Amy F. Melican
                                        Eleven Times Square
                                        New York, NY  10036-8299
                                        Phone: (212) 969-3000
                                        Fax: (212) 969-2900
                                        ebloom@proskauer.com

                                        *Attorneys for Defendants*