PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Eleven Times Square
New York, NY  10036
Ph: 212.969.3000/Fax: 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated, | : : : : : | Civil Action No. 11 CV 6784 (WHP) |
| Plaintiffs, | : : | ECF Case |
| v. | : : | |
| FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC., | : : : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR A STAY**

Table of Contents

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

FACTS ...................................................................................................................................1

ARGUMENT .........................................................................................................................3

    I.    There is a Strong Likelihood that An Immediate Appeal Will be Granted with respect to Each of the Petitions and That the Second Circuit's Rulings will be in Defendants' Favor ..........................................................................3

        A.    The Second Circuit is Likely to Grant Immediate Review of the Petitions Raising Issues with Respect to the Intern Classification Test and, On Appeal, Rule in Defendants' Favor. ........................................4

        B.    The Second Circuit Is Likely to Grant Defendants' Rule 23(f) Petition With Respect to This Court's June 11 Order and Decide the Rule 23 Issues in Defendants' Favor on Appeal. ........................................6

        C.    Certification of Defendants' § 1292(b) Petition Is Likely to Be Granted by This Court and The Second Circuit and The Second Circuit is Likely to Issue Decision in Defendants' Favor on Appeal. ........................................8

    II.    Defendants Will Be Irreparably Harmed Absent A Stay. .......................................10

    III.    The Harm to Defendants if this Court Denies the Stay Will Exceed Any Harm to Plaintiffs if the Stay is Granted. ..............................................................12

    IV.    A Stay of this Action is in the Public Interest. ........................................................13

CONCLUSION ....................................................................................................................14

## Table of Authorities

**Page(s)**

**CASES**

*Blair v. Wills*,
  420 F.3d 823 (8th Cir. 2005) ...................................................................................................4, 5

*Comcast Corp. v. Behrend*,
  133 S. Ct. 1426 (2013)..............................................................................................................6, 7

*Cuevas v. Citizens Financial Group, Inc.*,
  No. 12-28320CV (2d Cir. May 29, 2013) (per curiam)..........................................................6, 7

*Geron v. Robinson & Cole LLP*,
  476 B.R. 732 (S.D.N.Y. 2012)....................................................................................................9

*Gortat v. Capala Bros., Inc.*,
  No. 07 Civ. 3629 (ILG), 2010 U.S. Dist. LEXIS 35451 (E.D.N.Y. Apr. 9, 2010) ...................6

*Hilton v. Braunskill*,
  481 U.S. 700 (1987).....................................................................................................................3

*In re Lorazepam & Clorazepate Antitrust Litig.*,
  208 F.R.D. 1 (D.D.C. 2002).......................................................................................................3

*Kuzinski v. Schering Corp.*,
  614 F. Supp. 2d 247 (D. Conn. 2009).......................................................................................9

*McLaughlin v. Ensley*,
  877 F.2d 1207 (4th Cir. 1989) ................................................................................................4, 5

*Myers v. Herz Corp.*,
  624 F.3d 537 (2d Cir. 2010)...................................................................................................7, 8

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
  No. 98-cv-1492, 2000 WL 1424931 (E.D.N.Y. Sept. 26, 2000) ..............................................3

*Perkins v. S. New Engl. Tel. Co.*,
  669 F. Supp. 2d 212 (D. Conn. 2009).......................................................................................9

*Powell v. Tosh*,
  No. 5:09-CV-121, 2012 U.S. Dist. LEXIS 50251 (W.D. Ky. Apr. 10, 2012).........................12

*Reich v. Parker Fire Protection Dist.*,
  992 F.2d 1023 (10th Cir. 1993) .................................................................................................5

*Solis v. Laurelbrook Sanitarium & Sch., Inc.*,
   624 F.3d 518 (6th Cir. 2011) ..........................................................................................4, 5

*Torres v. Gristede's*,
   No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006) .........................................8, 9

*U.S.A. v. Jones*,
   No. 2:99-MC-71-11, 1999 U.S. ...............................................................................................13

*Velez v. Sanchez*,
   693 F.3d 308, 326, 330 (2d Cir. 2012) ....................................................................................5

*Zavala v. Wal-Mart Stores Inc.*,
   691 F.3d 527, 534, 537 (3d Cir. 2012) ....................................................................................9

**STATUTES**

28 U.S.C. § 1292(b) ................................................................................................................ passim

New York Labor Laws..................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. App. P. 8(a) ...................................................................................................................1, 3

Fed. R. Civ. P 23 .................................................................................................................. passim

**PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 8(a), Defendants Fox Searchlight Pictures, Inc. and Fox Entertainment Group, Inc. (collectively, "Defendants") seek a complete stay in this action pending final resolution of three petitions seeking leave for interlocutory appeal and the Second Circuit, Court of Appeals' decisions on any appeals in connection with those petitions. A stay is warranted because there is a strong likelihood that at least one (if not all) of these petitions will be granted and that the Second Circuit will issue a decision in Defendants' favor, which will directly impact the subsequent proceedings in this matter. The stay will serve the public interest and will not prejudice Plaintiffs, the class or collective in this action. Denying the stay, however, will irreparably harm Defendants, forcing them and the Court to revisit and relitigate issues after the Second Circuit issues its decision(s). Accordingly, Defendants' motion should be granted and this action should be stayed.

**FACTS**

The three petitions that seek immediate appellate review stem from two cases before different judges in this District, that reached opposite determinations as to the applicable legal standard for intern classification claims and whether class treatment of those claims was appropriate. The first decision was issued on May 8, 2013, in *Wang v. Hearst*, 12-CV-794, wherein the Honorable Judge Baer adopted a "primary beneficiary" test for determining liability unpaid intern misclassification claims and denied Rule 23 certification of a New York class of unpaid interns. (Melican Decl. Ex. A (*Wang* Order, 5/8/2013)). A few weeks later, on June 11, 2013, this Court adopted a different standard, rejecting the "primary beneficiary" test and embracing a totality of the circumstances test based on six factors articulated by the Department of Labor ("DOL"). (Dkt. No. 163 (*Glatt* Order)). In contrast to the *Wang* court, this Court certified a Rule 23 New York intern class, as well as an FLSA intern collective. (Dkt. No. 163

(*Glatt* Order)). The three pending petitions seeking Second Circuit review shortly followed these decisions.

The *first* petition was filed by Defendants in this action on June 21, 2013 seeking Rule 23(f) review by the Second Circuit. The Rule 23(f) petition asks the Second Circuit to review, *inter alia:* (i) the appropriate legal standard for determining whether an intern has been properly classified under the "trainee" exception; and (ii) whether this Court properly applied Rule 23(a)'s requirements of commonality and predominance with respect to the New York class. As of July 19, 2013 the parties had fully briefed the petition; they currently await the Second Circuit's review.

The *second* petition was filed by the intern plaintiffs in *Wang* on July 8, 2013, under 28 U.S.C. § 1292(b). This petition asks the Second Circuit to review: (i) the appropriate legal standard for determining whether an unpaid intern is an "employee" entitled to minimum wage under the FLSA and New York Labor Laws ("NYLL"); and (ii) whether the *Wang* court erred in denying certification of a class of New York interns under Rule 23. Briefing with respect to this petition will conclude on or about August 1, 2013.

The *third* petition was filed by Defendants with this Court today, July 25, 2013, also under U.S.C. § 1292(b), seeking interlocutory appeal with respect to two issues: (i) the appropriate legal standard for determining whether an unpaid intern is an employee under the NYLL and FLSA; and (ii) the applicable legal standard for FLSA conditional certification motions at the post-discovery stage. (Dkt. Nos. 178).

Each of these petitions raises significant legal issues that are inextricably intertwined with the remaining phases left in this litigation and comprehensively impact this litigation, *i.e.*, issuance of notice to the class and collective members, motion practice, discovery concerning

damages, willfulness and Defendants' "good faith" defense, and trial.  The resolution of these issues may also affect this Court's finding that Plaintiffs Eric Glatt and Alexander Footman were improperly classified as interns as a matter of law.  Accordingly, Defendants request a complete stay in this action until <u>all</u> three petitions are resolved and any appeals in connection with those petitions are decided by the Second Circuit.

## ARGUMENT

A district court may grant a stay pending resolution of any appellate proceedings.  *See* Fed. R. Civ. P. 23(f); *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, No. 98-cv-1492, 2000 WL 1424931, at *2 (E.D.N.Y. Sept. 26, 2000); *see also* Fed. R. App. P. 8(a)(1) (noting a party seeking a stay "must ordinarily move in the district court").  In determining whether to enter a stay in this action, this Court should apply a four-factor balancing test.  *See, e.g., In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 3 (D.D.C. 2002) (*citing In re Sumitomo Copper Litig.*, 262 F.3d 134, 140 (2d Cir. 2001)).  Under this test, the Court should consider (i) the likelihood of success on the merits; (ii) whether the movant will be irreparably injured without a stay; (iii) whether the stay will substantially injure the other parties interested in the proceedings; and (iv) whether a stay is in the public interest.  *See Hilton v. Braunskill*, 481 U.S. 700, 776 (1987).  Each of these factors is satisfied here.

### I. THERE IS A STRONG LIKELIHOOD THAT AN IMMEDIATE APPEAL WILL BE GRANTED WITH RESPECT TO EACH OF THE PETITIONS AND THAT THE SECOND CIRCUIT'S RULINGS WILL BE IN DEFENDANTS' FAVOR.

There is a strong likelihood that the Second Circuit's rulings, both on the pending petitions and in connection with any subsequent appeals, will be in Defendants' favor.

        A.        The Second Circuit is Likely to Grant Immediate Review of the Petitions Raising Issues with Respect to the Intern Classification Test and, On Appeal, Rule in Defendants' Favor.

Each of the three pending petitions challenges the applicable legal standards with respect to intern classification. The Second Circuit has never opined on this legal standard, and two courts in this District have recently adopted inconsistent ones. Given the uncertainty and inconsistency among the district courts in this Circuit and the number of cases likely to be affected by its guidance, the Second Circuit is extremely likely to grant Defendants' Rule 23(f) petition and the *Wang* plaintiffs' § 1292(b) petition on this legal issue, and is likely to accept an immediate § 1292(b) appeal in this matter on this issue as well. On appeal, the Second Circuit is likely to issue a ruling in Defendants' favor and adopt an intern classification standard that considers the "primary beneficiary" of the relationship and that is not limited to analyzing the totality of circumstances within a set of six factors.

It is undisputed that the district and circuit courts are in conflict as to the applicable legal standard for intern classification. The recent decisions by this Court and the *Wang* court highlight the uncertainty in this Circuit and underscore the need for immediate review by the Second Circuit. Indeed, in certifying the *Wang* plaintiffs' request for a § 1292(b) appeal, the *Wang* court specifically found that the questions concerning the appropriate intern classification test "are difficult and one[s] of first impression, [and] clearly provide fodder for different opinions and have spawned them." (Melican Decl. Ex. B (*Wang* Order, 6/27/213) at 3).

The unsettled nature of the intern classification standard is further highlighted by the differences between the circuit courts. The majority of circuit courts considering the issue have adopted a "primary beneficiary" test. *See Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005); *McLaughlin v. Ensley*, 877 F.2d 1207, 1209 (4th Cir. 1989); *Solis v. Laurelbrook Sanitarium & Sch., Inc.*, 624 F.3d 518, 525 (6th Cir. 2011). However, one of those circuits specifically

rejected the DOL factors as "a poor method for determining employee status in a training or educational setting." *Solis*, 624 F.3d at 525. In addition, another circuit has held that the six DOL factors are relevant but not conclusive. *See Reich v. Parker Fire Protection Dist.*, 992 F.2d 1023, 1025-26 (10th Cir. 1993) (reviewing predecessor factors). Because all three of the pending petitions seek immediate review by the Second Circuit to resolve the uncertainty and inconsistency of the appropriate legal standard, it is extremely likely that the Second Circuit will certify at least one of the petitions on this issue.

On appeal the Second Circuit is also likely to rule in Defendants' favor and adopt an unpaid intern classification that goes beyond the six factors listed in DOL Fact Sheet and/or considers the "primary beneficiary" of the relationship. The DOL Fact Sheet factors are not binding and the Fact Sheet's express limitations make restricting the factors considered to the six factors identified in the Fact Sheet in appropriate. (*See* Dkt. No. 118 at 25 (discussing limitation of DOL Fact Sheet). Moreover, last year, the Second Circuit held that "whether an employer-employee relationship exists does not depend on isolated factors but rather upon the circumstances of the whole activity," and found that the analysis depended on "who is the primary recipient of benefits from the relationship . . . ." *Velez v. Sanchez*, 693 F.3d 308, 326, 330 (2d Cir. 2012). In addition, as discussed above, almost every circuit court that has considered the unpaid intern classification standard has looked at the primary beneficiary of the relationship as part of its analysis. *See, e.g., Laurelbrook*, 642 F.3d at 525-29 (considering whether the intern or the engaging entity received the "primary benefit"); *Blair*, 420 F.3d at 829 (finding chores "ultimately benefited the student"); *McLaughlin,* 877 F.2d at 1209-10, n.2 (4th Cir. 1989) (holding that test to assess lawfulness of unpaid internship should be "whether the employee or the employer is the primary beneficiary of the trainees' labor"). Thus, the Second

5

Circuit is likely to adopt a standard that considers the "primary beneficiary" of the relationship and which does not limit consideration of the totality of circumstances to the six DOL Fact Sheet factors. Such a standard will favor Defendants.

> B. The Second Circuit Is Likely to Grant Defendants' Rule 23(f) Petition With Respect to This Court's June 11 Order and Decide the Rule 23 Issues in Defendants' Favor on Appeal.

Defendants are also likely to succeed on their Second Circuit Rule 23(f) petition for leave to appeal.[1] The district courts are in conflict as to the application of Rule 23's requirements with respect to class claims. Recently, this Court and the *Wang* court reached opposite results after considering factually similar intern misclassification Rule 23 class claims.

This Court's Order concluded that both commonality and predominance were present because there were at least some common issues of liability, and certified a Rule 23 New York class of unpaid interns. (Dkt. No. 163 (*Glatt* Order) at 33-34). When the *Wang* court considered commonality and predominance and commonality, however, it found—given the individualized internship experiences—that the requirements could not be satisfied and refused to certify a Rule 23 New York class of interns. (Melican Decl. Ex. A (*Wang* Order, 5/8/2013) at 13). Given the divergent views and outcomes of this Court and the *Wang* court on almost factually identical Rule 23 requests to certify, the Second Circuit is likely to grant certification to resolve the differences and ensure that the certification standard adopted is in accordance with its and the recent Supreme Court rulings. *See, e.g., Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *Cuevas v. Citizens Financial Group, Inc.*, No. 12-28320CV (2d Cir. May 29, 2013) (per curiam). Indeed, the *Wang* court granted § 1292(b) certification with respect to predominance

---

[1] The intern classification standard is also at issue on the Rule 23(f) petition. As discussed in section I(A), above, Defendants are likely to succeed on both their petitions seeking review of the intern classification standard and on appeal the Second Circuit is likely to adopt a standard that favors Defendants.

6

and commonality, finding these issues satisfied the standard for immediate appellate review. (Melican Decl. Ex. B (*Wang* Order, 6/27/2013) at 2)).

On appeal the Second Circuit is also likely to rule in Defendants' favor and reverse and remand the Court's Order with respect to the Rule 23 issues, particularly with respect to commonality and predominance. A ruling in Defendants' favor is likely because, among other things, the very nature of the six-factor, totality-of the-circumstances intern test adopted and applied by this Court appears to preclude commonality. At least two of the six DOL Fact Sheet factors—(1) whether the intern received training similar to that available in an educational environment; and (2) whether the internship was for the intern's benefit—are inescapably individualized, because they require examination of each intern's experiences and needs.

In addition, this Court's Order established a new rule with respect to predominance and concluded that Rule 23 predominance exists where there are at least some common issues of liability. (Dkt. 163 at 33-34). Decisions recently issued by the Supreme Court and Second Circuit, however, seem to preclude such a rule. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (confirming that "Rule 23(b)(3)'s predominance criterion is even *more demanding* than Rule 23(a)"); *Cuevas v. Citizens Financial Group, Inc.*, No. 12-2832-CV (2d Cir. May 29, 2013) (per curiam). Furthermore, Second Circuit precedent establishes that while the predominance inquiry assumes that some common issues exist, the analysis requires a comparative determination as to whether "those common issues are more substantial than individual ones." *Myers v. Hertz Corp.*, 624 F.3d 537, 549 (2d Cir. 2010). In addition, the Court's Order fails to address the "balance between individual issues and common issues" as is required by *Meyers*, 624 F.3d at 549, or reflect a "close look at whether common questions predominate over individual ones" as required by *Comcast*, 133 S. Ct. at 1432 (citations and

7

internal quotation marks omitted). Accordingly, the Second Circuit is likely to accept this petition for immediate review and, on appeal, issue a decision in Defendants' favor.

        C.        Certification of Defendants' § 1292(b) Petition Is Likely to Be Granted by This Court and The Second Circuit and The Second Circuit is Likely to Issue Decision in Defendants' Favor on Appeal.

Defendants' § 1292(b) petition is also likely to be granted by this Court and the Second Circuit.[2] Defendants' petition seeks immediate review of the standard that should apply where, as in this action, there is a motion for FLSA post-discovery conditional certification. This is an issue on which the Second Circuit has not yet ruled and where substantial differences of opinion exist in this Circuit.

While the Second Circuit has recognized the reasonableness of a two-staged approach to FLSA certification, it has not articulated the level of scrutiny or the standard a court should apply during the second, *post-discovery* stage. *Myers*, 624 F.3d at 554-55. In reviewing the FLSA certification question, the Court's Order considered the three factor set forth in *Torres v. Gristede's*, No. 04 Civ. 3316, 2006 WL 2819730, at *9 (S.D.N.Y. Sept. 29, 2006). It is unsettled, however, whether those are the appropriate factors to consider and, even if they are, whether each of the three factors must be present before FLSA certification can be granted at the post-discovery stage. Indeed, at least one district court in this Circuit has expressly declined to follow *Torres*. *See, e.g., Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG), 2010 U.S. Dist. LEXIS 35451, at *9 n. 12 (E.D.N.Y. Apr. 9, 2010) ("In one case cited by the magistrate judge, *Torres*…the court explicitly endorsed the application of heightened scrutiny in a post-discovery, but pre-notice, context…This [c]ourt declines to follow *Torres*"). The district courts in this Circuit that have applied *Torres* also disagree with respect to the weight, if any, to be afforded to

---

[2] Defendants' likelihood of success with respect to the intern classification test, which is also at issue in this petition, is discussed in section I(A), above.

8

each of the three factors. *See Torres*, 2006 WL 2819730, at *11 (granting condition certification after concluding that <u>each</u> of three factors weighed in favor of certification), *but see, Perkins v. S. New Engl. Tel. Co.*, 669 F. Supp. 2d 212, 222 (D. Conn. 2009) (granting conditional certification while finding that the second factor, regarding individualized defenses, did "not heavily weigh one way or the other"). Because the § 1292(b) petition seeks immediate review of the FLSA post-discovery conditional certification standard to resolve the uncertainty and inconsistency among the district courts in this Circuit, it is likely that this Court and the Second Circuit will certify the petition for review.

This likelihood that the Second Circuit will grant § 1292(b) certification is strengthened because Defendants' Rule 23 petition is already pending before that Court, and granting the § 1292(b) petition will allow that Court to review and resolve of all outstanding issues with respect to the Court's June 11 Order at one time, thereby preserving judicial resources. *See, e.g., Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 251 (D. Conn. 2009); *Geron v. Robinson & Cole LLP*, 476 B.R. 732, 745 (S.D.N.Y. 2012) (Pauley, J.).

On appeal, the Second Circuit is also likely to rule in Defendants' favor on the post-discovery FLSA conditional certification standard. Because all merits and class discovery has been completed and closed in this case, on appeal the Second Circuit is likely to apply a more stringent standard when considering the FLSA § 216(b) certification issue. In particular, the Second Circuit is likely to adopt a standard similar to the one applied by the Third Circuit in *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 534, 537 (3d Cir. 2012), which prescribes a "preponderance of the evidence" standard, which the Third Circuit arrived at by reasoning that the Second Circuit's *Myers* decision effectively stood for the same. *Zavala*, 691 F.3d at 534,

9

537.  Thus, the Second Circuit is likely to issue a decision in Defendants' favor with respect to this Court's Order with respect to the post-discovery FLSA conditional certification standard.

## II.     DEFENDANTS WILL BE IRREPARABLY HARMED ABSENT A STAY.

Defendants and Plaintiffs will suffer irreparable injury if this Court denies a stay. Defendants have raised serious questions of law concerning the appropriateness of the Court's rulings with respect to: (i) the intern classification test; (ii) its certification of the Rule 23 class and commonality and predominance requirements; and (iii) the post-discovery standard that applies in certifying an FLSA collective.  Each of the three pending petitions, in its own right, is likely to be granted and result in an immediate appeal being certified and a decision favorable to Defendants.  In addition, each of the issues raised in the petitions is a controlling question of law that has the potential to significantly affect liability, the appropriateness of class and collective treatment, and the outcome of this action.

When reviewing the issues in the three petitions, the Second Circuit is likely to clarify the legal standards and/or provide different standards from the ones adopted by this Court.  Indeed, at least two of the issues – the intern classification standard and the standard for post-discovery FLSA conditional certification – raise issues of first impression for the Second Circuit.  (*See, supra,* at 3, 6).  Unless Defendants' motion for a stay is granted, it is very likely that once the Second Circuit reviews these issues, this Court will need to revisit and/or modify its prior rulings.  Staying this action pending the Second Circuit's guidance will ensure that the status quo is preserved and the parties are not irreparably harmed by having to relitigate issues.

For example, if the Second Circuit modifies this Court's test with respect to the intern classification claims, Defendants will be irreparably and severely injured by moving forward in this action before that decision.  As the *Wang* court has already found, "[a] decision on th[e] [applicable standard] will significantly affect the conduct of other lawsuits now pending in the

10

district courts which have relied on other legal standards or the same legal standard but come out differently." (Melican Decl. Ex. B (*Wang* Order, 6/27/2013) at 3) (*citing Glatt v. Fox Searchlight Pictures*, No. 11 Civ. 6784 (WP) (S.D.N.Y.)). Indeed, in its June 11 Order, this Court acknowledged that if the proper intern classification test focuses on who was the "primary beneficiary" of the internship, then the test would be too individualized to support a class action. (Dkt. 163 (*Glatt* Order) at 22.) Similarly, if the Second Circuit reverses or modifies this Court's Order defining and certifying the Rule 23 class or FLSA collective or, alternatively, remands the case for additional briefing or discovery, any actions taken going forward would need to be revisited and could very likely have been unnecessary.

The intern classification test and the Rule 23 and FLSA certification issues on which immediate appeals are sought are each inextricably intertwined with the next phases of this action, including the issuance of class notice, motion practice, discovery concerning damages, willfulness and Defendants' "good faith" defense and trial. Moving forward with these phases without the Second Circuit's guidance will, among other things, require Defendants to spend time and money pursuing contact information, reviewing discovery, engaging in motion practice, and preparing for trial, while facing the very likely prospect that the issues will be rendered moot and/or will need to be relitigated once the Second Circuit rules. This will result in irreparable injury to Defendants.

Further action in this Court should not be taken until after the Second Circuit resolves the pending petitions and any subsequent appeals. Issuing a notice that may need to be withdrawn and/or revised will confuse the class and collective members and waste valuable resources. Indeed, "[a] district court should stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or

11

modification."). *See Powell v. Tosh*, No. 5:09-CV-121, 2012 U.S. Dist. LEXIS 50251, at *15 (W.D. Ky. Apr. 10, 2012) *quoting Manual for Complex Litigation* § 21.28 at 387 (4th ed. 2008). Furthermore, "[b]ecause a potential plaintiff in a Rule 23(b)(3) action is bound unless he or she opts out, voiding a previously issued class notice could create significant issues regarding whether additional action must be taken after any corrective notice is received by the class members." *Powell*, 2012 U.S. Dist. LEXIS 50251, at *15. The only way to ensure notification is given to the correct class and collective is to wait until the Second Circuit has the opportunity to review the petitions and issue its rulings. This makes a stay particularly necessary here.

### III. THE HARM TO DEFENDANTS IF THIS COURT DENIES THE STAY WILL EXCEED ANY HARM TO PLAINTIFFS IF THE STAY IS GRANTED.

In contrast to the irreparable injury that will result to Defendants if the stay is denied, preserving the status quo will not injure Plaintiffs. Rather, as discussed above a stay will *prevent* injury to Plaintiffs and members of the class and collective.

For example, the Court's class and collective definitions establish Fall 2010 as the cutoff for new members. (Dkt. No. 163 (*Glatt* Order) at 27.) Thus, the claims of the class and collective members are based on internships that ended at least almost three years ago. This stay is only sought for a relatively short period of time – during the Second Circuit's consideration of three pending petitions and any ensuing appeals – during which Plaintiffs and the class and collective members will not be prejudiced. At the July 11, 2013 conference before this Court, Defendants accepted the Court's suggestion and agreed to toll the statute of limitations from July 11, 2013 (the date of the conference) to September 6, 2013 with respect to the claims in this action. Should the Court grant a stay, Defendants are willing to extend the tolling agreement to cover any additional time needed for the Second Circuit to issue its rulings. Under these circumstances, Plaintiffs cannot credibly argue that a stay will prejudice them at all. *See, e.g.,*

12

*U.S.A. v. Jones*, No. 2:99-MC-71-11, 1999 U.S. Dist. LEXI 16855, at * 5-6 (finding that where statute of limitations was tolled the government was not prejudiced).  Accordingly, this motion should be granted.

### IV.     A STAY OF THIS ACTION IS IN THE PUBLIC INTEREST.

This factor is also satisfied here.  The public, and particularly other litigants in this District, have an interest in the efficient use of judicial resources.  Granting a stay in this action will help preserve this Court's resources by removing the need for it to supervise the next phases of this action (*e.g.*, supervising notice to the class and/or collective, resolving potential discovery issues with respect to damages, "willfulness" and Defendants' good faith defense, motion practice, trial) until there is guidance from the Second Circuit on these issues.  As discussed above, moving forward now could result in the Court reviewing issues and reaching decisions that will be rendered moot and/or that will need to be revisited and revised after the Second Circuit rules.

In addition, a cloud of uncertainty currently hangs over the lawfulness of unpaid internship programs throughout New York and beyond.  That uncertainty will only increase if this Court moves forward with this litigation.  This action is being closely watched, and moving forward without Second Circuit guidance will only increase the confusion that businesses, prospective interns, and educational institutions looking to participate in lawful internships face.  Thus, the status quo in this action should be preserved and a complete stay entered.

## CONCLUSION

For all of the forgoing reasons, Defendants request that this Court enter a complete stay in this action until this Court and the Second Circuit rule on the three petitions for leave to appeal and, if the petitions are granted, any appeals with respect to the petitions are decided.

Dated:    New York, New York
          July 25, 2013

PROSKAUER ROSE LLP

By: *s/ Elise M. Bloom*
    Elise M. Bloom
    Amy F. Melican
Eleven Times Square
New York, NY  10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
*Attorneys for Defendants*