PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Joshua S. Fox
Eleven Times Square
New York, NY  10036
Ph: 212.969.3000/Fax: 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated, | : : : : | Civil Action No. 11 CV 6784 (WHP) |
| Plaintiffs, | : | ECF Case |
| v. | : : : | |
| FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC., | : : : : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO CERTIFY FOR IMMEDIATE APPEAL PURSUANT TO
28 U.S.C. § 1292(b)**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT..............................................................................................................................1

     I.    Interlocutory Appeal is Warranted as to the Standard for Determining
          Whether an Intern Qualifies as an Employee Under the NYLL and FLSA. ...........1

          A.    The Standard for Determining Whether an Intern is an "Employee"
               is a Controlling Question of Law................................................................1

          B.    There Is Substantial Ground for Difference of Opinions, As the
               Second Circuit Has Not Addressed This Question, and Courts
               Apply Divergent Standards.........................................................................3

          C.    An Immediate Appeal Will Materially Advance the Ultimate
               Termination of the Litigation and Promote Judicial Economy....................4

     II.   The Issue of What Legal Standard Applies to Post-Discovery FLSA
          Conditional Certification is Well Suited for Interlocutory Appeal..........................6

          A.    The Legal Standard That Applies at the Post-Discovery Stage in
               the FLSA Conditional Certification Context Is a Controlling
               Question of Law.........................................................................................6

          B.    A Substantial Ground for Difference of Opinion Exists Regarding
               the Standard for Post-Discovery FLSA Conditional Certification
               and the Correct Application of That Standard. ...........................................7

          C.    An Immediate Appeal would Advance the Termination of the
               Litigation...................................................................................................8

CONCLUSION............................................................................................................................9

TABLE OF AUTHORITIES

**Page(s)**

CASES

*Geron v. Robinson & Cole LLP*,
   476 B.R. 732 (S.D.N.Y. Sept. 4, 2012) (Pauley, J.) ........................................................2, 4, 9

*Hoffmann v. Sbarro, Inc.*,
   982 F. Supp. 249 (S.D.N.Y. 1997)..................................................................................6

*Kaplan v. Code Blue Billing & Coding Inc. et al.*,
   No. 13-179 filed .............................................................................................................4

*Kern ex rel. Estate of Kern v. Siemens Corp.*,
   393 F.3d 120 (2d Cir. 2004), *cert. denied*, 544 U.S. 1034 (2005)................................6

*Perkins v. S. New Eng. Tel. Co.*,
   669 F. Supp. 2d 212 (D. Conn. 2009).............................................................................8

*Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*,
   No. 11 Civ. 5459, 2013 WL 593766 (S.D.N.Y. Feb. 14, 2013) (Pauley, J.).....................1, 2, 5

*Silverstein v. AllianceBernstein L.P.*,
   No. 09 Civ. 5904, 2011 WL 10067988 (S.D.N.Y. Aug. 24, 2011) ...........................8

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*,
   No. 06 Civ. 15375, 2007 WL 1119753 (S.D.N.Y. Apr. 12, 2007)...........................3

*Torres v. Gristede's Operating Corp.*,
   No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006)............................8

*Transp. Union Workers of Am. v. N.Y.C. Transit Auth.*,
   358 F. Supp. 2d 347 (S.D.N.Y. 2005)..........................................................................9

*Wang v. Hearst Corp.*,
   No. 12 Civ. 793, 2013 WL 1903787 (S.D.N.Y. May 8, 2013)...................................1

*Wang v. Hearst Corp.*,
   No. 12 CV 793, 2013 U.S. Dist. LEXIS 92091 (S.D.N.Y. June 21, 2013) ...............3

STATUTES

28 U.S.C. § 1292(b) ..............................................................................................1, 7, 10

Fair Labor Standards Act ("FLSA") ................................................................. passim

New York Labor Law ("NYLL") ...................................................................... 2,6,7

OTHER AUTHORITIES

Fed. R. Civ. P. 23 ......................................................................................................6, 7

Fed. R. Civ. P. 23(f) .....................................................................................................7

## PRELIMINARY STATEMENT

As Defendants have shown in their moving brief, this Court's June 11, 2013 Order ("the Order") satisfies all of the requirements for immediate appeal pursuant to 28 U.S.C. § 1292(b). Plaintiffs' Opposition hinges on a tortured rationale for distinguishing the very arguments that Plaintiffs' counsel championed in their petition for review in *Wang v. Hearst Corp.*, No. 12 Civ. 793, 2013 WL 1903787 (S.D.N.Y. May 8, 2013). The superficial distinctions they present are meaningless for purposes of determining whether Section 1292(b)'s statutory criteria have been satisfied.

Plaintiffs rehearse a litany of reasons why interlocutory appeal is generally disfavored, though their arguments all lack merit. The Order meets all of the statutory requirements for certification, and the circumstances of this case are very much in keeping with other cases in which courts -- including this Court -- have granted certification for immediate, interlocutory appeal. The Court should therefore grant Defendants' motion and allow the Second Circuit to provide much-needed guidance on the issues raised in the Order.

## ARGUMENT

I. **INTERLOCUTORY APPEAL IS WARRANTED AS TO THE STANDARD FOR DETERMINING WHETHER AN INTERN QUALIFIES AS AN EMPLOYEE UNDER THE NYLL AND FLSA.**

A. ***The Standard for Determining Whether an Intern is an "Employee" is a Controlling Question of Law.***

Contrary to Plaintiffs' suggestion, a controlling question of law need not result in a reversal of judgment. Pls.' Opp., Dkt. No. 184, at 3 (*citing Prudential Ins. Co. v. BMC Indus., Inc.*, 655 F. Supp. 708, 709 (S.D.N.Y. 1987)). A question is controlling when "even though not resulting in dismissal, [it] could significantly affect the conduct of the action." *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, No. 11 Civ. 5459, 2013 WL 593766, at *15 (S.D.N.Y. Feb. 14, 2013) (Pauley, J.) (internal citations omitted). The issue at

the heart of this case is whether the Plaintiff interns are "employees" entitled to minimum wages. The answer to this question not only goes to the merits of this case, but also to whether it will proceed on an individual, collective, or class basis. Thus, it is hard to conceive of a question of law that will have a *greater* impact in this action. The first statutory requirement for certification is easily met.

Plaintiffs' contention that the standard is not controlling because they "would have prevailed on summary judgment even under the Defendants' preferred standard" is a red herring (and untrue). Pls.' Opp. at 4. Defendants disagree that Plaintiffs would prevail under *any* standard articulated by the Second Circuit. Regardless, for present purposes, the *only* relevant question is whether the applicable legal standard could "affect the conduct of the action" – not whether two of many conceivable standards (which ultimately may or may not be correct) may result in the same outcome. *See Bank of N.Y. Mellon*, 2013 WL 593766, at *15; *Geron v. Robinson & Cole LLP*, 476 B.R. 732, 745 (S.D.N.Y. Sept. 4, 2012) (Pauley, J.).

Here, it is undisputed that there is *no guidance* from the Second Circuit as to what standard applies to this controlling question. District courts are grappling with how, and to what extent, to rely on the Supreme Court's 66-year-old opinion in *Walling v. Portland Terminal Co*. and on the six *non-binding* factors enumerated in the Department of Labor's ("DOL") 2010 Fact Sheet. (Def.'s Memo of Law, Dkt. No. 180, at 6-7.) They are also struggling with how to apply new decisions that other courts are handing down, which likewise do not comport with one another, both within and across the circuits. In those cases -- as in this one -- the intern standard will determine whether the actions proceed at all, and, if they do, whether they proceed on individual or collective bases. The standard will affect discovery, motion practice, trial, appeals, and every other legal and strategic decision that the parties and their representatives make in

conducting the action.  Indeed, in his Order certifying questions for interlocutory review under

Section 1292(b), Judge Baer acknowledged that the intern standard would "significantly affect

the conduct of other lawsuits now pending in the district courts."  *See Wang v. Hearst Corp.*, No.

12 CV 793, 2013 U.S. Dist. LEXIS 92091, at *6 (S.D.N.Y. June 21, 2013).

There is no legitimate dispute that the legal standard to be set by the Second Circuit will

affect the outcome of this litigation (and others like it).  Certification should therefore be granted

here.

> **B.**     ***There Is Substantial Ground for Difference of Opinions, As the Second Circuit Has Not Addressed This Question, and Courts Apply Divergent Standards.***

Plaintiffs also fail to rebut Defendants' argument -- ***or their counsel's own successful***

**Wang *argument*** -- that substantial grounds for a difference of opinion exist.  While emphasizing

in *Wang* that the lack of guidance has led to several different but viable opinions, (*see* Melican

Decl. Ex. C, Dkt. 179, at 4-6), counsel in this case simply endorses this Court's decision,

implying that any other opinion (*i.e.* any opinion that does not adopt their position) is

unsupportable.  Plaintiffs do not refute Defendants' showing that substantial grounds for

differences of opinion exist as to the applicable intern standard.

Additionally, Plaintiffs misread the case on which they primarily rest their argument.

Pls.' Opp. at 6.  In *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06 Civ. 15375, 2007 WL

1119753 (S.D.N.Y. Apr. 12, 2007), the petitioner advocated a standard that had been followed

by only *one* other court in the Circuit, while at least *three* other courts had adopted the more

lenient standard that the court had applied in that case.  The petitioner was "on the wrong side of

the divide" and had not persuaded the court that it chose the wrong standard.  *Id*. at *2.  In other

words, the petitioner's motion failed because his position was clearly against the weight of

authority.  Here, there is no weight of authority, and thus certification is warranted.

In trying to distinguish the authorities cited in Defendants' moving brief -- including this Court's decision in *Geron* -- Plaintiffs claim that unlike the cases in which this Court has granted certification this case presents a "straightforward question" of whether unpaid interns are entitled to payment of wages. Pls.' Opp. at 6. Their ability to phrase the question economically does not strip it of its underlying complexity. Courts within this Circuit and in other circuits have applied different standards to resolve this question, and even courts that purport to consider the same factors have applied them inconsistently. (Def.'s Memo of Law at 6-7.) Against this backdrop, Plaintiffs' suggestion that the question is simple is disingenuous.

The current body of case law displays a host of opinions on this question that is novel, complex and worthy of the Second Circuit's attention. Without direction from the Second Circuit, courts will continue to add to the confusion by applying divergent standards, considering various permutations of factors, and arriving at irreconcilable conclusions. The case law that does exist already makes clear that there is substantial ground for *multiple* opinions concerning the formulation of the standard, the factors to be considered, and the way in which they should be applied.[1] As each new decision will only exacerbate this uncertainty for courts and litigants, the Second Circuit's guidance is urgently needed, and the Court should certify its Order.

**C.      *An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation and Promote Judicial Economy.***

As with the first two statutory requirements, Plaintiffs' representation of the final requirement is also misleading. Although Plaintiffs maintain that certification must "advance the

---

[1] On August 7, 2013, plaintiffs in *Kaplan v. Code Blue Billing & Coding Inc. et al.*, No. 13-179 filed a petition for certiorari with the U.S. Supreme Court, citing inter- and intra-circuit conflicts concerning (i) the test for determining whether an intern is an employee, and (ii) what, if any, deference is owed to the DOL's interpretation of *Walling* and its six-factor test. (Melican Decl. Ex. A (Pet.) at 9-10.) This case and *Wang* were listed as examples of the "entrenched" splits amongst the courts that are faced with these questions. *Id*. at 12-13.

time for trial," Pls.' Opp. at 6-7, Section 1292(b) imposes no such requirement and does not mention the word "trial" anywhere in its text.  Rather, the statute requires only that certification "advance the ultimate termination of the litigation," which, as the cases granting certification make clear, can occur in any number of ways.  *See, e.g., Bank of N.Y. Mellon*, 2013 WL 593766, at *15-16 (certifying for interlocutory appeal an order granting, in part, defendant's motion to dismiss the complaint).

Here, because the intern standard is central to the merits of the case and whether it will proceed on a collective or individual basis, resolution of the legal standard will advance the termination of the litigation on several fronts.  For example, a determination by the Second Circuit will affect every impending step of the litigation, and possibly even remove the need for several steps, including class notice, discovery on damages and Defendants' willfulness defense, and whatever motion practice may ensue.  As the *Wang* plaintiffs stated in their brief in support of certification, resolution of the intern standard by the Second Circuit will "ensure that a post-trial appeal – and possible new trial under a different standard – [would] be avoided."  (Melican Decl. Ex. C, Dkt. 179, at 7).  The same is true here.

Plaintiffs' effort to distinguish *Wang* is unavailing.  The fact that the *Wang* plaintiffs' class certification motion was denied in that case and the *Glatt* Plaintiffs' motion was granted here, and there are minor procedural distinctions, does not change the analysis for whether an immediate appeal is warranted.  As in *Wang*, certification is warranted here because the Second Circuit has not provided *any* guidance as to the FLSA intern exception standard, which clearly impacts the resolution of this matter.

II.     THE ISSUE OF WHAT LEGAL STANDARD APPLIES TO POST-DISCOVERY FLSA
        CONDITIONAL CERTIFICATION IS WELL SUITED FOR INTERLOCUTORY APPEAL.

        A.     *The Legal Standard That Applies at the Post-Discovery Stage in the FLSA
               Conditional Certification Context Is a Controlling Question of Law.*

        For all of Plaintiffs' efforts to explain away the significance of the Fair Labor Standards

Act ("FLSA") post-discovery certification standard, the fact remains that this question also

satisfies the statutory requirement for certification: *i.e.* whether Plaintiffs proceed as a collective

will substantially and unavoidably affect the conduct of the case.

        Plaintiffs' Opposition is based largely on their contention that because they supposedly

satisfy the requirement for class certification under Fed. R. Civ. P. 23, they necessarily satisfy

the standard for post-discovery FLSA certification, whatever that standard may be.  This

argument fails for several reasons.  First, the law in the Second Circuit is clear that the processes

for forming and certifying classes and collectives under the New York Labor Law ("NYLL") and

the FLSA are completely distinct.  *See, e.g., Kern ex rel. Estate of Kern v. Siemens Corp*., 393

F.3d 120, 128 (2d Cir. 2004), *cert. denied*, 544 U.S. 1034 (2005) ("the requirements for pursuing

a [Section] 216(b) class action are independent of and unrelated to the requirements of a class

action [filed pursuant] to Rule 23") (internal citations omitted); *Hoffmann v. Sbarro, Inc*., 982 F.

Supp. 249, 263 (S.D.N.Y. 1997) (same).  Plaintiffs cannot dispute that the members of the FLSA

collective and NYLL class would also differ.  Therefore, whether they satisfy the requirements

for certification under Rule 23 has no bearing on the fact that the standard for certifying an

FLSA collective is a controlling question of law that will affect the conduct of the litigation

profoundly.

        Counsel also neglects to mention that their successful Section 1292(b) motion in *Wang*

stands to jeopardize their Rule 23 class in this case, thus undercutting their entire argument.

Judge Baer's Order in *Wang* certified his earlier Order in which the two controlling questions

6

were: (i) the standard for determining if interns are employees, and (ii) "whether the facts here

support a finding that neither dominance nor commonality were satisfied so that a [Rule 23] class

might be certified." (Melican Decl. Ex. B (*Wang Order*, 6/27/13) at 2.)  The Second Circuit's

decision with respect to either of these inextricably intertwined questions could result in a

finding that the Rule 23 class *in this case* must be decertified.[2]

Essentially, Plaintiffs are contending that because they received a favorable ruling that

they believe (and hope) will stand, the question should not be controlling.  As explained above,

though, this is not the appropriate standard; rather, the standard is whether the test applied could

affect the conduct of the action, which no one disputes.  Plaintiffs also contend, without any

basis for support, that this question would "present a mixed question of law and fact."  Pls.' Opp.

at 10.  This, too, is false, as the question of what legal standard applies at the post-discovery

stage in the FLSA conditional certification context is a question of pure law.  The Second Circuit

needs no facts whatsoever to answer it.

Based on the foregoing, Defendants' motion should be granted.

**B.      *A Substantial Ground for Difference of Opinion Exists Regarding the Standard
for Post-Discovery FLSA Conditional Certification and the Correct Application
of That Standard.***

As with the intern standard, there is no Second Circuit guidance as to what standard

applies to post-discovery, second-stage motions for FLSA conditional certification.  This lack of

guidance has led courts in this District to apply conflicting standards and reach contradictory

results, illustrating the existence of substantial grounds for differences of opinion.

---

[2] Moreover, Defendants' petition for interlocutory review pursuant to Fed. R. Civ. P. 23(f) is
currently pending before the Second Circuit in this case.  The outcome of that decision could
also mean decertification of Plaintiffs' Rule 23 class.

Plaintiffs' suggestion that "[m]any courts in this Circuit" have applied the factors set forth in *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006), to post-discovery FLSA certification motions rings hollow, as they cite exactly two decisions, one of which mentions that several district courts "have adopted an *ad hoc* review of certain factors" that *include* the *Torres* factors.  *Perkins v. S. New Eng. Tel. Co.*, 669 F. Supp. 2d 212, 218 (D. Conn. 2009).  And while the court in *Perkins* granted conditional certification upon finding that two of the factors were satisfied and one did "not heavily weigh one way or the other," *id*. at 222, the court in the other case Plaintiffs cite provides no insight into how it considered the factors at all.  *See Silverstein v. AllianceBernstein L.P.*, No. 09 Civ. 5904, 2011 WL 10067988, at *1 (S.D.N.Y. Aug. 24, 2011).  Thus, the cases Plaintiffs cite give no indication of what uniform legal standard courts should apply to post-discovery FLSA certification, because in fact there is no uniform legal standard at present.

Plaintiffs also discount another recent decision that declined to follow *Torres* completely, offering their (irrelevant) assessment that even under the standard used in that case certification would still have been granted here.  Pls.' Opp. at 11-12 (*citing Gortat v. Capala Bros.*, No. 07 Civ. 3629, 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010)).  Notwithstanding Plaintiffs' contention, *Gortat* is significant *not* for the fact that it purportedly begets a result that Plaintiffs favor, but for the fact that it evinces a substantial ground for difference of opinion with the courts in *Perkins* and *Silverstein*.  Only a ruling from the Second Circuit will remedy this confusion.

Accordingly, the cases cited in Plaintiffs' Opposition, coupled with those in Defendants' moving brief, more than demonstrate that this factor weighs in favor of certification.

### C.    *An Immediate Appeal would Advance the Termination of the Litigation.*

Like the others, the final statutory requirement for granting certification has been fulfilled as to what legal standard the Court should apply to post-discovery FLSA certification.  Guidance

8

on this point would provide doctrinal clarity and advance judicial economy, as it will either accelerate or obviate forthcoming phases to the litigation, including the issuance of class notice, motion practice, and discovery concerning damages and willfulness. *Geron*, 476 B.R. at 745. Certification will also prevent the need for protracted appeals, if the Second Circuit defines a standard that differs in any way from that which the Court has employed in this case.

Lacking any valid argument to the contrary, Plaintiffs make the conclusory assertion that "an interlocutory appeal will only delay the proceedings…," the logic of which would suggest that *any* appeal cannot be granted on account of this necessary byproduct of *any* additional procedural step. Pls.' Opp. at 13. Plaintiffs' persistent refrain that they will "still likely prevail" should also be disregarded, as it is not relevant to a proper analysis of Defendants' present motion. *Id*. For the above-described reasons, as well as those put forth in Defendants' moving brief, all three statutory requirements militate in favor of certification of the Court's Order.

## CONCLUSION

The Court's Order raises controlling questions of law as to which there are substantial grounds for difference of opinion, and whose immediate resolution will advance the termination of this litigation. Both questions are of great import in this Circuit and would warrant appeal independently of one another. Indeed, certification would be appropriate even if the Court believed that just *one* of the two questions deserved review. *See Transp. Union Workers of Am. v. N.Y.C. Transit Auth*., 358 F. Supp. 2d 347 (S.D.N.Y. 2005) (certifying order pursuant to Section 1292(b), and noting that while "[o]nly the first of these issues is suitable for certification," the Second Circuit has "'emphasized that 'section 1292(b) authorizes certification of *orders* for interlocutory appeal, not certification of *questions*'") (emphasis in original).

For all the foregoing reasons, Defendants respectfully request that the Court certify its June 11, 2013 Order for immediate appeal to the U.S. Court of Appeals for the Second Circuit under 28 U.S.C. § 1292(b).

Dated:    New York, New York
          August 23, 2013

PROSKAUER ROSE LLP

By:  *s/ Elise M. Bloom*

Elise M. Bloom
Amy F. Melican
Joshua S. Fox
Eleven Times Square
New York, NY  10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com

*Attorneys for Defendants*

10