PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Joshua S. Fox
Eleven Times Square
New York, NY  10036
Ph: 212.969.3000/Fax: 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated, | : : : : : | Civil Action No. 11 CV 6784 (WHP) |
| Plaintiffs, | : : | ECF Case |
| v. | : : | |
| FOX SEARCHLIGHT PICTURES INC. and FOX ENTERTAINMENT GROUP, INC., | : : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR A STAY**

Table of Contents

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

    I.      Defendants Satisfy the Standard for a Stay Because They Have Established that the Second Circuit Is Likely to Grant the Pending Petitions and Issue a Decision in Their Favor. ........................................................2

          A.      The Second Circuit Is Likely to Grant Immediate Review of Defendants' Rule 23(f) Petition and Rule in Their Favor............................2

          B.      The Second Circuit Is Likely to Grant Immediate Review of Defendants' § 1292(b) Petition and Rule in Their Favor. ..........................5

    II.     Defendants Will Be Irreparably Harmed Absent A Stay.........................................8

    III.    There Will Be No Harm to Plaintiffs if the Stay is Granted...................................9

    IV.   A Stay of this Action is in the Public Interest.......................................................10

CONCLUSION.............................................................................................................................10

## Table of Authorities

**Page(s)**

**CASES**

*Beattle v. CenturyTel, Inc.*,
 No. 02 BC 10277, 2006 WL 1722207 (E.D. Mich. June 20, 2006) ........................................10

*Casey v. Long Island R.R. Co.*,
 406 F.3d 142 (2d Cir. 2005).................................................................................................5

*Comcast Corp. v. Behrend*,
 133 S. Ct. 1426 (2013)......................................................................................................4, 5

*Cuevas v. Citizens Fin. Grp., Inc.*,
 No. 12-2832-cv, 2013 U.S. App. LEXIS 10737 (2d Cir. May 29, 2013)............................4, 5

*Hargroves v. City of New York*,
 2010 WL 3619542 (S.D.N.Y. Sept. 10, 2010)......................................................................9

*Hevesi v. Citigroup, Inc.*,
 366 F.3d 70 (2d Cir. 2004)................................................................................................3, 5

*Regents of Univ. Calif. v. Credit Suisse First Boston (USA), Inc.*,
 482 F.3d 372 (5th Cir. 2007) ................................................................................................5

*Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*,
 2013 WL 593766 (S.D.N.Y. Feb. 14, 2013).........................................................................6

*Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*,
 262 F.3d 134 (2d Cir. 2001)..............................................................................................2, 3

*Velez v. Sanchez*,
 639 F.3d 308 (2d Cir. 2012).................................................................................................7

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
 208 F.3d 288 (1st Cir. 2000).................................................................................................3

*Zavala v. Wal-Mart Stores, Inc.*,
 691 F.3d 527 (3d Cir. 2012).................................................................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ............................................................................................................... passim

**PRELIMINARY STATEMENT**

This is precisely the type of case where a stay is necessary. Plaintiffs will not be prejudiced by a stay that preserves the status quo until the Second Circuit has an opportunity to resolve the three pending petitions seeking interlocutory appeal and any subsequent appeals. Defendants have agreed to enter into an agreement tolling the statute of limitations with respect to Plaintiffs' Fair Labor Standards Act ("FLSA") claims, the parties have completed discovery in this case (with the exception of discovery as to damages and Defendants' affirmative good faith defense), and Plaintiffs have already received a substantial list of class and collective members.

The stay is necessary because each of the three petitions – two of which are currently pending before the Second Circuit and one of which is pending before this Court – raises novel issues on which courts in this Circuit have disagreed and the Second Circuit has not yet ruled: (i) the standard for establishing commonality and predominance and the appropriateness of Fed. R. Civ. P. 23 certification; (ii) the applicable legal standard for determining whether unpaid interns are employees entitled to minimum wage; and (iii) the standard for post-discovery conditional certification of a collective action. The Second Circuit will likely grant at least one – if not all (assuming this Court certifies the Order under § 1292(b)) – of the petitions, and could adopt a standard different from that applied by this Court, which would dramatically change this litigation.

Indeed, Plaintiffs ignore the valid points their own counsel made in arguing for an immediate appeal in *Wang v. Hearst*, 12 Civ. 0793. As their counsel stated there, resolving the legal standard for unpaid interns and the appropriateness of certification before moving forward with this litigation "will ensure [p]laintiffs' claims are litigated efficiently and [will] avoid the potential for a second trial under a revised legal standard." Melican Decl. Ex. A (*Wang* Pls' § 1292(b) Petition), at 2.

Here, the balance of benefits weighs heavily in favor of staying this action for a short period of time. Plaintiffs and the class and collective members will not suffer any prejudice as a result of a stay. Defendants will be irreparably injured without one because they will be pressured to choose from two inequitable, unjust options, *i.e.*, settle this case and forego an appeal or spend an exorbitant amount of time and money on the remainder of the proceedings in this Court before they can eventually appeal the Court's June 11, 2013 Order (the "Order"). Thus, this Court should grant this motion for a stay of the proceedings pending the Second Circuit's resolution of the three pending petitions and any subsequent appeals.

## ARGUMENT

I. **DEFENDANTS SATISFY THE STANDARD FOR A STAY BECAUSE THEY HAVE ESTABLISHED THAT THE SECOND CIRCUIT IS LIKELY TO GRANT THE PENDING PETITIONS AND ISSUE A DECISION IN THEIR FAVOR.**

    A. The Second Circuit Is Likely to Grant Immediate Review of Defendants' Rule 23(f) Petition and Rule in Their Favor.

The Order is exactly the type for which Rule 23(f) exists, and Defendants have established in their Rule 23(f) Petition to the Second Circuit several independent bases on which that Court is likely to certify an immediate appeal and rule in Defendants' favor.[1] *See generally* Melican Decl. Exs. E and F (Defs' Rule 23(f) Petition and Reply).

First, as discussed below, Defendants have demonstrated that the Order is questionable with respect to the Court's rulings on commonality, predominance, and the appropriate intern legal test, and that the Second Circuit will likely rule in Defendants' favor on these issues. *See infra* at 3-5. Plaintiffs' attempt to discount them as mere "disagree[ments]" (Pls' Opp., Dkt. 185, at 5) should be rejected. In addition, Defendants have established that the Order will effectively

---

[1] Indeed, the Second Circuit has emphasized that the Rule 23(f) standard is flexible, and that Court has left open the possibility that a petition that fails to satisfy both the alternative requirements it has identified may still be granted "where it presents special circumstances that militate in favor of an immediate appeal." *Sumitomo*, 262 F.3d at 140.

2

terminate this litigation because certification will effectively force Defendants to settle. *See Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 138 (2d Cir. 2001); *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 293 (1st Cir. 2000) (finding "an appeal ordinarily should be permitted when the grant of class status raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle").

Second, as an alternative, independent basis for certification, Defendants have established that the Court's rulings on these issue implicate legal questions about which there is a compelling need for immediate resolution. Each of these issues is fully developed in the record and turns on the application of the proper rule of law. These issues have not yet been considered by the Second Circuit, and unless the Second Circuit adopts the exact standard this Court adopted in the Order, resolution of these issues will very likely to change the certification finding in this case, as well as affect the course of other class actions in this Circuit. For these reasons, the Second Circuit is likely to grant immediate review. *See Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 77 (2d Cir. 2004) (granting Rule 23(f) certification based on compelling need for immediate resolution).

Defendants have also established that the Second Circuit is likely to issue a ruling in their favor on appeal, resulting in the certification Order being overturned. First, with respect to commonality, the Order is inconsistent with controlling Supreme Court and Second Circuit precedent. As Defendants explained in their Rule 23(f) petition, the "common evidence" upon which this Court relied – that FEG departments requested interns based on their needs, that they requested more interns when busier, and that the number of interns company-wide increased following the elimination of paid internships (Pls' Opp. at 6) – cannot produce "common answers" to drive the resolution of this litigation. The Order did not address the evidence

presented by Defendants that not only directly rebutted this "common evidence," but also demonstrated the individualized nature of each internship (*e.g.*, through the 14 supervisor declarations Defendants submitted with their opposition papers). Defendants submit that these are fatal defects compelling reversal, and believe the Second Circuit will agree. *See Cuevas v. Citizens Fin. Grp., Inc.*, No. 12-2832-cv, 2013 U.S. App. LEXIS 10737, at *6 (2d Cir. May 29, 2013) (summary order) (reversing Rule 23 certification because district court failed to "address all of the evidence before it and resolve the material disputed facts arising from the conflicting declarations"). Furthermore, contrary to Plaintiffs' assertion that "common evidence" can answer the question of whether the internship was for the intern's "benefit" (Pls' Opp. at 6), the Order rejected a primary benefit-based test as individualized because there was no common yardstick to measure such benefits. *See Glatt* Op. 22. In light of these issues, Defendants submit that the Second Circuit is likely to grant the petition based on commonality alone.

Second, the Order's treatment of predominance is an independent basis for the Second Circuit to grant Defendants' Rule 23(f) petition and reverse the certification Order. Plaintiffs' reliance on the Court's generalized assertion that predominance exists is misplaced in light of the Supreme Court's recent ruling in *Comcast Corp. v. Behrend,* 133 S. Ct. 1426, 1432 (2013). Although Plaintiffs attempt to save the Order by asserting the Court found that "some" legal or factual questions could be "achieved through generalized proof" and that "common issues predominate over individualized ones, particularly with respect to damages" (Pls.' Opp. at 6-7), the evidence in the record is to the contrary.[2]

---

[2] For example, Antalik has conceded that the interns' "duties" present "individualized issues" (Melican Decl., Ex. C, Dkt. 179 (Pls' Opp. to Defs' Rule 23(f) Petition), at 5). Plaintiffs cannot avoid Antalik's admission or reconcile the Order with the controlling precedent by claiming that liability turns on "the nature of the work performed [by interns] and whether that work was part of Defendants' day-to-day operations," rather than each intern's "duties." Pls' Opp. at 7 n.3.

Plaintiffs' attempt to limit *Comcast* to damages (Pls' Opp. at 7 n.3) is similarly incorrect. The Second Circuit has cited *Comcast* broadly for the proposition that courts must undertake a "rigorous analysis" of the evidence, examine *all* relevant evidence, and resolve *all* factual disputes – not just those related to damages – before finding predominance at the Rule 23 certification stage. *Cuevas,* 2013 U.S. Dist. LEXIS 10737, at *5-7. However, even assuming, arguendo, that *Comcast* relates only to damages, the legal rule applied in the Order merits reversal because potential damages are individualized in this case.

Finally, the Second Circuit is likely to grant immediate review of Defendants' Rule 23(f) petition to resolve the proper legal standard for determining whether unpaid interns are employees entitled to minimum wage. Plaintiffs assert "the *Wang* court reached a different decision on commonality . . . because it applied a different standard for liability." Pls' Opp. at 5 n.2, *see also* Melican Decl. Ex. A (*Wang* Pls' § 1292(b) Petition) at 7 (arguing that "a revised legal standard would likely change the Court's analysis of the Plaintiffs' motion for class certification"). Because the correct legal standard will directly affect certification, that issue is appropriately included in Defendants' Rule 23(f) petition. *See Hevesi*, 366 F.3d at 70; *Regents of Univ. Calif. v. Credit Suisse First Boston (USA), Inc.*, 482 F.3d 372, 381 (5th Cir. 2007). Indeed, as discussed below, the Second Circuit is likely to reject the six-factor, totality of the circumstances test adopted in the Order and rule in Defendants' favor. *See infra* at 6-7.

### B. The Second Circuit Is Likely to Grant Immediate Review of Defendants' § 1292(b) Petition and Rule in Their Favor.

Defendants respectfully submit that this Court should certify the Order for immediate appeal. If the Court does so, the Second Circuit will likely accept the appeal. *Casey v. Long*

---

That is nothing more than semantics. Moreover, even looking at the "nature of the work" or its connection to "Defendants' day-to-day operations" requires an individualized inquiry and, thus, precludes a finding of predominance.

*Island R.R. Co.*, 406 F.3d 142 (2d Cir. 2005).  It is also likely to reverse the Order.  Defendants have established that the Order satisfies each of the requirements for immediate appeal pursuant to § 1292(b).  The superficial distinctions that Plaintiffs highlight between this case and *Wang* are insignificant and should be rejected.  Contrary to Plaintiffs' suggestion (Pls' Opp. at 9), a controlling question of law need not result in a reversal of judgment; rather, a question is controlling if "[it] could significantly affect the conduct of the action."  *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, 2013 WL 593766, at *15 (S.D.N.Y. Feb. 14, 2013) (internal citations omitted).  The issue at the heart of this case is whether the Plaintiff interns are "employees."  As the answer to this question goes not just to the merits of this case, but also to whether it will proceed on an individual, collective, or class basis, it is hard to conceive of a question of law that will have a *greater* impact on the litigation.

Plaintiffs incorrectly assert that this Court "concluded that even under [a primary beneficiary] test, Plaintiffs would have prevailed." Pls' Opp. at 8.  However, the section of the Order to which Plaintiffs cite is specifically limited to its fact-specific review of Plaintiff Glatt's and Footman's *individual* claims.  *Glatt*, 2013 WL 2495140, at *13.  And, as this Court found that the primary beneficiary test is "subjective" – and therefore individualized – (*see Glatt*, 2013 WL 2495140, at *13) a primary beneficiary test should actually preclude class or collective treatment.

Plaintiffs' own counsel has convincingly argued in *Wang* that substantial grounds for a difference of opinion exist with respect to the legal standard that applies to classifying interns.  Melican Decl. Ex. B (*Wang* Pls' Reply in § 1292 Petition) at 2.  Plaintiffs do not refute their counsel's (or Defendants') showing on this point.  Further, Plaintiffs' assertion that an immediate appeal will "not shorten the time for trial, because no trial is imminent" (Pls' Opp. at 9), applies

the wrong standard.  Rather, § 1292 requires *only* that certification "advance the ultimate termination of the litigation," which, as the cases granting certification make clear, can occur in any number of ways.  *See, e.g., Bank of N.Y. Mellon*, 2013 WL 593766, at *15-16.

In addition to finding that certification is warranted under § 1292(b), the Second Circuit, on appeal, is likely to adopt a broader test in defining the legal standard that governs the classification of unpaid interns as employees.  The standard adopted in this Court's Order applied a totality of circumstances test *only* within the framework of six factors, which Defendants believe the Second Circuit is likely to find to be too restrictive.  *See, e.g., Velez v. Sanchez,* 639 F.3d 308, 329 (2d Cir. 2012) (broadening factors considered by district court in the totality of circumstances analysis).

The Second Circuit is also likely to certify the Order and issue a decision in favor of Defendants with respect to the FLSA post-discovery certification standard.  This issue is a controlling question because whether Plaintiffs proceed as a collective action will substantially and unavoidably affect the course of this case.  Plaintiffs' argument that because they satisfy the requirements for class certification under Rule 23 they also satisfy the standard for post-discovery FLSA certification (whatever that standard may be) fails for several reasons.

First, as discussed in Defendants' § 1292 motion papers, the standards for forming and certifying classes and collectives under the NYLL and the FLSA are completely distinct.  *See* Defs' § 1292(b) Br., Dkt. 180, at 3; Defs' § 1291 Reply Br., Dkt. 186, at 1-2.  The membership of the class and collective will also differ.  Thus, the fact that Plaintiffs may show that they satisfy the requirements for certification under Rule 23 will have no bearing on whether they have satisfied the standard for certifying a collective under the FLSA.

Additionally, Plaintiffs ignore the fact that their counsel's arguments in *Wang* (and also

7

Defendants' Rule 23(f) petition) stand to result in *decertification* of the Rule 23 class in this case, which undercuts their entire argument. *See* Defs' § 1292(b) Br., at 4; Defs' § 1292(b) Reply Br., at 7. Without Second Circuit guidance as to the proper standard, courts in this District have applied conflicting standards and reached contradictory results, illustrating the existence of substantial grounds for differences of opinion. *See* Defs' § 1292(b) Br. at 5; Reply Br. at 7-8.

Certification of this issue will also advance the termination of this litigation. Plaintiffs' conclusory assertion that "an interlocutory appeal will only delay the proceeding" (Pls.' Opp. at 12) should be rejected because such logic would preclude *any* interlocutory appeal. Thus, all three requirements for certification are present with respect to this issue.

Contrary to Plaintiffs' assertion, to establish they are likely to succeed on appeal, Defendants do *not* need to establish that the Second Circuit will adopt the identical standard that the Third Circuit applied in *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 534 (3d Cir. 2012).[3] Rather, they need only establish that the standard adopted in the Order will not stand. That standard is easily satisfied here. *See* Defs' Stay Br., Dkt. 183, at 8-10. Thus, Defendants have established that the Second Circuit is likely to certify this issue and reverse the Order.

## II. DEFENDANTS WILL BE IRREPARABLY HARMED ABSENT A STAY.

If the Court denies the request for a stay, Defendants will be irreparably harmed because they will likely be pressed to settle or spend an exorbitant amount of time and money on the remainder of the proceedings in this Court before eventually appealing. Even though Defendants believe the class and collective claims are meritless, the prospect of potentially massive damages, a nation-wide collective and potential liquidated damages, will create intense settlement pressure that will prevent Defendants from challenging the Order.

---

[3] Defendants believe that because all discovery has been completed (with the exception of discovery as to damages and the good faith affirmative defense), a preponderance of the evidence standard should apply in this case. *See* Defs' Stay Br., Dkt. 183, at 9-10.

**III.     THERE WILL BE NO HARM TO PLAINTIFFS IF THE STAY IS GRANTED.**

It will not injure Plaintiffs to preserve the status quo until the pending petitions and any subsequent appeals are decided. The stay is sought for a short time and the tolling proposed by Defendants eliminates any concerns about the statute of limitations running as to the FLSA collective between July 11, 2013 and any decision on the appeals.[4] Melican Decl. Ex. C (Proposed Tolling Agreement); *see* Melican Decl. Ex. D (Tr. from 7/11/13 Conf.) at 15.

In fact, the members of the class and collective themselves will be prejudiced if the litigation proceeds and they receive unnecessary and incorrect notices. Plaintiffs' attempt to downplay the prejudice should be rejected, as prejudice will be present regardless of whether the inaccurate notice is sent to the members of the Rule 23 class or the FLSA collective. Issuing any notice at this point is premature, and will result in confusion to the former interns who receive it if the Second Circuit issues a decision affecting the certification decision. *See* Defs' Stay Mem. at 10-12. Plaintiffs' purported urgency in issuing notice to the collective should be rejected, as any concerns about the running of the FLSA statute of limitations are eliminated by the tolling agreement proposed by Defendants.

Furthermore, a stay will not make discovery more difficult. This case is easily distinguishable from *Hargroves v. City of New York,* 2010 WL 3619542 (S.D.N.Y. Sept. 10, 2010), where a "great deal of discovery" remained and eye-witness testimony was important to the plaintiffs' civil rights claims. *Id.* at *3. Here, almost all discovery in this case has been completed. Defendants continue to take their obligations with respect to document preservation seriously and there is no basis for Plaintiffs' purported concern that a stay will increase the

---

[4] Plaintiffs ask the Court, if it grants a stay, to toll the statute of limitations beginning on January 18, 2013. This is contrary to Plaintiff's representations and what the Court contemplated at its July 11, 2013 pre-motion conference (Melican Decl. Ex. D (Tr.) 14:14-25; 15: 1-7), and there is no basis for retroactively tolling the claims now, as such tolling is unconnected to the stay.

difficulty of locating any contact information maintained by Defendants. If anything, those challenges have always been present. For example, the transient nature of college students and the fact that the class period ended almost three years ago (in Fall 2010) means that class and collective members have likely already left the addresses they used during their internships. The burdens in moving forward are why notice and any additional discovery should wait until the Second Circuit has ruled on the issues affecting certification.

## IV. A STAY OF THIS ACTION IS IN THE PUBLIC INTEREST.

The public has an interest not only in an expeditious decision, but also in conserving judicial resources. As Plaintiffs' attorneys acknowledged in *Wang*, "if the parties continue to litigate Plaintiffs' individual claims to judgment, and the Court's order is reversed, the parties will have to re-try the same case . . . under a different legal standard." Pls' Opp. at 1. Further, the class and collective claims may not remain, eliminating the need for notice and the additional discovery now contemplated. Plaintiffs' broad assertion that there has been a finding of liability "as a matter of law" which warrants moving forward quickly (*id*. at 15) is unsupported. There has been no such finding with respect to Antalik or any class or collective member. Accordingly, Plaintiffs' reliance on *Beattle v. CenturyTel, Inc.,* No. 02 BC 10277, 2006 WL 1722207, at *8 (E.D. Mich. June 20, 2006) is misplaced and a stay should be granted.[5]

## CONCLUSION

Accordingly, Defendants request that this Court enter a complete stay in this action pending the Second Circuit ruling on each of the three pending petitions and any subsequent appeals.

---

[5] Glatt's and Footman's claims should also be stayed, as their counsel has acknowledged that an "immediate appeal [as to the intern standard] will ensure that Plaintiffs' claims are litigated efficiently and avoid the potential for a second trial under a revised legal standard." Melican Decl. Ex. A (*Wang* Pls' § 1292 Petition.) at 2.

10

|  |  |
|---|---|
| Dated:  New York, New York<br>August 23, 2013 | PROSKAUER ROSE LLP<br><br>By: *s/ Elise M. Bloom*<br>    Elise M. Bloom<br>    Amy F. Melican<br>    Joshua S. Fox<br>Eleven Times Square<br>New York, NY  10036-8299<br>Phone: (212) 969-3000<br>Fax: (212) 969-2900<br>ebloom@proskauer.com<br>*Attorneys for Defendants* |