USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
ERIC GLATT, *et al.*,               :     11 Civ. 6784 (WHP)
                                    :
          Plaintiffs,           :
                                    :     MEMORANDUM & ORDER
    -against-                     :
                                    :
FOX SEARCHLIGHT PICTURES            :
INC., *et ano.*,                    :
                                    :
          Defendants            :
------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        On June 11, 2013, this Court granted Plaintiff Eden Antalik's motions to certify a class action asserting claims under the New York Labor Law ("NYLL") and to certify conditionally a Fair Labor Standards Act ("FLSA") collective action. Defendants Fox Searchlight Pictures, Inc. ("Searchlight") and Fox Entertainment Group, Inc. ("FEG") move for reconsideration of the scope of both the NYLL class and the FLSA collective action. For the following reasons, Defendants' motion is granted in part and denied in part.

I.    Legal Standard

        A motion for reconsideration under Local Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). It is not an invitation to re-litigate issues this Court has already decided. Reconsideration requires "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest

-1-

injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478).

II. Non-FEG Subsidiaries

This Court certified a class containing former interns at Fox Group and Fox Interactive Media ("FIM") who are asserting NYLL violations against FEG. In their motion for reconsideration, Defendants argue that neither Fox Group nor FIM is or ever has been a subsidiary of FEG.[1]

Under the NYLL, an employee can have joint employers, both of which are liable for NYLL violations. Paz v. Piedra, No. 09 Civ. 3977 (LAK) (GWG), 2012 WL 121103, at *5 (S.D.N.Y. Jan. 12, 2012); Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 184, 188-89 (S.D.N.Y. 2003). Whether two entities are joint employers depends not on their corporate relation, but on the level of control the alleged joint employer exercises over the employee at issue. See, e.g., Lopez v. Acme Am. Envtl. Co., No. 12 Civ. 511 (WHP), 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012) ("When it comes to 'employer' status under the FLSA, control is key."); Paz, 2012 WL 121103, at *5 ("[T]he New York Labor Law embodies the same standards for joint employment as the FLSA."); Ansoumana, 255 F. Supp. 2d at 189 (same). In this regard, FEG stands in no different relation to Fox Group or FIM than to its subsidiary, Fox Networks Group. This Court already held that Searchlight is a joint employer of Plaintiffs Eric Glatt and Alexander Footman, who worked at production companies with <u>no</u> corporate affiliation with Searchlight.

This Court certified the class in part based on Antalik's showing that internships

---

[1] Decl. of Veronica Arroyo, dated Mar. 27, 2013 (Docket Entry #121), at ¶¶ 22-23.

at the various entities were administered by the same personnel and subject to policies centrally administered by FEG. This included internships at Fox Group and FIM.[2] Defendants object that unless the class is modified, "the Court will purport to exert jurisdiction over entities that have not been named as defendants . . . . Allowing claims against Fox Group and FIM to proceed would violate their due process rights and be unduly prejudicial to them."[3] But there are no claims against Fox Group or FIM and they will not be held liable in this action. Rather, Plaintiffs are attempting to hold FEG liable as a joint employer for any violations that occurred at Fox Group or FIM. At trial, Plaintiffs will have to prove not only that Fox Group and FIM internships violated the NYLL, but also that FEG exercised sufficient control over the interns to qualify as their joint employer.

III. <u>Time Period for the FLSA Collective Action</u>

This Court also granted Antalik's motion to certify conditionally an FLSA collective action consisting of individuals who held internships at various Fox entities from September 28, 2008 to September 1, 2010. The applicable statute of limitations for the FLSA claims is three years. 29 U.S.C. § 255(a). September 28, 2008 is three years before Plaintiffs filed their original complaint in this action. This Court previously held Antalik's claims do not relate back to September 28, 2008 because she joined the action in an amended complaint dated October 19, 2012.[4] Therefore, a collective action comprised of interns dating back to the filing of this lawsuit is inappropriate. "In a collective action suit such as this, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that

---

[2] See Dep. Tr. of Aimee Hoffman, dated Dec. 14, 2012 at 271:11-15 (Q: After approximately, I think you said September 2009, did you take on responsibilities for overseeing the internship program at Fox Interactive Media and Fox Group? A: Yes.); see also 266:7-268:19.
[3] Mem. of Law in Support of Defs.' Mot. for Partial Reconsideration (Docket Entry #167) at 3.
[4] Order Denying Mot. for Reconsideration (Docket Entry #71) at 2.

plaintiff files the written consent form opting into the suit." Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011).

Plaintiffs argue the statute of limitations should be equitably tolled. "[C]ourts have discretion to equitably toll the limitations period in appropriate cases in order 'to avoid inequitable circumstances.'" McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (quoting Yahraes v. Restaurant Assocs. Events Corp., No. 10 Civ. 935 (SLT), 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011)). "While plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings." McGlone, 867 F. Supp. 2d at 445. Therefore, "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." McGlone, 867 F. Supp. 2d at 445 (quoting Yahres, 2011 WL 844963, at *2 (collecting cases tolling the FLSA statute of limitations pending collective action motions)).

Equitable tolling is particularly appropriate here, where former interns may not realize they have potential claims under the FLSA. See Whitehorn, 767 F. Supp. 2d at 449 ("An extraordinary circumstance might exist if the employee shows that it would have been impossible for a reasonably prudent person to learn of the cause of action."). Accordingly, the statute of limitations is tolled as of January 18, 2013, the date Antalik was originally scheduled

to file her motion for conditional certification.[5] The FLSA collective action definition is therefore modified to include all individuals who held unpaid internships between January 18, 2010 and September 1, 2010.

## CONCLUSION

Defendants' motion for reconsideration is granted in part and denied in part. The FLSA collective action is modified to include only those individuals who held unpaid internships between January 18, 2010 and September 1, 2010 at one or more of the following divisions or affiliates of FEG: Fox Filmed Entertainment, Fox Group, Fox Networks Group, and Fox Interactive Media (renamed News Corp. Digital Media). The Clerk of Court is directed to terminate the motion pending at Docket No. 166.

Dated: August 26, 2013
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

---

[5] Docket Entry #47. Antalik was later given an extension due to discovery delays. Docket Entries #75, 76. Because she diligently pursued claims on behalf of the FLSA collective and would otherwise have been prepared to file the conditional certification motion on January 18, 2013, this is an appropriate date to begin the tolling of FLSA claims.

*Counsel of Record:*

Adam T Klein, Esq.
Rachel M. Bien, Esq.
Jennifer L. Liu, Esq.
Juno E. Turner, Esq.
Sally J. Abrahamson, Esq.
Justin M. Swartz, Esq.
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, NY 10016
*Counsel for Plaintiffs*

Elise M. Bloom, Esq.
Amy F. Melican, Esq.
Proskauer Rose LLP
11 Times Square
New York, NY 10036
*Counsel for Defendants*