USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                             :

ERIC GLATT, *et al.*,                       11 Civ. 6784 (WHP)
                             :

        Plaintiffs,

                             :     MEMORANDUM & ORDER

        -against-

                             :

FOX SEARCHLIGHT PICTURES
INC., *et ano.*,                        :

        Defendants   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Defendants move to certify this Court's June 11, 2013 order for immediate appeal

and to stay the action. For the following reasons, Defendants' motion to certify for immediate

appeal is granted and Defendants' motion to stay is denied.

I.    Background

        Plaintiffs are former unpaid interns who bring this action on behalf of themselves

and a class of former interns alleging violations of the Fair Labor Standards Act (FLSA) and

New York Labor Law (NYLL). On June 11, 2013, this Court granted summary judgment on

liability for Plaintiffs Alexander Glatt and Eric Footman, certified a class under Rule 23 alleging

NYLL violations, and conditionally certified an FLSA collective action. In doing so, this Court

adopted the Department of Labor's (DOL) six-factor test for determining whether workers were

"trainees" exempt from the FLSA and NYLL and rejected Defendants' proposed "primary

beneficiary" test. This Court also applied the three-factor test established in Torres v. Gristede's

Operating Corp., 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006), for conditionally certifying an

FLSA collective action after discovery.

This Court's decision conflicts with <u>Wang v. Hearst Corp.</u>, --- F.R.D. ---, 2013 WL 1903787 (S.D.N.Y. May 8, 2013) ("<u>Wang I</u>"). There, Judge Baer concluded that the determination of whether interns are "employees" under the FLSA and NYLL is not limited to the six DOL factors but depends on the "totality of the circumstances," including "who is the primary recipient of benefits from the relationship." <u>Wang I</u>, 2013 WL 1903787, at *4-5 (quoting <u>Velez v. Sanchez</u>, 693 F.3d 308, 326, 330 (2d Cir. 2012)). Judge Baer certified that decision for immediate appeal. <u>Wang v. Hearst Corp.</u>, 2013 WL 3326650 (S.D.N.Y. June 27, 2013) ("<u>Wang II</u>"). The Second Circuit has yet to decide whether to take the appeal.

II.   <u>Immediate Appeal</u>

A.  <u>Legal Standard</u>

28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> [1] such order involves a controlling question of law [2] as to
> which there is substantial ground for difference of opinion and [3]
> that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing
> in such order.

"The criteria are conjunctive, not disjunctive. The federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court." <u>Williston v. Eggleston</u>, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006) (internal quotation marks omitted) (quoting <u>Ahrenholz v. Bd. of Trs. of Univ. of Ill.</u>, 219 F.3d 674, 676 (7th Cir. 2000)).

"Interlocutory appeals are strongly disfavored in federal practice. Movants

cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only exceptional circumstances will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010) (internal quotations omitted). "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to 'rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record.' Congress also sought to assure the prompt resolution of knotty legal problems." Weber v. United States, 484 F.3d 154, 159 (2d Cir. 2007) (quoting Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 864 (2d Cir. 1996)) (alterations and omission in original).

### B. The Standard for Determining Whether an Intern is an Employee Covered by the FLSA and NYLL

#### 1. Controlling Question of Law

"In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." Primavera Familienstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001). The standard for determining whether an unpaid intern is an "employee" covered by the FLSA and the NYLL is a controlling question of law because application of a standard different from the one adopted by this Court could result in the reversal of a final judgment. It is the primary issue in determining Defendants' liability. And application of a different standard, "even though not resulting in dismissal, could significantly affect the conduct of the action." Ret. Bd. of Policemen's Annuity Fund & Benefit Fund v. Bank of N.Y. Mellon,

2013 WL 593766, at \*5 (S.D.N.Y. Feb. 14, 2013) (quoting Primavera, 139 F. Supp. 2d at 570). The standard permeates the case, affecting liability as well as the propriety of certifying a class action and an FLSA collective action.

And though an issue need not affect a large number of cases to be "controlling," "the impact that an appeal will have on other cases is a factor that we may take into account" in deciding the issue. Klinghoffer v. S.N.C. Achile Lauro, 921 F.2d 21, 24 (2d Cir. 1990). Several intern cases have been filed in the Southern District of New York since this Court's June 11 order, and this issue affects all of them. Judge Baer also recently found this to be a controlling question of law suitable for certification. Wang II, 2013 WL 3326650, at \*2.

2. Substantial Ground for Difference of Opinion

The Second Circuit has not spoken on this issue. Judge Baer found there was substantial ground for difference of opinion, because "[d]espite careful analysis" in both Glatt and Wang, "the District Courts reached very different results." Wang II, 2013 WL 3326650, at \*2. A number of other circuits have adopted the "primary benefit" test Defendants advocated here. See, e.g., Solis v. Laurelbrook Sanitarium & Sch., Inc., 642 F.3d 518, 525 (6th Cir. 2011); Blair v. Wills, 420 F.3d 823, 829 (8th Cir. 2005); McLaughlin v. Ensley, 877 F.2d 1207, 1209 (4th Cir. 1989). Another circuit has found the DOL factors to be relevant but not conclusive. Reich v. Parker Fire Protection Dist., 992 F.2d 1023, 1025-26 (10th Cir. 1993).

Certification is appropriate where the "issues impact a large number of cases, and they present substantial grounds for difference of opinion." Geron v. Robinson & Cole LLP, 476 B.R. 732, 745 (S.D.N.Y. 2012). The intra-district split and decisions from other circuits clearly show a substantial basis exists for difference of opinion.

### 3. Advancement of the Ultimate Termination of the Litigation

The appropriate standard affects class certification; certification of the FLSA collective action; summary judgment granted in favor of Glatt and Footman; and anticipated summary judgment motions for additional plaintiffs, the NYLL class, and the FLSA collective. Use of a different standard may obviate some of these steps, require decertification of the class or collective action, or simplify the issues for trial. Resolving this question now also avoids the possibility that a post-trial appeal would require a new trial applying a different standard. An immediate appeal therefore is likely to advance the ultimate termination of the litigation.

### C. The Standard for Conditional Certification of an FLSA Collective Action After Discovery

In conditionally certifying an FLSA collective action, this Court looked to the factors adopted in Torres, 2006 WL 2819730, at *9. Defendants argue the Plaintiffs had to meet a higher standard, noting that the Third Circuit has required those factors to be shown by a preponderance of the evidence, Zavala v. Wal-Mart Stores Inc., 691 F.3d 527, 537 (3d Cir. 2012), and that the Seventh Circuit has held that FLSA certification is akin to Rule 23 certification. Espenscheid v. DirectSat USA, LLC, 705 F.3d 770, 771-72 (7th Cir. 2013).[1]

However, application of a higher standard for conditional certification is not likely to advance the ultimate termination of this litigation. This Court found that Plaintiffs met the higher standard for Rule 23 certification of their NYLL claims. Defendants argue that the formation of Rule 23 classes and FLSA collective actions are completely distinct, but the cases cited refer to procedural differences between the two, primarily that a Rule 23 class is an opt-out

---

[1] Defendants also note that one district court in this circuit declined to follow Torres. See Gortat v. Capal Bros., Inc., 2010 WL 1423018, at *9 n.12 (E.D.N.Y. Apr. 9, 2010). However, the court there endorsed a more lenient standard, finding that heightened scrutiny is only appropriate after both discovery and the opt-in period are complete. Gortat, 2010 WL 1423018, at *9-10.

class while plaintiffs must opt in to an FLSA collective action. See Kern v. Siemens Corp., 393 F.3d 120, 128 (2d Cir. 2004); Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 263 (S.D.N.Y. 1997). Rule 23 classes therefore have heightened procedural requirements to protect absent class members. Hoffman, 982 F. Supp. at 263 n.17. Otherwise, both turn on similar considerations concerning the feasibility of plaintiffs proceeding collectively. The relevant provisions of the NYLL and FLSA are the same. Because Plaintiffs meet the standard for certifying a Rule 23 class alleging NYLL violations, they would also meet a higher FLSA collective action certification standard. Therefore resolution of the appropriate FLSA post-discovery certification standard would not advance the ultimate termination of the litigation.

III.     Stay

The decision as to whether to stay proceedings pending interlocutory appeal is akin to a decision to enter a preliminary injunction. See In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, 3 (D.D.C. 2002). "In deciding whether to grant a stay pending appeal, a court should consider: '(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.'" Daniels v. City of N.Y., 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001) (quoting LaRouche v. Kezer, 20 F.3d 68, 72 (2d Cir. 1994)).

A stay is inappropriate here because the only "irreparable harm" identified by Defendants is the cost of continuing to litigate this action. However, it is well established that "litigation costs do not rise to the level of irreparable injury." Daniels, 138 F. Supp. 2d at 564 (quoting Hammerman v. Peacock, 623 F. Supp. 719, 721 (D.D.C. 1985)); see also Sampson v.

Murray, 415 U.S. 61, 90 (1974). Defendants also argue that issuing notice to the class or collective that may later require revision may confuse class and collective action members. But this is not an injury to the Defendants. Even if Defendants made a showing that notice should be deferred, it does not warrant the more drastic step of a total stay of the proceeding.

Moreover, a stay would not be in the public interest. Defendants argue a stay would free up this Court's resources, but that is true of every case. And it would do so at the expense of delaying Plaintiffs' rights to pursue this action. Defendants also argue a stay is in the public interest because of uncertainty over the lawfulness of unpaid internship programs. But that is precisely why this action should proceed. A stay is against the public interest where "[p]laintiffs are litigating a controversial matter of serious public concern." Daniels, 138 F. Supp. 2d at 565. Should the Second Circuit decide to hear Defendants' appeals, a stay would not resolve those appeals any sooner. And if the Second Circuit declines the appeals, a stay will only have delayed the time until Defendants have a final judgment they can appeal.

## CONCLUSION

This Court's June 11, 2013 order is certified for immediate appeal under 28 U.S.C. § 1292(b). Defendants' motion to stay is denied. The Clerk of Court is directed to terminate the motions pending at Docket Nos. 178 and 181.

Dated: September 17, 2013
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

-7-

*Counsel of Record:*

Adam T. Klein, Esq.
Rachel M. Bien, Esq.
Jennifer L. Liu, Esq.
Juno E. Turner, Esq.
Sally J. Abrahamson, Esq.
Justin M. Swartz, Esq.
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, NY 10016
*Counsel for Plaintiffs*

Elise M. Bloom, Esq.
Amy F. Melican, Esq.
Proskauer Rose LLP
11 Times Square
New York, NY 10036
*Counsel for Defendants*