IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>FOX SEARCHLIGHT PICTURES, INC., and FOX ENTERTAINMENT GROUP, INC.,<br><br>      Defendants. | No. 11-CV-6784 (WHP) |

**ORDER GRANTING PRELIMINARY
APPROVAL OF SETTLEMENT STIPULATION**

  The Court now takes up the *Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Stipulation* (the "Motion"). After reviewing the Motion, the supporting Memorandum of Law in Support of Preliminary Approval of Settlement Stipulation (the "Memorandum"), and the Settlement Stipulation, the Court hereby finds as follows:

  A. On July 12, 2016, the Plaintiffs Eric Glatt, Alexander Footman, Eden Antalik, and Kanene Gratts and Defendants Fox Searchlight Pictures, Inc. and Fox Entertainment Group, Inc. ("FEG"), by their respective counsel of record, filed with this Court a Settlement Stipulation ("Settlement").

  B. This Settlement applies to the above-captioned action, which is referred to as the "Class Litigation."

  C. In their Motion, Plaintiff Antalik is seeking class certification for settlement purposes under Fed. R. Civ. P. 23 of the **New York Rule 23 Settlement Class**, which shall include all individuals who had an Internship in New York State for at least two weeks between September 28, 2005 and September 1, 2010, with one or more of the following divisions of FEG:

Fox Filmed Entertainment, Fox Group, Fox Networks Group, and Fox Interactive Media (renamed News Corp. Digital Media).

D. Plaintiff Antalik is also seeking conditional certification for settlement purposes under the Fair Labor Standards Act ("FLSA") of the **FLSA Settlement Collective**, which shall include all individuals who had an Internship for at least two weeks between January 18, 2010 and September 1, 2010, with one or more of the following divisions of FEG: Fox Filmed Entertainment, Fox Group, Fox Networks Group, and Fox Interactive Media (renamed News Corp. Digital Media), and who previously filed a consent to join in the litigation; and

E. This Court has duly considered all of the submissions presented with respect to the Settlement.

F. All capitalized terms in this Order with respect to the Settlement that are not otherwise defined have the same meaning as in the Settlement Stipulation.

G. NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1. For the reasons set forth in the Memorandum, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class certification. The Court hereby certifies the following class for settlement purposes:

> **NY Rule 23 Settlement Class**: All individuals who had an Internship in New York State for at least two weeks between September 28, 2005 and September 1, 2010, with one or more of the following divisions of FEG: Fox Filmed Entertainment, Fox Group, Fox Networks Group, and Fox Interactive Media (renamed News Corp. Digital Media).

2. For the reasons set forth in the Memorandum, this Court also finds that the requirements for conditional certification under the FLSA have been satisfied. The Court hereby certifies the following collective for settlement purposes:

> **FLSA Settlement Collective**: All individuals who had an Internship for at least two weeks between January 18, 2010 and September 1, 2010, with one or more of the following divisions of FEG: Fox Filmed Entertainment, Fox Group, Fox Networks Group, and Fox Interactive Media (renamed News Corp. Digital Media), and who previously filed a consent to join in the litigation.

3. The Court finds that the Settlement is fair, reasonable and adequate and should be preliminarily approved. The Settlement will ensure prompt payment to class and collective members and avoid the risks and expense of continued litigation.

4. The Court has reviewed the terms and conditions of the Settlement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based on its review of the Settlement, the Memorandum and the Court's familiarity with this case, the Court finds that the Settlement is the result of extensive, arms-length negotiations between the parties after Class Counsel and Defendants' counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of a third-party mediator supports the Court's finding that the Settlement is not collusive. Based on all of these factors, the Court finds that the Settlement has no obvious defects and is within the range of possible settlement approval such that notice to the Settlement Class and Collective as set forth in the Settlement is appropriate.

5. For purposes of the Settlement only, this Court approves Outten & Golden LLP as Class Counsel for both the FLSA Settlement Collective and NY Rule 23 Settlement Class.

6. For purposes of the Settlement only, the Court approves Rust Consulting, Inc. as the Claims Administrator.

7. The Notice Forms and Claims Forms attached as Exhibits to the Settlement Stipulation fully and accurately inform the Settlement Class Members of all material elements of the action and the proposed Settlement.

8. For purposes of the Settlement only, the Court finds as follows:  Regarding the NY Rule 23 Settlement Class, the Court finds that the Settlement satisfies all the requirements for certification under Rule 23(a) and 23(b)(3). Specifically, the class is sufficiently numerous that joinder is impracticable. The members of the class share common issues of fact and law. Antalik has claims that are typical of those of the NY Rule 23 Settlement Class since they arise out of the same general conduct of allegedly not paying interns the minimum wage of which all class members complain. Antalik is an adequate representative of the NY Rule 23 Settlement Class because her interests are co-extensive with those of the class members and are not in

conflict with them. Antalik has also retained experienced counsel to represent the NY Rule 23 Settlement Class. Questions of law and fact common to the class predominate over individualized issues, and class treatment is a superior way to fairly and efficiently adjudicate this controversy.

9. The parties propose to disseminate Class Notices for all Class Members via first class mail and email to the last known addresses of Class Members, in accordance with Section 13 of the Settlement, and to post the Notice and Claim Form on a website administered by the Claims Administrator in accordance with Section 13 of the Settlement. This Court finds that the method of disseminating the Class Notices to the Class Members, as provided in the Settlement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

10. The Court also finds that the proposed form and content of the Claim Forms and Exclusion Form fully comport with the requirements of applicable federal and state law.

11. Based on the foregoing, the proposed Class Notices, Claim Forms and Exclusion Form attached as Exhibits A to the Settlement are hereby approved by the Court.

12. Within 10 business days after the entry of this Order, in accordance with Section 12 of the Settlement, Defendants will provide the contact information described in the Settlement to the Claims Administrator.

13. Within 20 business days after the entry of this Order, the Claims Administrator shall mail the Notice Packages by first class mail and email to the last known addresses of each Class Member in accordance with the terms of the Settlement.

14. Each Class Member shall have 45 days from the mailing of the Notice Package, which shall be extended in accordance with Section 1(e) of the Settlement, to return a Claim Form, object to the Settlement, or exclude him or herself from the Settlement.

15. The Court schedules a fairness hearing on November 9, 2016, at 11:30 a.m. to address: (a) whether the proposed Settlement Stipulation should be finally approved as fair, reasonable, and adequate as to the Class Members; and (b) Class Counsel's application for attorneys' fees and costs.

16. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Preliminary Order of Approval.

17. Pursuant to Fed. R. Civ. P. 58, the Court enters final judgment with respect to the claims of Plaintiff Kanene Gratts, which were dismissed as untimely on June 11, 2013. Defendants may file a bill of costs, if any, no later than 45 days after the Effective Date, which Plaintiffs reserve the right to oppose. The Court shall retain jurisdiction to resolve any motion for costs during this period.

Dated: August 12, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.