IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GLATT, ALEXANDER FOOTMAN, EDEN ANTALIK, and KANENE GRATTS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>FOX SEARCHLIGHT PICTURES, INC. and FOX ENTERTAINMENT GROUP, INC.,<br><br>    Defendant. | No. 11-cv-6784 (WHP) |

**ORDER GRANTING PLAINTIFFS' MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND <u>APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES</u>**

  This matter came before the Court on Plaintiffs' Motions for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement; and Approval of Attorneys' Fees and Reimbursement of Expenses. Defendants do not oppose the Motions.

  1. Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, the Declaration of Juno Turner ("Turner Decl."), and all other papers submitted in connection with Plaintiffs' Final Approval Motions, the Court grants final approval of the settlement memorialized in the Settlement Stipulation, attached to the Turner Decl. as Exhibit A, and "so orders" all of its terms which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Stipulation, unless otherwise defined herein.

2. For settlement purposes, the Court certifies the Class defined in the Settlement Stipulation pursuant to Fed. R. Civ. P. 23(e) ("Settlement Class").

3. The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of settlement.

4. Outten & Golden LLP, which the Court previously appointed as Class Counsel, satisfies the adequacy requirements of Rule 23(a)(4) for purposes of settlement.

5. The Court approves the Fair Labor Standards Act settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

6. The Court approves the settlement and all terms set forth in the Settlement Stipulation, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all Class Members who have not timely and properly excluded themselves pursuant to Section 13(g) of the Settlement Stipulation.

7. The Court approves payments to Participating Class Members in the aggregate amount of $28,710, which shall be distributed to 58 Participating Class Members, each of whom will receive a payment of $495. Pursuant to the Settlement Stipulation, to the extent a Participating Class Member is also a member of the Settlement Class in *MacKown v. Twenty-First Century Fox, Inc.* (Case No. 13 Civ. 4406) (the "*MacKown* Action"), the Participating Class Member will only receive one Participating Class Member Payment in the amount of $495; not a payment in each case. There are a total of 31 such Participating Class Members, and they have been included in the total number of 58 Participating Class Members identified above for purposes of the Final Approval Order in this case, but pursuant to the Settlement Stipulation, they are not included in the total number of Participating Class Members identified in the Final Approval Order submitted in the *MacKown* Action.

8. The attorneys at Outten & Golden LLP who prosecuted this case are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $200,000.00 in attorneys' fees, and $116,270.61 in expenses and costs incurred in connection with the underlying litigation. (*See* Turner Decl., Ex. G.) The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, the costs Class Counsel incurred, and the risk that Class Counsel undertook in bringing the claims. This amount shall be paid by Defendants.

9. The Court finds reasonable the individual settlement payments for the Named Plaintiffs in the amount of $7,500.00 to Eric Glatt, $6,000.00 to Alexander Footman, and $3,500.00 to Eden Antalik, who have agreed to a broader general release of claims than the Class. These amounts shall be paid by Defendants.

10. The Court approves the Claims Administrator's fees of no more than $10,000. This amount shall be paid by Defendants.

11. If no party appeals this Order, the "Effective Date" of the settlement will be 35 days after the Order is entered.

12. If an individual or party appeals this Order, the "Effective Date" of the Settlement will be the day after all appeals are finally resolved.

13. The Claims Administrator will disburse settlement checks to Class Members, Class Counsel's attorneys' fees and costs, and the individual settlement payments within 10 days of the "Effective Date."

14. Defendants may file a bill of costs, if any, with respect to Plaintiff Kanene Gratts no later than 45 days after the Effective Date, which Plaintiffs reserve the right to oppose. The Court shall retain jurisdiction to resolve any motion for costs during this period.

15. Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Stipulation and this Order. All Class Members who did not opt out and Plaintiffs are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Stipulation.

16. The Court retains jurisdiction over the interpretation and implementation of the Settlement Stipulation and Defendants' motion for a bill of costs, if any, related to Named Plaintiff Kanene Gratts' claims.

17. The parties shall abide by all terms of the Settlement Stipulation.

It is so ORDERED this 6th day of December, 2016. The Clerk of Court is directed to terminate pending motions at ECF Nos. 272 and 274, and mark this case as closed.

_____
WILLIAM H. PAULEY III
U.S.D.J.